# DEFENDANT'S APPENDIX

# INDEX TO DEFENDANT'S APPENDIX

**Document** **Page**

"Defendant's Second Set of Interrogatories and Fourth Request for Production of Documents" dated November 25, 2003 .................................. 1

Letter dated 12/26/03 from Cheryl Moseley, PLS, to Clerk of the Court of Federal Claims transmitting for filing original of "Renda Marine, Inc.'s Objections and Answers to Government's Second Set of Interrogatories and Fourth Request for Production of Documents" ........................... 15

"Renda Marine, Inc.'s Objections and Answers to Government's Second Set of Interrogatories and Fourth Request for Production of Documents" ............... 16

DCAA Audit Report No. 3511-2003M17200012 dated 12/12/03 ................................ 19

Letter dated 4/29/02 from Thomas Benero, Chief, Contracting Division, to Charles Wylie, Dallas Branch Office, DCAA ............................................... 36

Declaration of John E. Kosloske dated 1/7/04 ............................................................ 37

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S SECOND SET OF INTERROGATORIES
AND FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to RCFC 26, 33, and 34, defendant propounds the following interrogatories to plaintiff Renda Marine, Inc. (Renda) and requests production of the following documents. In responding to these interrogatories and the document production requests, defendant requests that Renda produce all information and documents in its possession, custody or control, or otherwise available to its employees, agents, consultants, attorneys, and accountants, whether past or present, or documents that are otherwise subject to its custody or control. If Renda cannot answer any or all of the following interrogatories after exercising due diligence to secure the information needed to do so, we request that Renda so state and answer the interrogatories to the extent possible, specifying the basis for Renda's inability to answer the remainder and stating whatever information or knowledge Renda has concerning the unanswered portion. We request that Renda produce all documents that respond, in whole or part, to any portion of the document production requests in their entirety, including all attachments and enclosures.

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms have the following meanings:

1. "And" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such construction will serve to bring within the scope of these requests any items that otherwise would not be brought within their scope.

2. "Communication" means the expression of any statement, question, command, idea, knowledge, information, or other matter, whether by speech, writing, sign, or otherwise.

3. "Computer" includes microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers, minicomputers, and mainframe computers.

4. "Computer network" means any combination of hardware or software that connects two or more computers and enables the computers to share or transfer digital signals between them. The connection between the computers need not be either physical or direct (e.g., modems may be the form of connection), nor need there be a central file data server or central operating system.

5. "Date" means the exact day, month, and year, if ascertainable, and, if not, the best approximation.

6. "Document" or "documents" means any written, recorded (by any means), or graphic matter, however produced or reproduced, in the possession, custody, or control of Renda or Renda's counsel, or known to Renda or Renda's counsel, whether or not claimed to be privileged or confidential or personal, including, but not limited to, any "document," "tangible thing," or "object," as those terms are used in RCFC 34, and any "writing," "recording," "photograph," "original, or "duplicate,"

as those terms are defined in Rule 1001 of the Federal Rules of Evidence. "Document" or "documents" includes, but is not limited to: letters; memoranda; reports; agreements; working papers; preliminary, intermediate, and final drafts; communications (including intra- and inter-office communications, inter-company communications); correspondence; e-mail; reports of telephone or other conversations; electronic data, as defined below; computer runs; view-foils; compilations; summaries of records of personal conversations; diaries; appointment books; desk calendars; financial calculations; forecasts; statistical statements; graphs; charts; plans; drawings; minutes or records of meetings; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports of or summaries of interviews; reports of or summaries of investigation opinions or reports of consultants; opinions of counsel; reports of or summaries of either negotiations by Renda or preparation of such; circulars; books; instruments; accounts; tapes and all other material of any tangible medium of expression and original or preliminary notes. A true copy will suffice so long as you waive any objection to authenticity and will have the original available for inspection upon request of defendant at the time of the preparation of the pretrial order and at the time of trial. "Document" or "documents" also include copies of documents that are not identical duplicates of the originals and copies of documents the originals of which are not in the possession, custody, or control of Renda.

7. "E-mail" means any computer-based system of electronic mail.

8. "Electronic data" means data of any kind or description, inscribed by computer, mechanical, facsimile, electronic, magnetic, digital, or other means, including, but not limited to, any and all items stored on e-mail; computer memories; hard disks; floppy disks; CD-ROMS, removable media such

as Zip, Jaz, Bernoulli Box drives and their equivalent; magnetic tape of all types; microfiche; punched cards; punched tape, or data on or in any other vehicle for digital storage or transmittal; computer programs (whether private or commercial); programming notes or instructions; output resulting from the use of any software program, including word processing documents, spread-sheets, database files, charts, graphs, outlines, electronic mail, any and all ASCII and EBCDIC files, and any miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether this electronic data exists in an active file, deleted file, or file fragment. The term "electronic data" also includes the file, folder tabs, containers and labels appended to or associated with any physical storage device for such data.

