# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: September 10, 2003)

| | |
|---|---|
| RENDA MARINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Upon review of Defendant's Motion for Modification of Pretrial Schedule and further to the telephonic status conference held on the record on September 9, 2003, the court AMENDS its Pretrial Scheduling Order of October 18, 2002 as follows:

1. Fact Discovery. All fact discovery, including all depositions, shall conclude on or before Wednesday, January 14, 2004. In order to achieve this deadline, the parties shall make witnesses available at reasonably convenient times. The parties are reminded that the rules of the court contemplate the use of depositions at trial for testimonial purposes in certain circumstances "as though the witness were then present and testifying . . . ." See RCFC 32(a). As requested by the parties in their Joint Preliminary Status Report, the parties may conduct up to 30 depositions, up to 10 to be scheduled by plaintiff and up to 20 to be scheduled by defendant.

2. Expert Discovery. All expert discovery, including the exchange of expert reports and excepting only the completion of expert depositions, shall be completed on or before February 4, 2004.

3. Expert Depositions. All depositions of experts shall be completed on or before February 18, 2004.

4. Meeting of Counsel. As set forth in Appendix A ¶ 13, the parties shall meet to satisfy the requirements of this section including the exchange of exhibit and witness lists on or before March 24, 2004.

5. Dispositive Motions. Dispositive motions shall be filed on or before January 28, 2004. The motions and all responsive filings shall be filed simultaneously. Responsive briefing shall be filed within the time periods prescribed by the court's rules.

6. Memorandum of Contentions of Fact and Law. In accordance with Appendix A ¶ 14, plaintiff shall file its Memorandum of Contentions of Fact and Law on or before April 14, 2004. Defendant shall file its responsive memorandum on or before May 12, 2004. The memoranda shall be accompanied by witness lists and exhibit lists and any motions contemplated by Appendix A ¶¶ 15 and 16. Any objection to a witness or exhibit not made in the Memorandum of Contentions of Fact and Law or a separate motion filed on the same date shall be deemed waived unless justice shall otherwise require. The parties shall prepare a joint preliminary trial schedule or, if they cannot agree, separate trial schedules, using the template attached. The parties shall confer prior to the pretrial conference for the purpose of resolving as many objections as possible.

7. Pretrial Conference. The pretrial conference will be held on June 2, 2004 at the National Courts Building, 717 Madison Place, N.W., Washington, DC 20004. The parties shall bring to the pretrial conference at least three copies of any exhibit as to which an objection remains outstanding.

8. Trial. Trial will be held during the week of June 14, 2004. Trial will begin at 10:00 a.m. on Tuesday, June 15, 2004 and at 9:00 a.m. on successive days. Trial will be held in Houston, TX. The exact location of trial will be determined by further order of the court. Should additional time be required for trial, the court has set aside the following week of June 21, 2004 as well.

Due to the continuing problems with Washington, DC mail, the parties are directed to fax courtesy copies of any time-sensitive documents to the court and opposing counsel throughout the proceedings.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-306C |
| THE UNITED STATES, | ) | (Judge Hewitt) |
| Defendant. | ) | |

DEFENDANT'S FIRST SET OF INTERROGATORIES
AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to RCFC 26, 33, and 34, defendant propounds the following interrogatories to plaintiff Renda Marine, Inc. (Renda) and requests production of the following documents. In responding to these interrogatories and the document production requests, defendant requests that Renda produce all information and documents in its possession, custody or control, or otherwise available to its employees, agents, consultants, attorneys, and accountants, whether past or present, or documents that are otherwise subject to its custody or control. If Renda cannot answer any or all of the following interrogatories after exercising due diligence to secure the information needed to do so, we request that Renda so state and answer the interrogatories to the extent possible, specifying the basis for Renda's inability to answer the remainder and stating whatever information or knowledge Renda has concerning the unanswered portion. We request that Renda produce all documents that respond, in whole or part, to any portion of the document production requests in their entirety, including all attachments and enclosures.

DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms have the following meanings:

1. "And" and "or" shall be construed both conjunctively and disjunctively, and each

shall include the other whenever such construction will serve to bring within the scope of these requests any items that otherwise would not be brought within their scope.

2. "Communication" means the expression of any statement, question, command, idea, knowledge, information, or other matter, whether by speech, writing, sign, or otherwise.

3. "Computer" includes microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers, minicomputers, and mainframe computers.

4. "Computer network" means any combination of hardware or software that connects two or more computers and enables the computers to share or transfer digital signals between them. The connection between the computers need not be either physical or direct (e.g., modems may be the form of connection), nor need there be a central file data server or central operating system.

5. "Date" means the exact day, month, and year, if ascertainable, and, if not, the best approximation.

