break, we would be happy to have Mr. Bowman forward them to our office and send them to you.

MR. KOSLOSKE: Could we agree on a date that could be accomplished because we are very close to the end of the fact discovery period, and I would like to try to --

THE WITNESS: Do you want me to look at it and see if I can find any of the worksheets that are in there because I don't recall seeing any of that? You know, you've got the estimate sheets. What you're curious about is the worksheets, correct?

MR. KOSLOSKE: Well, anything that you have that relates to the bid you can keep, but anything that you have that relates to the Upper Bayou project I'd like to take a look at it.

THE WITNESS: I can --

MR. ERIKSON: Actually, what he wants is if you've got a file of the project, just bring it in and make it available to him.

THE WITNESS: Okay.

MR. ERIKSON: You don't have to look at it in advance. Just be sure what project it relates to.

THE WITNESS: Okay. That's fine.

MR. KOSLOSKE: Can we agree upon a date



of when you can get that to Mr. Erikson.

THE WITNESS: I'll attempt it to get it next week some time. I don't know if I can. It appears I'm going to be out of town the rest of this week. Maybe Friday.

MR. ERIKSON: Do you want this on the record?

MR. KOSLOSKE: Do you think you could get the information to Mr. Erikson in two weeks? Today is the 12th. That will be by the 26th of January.

THE WITNESS: I'll certainly try. I'll have Brian give me reminders about halfway through.

MR. KOSLOSKE: And Mr. Erikson will give me notice, and we will make arrangements to get down here and look at the material, and I may get a copy and have you send it to us.

MR. ERIKSON: That's fine.

MR. KOSLOSKE: I have no further questions.

MR. ERIKSON: We will reserve our questions until time of trial.

(End of Deposition)



C O R R I G E N D U M

| Page | Line | Correction/Change | Reason |
|---|---|---|---|
| | | | |

I, STEVE BOWMAN, have read the foregoing deposition and hereby affix my signature that same is true and correct, except to the aforementioned _____ (number) of changes/corrections.

______________________________
STEVE BOWMAN

STATE OF TEXAS )
)
COUNTY OF DALLAS )

BEFORE ME, ______________________________, on this day personally appeared STEVE BOWMAN, know to me (or proved to me under oath through ______________________) (description of identity care or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the ______ day of ____________________, 2004.

______________________________
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS



C E R T I F I C A T E

I, MONICA S. FAULK, Certified Shorthand Reporter in and for the State of Texas, do hereby certify that, pursuant to the agreement hereinabove set forth, there came before me on the 12th day of January, 2004, at the offices of QUILLING, SELANDER, CUMMISKEY & LOWNDS, 2001 Bryan Street, Suite 1800, in the City of Dallas, County of Dallas and State of Texas, the following named person, to-wit: STEVE BOWMAN, who was by me duly sworn to tell the truth, the whole truth, and nothing but the truth of their knowledge touching and concerning the matters in controversy in this cause; and that the witness was thereupon carefully examined upon their oath and their examination reduced to writing under my supervision; that the deposition is a true record of the testimony given by the witness. Pursuant to Rule 30(e) of the Federal Rules of Civil Procedure, the witness X did _____ did not request review and sign the original transcript prior to the conclusion of the deposition.

I further certify that I am neither attorney or counsel for, nor related to or employed by, any of the parties to the action in which this deposition is taken, and further that I am not a relative or employee of any attorney nor counsel employed by the parties hereto, or financially interest in the action.

In witness whereof, I have hereunto set my hand and

affixed my seal this 27th day of January, 2004.

MONICA S. FAULK, CSR
National Court Reporters
500 S. Ervay, Suite 120-A
Dallas, Texas 75201
Phone No. 214-651-8393
CERTIFICATION NO. 7317
CERTIFICATION EXPIRES: 12/31/03

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF JOHN E. KOSLOSKE

I, JOHN E. KOSLOSKE, declare as follows:

1. I am an attorney in the Commercial Litigation Branch of the Department of Justice and counsel of record for the United States in the above captioned action.

