# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: March 19, 2004)

| | |
|---|---|
| RENDA MARINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Before the court are: (1) Defendant's Motion to Compel Compliance with Rule 26(a)(2)(B), to Compel Production of Documents, to Permit Defendant to Perform an Audit of Plaintiff's Job Cost Schedules, and for a Modification of the Pretrial and Trial Schedule (Defendant's Motion); (2) Response by Plaintiff, Renda Marine, Inc. to Defendant's Motion to Compel Compliance with Rule 26(a)(2)(B), to Compel Production of Documents, to Permit Defendant to Perform An Audit of Plaintiff's Job Cost Schedules, and for a Modification of the Pretrial and Trial Schedule and Contingent Motion for Leave to Require Defendant to Answer Renda's Discovery (Plaintiff's Response); and (3) Defendant's Reply to Plaintiff's Response to Defendant's Motion to Compel Compliance with Rule 26(a)(2)(B), to Compel Production of Documents, to Permit Defendant to Perform an Audit of Plaintiff's Job Cost Schedules, and for a Modification of the Pretrial and Trial Schedule. Further to the court's review of the parties' filings and further to the telephonic status conference held on March 18, 2004 during which the parties argued their positions, the court ORDERS the following:

1. With respect to defendant's request that plaintiff provide an expert report that complies with Rule 26(a)(2)(B) of the Court of Federal Claims (RCFC)[1] for plaintiff's retained expert Barry Smith, the court determines that Barry Smith is a fact witness rather than an expert witness and finds defendant's motion MOOT.

2. With respect to defendant's request that plaintiff provide an expert report that complies with RCFC 26(a)(2)(B) for plaintiff's retained expert Kent Ray, C.P.A., the court determines that Kent Ray is a fact witness rather than an expert witness and finds defendant's motion MOOT.

3. With respect to defendant's request that plaintiff provide an expert report that complies with RCFC 26(a)(2)(B) for plaintiff's retained expert Robert McCullough, P.E., the court DENIES defendant's motion. Based on plaintiff's representations during argument, the court DISREGARDS the report prepared by Mr. McCullough dated January 23, 2004 and deems the report prepared Mr. McCullough dated March 3, 2004 to SUPERCEDE the January 23, 2004 report. As soon as reasonably practicable, plaintiff shall make Mr. McCullough available to defendant for deposition.

4. With respect to defendant's request that plaintiff produce for inspection and or copying by defendant the documents prepared by its trial experts Barry Smith, Kent Ray, Robert McCullough, and Chris Mathewson, the court finds the motion MOOT with respect to Messrs. Smith and Ray who are fact witnesses only for purposes of this litigation. The motion is GRANTED with respect to Messrs.

---

[1]Rule 26(a)(2)(B) provides:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

RCFC 26(a)(2)(B).

McCullough and Mathewson. On or before March 19, 2004, plaintiff shall provide Messrs. McCullough and Mathewson with a copy of Defendant's Second Request for Production of Documents.[2] Plaintiff shall respond, on or before March 25, 2004, provided that, with respect to documents that have been previously produced in this litigation and that are responsive to request no. 3, plaintiff may respond by listing the responsive documents, reasonably described by subject and/or title, number of pages, and date. Plaintiff shall produce all responsive documents not previously produced, for example, "the report of, or any other document prepared by, any non-testifying expert."

5. With respect to defendant's request for a DCAA audit, defendant's motion is GRANTED. Plaintiff shall cooperate with defendant in a DCAA audit of its job cost schedules for the Upper Bayou Project and a DCAA audit of the schedules that would support the revised expert opinion of Mr. McCullough dated March 3, 2004.

6. With respect to defendant's request to modify the pretrial and trial schedule, defendant's motion is DENIED in part and GRANTED in part as follows:

   a. The meeting of counsel is RESCHEDULED from March 14, 2004 until April 2, 2004.

   b. On or before May 19, 2004, the parties may amend their witness and exhibit lists for trial. Three copies of any contested exhibits shall be brought to the pretrial conference to be held in chambers on June 2, 2004 at 9:00 a.m.

   c. On or before May 26, 2004, the parties may file limited supplemental motions contemplated by Appendix A to the Rules of the Court of Federal Claims (limited, in the case of plaintiff, to evidence made available by defendant after April 2, 2004 and limited, in the case of defendant, to evidence made available by plaintiff after April 30, 2004). Any responses to such motions may be filed on or before June 1, 2004.[3]

---

[2]Appendix to Defendant's Motion to Compel Compliance with Rule 26(a)(2)(B), to Compel Production of Documents, to Permit Defendant to Perform an Audit of Plaintiff's Job Cost Schedules, and for a Modification of the Pretrial and Trial Schedule at 14.

[3]Courtesy copies of these motions and responses shall be transmitted by facsimile to opposing counsel and to chambers no later than 5:00 p.m. on the date of filing.

d. The court adds the week of June 28-July 2, 2004 to the current trial schedule, anticipating the allocation of the first two weeks, June 15-19 and June 21-25, 2004, to the presentation of plaintiff's case and the third week, June 28-July 2, 2004, to the presentation of defendant's case.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge