ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RENDA MARINE, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 02-306C

(Judge Hewitt)

FILED
JUL 29 2003
U.S. COURT OF FEDERAL CLAIMS

**PROTECTIVE ORDER REGARDING ELECTRONIC DISCOVERY**

1. This Protective Order Regarding Electronic Discovery (Protective Order) relates to the "Agreement Regarding Scope Of Electronic Discovery" (Agreement) filed in the above captioned action. Under this Protective Order, any and all data, information, or documents contained in the electronic materials to be made available by the United States Army Corps of Engineers, Galveston District (Corps), to the Consultant, pursuant to paragraphs 2 and 3 of the Agreement, shall be considered Confidential Records, except "responsive documents," as that term is defined by the Agreement, which, pursuant to the provisions of paragraphs 4 and 5 of the Agreement, the United States expressly permits the Consultant to disclose to plaintiff's counsel.

2. The materials to be made available by the Corps to the Consultant, pursuant to paragraphs 2 and 3 of the Agreement, shall be used by the Consultant only for the purpose permitted by the Agreement and for no other purpose. The Consultant shall not under any circumstances disclose Confidential Records to any person other than a representative of the Corps.

3. Before receipt of the materials to be made available by the Corps to the Consultant, pursuant to paragraph 3 of the Agreement, the Consultant, including each employee of the Consultant who will be provided access to Confidential Records, shall execute a written declaration, in the form of the attached Appendix, to be bound by this Protective Order and such declaration(s) shall be provided to counsel of record for the United States within five (5) days of execution and the original(s) retained by plaintiff's counsel until further order of the Court.

4. Each person given access to the Confidential Records shall segregate such material, keep it strictly secure, and refrain from disclosing in any manner any information set forth in the Confidential Records, and shall keep such Confidential Records confidential. The Confidential Records shall not be voluntarily disclosed to anyone other than a representative of the Corps. The Consultant shall immediately notify plaintiff's counsel and defendant's counsel of any effort under process of a court to obtain such Confidential Records.

EXHIBIT A

5. Any party to this litigation believing that a violation of this Protective Order has occurred or is about to occur is entitled to petition this Court for appropriate relief. Moreover, in the event that plaintiff disputes whether a document is a Confidential Record or should continue to be maintained as a Confidential Record, plaintiff may move the Court for an order declaring that the document in question is not a Confidential Record. However, no less than five (5) days prior to the filing of such a motion, plaintiff shall request that defendant enter into a stipulation that the document which is intended to be the subject of the contemplated motion is not a Confidential Record designation. If defendant does not respond to this request or refuses to so stipulate, plaintiff may file the motion.

6. Within thirty (30) days of the completion of the electronic discovery that is the subject of the Agreement, at defendant's option, the Consultant shall (a) return to the Corps all electronic data backed up to the Consultant's USB hard drive pursuant to paragraph 3 of the Agreement, by permitting the Corps to purchase the USB hard drive containing said electronic data from the Consultant or (b) permanently delete said electronic data from the Consultant's USB hard drive and certify in writing to defendant's counsel that said electronic data have been permanently deleted from the Consultant's USB hard drive.

It is so ordered.

Emily C. Hewitt
Judge

**APPENDIX**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF ______________________

1. My name is ______________________________________________.

2. My business address is ______________________________________

______________________________________________________________.

3. My present employer is ______________________________________

______________________________________________________________.

4. My present occupation or job description is ____________________

______________________________________________________________.

5. I have received a copy of the "Protective Order Regarding Electronic Discovery" issued by the Court in the above captioned action and the related "Agreement Regarding Scope of Electronic Discovery."

6. I have carefully read and understand the provisions of the "Protective Order Regarding Electronic Discovery" and the related "Agreement Regarding Scope of Electronic Discovery." I have had the opportunity to confer with counsel of my choice to answer any questions I have regarding the "Protective Order Regarding Electronic Discovery."

7. I certify that I am eligible to have access to the confidential records pursuant to the terms of the "Protective Order Regarding Electronic Discovery."