9. "Identification" or "identify" in reference to:

(a) a natural individual means to state (a) his or her full name, (b) his or her business and residential addresses, (c) his or her business and residential telephone numbers, and, (d) if presently employed by Renda, his or her present position(s) with Renda. (If the individual's current business and residential addresses and telephone numbers are not known, provide his or her last known business and residential addresses and last known business and residential telephone numbers);

(b) a person other than a natural individual means to state, to the extent known, its full name, address, and telephone number (If the person's current business and residential address and telephone number is not known, provide the last known address and telephone number);

(c) a document means to state, to the extent known, the author or originator, the addressee or addressees (if any), the date indicated on the documents as being the date thereof or the date (as exactly as possible) upon which the document was written or executed if no date is shown upon it, a

description of the type of document (for example, letter, handwritten notes, etc.), the number of pages, the title (if any), and identification number, the present location and custodian of the original thereof, or, if unknown, the present custodian of any copy thereof and the last known address of each such custodian, and a summary of the contents thereof. We request that Renda also state whether it has possession or control of the original or a copy of the document, and state the manner and date of disposition of any document that was, but no longer is, in its possession or subject to its control. (Instead of identifying a document in the foregoing manner, when a document on its face indicates the date and author, the recipient, and the subject matter, Renda may furnish, simultaneously with the filing of answers to these interrogatories, such documents for inspection and copying by defendant.);

(d) a telephone conversation means to identify the caller and the recipient, and to identify any other person who was a party to the conversation, and to state, to the extent known, the location of each at the time the call was made, the date and time of the conversation, and the author or maker and addressee of each statement, question, or remark made during the telephone conversation, and the substance of each such statement, question, or remark; and

(e) a communication means to state the nature of the communication (for example, letter, telephone conversation, private meeting, advertisement) and, to the extent that the communication was recorded in writing or stored electronically, to identify the pertinent document or documents and, to the extent that the communication was not written, to identify the person or persons involved in the communication, and to state, to the extent known, the place, date, and method of communication, and the author or maker and addressee of each statement, question, or remark, and the substance of each such statement, question, or remark.

10. "Person" and "individual" include a corporation, partnership, other business association or entity, any natural person, and any domestic or foreign governmental body, commission, board, agency, branch, department, or component or element thereof.

11. "Plaintiff" or "Renda" means Renda Marine, Inc., including, without limitation, any division, group, affiliate, or other entity owned or controlled by Renda Marine, Inc., and all present and past officers, directors, employees, agents, or representatives of Renda Marine, Inc., including, but not limited to, counsel and consultants, who reasonably could be expected to have personal knowledge that would affect the completeness and accuracy of responses made to this request.

12. "Relate to," "relates to," or "relating to" means comprising, mentioning, analyzing, discussing, summarizing, describing, referring to, containing, depicting, embodying, evidencing, constituting, concerning, reporting, or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

13. The term "Complaint" means the "Complaint" filed in the above captioned action on or about April 11, 2002.

14. "Contract" means Contract No. DACW64-99-C-0001 between plaintiff and the United States, acting through the Army Corps of Engineers Galveston District, referred to at paragraph 10 of the complaint.

15. The term "Government" means the United States, including any and all agencies, departments, or branches, and, in particular, the Army Corps of Engineers Galveston District, including any and all present and former employees, representatives, officers, or agents.

16. "Upper Bayou Project" refers to the work performed or required to be performed by Renda under the Contract, including work performed or required to be performed by any subcontractors of Renda to complete all of the work under the Contract.

17. In responding to these requests, defendant requests that Renda produce all information and documents in its possession, custody or control, or otherwise available to its employees, agents, consultants, attorneys, and accountants, whether past or present, or documents that are otherwise subject to its custody or control. Defendant requests that Renda produce all documents that respond, in whole or part, to any portion of the production requests in their entirety, including all attachments and enclosures.

18. With respect to the documents requested, defendant requests that Renda produce all drafts, marked-up versions, preliminary versions, or other nonidentical copies of documents requested.

19. If any document is withheld under a claim of privilege, for each such document, defendant requests that Renda provide the following information:

(1) Principals. The name and title of the author(s), sender(s), addressee(s), and recipient(s) of the document.

(2) Date. The date of the document.

(3) Publications. The date and title of each person to whom the contents of the document has been disclosed by copy, exhibition, reading, summarization, or otherwise.

(4) Descriptions. A description of the nature and subject matter of the document.

(5) Privilege. A statement of the privilege(s) and the basis or bases upon which the privilege(s) is or are asserted.

If Renda claims that only part of a document is exempt from production by reason of a privilege or privileges, defendant requests that Renda produce the part(s) of the document that it does not claim is or are exempt from production by reason of a privilege or privileges.