6. "Document" or "documents" means any written, recorded (by any means), or graphic matter, however produced or reproduced, in the possession, custody, or control of Renda or Renda's counsel, or known to Renda or Renda's counsel, whether or not claimed to be privileged or confidential or personal, including, but not limited to, any "document," "tangible thing," or "object," as those terms are used in RCFC 34, and any "writing," "recording," "photograph," "original, or "duplicate," as those terms are defined in Rule 1001 of the Federal Rules of Evidence. "Document" or "documents" includes, but is not limited to: letters; memoranda; reports; agreements; working papers; preliminary, intermediate, and final drafts; communications

(including intra- and inter-office communications, inter-company communications); correspondence; e-mail; reports of telephone or other conversations; electronic data, as defined below; computer runs; view-foils; compilations; summaries of records of personal conversations; diaries; appointment books; desk calendars; financial calculations; forecasts; statistical statements; graphs; charts; plans; drawings; minutes or records of meetings; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports of or summaries of interviews; reports of or summaries of investigation opinions or reports of consultants; opinions of counsel; reports of or summaries of either negotiations by Sunshine or preparation of such; circulars; books; instruments; accounts; tapes and all other material of any tangible medium of expression and original or preliminary notes. A true copy will suffice so long as you waive any objection to authenticity and will have the original available for inspection upon request of defendant at the time of the preparation of the pretrial order and at the time of trial. "Document" or "documents" also include copies of documents that are not identical duplicates of the originals and copies of documents the originals of which are not in the possession, custody, or control of Renda.

7. "E-mail" means any computer-based system of electronic mail.

8. "Electronic data" means data of any kind or description, inscribed by computer, mechanical, facsimile, electronic, magnetic, digital, or other means, including, but not limited to, any and all items stored on e-mail; computer memories; hard disks; floppy disks; CD-ROMS, removable media such as Zip, Jaz, Bernoulli Box drives and their equivalent; magnetic tape of all types; microfiche; punched cards; punched tape, or data on or in any other vehicle for digital storage or transmittal; computer programs (whether private or commercial); programming notes

or instructions; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, any and all ASCII and EBCDIC files, and any miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether this electronic data exists in an active file, deleted file, or file fragment. The term "electronic data" also includes the file, folder tabs, containers and labels appended to or associated with any physical storage device for such data.

9. "Identification" or "identify" in reference to:

(a) a natural individual means to state (a) his or her full name, (b) his or her business and residential addresses, (c) his or her business and residential telephone numbers, and, (d) if presently employed by Renda, his or her present position(s) with Renda. (If the individual's current business and residential addresses and telephone numbers are not known, provide his or her last known business and residential addresses and last known business and residential telephone numbers);

(b) a person other than a natural individual means to state, to the extent known, its full name, address, and telephone number (If the person's current business and residential address and telephone number is not known, provide the last known address and telephone number);

(c) a document means to state, to the extent known, the author or originator, the addressee or addressees (if any), the date indicated on the documents as being the date thereof or the date (as exactly as possible) upon which the document was written or executed if no date is shown upon it, a description of the type of document (for example, letter, handwritten notes, etc.), the number of pages, the title (if any), and identification number, the present location and custodian of the original thereof, or, if unknown, the present custodian of any copy thereof and

the last known address of each such custodian, and a summary of the contents thereof. We request that Renda also state whether it has possession or control of the original or a copy of the document, and state the manner and date of disposition of any document that was, but no longer is, in its possession or subject to its control. (Instead of identifying a document in the foregoing manner, when a document on its face indicates the date and author, the recipient, and the subject matter, Renda may furnish, simultaneously with the filing of answers to these interrogatories, such documents for inspection and copying by defendant.);

(d) a telephone conversation means to identify the caller and the recipient, and to identify any other person who was a party to the conversation, and to state, to the extent known, the location of each at the time the call was made, the date and time of the conversation, and the author or maker and addressee of each statement, question, or remark made during the telephone conversation, and the substance of each such statement, question, or remark; and

(e) a communication means to state the nature of the communication (for example, letter, telephone conversation, private meeting, advertisement) and, to the extent that the communication was recorded in writing or stored electronically, to identify the pertinent document or documents and, to the extent that the communication was not written, to identify the person or persons involved in the communication, and to state, to the extent known, the place, date, and method of communication, and the author or maker and addressee of each statement, question, or remark, and the substance of each such statement, question, or remark.

10. "Person" and "individual" include a corporation, partnership, other business association or entity, any natural person, and any domestic or foreign governmental body, commission, board, agency, branch, department, or component or element thereof.