2. The above captioned action involves claims governed by the Contract Disputes Act of 1978, as amended (41 U.S.C. §§ 601-13), arising under or relating to a contract between plaintiff, Renda Marine, Inc. (Renda), and the United States, acting through the Army Corps of Engineers, Galveston, Texas District, to dredge part of the Galveston-Houston Ship Channel and to construct levees at the Lost Lake Placement Area for dredged material. This contract is referred to in the complaint and other documents as the "Upper Bayou Project."

3. Renda produced materials prepared by Kent Ray, C.P.A., on March 12, 2004. The Government has not received any materials prepared by Renda's experts Christopher Mathewson or Robert McCullough that are responsive to Document Request No. 2 contained in "Defendant's First Set of Interrogatories and Second Request for production of Documents" dated January 23, 2003. The Government has not received any materials prepared by Renda's experts Christopher Mathewson or Robert McCullough that are responsive to Document Request No. 2 (other than a

report by Dr. Mathewson and an invoice for his services and Mr. McCullough's January 2004 and March 2004 reports).

4. As for Renda's expert Barry Smith, we have not received any materials prepared by him, except his abbreviated "report" (and, of course, Renda's certified claims as to which Mr. Smith states he was "instrumental" in preparing). We have reviewed the "file materials" of Mr. Smith produced by Renda and Bates numbered REM 40004 through REM 41052. Those materials do not appear to contain any documents that were prepared by Mr. Smith, such as drafts of claims, memoranda, papers, notes, studies, graphs, charts, tabulations, analyses, summaries, data sheets, statistical or informational accumulations, and computer generated documents, including all drafts or preliminary revisions of any of the above, relating to the opinions that are the subject of his expert testimony.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 12, 2004, at Washington, D.C.

John Kosloske

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 12052
Washington, D.C. 20005
Tele: (202) 307-0282

| Upper Bay<br>Job # R1100<br>Vendor | Sep-98<br>Vendor<br>Total | Previous<br>Vendor<br>Total | Vendor<br>Total<br>To Date |
|---|---|---|---|
| Air Liquide | 229.33 | | 229.33 |
| Caple-Shaw | 91.84 | | 91.84 |
| Deringer | 271.50 | -- | 271.50 |
| Duratrode | 1,461.97 | | 1,461.97 |
| Federal Express | 18.75 | | 18.75 |
| Frank P. Duke | 1,576.50 | | 1,576.50 |
| Gary Gibbs | 1,672.39 | | 1,672.39 |
| Gator Supply | 3,478.06 | | 3,478.06 |
| Marine & Industrial Specialties | 156.74 | | 156.74 |
| Michael H. Calpestri | 3,551.00 | | 3,551.00 |
| Prime Equipment | 97.41 | | 97.41 |
| Quilling Selander & Cummiskey | 8,366.00 | | 8,366.00 |
| R & M Telephone | 1,630.79 | | 1,630.79 |
| Sherwin Williams | 102.34 | | 102.34 |
| Specialized Transportation Services | 3,403.40 | | 3,403.40 |
| Specialties Company | 646.18 | | 646.18 |
| The Facts | 220.00 | | 220.00 |
| US Goverment Bookstore | 186.00 | | 186.00 |
| Wellman Welding | 4,336.88 | | 4,336.88 |
| Vendor Total | 31,497.08 | | 31,497.08 |
| Less: Capitalization | 0.00 | | 0.00 |
| Labor | 2,019.24 | | 2,019.24 |
| Burden | 0.00 | | 0.00 |
| RMI Equipment | 0.00 | | 0.00 |
| Shop Allocation | 0.00 | | 0.00 |
| Total Costs | 33,516.32 | | 33,516.32 |
| Billings | 0.00 | | 0.00 |
| Net Profit or Loss | (33,516.32) | 0.00 | (33,516.32) |