8. I shall comply with all of the provisions of the "Protective Order Regarding Electronic Discovery."

9. I shall hold all "Confidential Records" and any duplicates, notes, abstracts, or summaries thereof and any information contained therein or derived therefrom in confidence, and will not disclose such information to anyone not specifically entitled to access under the "Protective Order Regarding Electronic Discovery," and I will use the information only for the purpose and as permitted by the "Agreement Regarding Scope of Electronic Discovery."

10. I understand that I continue to have confidentiality obligations with regard to confidential information beyond the conclusion of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ______________________ ______________________________

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 25th day of JULY, 2003, I caused to be sent by United States mail (postage prepaid) a copy of "PROTECTIVE ORDER REGARDING ELECTRONIC DISCOVERY" addressed as follows:

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

[signature]

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**AGREEMENT REGARDING SCOPE OF ELECTRONIC DISCOVERY**

This Agreement is made by and between plaintiff, Renda Marine, Inc. (Renda), and defendant, the United States (the Government), pursuant to paragraph (3) of the Order filed on July 7, 2003, in the above captioned matter.

1. As used in this Agreement, the terms below shall have the following meanings:

1.1 "Computer back-up tapes" means computer tapes that back up the Corps computers.

1.2 "Consultant" means the firm of Universal Document Solutions retained by Renda's counsel of record for purposes of the above captioned action.

1.3 "Corps" means the United States Army Corps of Engineers, Galveston District, Galveston, Texas.

1.4 "E-mail" means electronic mail messages or other electronic communications.

1.5 "E-mail server" means the e-mail server used to operate the e-mail system for the Corps.

1.6 "Responsive document"or "responsive documents" means e-mail or other documents sent, received, or prepared by Thomas Benero, C. Michael McClenan, Johnny Rozsypal, or Luis Saenz or any of the persons listed in defendant's answer to Interrogatory No. 1, that contains, in

EXHIBIT B

Blumberg No. 5118

whole or in part, information relating to the Upper Bayou Project or any of Renda's claims or the Government's defenses to Renda's claims in the above captioned action.

1.7 "Upper Bayou Project" means Contract No. DACW64-99-C-0001 between Renda and the United States, acting through the Corps including, without limitation, the design, administration, or the performance of work by Renda or any subcontractor of Renda under that contract.

2. Subject to the provisions of the "Protective Order Regarding Electronic Discovery" (Protective Order) related to this Agreement, Renda shall arrange for the Consultant to inspect and retrieve responsive documents from (a) electronic files contained on the hard drive of the personal computer of Thomas Benero, C. Michael McClenan, Johnny Rozsypal, or Luis Saenz and (b) from e-mail or other documents located on the e-mail server or computer backup tapes, which e-mail or documents were sent, received, or prepared by the Corps employees identified in the Government's response to Interrogatory No. 1 contained in Renda's first set of interrogatories to the Government in the above captioned action, a copy of which is appended to this Agreement as "Exhibit A."

3. The Consultant shall meet with representatives of the Corps' Information Management Office to prepare a data recovery plan. A copy of the documents referred to in paragraph 2 above shall be made by loading onto an external Universal Serial Bus (USB) hard drive provided by the Consultant. Unless the parties agree otherwise, said electronic data shall be backed up to the Consultant's USB hard drive no later than fourteen (14) days after this Agreement is executed by counsel for Renda and the Government and the date upon which the Protective Order is filed. The Consultant shall have the right to be present and to oversee the backing up of said electronic data onto the Consultant's USB hard drive.