20. If Renda cannot produce a requested document, defendant requests that Renda identify the document as accurately as it can and state the reason(s) that it is unable to produce the document.

21. This discovery request is continuing in nature. Defendant requests that Renda provide by way of supplemental responses and documents whatever information may hereafter be obtained by it, or by anyone upon its behalf, that will supplement this request.

DEFENDANT'S SECOND SET OF INTERROGATORIES

INTERROGATORY NO. 4

Identify each category or component of cost (e.g., labor, equipment, materials, vendor costs, shop cost allocation) contained in the $24,663,589 figure in the column "Actual Project Costs" in the chart "Hydraulic Levee Construction Project Claim Accounting Modified Total Cost Approach," a copy of which is appended to this interrogatory, and, for each such category or component of cost, identify the accounting or other document(s) upon which that category or component of cost is based.

RESPONSE:

INTERROGATORY NO. 5

State in a step-by-step fashion the calculation or computation resulting in the $24,663,589 figure in the column "Actual Project Costs" in the chart "Hydraulic Levee Construction Project Claim Accounting Modified Total Cost Approach," a copy of which is appended to this interrogatory.

RESPONSE:

DEFENDANT'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant requests that Renda produce the accounting or other document(s) referred to in Interrogatory No. 4 above.

PETER D. KEISLER
Assistant Attorney General

/DAVID M. COHEN
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

NOVEMBER 25, 2003

# APPENDIX

RENDA MARINE, INC.
HOUSTON-GALVESTON NAVIGATION CHANNELS, TEXAS (45-FOOT PROJECT)
DREDGING UPPER BAYOU
INVITATION NO. DACW64-98-B-0004
CONTRACT NO. DACW64-99-C-0001

**Hydraulic Levee Construction**
**Project Claim Accounting**
**Modified Total Cost Approach**

| Item No. | Description of Work/Claim Item | RMI Billings to Date | Paid by Government | Extra Costs Claimed to Date | Paid & Claimed to Date | Actual Project Costs |
|---|---|---|---|---|---|---|
| 1 | Dredging and Mechanical Levee Work | $15,482,665.16 | ($15,482,665.16) | $0.00 | | |
| 2 | South Ferry Landing Claim | | | $1,049,173.00 | | |
| 3 | Flare Area Claim | | | $4,691,688.00 | | |
| | (less paid to date) | | | ($3,083,833.00) | | |
| 4 | HL&P Claim | | | $170,863.00 | | |
| 5 | Section 7 Clay Claim | | | $1,083,779.00 | | |
| 6 | Obstruction No. 1 Claim (Sections 4 - 8) | | | $2,126,083.00 | | |
| 7 | Obstruction No. 2 Claim (Section 9) | | | $1,158,642.00 | | |
| | | | | | $22,679,060.16 | |
| 8 | Hydraulic Levee Work | $1,280,000.00 | ($1,100,000.00) | $180,000.00 | | |
| 9 | West Levee Realignment | | | $789,600.00 | | |
| 10 | Levee Claim | | | X = | | |
| | Subtotal Govt. Payments & Claimed Costs | $16,762,665.16 | ($16,582,665.16) | $8,165,995.00 | | |
| | | | | | $1,889,600.00 | |
| | | | | | $24,568,660.16 | |
| 11 | Actual Total Cost to Date | | | | | $24,663,589.00 |
| 12 | (plus Company Overhead) | | 5.00% | | | $1,233,179.45 |
| 13 | (plus Home Office Overhead) | | 6.60% | | | $1,627,796.87 |
| 14 | (plus Profit) | | 12.00% | | | $3,302,947.84 |
| | Subtotal Actual Costs | | | | | $30,827,513.16 |
| | | | | | **Cost Overrun/Underrun** | ($6,258,853.00) |

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 25th day of November, 2003, I caused to be sent by overnight mail the original of "DEFENDANT'S SECOND SET OF INTERROGATORIES AND FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS" addressed as follows:

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

QSCL
QUILLING · SELANDER · CUMMISKEY · LOWNDS

CHERYL MOSELEY, PLS, TSC
Direct: 214.880.1845

E-mail: cmoseley@qsclpc.com

December 26, 2003

Clerk's Office
United States Court of Federal Claims
717 Madison Place, N.W.
Washington, D.C. 20005

*VIA FEDERAL EXPRESS*

Re: Case No. 02-306C; *Renda Marine, Inc. v. United States Army Corps of Engineers*

Dear Sir or Madam:

I enclose for filing an original and three copies of Renda's Objections and Answers to Government's Second Set of Interrogatories and Fourth Request for Production of Documents, which should be filed in the above-referenced matter.

Please return the extra file-marked copy to the undersigned in the enclosed postage paid envelope.