11. "Plaintiff" or "Renda" means Renda Marine, Inc., including, without limitation, any division, group, affiliate, or other entity owned or controlled by Renda Marine, Inc., and all present and past officers, directors, employees, agents, or representatives of Renda Marine, Inc., including, but not limited to, counsel and consultants, who reasonably could be expected to have personal knowledge that would affect the completeness and accuracy of responses made to this request.

12. "Relate to," "relates to," or "relating to" means comprising, mentioning, analyzing, discussing, summarizing, describing, referring to, containing, depicting, embodying, evidencing, constituting, concerning, reporting, or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

13. The term "Complaint" means the "Complaint" filed in the above captioned action on or about April 11, 2002.

14. "Contract" means Contract No. DACW64-98-C-0001 between plaintiff and the United States, acting through the Army Corps of Engineers Galveston District, referred to at paragraph 10 of the complaint.

15. The term "Government" means the United States, including any and all agencies, departments, or branches, and, in particular, the Army Corps of Engineers Galveston District, including any and all present and former employees, representatives, officers, or agents.

16. "Upper Bayou Project" refers to the work performed or required to be performed by Renda under the Contract, including work performed or required to be performed by any subcontractors of Renda to complete all of the work under the Contract.

17. In responding to these requests, defendant requests that Renda produce all information and documents in its possession, custody or control, or otherwise available to its employees, agents, consultants, attorneys, and accountants, whether past or present, or documents that are otherwise subject to its custody or control. Defendant requests that Renda produce all documents that respond, in whole or part, to any portion of the production requests in their entirety, including all attachments and enclosures.

18. With respect to the documents requested, defendant requests that Renda produce all drafts, marked-up versions, preliminary versions, or other nonidentical copies of documents requested.

19. If any document is withheld under a claim of privilege, for each such document, defendant requests that Renda provide the following information:

(1) Principals. The name and title of the author(s), sender(s), addressee(s), and recipient(s) of the document.

(2) Date. The date of the document.

(3) Publications. The date and title of each person to whom the contents of the document has been disclosed by copy, exhibition, reading, summarization, or otherwise.

(4) Descriptions. A description of the nature and subject matter of the document.

(5) Privilege. A statement of the privilege(s) and the basis or bases upon which the privilege(s) is or are asserted.

If Renda claims that only part of a document is exempt from production by reason of a privilege or privileges, defendant requests that Renda produce the part(s) of the document that it does not claim is or are exempt from production by reason of a privilege or privileges.

20. If Renda cannot produce a requested document, defendant requests that Renda identify the document as accurately as it can and state the reason(s) that it is unable to produce the document.

21. This discovery request is continuing in nature. Defendant requests that Renda provide by way of supplemental responses and documents whatever information may hereafter be obtained by it, or by anyone upon its behalf, that will supplement this request.

DEFENDANT'S FIRST SET OF INTERROGATORIES

INTERROGATORY NO. 1

Identify each individual that plaintiff expects to call as an expert witness at trial and, with respect to each such individual, state:

(a) the subject matter upon which he or she is expected to testify;

(b) the substance of the facts to which he or she is expected to testify; and

(c) the substance of the opinions to which he or she is expected to testify and the ground(s) for each such opinion.

RESPONSE:

INTERROGATORY NO. 2

Identify each individual who had any involvement in the preparation of Renda's bid for the Contract and, with respect to each such individual, describe what he or she did relative to the preparation of Renda's bid for the Contract.

RESPONSE:

INTERROGATORY NO. 3

Identify each individual who had any involvement in the preparation of Renda's dredging plan for the Upper Bayou Project and, with respect to each such individual, describe what he or she did relative to the preparation of Renda's dredging plan for the Upper Bayou Project.

RESPONSE:

DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant requests that Renda produce the following documents:

1. All documents that contain opinions or instructions given by Renda's counsel (or any employee or agent of Renda's counsel) to any individual that Renda expects to call as an expert witness at trial, including, but not limited to, the engagement document(s).

2. All reports, affidavits, declarations, memoranda, papers, notes, studies, graphs, charts, tabulations, analyses, summaries, data sheets, statistical or informational accumulations, and computer generated documents, including drafts or preliminary revisions of any of the above, prepared in connection with this litigation by or under the direction or supervision of any individual that Renda expects to call as an expert witness at trial.

3. All documents relied upon or considered by any individual that Renda expects to call as an expert witness at trial in formulating his or her opinion(s), including, but not limited to, the report of, or any other document prepared by, any non-testifying expert.

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

JANUARY 23, 2003

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 23rd day of JANUARY, 2003, I caused to be sent by United States Mail (postage prepaid) the original of "DEFENDANT'S FIRST SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS" addressed as follows:

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201