Renda Marine, Inc
May 2001

| DATE | VENDOR | BATCH NUMBER | PHASE | JOB NUMBER | COST CODE | J/C AMOUNT | |
|---|---|---|---|---|---|---|---|
| 05/01/2001 | Lease Payment | 3L0501 | May 2001 | 1000 | 100.001 | 707.50 | |
| 05/01/2001 | Lexcom | 6L0501 | May 2001 | 1100 | 100.030 | 106.85 | |
| 05/01/2001 | Lexcom | 6L0501 | May 2001 | 1000 | 100.030 | 106.85 | |
| 05/01/2001 | Lon Star | RC Batch 2 | May 2001 | 1000 | 100.001 | 40.69 | |
| 05/12/2001 | Lone Star Overnight | ORC Batch | May 2001 | 1000 | 100.001 | 94.90 | |
| 05/12/2001 | Lone Star Overnight | ORC Batch | May 2001 | 1000 | 100.001 | 134.51 | |
| 05/12/2001 | Lone Star Overnight | ORC Batch | May 2001 | 1000 | 100.001 | 21.71 | |
| 05/15/2001 | Lone Star Overnight | 6L0501 | May 2001 | 1000 | 100.001 | 38.37 | |
| 05/23/2001 | Lynn Douglas | 6L0501 | May 2001 | 1000 | 100.001 | 834.49 | |
| 05/01/2001 | Mastercard | | | 1100 | 187.600 | 475.19 | |
| 05/01/2001 | Mastercard | | | 1100 | 100.001 | 7.50 | |
| 05/01/2001 | Mastercard | | | 1100 | 187.400 | 701.44 | |
| 05/01/2001 | Mastercard | | | 1000 | 100.001 | 553.24 | |
| 05/01/2001 | Mastercard | | | 1000 | 100.016 | 749.89 | |
| 05/01/2001 | Mastercard | | | 1000 | 100.040 | 346.85 | |
| 05/01/2001 | Mastercard | | | 1000 | 100.060 | 34.63 | 13,265.55 |
| 05/01/2001 | Mastercard | | | 1100 | 100.040 | 484.28 | |
| 05/01/2001 | Mastercard | | | 1000 | 187.400 | 1,553.35 | |
| 05/01/2001 | Mastercard | | | 1000 | 187.600 | 1,361.10 | |
| 05/01/2001 | Mastercard | | | 1100 | 100.001 | 1,848.29 | |
| 05/01/2001 | Mastercard | | | 1100 | 187.400 | 1,619.37 | |
| 05/01/2001 | Mastercard | | | 1000 | 187.400 | 674.74 | |
| 05/01/2001 | Mastercard | | | 1100 | 100.015 | 7.43 | |
| 05/01/2001 | Mastercard | | | 1100 | 100.040 | 51.96 | |
| 05/01/2001 | Mastercard | | | 1000 | 100.001 | 1,692.04 | |
| 05/01/2001 | Mastercard | | | 1000 | 100.001 | 953.89 | |
| 05/01/2001 | Mastercard | | | 1100 | 100.001 | 57.13 | |
| 05/01/2001 | Mastercard | | | 1000 | 187.400 | 93.23 | |
| 05/14/2001 | NetWork Solutions | 6L0501 | May 2001 | 1000 | 100.001 | 70.00 | |
| 05/01/2001 | Office Max | | | 1000 | 100.040 | 481.65 | |
| 05/01/2001 | Ozarka | 1L0501 | May 2001 | 1000 | 100.001 | 92.20 | |
| 05/01/2001 | Piking Shipping | | | 1000 | 187.400 | 5,016.33 | |
| 05/07/2001 | Ramada Limited | 3L0501 | May 2001 | 1100 | 100.001 | 121.77 | 2841.35 |
| 05/01/2001 | Ramada Limited | 1L0501 | May 2001 | 1100 | 100.001 | 2,719.58 | |
| 05/01/2001 | Southwestern Bell | 3L0501 | May 2001 | 1000 | 100.001 | 72.94 | 139.37 |
| 05/01/2001 | Soutwestern Bell | 1L0501 | May 2001 | 1000 | 100.001 | 66.43 | |
| 05/07/2001 | Swinscoe's Welding | 2L0501 | May 2001 | 1000 | 187.400 | 420.39 | |
| 05/01/2001 | Top Coat | 2L0501 | May 2001 | 1000 | 100.001 | 11,046.30 | |
| 05/01/2001 | Verizon | 6L0501 | May 2001 | 1000 | 100.030 | 15.84 | |
| 05/01/2001 | Verizon | ORC Batch | May 2001 | 1000 | 100.030 | 665.42 | |
| 05/01/2001 | Verizon | | | 1100 | 100.030 | 424.77 | 1562.92 |
| 05/01/2001 | Verzion | 4L0501 | May 2001 | 1000 | 100.030 | 15.84 | |
| 05/01/2001 | Verzion | 4L0501 | May 2001 | 1000 | 100.030 | 425.07 | |
| 05/01/2001 | Verzion | 4L0501 | May 2001 | 1000 | 100.030 | 15.98 | |
| 05/01/2001 | Webb Crane | 2L0501 | May 2001 | 1100 | 100.001 | 2,735.52 | |
| 05/01/2001 | World Dredging | 4L0501 | May 2001 | 1000 | 100.001 | 40.00 | |