4. The Consultant shall provide the Government with all responsive documents retrieved by the Consultant for a review by the Government for information or documentation that is privileged or otherwise exempt from discovery. The Government shall conduct such review promptly and shall complete the review in any event no later than thirty (30) days after receipt of the responsive documents, provided that the volume of responsive documents does not exceed five thousand (5,000) pages. If the volume of responsive documents exceeds five thousand (5,000) pages, the Government shall complete the review within a reasonable period of time appropriate to the volume of responsive documents not to exceed sixty (60) days, unless a larger period of time is approved by the Court for good cause shown by the Government. For any responsive documents that the Government asserts are exempt from discovery for any reason, the Government shall prepare and provide Renda with a privileged documents log containing the information required by RCFC 26(a)(5). The Government shall provide Renda with the privileged documents log within fourteen (14) days of its completion of the review of the responsive documents.

5. As the Government reviews the responsive documents provided to it by the Consultant, the Government shall identify and advise the Consultant of any responsive documents that the Government does not assert are privileged or otherwise exempt from discovery and the Consultant shall provide those responsive documents to Renda's counsel of record for the above captioned action.

6. The Government's assent to this Agreement is conditioned upon the entry by the Court of the Protective Order related to this Agreement filed simultaneously with this Agreement. If, for any reason, the Protective Order is not accepted and entered by the Court, this Agreement shall be null and void.

7. The Government's assent to this Agreement is not and should not be construed as an agreement by the Government to pay or in any manner be responsible for any costs incurred by the Consultant, Renda, or Renda's counsel of record relating to this Agreement.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey
& Lownds, P.C.
2001 Bryant Street, Suite 1800
Dallas, TX 75201
Tele: (214) 871-2100

Attorney for Plaintiff

Dated: 7/23/03

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax) (202) 514-8624

Attorneys for Defendant

Dated: 7/25/03

# EXHIBIT A

INTERROGATORY NO. 1: Please state the identity of all persons with any knowledge concerning the matters at issue in this suit. For each such person listed, please also state the following:

a. such person's last known business;

b. such person's residential addresses;

c. such person's telephone numbers;

d. what you believe to be the general nature of each such person's knowledge.

RESPONSE:

1. Defendant objects to subsections (b) and (c) of this interrogatory upon the ground that the information sought is contained in a system of records maintained by the Corps of Engineers or other Federal agency protected by the Privacy Act, 5 U.S.C. § 552a.

2. Defendant responds to subsections (a) and (d) of this interrogatory as follows:

| INDIVIDUAL | LAST KNOWN BUSINESS | GENERAL NATURE OF KNOWLEDGE |
|---|---|---|
| Anderson, Daniel W. | Corps of Engineers | Geotechnical Design |
| Barrow, James M. | Corps of Engineers | Environmental matters |
| Behrens, Robert L. | Corps of Engineers | Utility and pipeline issues |
| Benero, Thomas | Corps of Engineers | Contract administration/award; Renda contract performance |
| Brotman, Ira | Corps of Engineers | Elements of the project design |
| Brown, David R. | Corps of Engineers | Project design |
| Brunt, Dewey H. | Corps of Engineers | Project engineering |
| Buechler, Nicolas J. Col. | Corps of Engineers | Project design, construction contract administration |
| Campbell, David | Corps of Engineers | Geotechnical engineering |
| Carelock, Donald W. | Corps of Engineers | Contract award/administration |
| Castelline, Charles M. | Corps of Engineers | General engineering design |
| Catanzano, Andrea | Corps of Engineers | Permits |
| Cox, Paul A. | Corps of Engineers | Technician-survey data |