By copy of this letter, counsel for Defendant is receiving a copy of the Response by facsimile.

Thank you for your cooperation and assistance.

Sincerely yours,

Cheryl Moseley

Cheryl Moseley, PLS
SPECIALTY CERTIFIED - TEXAS CIVIL LITIGATION
Legal Assistant to Brian W. Erikson

/cam
Enclosures
S:\Construction\Renda Marine\Upper Bayou 565.09\Clerk 010.wpd

cc: John E. Kosloske, Esq. *(w/encl.)*
Senior Trial Counsel, Commercial Litigation Branch
Department of Justice
1100 L Street, N.W., Room 12052
Washington, D.C. 20005



Bryan Tower 2001 Bryan St. Suite 1800 Dallas, TX 75201 | ph 214 871 2100 fx 214 871 2111 www.qsclpc.com
A PROFESSIONAL CORPORATION | ATTORNEYS AND COUNSELORS

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., PLAINTIFF, | § § | |
| | § | CASE NO. 02-306C |
| V | § | |
| | § | (JUDGE HEWITT) |
| UNITED STATES ARMY CORPS OF ENGINEERS, DEFENDANT. | § § § | |

**RENDA MARINE, INC.'S OBJECTIONS AND ANSWERS TO TO GOVERNMENT'S SECOND SET OF INTERROGATORIES AND FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: United States Army Corps of Engineers, through its attorney of record, John E. Kosloske, Department of Justice, 1100 L Street, N.W., Room 8012, Washington, D.C. 20530.

Renda Marine, Inc. ("Renda"), objects and responds to the Second Set of Interrogatories and Fourth Request for Production of Documents of the United States, as follows.

**GENERAL OBJECTIONS**

Renda generally objects to the United States' interrogatories insofar as they impose greater obligations on Renda than, or vary or conflict with, those required under RCFC 26, 33 and 34.

Renda objects to the Definitions and Instructions insofar as they are unduly burdensome, vague, conflicting, harassing, and oppressive. Renda will interpret the requests using normal English, and comply with applicable Rules of the Court of Federal Claims.

Renda generally objects to these requests insofar as they seek information or documentation prepared by non-testifying consulting experts, which has not been relied on by testifying experts. Renda generally objects to these requests insofar as they invade the attorney-client, work product, investigative and other privileges. These objections shall be applicable to all responses to this document request.

Renda objects to producing documents in the United States' counsel's office as Renda will lose custody and control over such documents. Renda will produce documents in its attorney's office at a time mutually convenient.

## SECOND SET OF INTERROGATORIES

INTERROGATORY NO. 4:

Identify each category or component of cost (e.g., labor, equipment, materials, vendor costs, shop cost allocation) contained in the $24,663,589 figure in the column "Actual Project Costs" in the chart "Hydraulic Levee Construction Project Claim Accounting Modified Total Cost Approach," a copy of which is appended to this interrogatory, and, for each such category or component of cost, identify the accounting or other document(s) upon which that category or component of cost is based.

RESPONSE: Renda produced such information to the DCAA auditors that Defendant brought in to analyze Renda's claim. Renda invokes Federal Rule of Civil Procedure 33(d), inasmuch as the burden of ascertaining or deriving an answer to this interrogatory from documents Renda has produced or will produce is substantially the same for Defendant.

INTERROGATORY NO. 5:

State in a step-by-step fashion the calculation or computation resulting in the $24,663,589 figure in the column "Actual Project Costs" in the chart "Hydraulic Levee Construction Project Claim Accounting Modified Total Cost Appraoch," a copy of which is appended to this interrogatory.

RESPONSE: Renda produced such information to the DCAA auditors that Defendant brought in to analyze Renda's claim. Renda invokes Federal Rule of Civil Procedure 33(d), inasmuch as the burden of ascertaining or deriving an answer to this interrogatory from documents Renda has produced or will produce is substantially the same for Defendant.

## FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant requests that Renda produce the accounting or other document(s) referred to in Interrogatory No. 4 above.

RESPONSE: Renda believes that it has already produced the requested documents. Renda will produce again the requested documents

Respectfully submitted,

QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.

BY: ______________________

Brian W. Erikson, TX Bar No. 06643800
Eric A. Zukoski, TX Bar No. 24010509
Andrew M. Trusevich, TX Bar No. 00785119

2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)

ATTORNEYS FOR RENDA MARINE, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of December, 2003, a true and correct copy of the foregoing was sent via United States mail, postage prepaid, in an envelope addressed as follows:

John E. Kosloske, Esq.
Senior Trial Counsel, Commercial Litigation Branch
Department of Justice
Attn.: Classification Unit
1100 L Street N.W., Room 8012
Washington, DC 20530

______________________
Brian W. Erikson / Eric A. Zukoski