RENDA MARINE

# UPPER BAYOU PROJECT

GALVESTON DISTRICT

REM 40190

# MEETING GOALS

( Thursday, January 17, 2002 )

1. Describe and review RMI's Certified Claims

2. Where do we go from here?

# RMI CLAIM POSITION ( ADDITIONAL )

- RMI forced to settle with outside Government agency at Chocolate Bayou for pre-existing conditions

- MOC Project bid as "maintenance material", yet virgin cuts were necessary

✓ Tortious interference of business practices

✓ Reports and allegations of gratuities to COE employees

DEPARTMENT OF THE ARMY
GALVESTON DISTRICT. CORPS OF ENGINEERS
P.O. BOX 1229
GALVESTON. TEXAS 77553-1229

REPLY TO
ATTENTION OF
Northern Area Office

October 20, 1999

Mr. Eddie Fisher
Vice President and Construction Manager
Renda Marine, Inc.
P. O. Box 1036
Freeport, Texas 77542

Dear Mr. Fisher:

This is in reference to the meeting of October 18, 1999 between representatives of Renda Marine, Inc., and the Corps of Engineers. The purpose of the meeting was to clarify your dredging activities at they relate to your three active Government Dredging contracts, including Contract No. DACW64-99-C-0001, Dredging Upper Bayou on the Houston-Galveston Navigation Channels, Contract No. DACW64-98-C-0028, Dredging Boggy Bayou to Colorado River and Mouth of Colorado (MOC) on the Gulf Intracoastal Waterway (GIWW), and Contract No. DACW64-99-C-0021, Dredging Chocolate Bayou.

This letter concerns only the latter two projects, which are administered by the Northern Area Office.(NAO). On the afternoon of October 18, 1999, the date of the meeting, you were called on your mobile phone by myself and other representatives of the NAO. At that time you were put on notice that this office would issue you an "Interim Unsatisfactory" rating evaluation after 30 days, should you fail to perform to the level you indicated in the joint meeting earlier in the day.

Specifically, you stated at the joint meeting, that, barring any excusable delays, you would complete the dredging portion of both NAO projects by December 31, 1999. For the MOC project, you indicated that you would complete dredging Stations 35+000 to 36+000 by the end of November, and then complete Stations 36+000 to 37+000 by the end of December. For the Chocolate Bayou project, you indicated that you would complete Sections 1 through 5 by the end of October, and that you would complete Sections 6 through 8 during November 1999, and finally, that you would complete Sections 9 through 11 by the end of December, 1999.

The purpose of this letter is to inform you that your performance on both NAO projects (Boggy to Colorado River/MOC and Chocolate Bayou) will be evaluated on November 17, 1999. Upon the conclusion of our evaluation, should either contract warrant an "Interim Unsatisfactory" rating, then that rating will be issued for that specific contract. If an "Interim

**REM 40253**

F 10/21/99 D

Unsatisfactory" rating is not warranted at that time, your overall performance will continue to be monitored and, as a minimum, will be rated at the completion of the contract work. Please note that if an "Interim Unsatisfactory" rating is not issued, that does not preclude the possibility of a final "Unsatisfactory Performance Rating" being issued.