| | | |
|---|---|---|
| Davidson, John | Corps of Engineers | Permits |
| Devaney, Carol | Corps of Engineers | Contract administration |
| Few, James T. | Corps of Engineers | Geotech design and levee construction |
| Frendenhall, Linda M. | Corps of Engineers | Contract administration |
| Garcia, Frank T. | Corps of Engineers | Construction at Lost Lake |
| Gaskin, John B. | Corps of Engineers | Contract administration – surveying |
| Halla, Keith J. | Corps of Engineers | Project engineering; safety inspections; quality assurance |
| Heinly, Robert W. | Corps of Engineers | Permits |
| Hopkins, William J. | Corps of Engineers | Contract administration |
| Janecka, Arthur J. | Corps of Engineers | Project funding |
| Kershaw, Patricia A. | Corps of Engineers | Project funding |
| Kieslich, James M. | Corps of Engineers | Contract performance |
| Kirkley, Fern E. | Corps of Engineers | Assembly of contract specifications |
| Kohler, Harry G. | Corps of Engineers | Engineering and construction |
| Krueger, Dalton H. | Corps of Engineers | Program/project management/coordination |
| Kuhne, Patrick A. | Corps of Engineers | Project engineering |
| Martin, Arthur J. | Corps of Engineers | Survey coordination |
| Mauer, Herbert A. | Corps of Engineers | Design, construction contract administration |
| McClenan, Cecil M. | Corps of Engineers | Construction contract administration and performance, Renda claims |
| McMahon, Donald | Corps of Engineers | Structural engineering |
| McManus, John L. | Corps of Engineers | Project design |
| Meyer, Alton H. | Corps of Engineers | Project design |
| Meyers, Ronald F. | Corps of Engineers | Hydrology and hydraulic design |
| Moratto, Joan | Corps of Engineers | Quality assurance |
| Murphy, Carolyn E. | Corps of Engineers | Environmental issues |
| Norman, Paul | Corps of Engineers | Geotechnical design |
| Patel, Kanu H. | Corps of Engineers | Assembly of contract specifications |
| Rawls, Michael B. | Corps of Engineers | Engineering/construction coordination; audit scope of work |

| | | |
|---|---|---|
| Redd, Lawrence L. | Corps of Engineers | Surveys at Lost Lake |
| Reindl, Edward A. | Corps of Engineers | Hydrology and hydraulic design |
| Richardson, Randolph E. | Corps of Engineers | Real estate |
| Robinson, Laura L. | Corps of Engineers | General engineering design |
| Rocher, George R. (retired) | Corps of Engineers | Design, construction contract administration |
| Rossi, Christopher D. | Corps of Engineers | Quantities, etc. |
| Rozsypal, John | Corps of Engineers | Contract performance, Renda claims |
| Russek, Eric G. | Corps of Engineers | Contract administration and performance, Renda claims |
| Saenz, Luis F. | Corps of Engineers | Dredging operations |
| Sanford, Will | Corps of Engineers | Flare area claim |
| Smith, Lucille R. | Corps of Engineers | Modifications |
| Syed, Ishaq | Corps of Engineers | Geotechnical design |
| Weiss, Lynwood G. | Corps of Engineers | Contract administration/performance |
| Wyatt, Daniel | Corps of Engineers | Safety inspections |
| Young, Nancy | Corps of Engineers | Design engineering |
| Hason, Michael | HVJ Associates | Geotechnical design |
| Baron, Charles | Gahagan & Bryant Assoc. | Renda's performance of the contract |
| Bishop, Neil | Turner Collie & Braden | Renda's performance of the contract |
| Bryant, Grady | Gahagan & Bryant Assoc. | Renda's performance of the contract |
| Eich, Carrie | Turner Collie & Braden | Geotechnical design |
| Gorini, Richard | J. Simmons Group | Renda's performance of the contract |
| Hraborsky, Leon | Gahagan & Bryant Assoc. | Renda's performance of the contract |
| Jefts, Alan | Turner Collie & Braden | Renda's performance of the contract |
| Kornegay, Thomas | Port of Houston Authority | Project relationship with Corps of Engineers; overall project performance |
| Mears, Wendell | Gahagan & Bryant Assoc. | Renda's performance of the contract |
| Sartori, Tony | Turner Collie & Braden | |