This letter shall not be construed to be any directive to accelerate or expedite your work. Should you have questions regarding this letter, please contact me at 409-766-6313.

Sincerely,

William J. Hopkins, P.E.
Area Engineer

REM 40254

OFFER (Must be fully completed by offeror)

14. NAME AND ADDRESS OF OFFEROR (Include ZIP Code)

Renda Marine, Inc.
P.O. Box 181436
Dallas, TX 75218

15. TELEPHONE NO. (Include area code)

(214) 321-8522

16. REMITTANCE ADDRESS (Include only if different than Item 14)

522 Benson Lane
Roanoke, TX 76262

CODE | FACILITY CODE

17. The offeror agrees to perform the work required at the prices specified below in strict accordance with the terms of this solicitation, if this offer is accepted by the Government in writing within ________ calendar days after the date offers are due. (Insert any number equal to or greater than the minimum requirement stated in Item 13D. Failure to insert any number means the offeror accepts the minimum in Item 13D.

AMOUNTS ▶ SEE SCHEDULE

18. The offeror agrees to furnish any required performance and payment bonds.

19. ACKNOWLEDGEMENT OF AMENDMENTS

(The offeror acknowledges receipt of amendments to the solicitation - give number and date of each)

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT NO. | 0001 | | | | | | | | | |
| DATE | 7/7/98 | | | | | | | | | |

20A. NAME AND TITLE OF PERSON AUTHORIZED TO SIGN OFFER (Type or print)

Eddie R. Fisher, Vice President

20B. SIGNATURE

[signature]

20C. OFFER DATE

7/17/98

AWARD (To be completed by Government)

21. ITEMS ACCEPTED:

0001 THRU 0010 (TOTAL SCHEDULE NO. 1) DUE TO A MISTAKE IN DECIMAL POINT PLACEMENT, UNIT PRICE FOR ITEM NO. 0006 IS CHANGED TO $100.00 (SEE MISTAKE IN BID DOCUMENTATION)

22. AMOUNT

$12,526,100 (Estimated)

23. ACCOUNTING AND APPROPRIATION DATA

001WQS CONTINUING CONTRACT $500,000.00 AVAIL

24. SUBMIT INVOICES TO ADDRESS SHOWN IN (4 copies unless otherwise specified) ▶ ITEM 27

25. OTHER THAN FULL AND OPEN COMPETITION PURSUANT TO

☐ 10 U.S.C. 2304(c) ( ) ☐ 41 U.S.C. 253(c) ( )

26. ADMINISTERED BY CODE

U. S. ARMY CORPS OF ENGINEERS
GALVESTON DISTRICT OFFICE
P. O. BOX 1229
GALVESTON, TEXAS 77553-1229

27. PAYMENT WILL BE MADE BY

USAED, FINANCE CENTER
MAIL STOP 322
7800 THIRD AVENUE
MILLINGTON, TENNESSEE 38054-5005

CONTRACTING OFFICER WILL COMPLETE ITEM 28 OR 29 AS APPLICABLE

☐ 28. NEGOTIATED AGREEMENT Contractor is required to sign this document and return ________ copies to issuing office.) Contractor agrees to furnish and deliver all items or perform all work requirements identified on this form and any continuation sheets for the consideration stated in this contract. The rights and obligations of the parties to this contract shall be governed by (a) this contract award, (b) the solicitation, and (c) the clauses, representations, certifications, and specifications incorporated by reference in or attached to this contract.

☒ 29. AWARD Contractor is not required to sign this document.) Your offer on this solicitation is hereby accepted as to the items listed. This award consummates the contract, which consists of (a) the Government solicitation and your offer, and (b) this contract award. No further contractual document is necessary.