| | | |
|---|---|---|
| Walters, Ted | Port of Houston Authority | Project relationship with Corps of Engineers; overall project performance |
| Cotosman, Samual | Defense Contract Audit Agency | Audit of Renda |
| Nguyen, Diep | Defense Contract Audit Agency | Audit of Renda |
| Schaefer, Evelyn | Defense Contract Audit Agency | Audit of Renda |
| Seiler, Gene | Defense Contract Audit Agency | Audit of Renda |
| Shobert, Darrell | Defense Contract Audit Agency | Audit of Renda |
| Wylie, Charles | Defense Contract Audit Agency | Audit of Renda |
| Bowman, Steven C. | Renda Marine, Inc. | Renda's bid and performance of the work |
| Duke, Frank | Renda Marine, Inc. | Renda's performance of the work |
| Fisher, Eddie R. | Renda Marine, Inc. | Renda's bid and performance of the work |
| Goodloe, Ben | Renda Marine, Inc. | Renda's performance of the work |
| Gonzalez, Leo | Renda Marine, Inc. | Renda's performance of the work |
| Herrara, Leo | Renda Marine, Inc. | Renda's performance of the work |
| Renda, Oscar | Renda Marine, Inc. | Contract performance, Renda's claims |
| Renda, Rudy J. | Renda Marine, Inc. | Contract performance, Renda's claims |
| Renda, Rudy V. | Renda Marine, Inc. | Levee construction |
| Rigby, William | TW Laguay | Dredge operations |
| Williams, Glen | Renda Marine, Inc. | Levee construction, surveying |
| Affolter, Kenneth | Affolter Contracting | Mechanically placed levee construction |
| Maxwell, Walter | Federal Insurance Co. | Renda's performance of the contract |
| Scribner, Jay | Chubb | Renda's performance of the contract |
| Smith, Barry | Pathfinder Construction Company | Renda's claims |

| | | |
|---|---|---|
| Machacek, Kenneth | Renda Marine, Inc. | Renda's performance of the work |
| Rodriguez, Arturo | Renda Marine, Inc. | Renda's performance of the work |
| Garcia, Cagetano | Renda Marine, Inc. | Hydraulic levees |
| Diaz, Carlos | Renda Marine, Inc. | Hydraulic levees |
| Englen, Michael | Renda Marine, Inc. | Hydraulic levees |
| Herrara, Nicholas | Renda Marine, Inc. | Dredging operations |
| Garza, David | Renda Marine, Inc. | Dredging operations |
| Rios, Delfino | Renda Marine, Inc. | Dredging operations |
| Machacek, Darrell | Renda Marine, Inc. | Surveying |

There appear to be numerous other individuals employed by plaintiff at various times who may have knowledge related to the project. At this time, we lack information that would enable us to identify any of those individuals.

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 25th day of JULY, 2003, I caused to be sent by United States mail (postage prepaid) a copy of "AGREEMENT REGARDING SCOPE OF ELECTRONIC DISCOVERY" addressed as follows:

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

______________________________

**U.S. Department of Justice**

Civil Division

JKosloske
DJ # 154-02-306

Telephone: (202) 307-0282
Telecopy: (202) 514-8624

*Washington, D.C. 20530*

By Federal Express

March 22, 2004

Brian W. Erikson, Esq.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(Tele: (214) 871-2100)

Re: Renda Marine, Inc. v. United States,
No. 02-306C (Fed. Cl.)

Dear Mr. Erikson:

We have completed our review of the documents provided to us by Universal Document Solutions (UDS) in accordance with paragraph 4 of the "Agreement Regarding Scope of Electronic Discovery" in this case. Enclosed are copies of the documents contained in those materials that are "responsive documents" within the meaning of the Agreement, except responsive documents that are exempt from discovery, in whole or in part. We will provide you with a privileged documents log for the withheld materials and redacted copies of any such materials that are not privileged in their entirety in the near future.

The documents being produced are organized in the same manner as we received them from UDS. The first group of documents received from UDS were organized in groups relating to the search terms that you provided to UDS. Those documents are being produced in groups sorted by search term, just as we received them. The second group of documents received from UDS were not sorted by search terms, but were the results of all of the search terms. They are being produced in groups by the number on the box received from UDS. One box of documents received from UDS was not numbered. Those documents are being produced in a group labeled "unnumbered box."

Very truly yours,

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch

Enclosures

EXHIBIT C