REM 40438

30A. NAME AND TITLE OF CONTRACTOR OR PERSON AUTHORIZED TO SIGN (Type or print)

30B. SIGNATURE

[signature]

30C. DATE

31A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)

THOMAS BENERO, CONTRACTING OFFICER

31B. UNITED STATES OF AMERICA

BY Thomas Benero

31C. AWARD DATE

26 Oct 9



STANDARD FORM 1442 BACK (REV. 4-85)

| SOLICITATION, OFFER, AND AWARD (Construction, Alteration, or Repair) | 1. SOLICITATION NO. DACW64-98-B-0004 | 2. TYPE OF SOLICITATION [X] SEALED BID (IFB) [ ] NEGOTIATED (RFP) | 3. DATE ISSUED 06/16/98 | PAGE OF PAGES 1 of 2 |
|---|---|---|---|---|

IMPORTANT - The "offer" section on the reverse must be fully completed by offeror.

| 4. CONTRACT NO. | 5. REQUISITION/PURCHASE REQUEST NO. | 6. PROJECT NO. |
|---|---|---|
| DACW64-99-C-0001 | W45VAK-8021-4346 | 076185 |

| 7. ISSUED BY CODE DACW64 | 8. ADDRESS OFFER TO |
|---|---|
| U. S. ARMY CORPS OF ENGINEERS<br>2000 FORT POINT ROAD, CONTRACTING DIVISION<br>P. O. BOX 1229<br>GALVESTON, TX 77553-1229 | U. S. ARMY CORPS OF ENGINEERS<br>2000 FORT POINT ROAD, CONTRACTING DIVISION<br>P. O. BOX 1229<br>GALVESTON, TX 77553-1229 |

| 9. FOR INFORMATION CALL: | A. NAME | B. TELEPHONE NO. (Include area code) (NO COLLECT CALLS) |
|---|---|---|
| | Carolyn Hilliard | (409) 766-3848 |

**SOLICITATION**

NOTE: In sealed bid solicitations "offer and "offeror" mean "bid" and "bidder".

10. THE GOVERNMENT REQUIRES PERFORMANCE OF THE WORK DESCRIBED IN THESE DOCUMENTS *(Title, identifying no., date)*:

HOUSTON-GALVESTON NAVIGATION CHANNELS, TEXAS, DREDGING UPPER BAYOU (45-FOOT PROJECT) IN HARRIS AND GALVESTON COUNTIES.

**REM 40439**

11. The Contractor shall begin performance within * calendar days and complete it within * calendar days after receiving [ ] award, [X] notice to proceed. This performance period is [X] mandatory, [ ] negotiable. (See *Section 00820 ).

| 12A. THE CONTRACTOR MUST FURNISH ANY REQUIRED PERFORMANCE AND PAYMENT BONDS? *(If "YES," indicate within how may calendar days after award in Item 12B.)* | 12B. CALENDAR DAYS |
|---|---|
| [X] YES [ ] NO | Ten (10) |

13. ADDITIONAL SOLICITATION REQUIREMENTS:

A. Sealed offers in original and 0 copies to performed the work required are due at the place specified in Item 8 by 14:00 (hour) local time 07/17/98 *(date)*. If this is a sealed bid solicitation, offers will be publicly opened at that time. Sealed envelopes containing offers shall be marked to show the offeror's name and address, the solicitation number and the date and time offers are due. Bids will be opened in Room 175 .

B. An offer guarantee [X] is, [ ] is not required.
(SEE CAUTION TO BIDDERS FOR BID GUARANTEE AMOUNT)

C. All offers are subject to the (1) work requirements, and (2) other provisions and clauses incorporated in the solicitation in full text or by reference.

D. Offers providing less than 60 calendar days for Government acceptance after the date offers are due will not be considered and will be rejected.

NSN 7540-01-155-3212



STANDARD FORM 1442 (REV. 4-85)
Prescribed by GSA
FAR (48CFR) 53.236-1(e)

## SECTION 03310 - CONCRETE

### PART 1 - GENERAL

**1.1 REFERENCES.** The publications listed below form a part of this specification to the extent referenced. The publications are referred to in the text by the basic designation only.

American Society for Testing and Materials (ASTM) Publications.

| | |
|---|---|
| A 615-96 | Deformed and Plain Billet-Steel Bars for Concrete Reinforcement |
| C 94-96 | Ready-Mixed Concrete. |

American Concrete Institute (ACI) Standards.

| | |
|---|---|
| 305R-91 | Hot Weather Concreting |
| 318R-95 | Building Code Requirements for Reinforced Concrete |
| SP-66-94 | ACI Detailing Manual. |

**1.2 PAYMENT** for the concrete work will be included in the contract lump sum price for "Drop-Outlet Structure (New)," which payment will include full compensation for material, labor, and inspection necessary to complete the work.

### PART 2 - PRODUCTS

**2.1 CONCRETE** shall be composed of portland cement, fine aggregate, coarse aggregate, and water so proportioned and mixed as to produce a plastic workable mixture. The concrete mix shall be designed to secure a minimum compressive strength of 3,000 psi in 28 days and shall conform to ASTM C 94.

**2.2 REINFORCEMENT** shall conform to ASTM A 615, Grade 60, size as shown. Reinforcement detailing and placement shall conform to ACI SP-66 and ACI 318R.

**2.3 WATER** used in mixing and curing concrete shall be fresh, clean, and free from injurious amounts of oil, acid, alkali, salt, or organic matter.

## PART 3 - EXECUTION

**3.1 CONCRETE WORK** shall conform to ACI 318R, "Construction Requirements" and ACI 305R. In general, the consistency of a mix shall be that required to produce a slump between 3 and 4 inches. Entrained air content of exterior concrete shall be between 5 and 7 percent by volume. Concrete shall be placed on clean, damp surfaces free from water, ice, frost, mud, or debris. Unless otherwise approved, concrete shall be mixed and placed only when the temperature is at least 35 degrees F and rising. The concrete shall be spread, tamped, and screeded to a true plane. Concrete slabs shall have a wood float finish. Concrete surfaces not covered by forms shall be protected against moisture loss for not less than 7 days by covering with burlap, cotton, or other approved fabric mats or sand, and kept continually wet by covering surfaces with waterproof paper with edges and ends lapped and sealed or by membrane-forming curing compound. Where formed surfaces are cured in the forms, the forms shall be kept continually wet. If forms are removed before the end of the curing period, curing shall be continued as on unformed surfaces using suitable materials.

**3.2 FORMWORK** shall be provided so that the concrete conforms accurately to the indicated shapes, lines, dimensions, and with surfaces free of offset, waviness, or bulges. Where surfaces are to be exposed or painted, panels shall be manufacturer's stock size material, using smaller panels cut to required dimensions only where required by openings. Exposed corners shall be chamfered, beveled, or rounded by moldings placed in the forms. Surfaces shall be thoroughly cleaned and coated with form oil or form release agent before each use. Forms shall be removed at a time and in a manner that will not injure the concrete.

- - o O o - -

EXHIBIT B

# Affolter
## CONTRACTING CO., INC.

July 29, 1998

Renda Marine, Inc
P.O. Box 181436
Dallas, TX 75218
Attn: Eddie Fisher

Re: DACW64-98-B-0004
Houston-Galveston Channels, Texas
Dredging Upper Bayou

Dear Mr. Fisher:

We are pleased to quote the following on the above referenced project.

| Item No. | Description | Est. Qty. | Unit | Unit Price | Est. Amt. |
|---|---|---|---|---|---|
| Item 0001 | Stripping | 1 | Job | Sum | $ 95,000.00 |
| Item 0002 | Mechanically Constructed Levees | 381,300 | CY | $4.33 | $1,651,029.00 |
| Item 0003 | Drop Outlet Structure Existing | 1 | Job | Sum | $ 45,000.00 |
| Item 0004 | Drop Outlet Structure New | 1 | Job | Sum | $ 172,000.00 |
| Item 0005 | Seeding & Fertilizing | 1 | Job | Sum | $ 80,000.00 |
| Item 0007 | Mob & Demob | 1 | Job | Sum | $ 80,000.00 |
| Total | | | | | $2,123,029.00 |

REM 40752

Billy and Tammi Lockhart
P.O. Box 420154
Laredo, Texas 78042
956/728-9160

Date: 10/20 # Of Pages 6 QUICK FAX™ OfficeMax
To: Rudy/Oscar From: Steve
Co./Dept. Co./Dept.
Fax: Fax:
Phone: Phone:
Note: for Your Information E-Mail:

# FAX

**TO: RENDA MARINE** **FROM: Billy and Tammi Lockhart**

**FAX: 979/ 230-9966** **DATE: 10/19/2000**

**PHONE : 979/230-9911** **PAGES: 6**

**RE: RENEWAL OF LEASE** **ATTN: RUDY**

**CC: EDDIE FISHER**

**Send payment to:**

**Billy and Tammi Lockhart**
**P.O. BOX 420154**
**Laredo, Texas 78042**

**MESSAGE:**

**If Renda Marine intends to remain leasing property the amount is $3,000.00 a month, however the property may be sold in the next 30-45 days. Please call and leave message as to a decision on leasing.**

6

REM 40754

AND AWARD
*(Construction, Alteration, or Repair)*

DACW64-98-B-0004

[X] SEALED BID (IFB)
[ ] NEGOTIATED (RFP)

06/16/98

1 of 2

IMPORTANT - The "offer" section on the reverse must be fully completed by offeror.

| 4. CONTRACT NO. | 5. REQUISITION/PURCHASE REQUEST NO. | 6. PROJECT NO. |
|---|---|---|
| DACW64-99-C-0001 | W45VAK-8021-4346 | 076185 |

| 7. ISSUED BY CODE DACW64 | 8. ADDRESS OFFER TO |
|---|---|
| U. S. ARMY CORPS OF ENGINEERS<br>2000 FORT POINT ROAD, CONTRACTING DIVISION<br>P. O. BOX 1229<br>GALVESTON, TX 77553-1229 | U. S. ARMY CORPS OF ENGINEERS<br>2000 FORT POINT ROAD, CONTRACTING DIVISION<br>P. O. BOX 1229<br>GALVESTON, TX 77553-1229 |

| 9. FOR INFORMATION CALL: | A. NAME | B. TELEPHONE NO. *(Include area code)* (NO COLLECT CALLS) |
|---|---|---|
| | Carolyn Hilliard | (409) 766-3848 |

## SOLICITATION

NOTE: In sealed bid solicitations "offer and "offeror" mean "bid" and "bidder".

10. THE GOVERNMENT REQUIRES PERFORMANCE OF THE WORK DESCRIBED IN THESE DOCUMENTS *(Title, identifying no., date)*:

HOUSTON-GALVESTON NAVIGATION CHANNELS, TEXAS, DREDGING UPPER BAYOU (45-FOOT PROJECT) IN HARRIS AND GALVESTON COUNTIES.

11. The Contractor shall begin performance within * calendar days and complete it within * calendar days after receiving [ ] award, [X] notice to proceed. This performance period is [X] mandatory, [ ] negotiable. (See *Section 00820 ).

| 12A. THE CONTRACTOR MUST FURNISH ANY REQUIRED PERFORMANCE AND PAYMENT BONDS? *(If "YES," indicate within how many calendar days after award in Item 12B.)* | 12B. CALENDAR DAYS |
|---|---|
| [X] YES [ ] NO | Ten (10) |

13. ADDITIONAL SOLICITATION REQUIREMENTS:

A. Sealed offers in original and 0 copies to performed the work required are due at the place specified in Item 8 by 14:00 (hour) local time 07/17/98 *(date)*. If this is a sealed bid solicitation, offers will be publicly opened at that time. Sealed envelopes containing offers shall be marked to show the offeror's name and address, the solicitation number and the date and time offers are due. Bids will be opened in Room 175 .

B. An offer guarantee [X] is, [ ] is not required.
(SEE CAUTION TO BIDDERS FOR BID GUARANTEE AMOUNT)

C. All offers are subject to the (1) work requirements, and (2) other provisions and clauses incorporated in the solicitation in full text or by reference.

D. Offers providing less than 60 calendar days for Government acceptance after the date offers are due will not be considered and will be rejected.

NSN 7540-01-155-3212 1442-102 STANDARD FORM 1442 (REV. 4-85)
Prescribed by GSA
FAR (48 CFR) 53.236-1(e)