IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to rules 26 and 33 of the United States Court of Federal Claims, defendant, the United States, responds to the "First Set of Interrogatories by Plaintiff, Renda Marine, Inc. to Defendant, United States Army Corps of Engineers" dated November 1, 2002, as follows:

GENERAL STATEMENTS AND OBJECTIONS

1. The word usage and sentence structure is that of the attorney who prepared these responses and does not purport to be the exact language of the executing parties.

2. The information supplied in these responses is that currently available to defendant, its agents, representatives, or attorneys, unless privileged. Discovery in this litigation has not been completed, and defendant's investigation into the facts relevant to plaintiff's claims is continuing. Defendant, therefore, reserves the right to supplement or modify the responses to these interrogatories, as appropriate, if and when additional information becomes available through discovery, consultation with potential expert witnesses, or otherwise. Defendant further reserves the right to introduce at trial any testimonial, documentary, or other form of evidence of facts yet to be discovered.

3. Defendant objects to plaintiff's interrogatories to the extent that they request information that is protected by the attorney-client privilege, the attorney work product doctrine, or other recognized exemptions from disclosure.

4. Defendant objects to plaintiff's interrogatories to the extent that they are overly broad, vague, ambiguous, oppressive, or unduly burdensome.

5. Defendant incorporates by reference the above general objections into its responses to the individual interrogatories below.

INTERROGATORY NO. 5: Please state the identity of any persons who have borrowed or excavated material from the area of the Upper Bayou Project at any time in the last 15 years, the date(s) of any such borrowing or excavating, the approximate amount of material borrowed or excavated, the identity of each person with knowledge of any such material borrowed or excavated, and the identity of any documents pertaining to or reflecting any such material borrowed or excavated.

RESPONSE: Plaintiff (various individuals) borrowed or excavated material from the Lost Lake Placement Area between 1998 and 2001. Defendant does not know the exact amount of material that plaintiff borrowed or excavated from the Lost Lake Placement Area. However, we believe that it exceeds several thousand yards. Persons with knowledge include Eric Russek, Mike McClenan, Tim Few, Wendell Mears, Leon Hrabovsky, Charles Baron, Eddie Fisher, Steve Bowman, Rudy Renda. Relevant documents include plaintiff's daily reports.

Additionally, Corps of Engineers contracts for dredging work performed in the area of the Upper Bayou Project during the period from 1987 to 1999 are listed in the document at Tab B to "Defendant's Responses to Requests Nos. 15, 27, and 28 of Plaintiff's First Request for Production of Documents" dated January 3, 2003. In defendant's response to document production requests 27 and 28, we have offered to produce documents relating to those contracts for plaintiff's inspection at a mutually convenient time and place. Those documents may contain information requested by this interrogatory. Pursuant to RCFC 33(d), we will produce the documents for plaintiff's examination at a mutually convenient time and place.

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

JANUARY 3, 2003

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 3rd day of JANUARY, 2003, I caused to be sent by United States Mail (postage prepaid) the original of "DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES" addressed as follows:

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSES TO REQUESTS NOS. 15, 27, AND 28
OF PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to RCFC 26 and 34, defendant, the United States, responds to document production requests 15, 27, and 28 contained in the "First Request for Production of Documents by Plaintiff, Renda Marine, Inc., to Defendant, United States Army Corps of Engineers" dated November 1, 2002, as follows:

REQUEST NO. 15: Any written policies, procedures and guidelines as they relate to computers, electronic data, and electronic media regarding:

A. File naming conventions and standards

B. Diskette labeling standards

C. Back up tape rotation schedules

D. Electronic media retention/destruction schedules; and,

E. Corporate policies concerning employee use of company computers and data.

RESPONSE: Defendant has identified documents responsive to this production request, copies of which are appended at Tab A.

REQUEST NO. 27: Any surveys, soundings, evaluations, or results from previous projects in the area of the Upper Bayou Project.

RESPONSE: Corps of Engineers contracts for dredging work performed in the area of the Upper Bayou Project during the period from 1949 to 1999 are listed in the spreadsheet at Tab B. Documents relating to those contracts, which may contain information responsive to this production request, are stored at facilities in Galveston and Fort Worth, Texas. Defendant will produce those materials for plaintiff's inspection at a mutually convenient time and place.

REQUEST NO. 28: Any records or documents concerning any dredging, borrowing, deposits, filling, surveying, or other construction activity in the area of the Upper Bayou Project prior to the issuance of the notice to proceed with construction on the Upper Bayou Project.

RESPONSE: Corps of Engineers contracts for dredging work performed in the area of the Upper Bayou Project during the period from 1949 to 1999 are listed in the spreadsheet at Tab B. Documents relating to those contracts, which may contain information responsive to this production request, are stored at facilities in Galveston and Fort Worth, Texas. Defendant will produce those materials for plaintiff's inspection at a mutually convenient time and place.

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

JANUARY 3, 2003

| ContractNum | Contractor | ActStrt | WorkComp | ContType | | |
|---|---|---|---|---|---|---|
| DACW6449C1931 | Alantic Gulf and Pacific Company | 05-Jul-49 | 25-Nov-49 | New Work Dredging | Morgans Point to Carpenters Bayou | 3,137,934 |
| DACW6450C0429 | Alantic Gulf and Pacific Company | 13-Jan-50 | 15-May-50 | New Work Dredging | Morgans Point to Carpenters Bayou | 3,797,290 |
| DACW6451C0890 | Alantic Gulf and Pacific Company | 08-Feb-51 | 26-Apr-51 | New Work Dredging | Morgans Point to Carpenters Bayou | 2,135,626 |
| DACW6451C0941 | Alantic Gulf and Pacific Company | 25-Apr-51 | 27-Apr-52 | New Work Dredging | Carpenters Bayou to Greens Bayou | 3,747,914 |
| DACW6452C1231 | Alantic Gulf and Pacific Company | 05-Feb-52 | 21-Apr-52 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,280,453 |
| DACW6452C1449 | Alantic Gulf and Pacific Company | 24-Apr-52 | 15-Jun-53 | New Work Dredging | Carpenters Bayou to Greens Bayou | 3,733,053 |
| DACW6453C2068 | Standard Dredging Corp. | 06-Apr-53 | 19-Aug-53 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,421,779 |
| DACW6453C2411 | Alantic Gulf and Pacific Company | 21-Sep-53 | 08-Apr-54 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,547,692 |
| DACW6455C0017 | Alantic Gulf and Pacific Company | 27-Oct-55 | 12-Dec-55 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,226,129 |
| DACW6457C0006 | Alantic Gulf and Pacific Company | 30-Aug-56 | 12-Mar-57 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,369,408 |
| DACW6458C0176 | Alantic Gulf and Pacific Company | 10-Jun-58 | 24-Sep-58 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 3,211,008 |
| DACW6461C0084 | Alantic Gulf and Pacific Company | 16-Feb-61 | 14-Nov-61 | New Work Dredging | Morgans Point to Carpenters Bayou | 5,346,051 |
| DACW6461C0117 | Alantic Gulf and Pacific Company | 21-May-61 | 12-Feb-62 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,463,397 |
| DACW6462C0055 | T.L. James & Company, Inc. (Area Office) | 08-Nov-61 | 14-Sep-63 | New Work Dredging | Carpenters Bayou to Greens Bayou | 4,969,399 |
| DACW6462C0226 | Alantic Gulf and Pacific Company | 31-May-62 | 16-Sep-63 | New Work Dredging | Carpenters Bayou to Greens Bayou | 7,738,855 |
| DACW6464C0107 | Standard Dredging Corp. | 13-Jan-64 | 02-Apr-65 | New Work Dredging | Morgans Point to Carpenters Bayou | 7,745,380 |
| DACW6464C0186 | T.L. James & Company, Inc. (Area Office) | 03-Nov-64 | 07-May-65 | New Work Dredging | Carpenters Bayou to Greens Bayou | 3,224,363 |
| DACW6466C0106 | Bauer Dredging | 27-Apr-66 | 12-Oct-66 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 3,109,765 |
| DACW6468C0048 | T.L. James & Company, Inc. (Area Office) | 17-Jan-68 | 20-Aug-68 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 3,215,614 |
| DACW6468C0130 | Alantic Gulf and Pacific Company | 13-Aug-68 | 23-Dec-68 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 1,287,593 |
| DACW6469C0087 | Alantic Gulf and Pacific Company | 07-Aug-69 | 19-Oct-69 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 136,686 |
| DACW6470C0062 | Alantic Gulf and Pacific Company | 28-Apr-70 | 21-Jul-70 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,591,474 |
| DACW6472C0051 | Great Lakes Dredge & Dock Company (Area Office) | 24-Apr-72 | 21-Jun-72 | Maintenance Dredging | Morgans Point to Greens Bayou | 1,715,341 |
| DACW6474C0044 | Alantic Gulf and Pacific Company | 04-Jan-74 | 15-May-74 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 850,214 |
| DACW6475C0076 | T.L. James & Company, Inc. (Area Office) | 25-Mar-75 | 31-Jul-75 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,957,799 |
| DACW6475C0105 | T.L. James & Company, Inc. (Area Office) | 25-Jun-75 | 15-Jan-76 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 971,666 |
| DACW6476C0051 | T.L. James & Company, Inc. (Area Office) | 10-May-76 | 02-Aug-76 | New Work Dredging | Morgans Point to Carpenters Bayou | 491,409 |
| DACW6477C0016 | Mike Hooks, Inc. | 17-Feb-77 | 30-Sep-77 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 964,127 |
| DACW6478C0028 | T.L. James & Company, Inc. (Area Office) | 10-May-78 | 28-Nov-78 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 1,357,924 |
| DACW6480C0065 | T.L. James & Company, Inc. (Area Office) | 23-Sep-80 | 15-Jun-81 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,974,432 |
| DACW6483C0008 | T.L. James & Company, Inc. (Area Office) | 02-May-83 | 18-Oct-83 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 1,062,844 |
| DACW6484C0035 | Bean Dredging Corporation | 06-Oct-84 | 24-Mar-85 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 3,252,658 |
| DACW6486C0022 | T.L. James & Company, Inc. (Area Office) | 14-May-86 | 22-Aug-86 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 607,330 |
| DACW6488C0025 | T.L. James & Company, Inc. (Area Office) | 11-Jul-88 | 16-Jan-89 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,736,603 |
| DACW6489C0042 | Folk Construction | approx. | 1989 - 90 | Levee Rehabilitation | Lost Lake Disposal Area | unknown |
| DACW6490C0018 | T.L. James & Company, Inc. (Area Office) | 21-Jul-90 | 10-Dec-90 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 786,800 |
| DACW6492C0049 | Great Lakes Dredge & Dock Company (Area Office) | 11-Sep-92 | 16-Jul-93 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,983,792 |
| DACW6495C0011 | Mike Hooks, Inc. | 29-Dec-94 | 11-May-95 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,309,900 |
| DACW6496C0032 | T.L. James & Company, Inc. (Area Office) | 19-Aug-96 | 01-Dec-96 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 806,225 |
| DACW6497C0028 | King Fisher Marine Service, Inc. | 03-Aug-97 | | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,983,067 |
| DACW6499C0012 | King Fisher Marine Service, Inc. | | | | | 132000(est) |

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 3rd day of JANUARY, 2003, I caused to be sent by United States Mail (postage prepaid) the original of DEFENDANT'S RESPONSES TO REQUESTS NOS. 15, 27, AND 28 OF PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS" addressed as follows:

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

[signature]

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**AGREEMENT REGARDING SCOPE OF ELECTRONIC DISCOVERY**

This Agreement is made by and between plaintiff, Renda Marine, Inc. (Renda), and defendant, the United States (the Government), pursuant to paragraph (3) of the Order filed on July 7, 2003, in the above captioned matter.

1. As used in this Agreement, the terms below shall have the following meanings:

1.1 "Computer back-up tapes" means computer tapes that back up the Corps computers.

1.2 "Consultant" means the firm of Universal Document Solutions retained by Renda's counsel of record for purposes of the above captioned action.

1.3 "Corps" means the United States Army Corps of Engineers, Galveston District, Galveston, Texas.

1.4 "E-mail" means electronic mail messages or other electronic communications.

1.5 "E-mail server" means the e-mail server used to operate the e-mail system for the Corps.

1.6 "Responsive document" or "responsive documents" means e-mail or other documents sent, received, or prepared by Thomas Benero, C. Michael McClenan, Johnny Rozsypal, or Luis Saenz or any of the persons listed in defendant's answer to Interrogatory No. 1, that contains, in

whole or in part, information relating to the Upper Bayou Project or any of Renda's claims or the Government's defenses to Renda's claims in the above captioned action.

1.7 "Upper Bayou Project" means Contract No. DACW64-99-C-0001 between Renda and the United States, acting through the Corps including, without limitation, the design, administration, or the performance of work by Renda or any subcontractor of Renda under that contract.

2. Subject to the provisions of the "Protective Order Regarding Electronic Discovery" (Protective Order) related to this Agreement, Renda shall arrange for the Consultant to inspect and retrieve responsive documents from (a) electronic files contained on the hard drive of the personal computer of Thomas Benero, C. Michael McClenan, Johnny Rozsypal, or Luis Saenz and (b) from e-mail or other documents located on the e-mail server or computer backup tapes, which e-mail or documents were sent, received, or prepared by the Corps employees identified in the Government's response to Interrogatory No. 1 contained in Renda's first set of interrogatories to the Government in the above captioned action, a copy of which is appended to this Agreement as "Exhibit A."

3. The Consultant shall meet with representatives of the Corps' Information Management Office to prepare a data recovery plan. A copy of the documents referred to in paragraph 2 above shall be made by loading onto an external Universal Serial Bus (USB) hard drive provided by the Consultant. Unless the parties agree otherwise, said electronic data shall be backed up to the Consultant's USB hard drive no later than fourteen (14) days after this Agreement is executed by counsel for Renda and the Government and the date upon which the Protective Order is filed. The Consultant shall have the right to be present and to oversee the backing up of said electronic data onto the Consultant's USB hard drive.

4. The Consultant shall provide the Government with all responsive documents retrieved by the Consultant for a review by the Government for information or documentation that is privileged or otherwise exempt from discovery. The Government shall conduct such review promptly and shall complete the review in any event no later than thirty (30) days after receipt of the responsive documents, provided that the volume of responsive documents does not exceed five thousand (5,000) pages. If the volume of responsive documents exceeds five thousand (5,000) pages, the Government shall complete the review within a reasonable period of time appropriate to the volume of responsive documents not to exceed sixty (60) days, unless a larger period of time is approved by the Court for good cause shown by the Government. For any responsive documents that the Government asserts are exempt from discovery for any reason, the Government shall prepare and provide Renda with a privileged documents log containing the information required by RCFC 26(a)(5). The Government shall provide Renda with the privileged documents log within fourteen (14) days of its completion of the review of the responsive documents.

5. As the Government reviews the responsive documents provided to it by the Consultant, the Government shall identify and advise the Consultant of any responsive documents that the Government does not assert are privileged or otherwise exempt from discovery and the Consultant shall provide those responsive documents to Renda's counsel of record for the above captioned action.

6. The Government's assent to this Agreement is conditioned upon the entry by the Court of the Protective Order related to this Agreement filed simultaneously with this Agreement. If, for any reason, the Protective Order is not accepted and entered by the Court, this Agreement shall be null and void.

7. The Government's assent to this Agreement is not and should not be construed as an agreement by the Government to pay or in any manner be responsible for any costs incurred by the Consultant, Renda, or Renda's counsel of record relating to this Agreement.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryant Street, Suite 1800
Dallas, TX 75201
Tele: (214) 871-2100

Attorney for Plaintiff

Dated: 7/23/03

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax) (202) 514-8624

Attorneys for Defendant

Dated: 7/25/03

# EXHIBIT A

INTERROGATORY NO. 1: Please state the identity of all persons with any knowledge concerning the matters at issue in this suit. For each such person listed, please also state the following:

a. such person's last known business;

b. such person's residential addresses;

c. such person's telephone numbers;

d. what you believe to be the general nature of each such person's knowledge.

RESPONSE:

1. Defendant objects to subsections (b) and (c) of this interrogatory upon the ground that the information sought is contained in a system of records maintained by the Corps of Engineers or other Federal agency protected by the Privacy Act, 5 U.S.C. § 552a.

2. Defendant responds to subsections (a) and (d) of this interrogatory as follows:

| INDIVIDUAL | LAST KNOWN BUSINESS | GENERAL NATURE OF KNOWLEDGE |
|---|---|---|
| Anderson, Daniel W. | Corps of Engineers | Geotechnical Design |
| Barrow, James M. | Corps of Engineers | Environmental matters |
| Behrens. Robert L. | Corps of Engineers | Utility and pipeline issues |
| Benero, Thomas | Corps of Engineers | Contract administration/award; Renda contract performance |
| Brotman, Ira | Corps of Engineers | Elements of the project design |
| Brown, David R. | Corps of Engineers | Project design |
| Brunt, Dewey H. | Corps of Engineers | Project engineering |
| Buechler, Nicolas J. Col. | Corps of Engineers | Project design, construction contract administration |
| Campbell, David | Corps of Engineers | Geotechnical engineering |
| Carelock, Donald W. | Corps of Engineers | Contract award/administration |
| Castelline, Charles M. | Corps of Engineers | General engineering design |
| Catanzano, Andrea | Corps of Engineers | Permits |
| Cox, Paul A. | Corps of Engineers | Technician-survey data |

| | | |
|---|---|---|
| Davidson, John | Corps of Engineers | Permits |
| Devaney, Carol | Corps of Engineers | Contract administration |
| Few, James T. | Corps of Engineers | Geotech design and levee construction |
| Frendenhall, Linda M. | Corps of Engineers | Contract administration |
| Garcia, Frank T. | Corps of Engineers | Construction at Lost Lake |
| Gaskin, John B. | Corps of Engineers | Contract administration – surveying |
| Halla, Keith J. | Corps of Engineers | Project engineering; safety inspections; quality assurance |
| Heinly, Robert W. | Corps of Engineers | Permits |
| Hopkins, William J. | Corps of Engineers | Contract administration |
| Janecka, Arthur J. | Corps of Engineers | Project funding |
| Kershaw, Patricia A. | Corps of Engineers | Project funding |
| Kieslich, James M. | Corps of Engineers | Contract performance |
| Kirkley, Fern E. | Corps of Engineers | Assembly of contract specifications |
| Kohler, Harry G. | Corps of Engineers | Engineering and construction |
| Krueger, Dalton H. | Corps of Engineers | Program/project management/coordination |
| Kuhne, Patrick A. | Corps of Engineers | Project engineering |
| Martin, Arthur J. | Corps of Engineers | Survey coordination |
| Mauer, Herbert A. | Corps of Engineers | Design, construction contract administration |
| McClenan, Cecil M. | Corps of Engineers | Construction contract administration and performance, Renda claims |
| McMahon, Donald | Corps of Engineers | Structural engineering |
| McManus, John L. | Corps of Engineers | Project design |
| Meyer, Alton H. | Corps of Engineers | Project design |
| Meyers, Ronald F. | Corps of Engineers | Hydrology and hydraulic design |
| Moratto, Joan | Corps of Engineers | Quality assurance |
| Murphy, Carolyn E. | Corps of Engineers | Environmental issues |
| Norman, Paul | Corps of Engineers | Geotechnical design |
| Patel, Kanu H. | Corps of Engineers | Assembly of contract specifications |
| Rawls, Michael B. | Corps of Engineers | Engineering/construction coordination; audit scope of work |

| | | |
|---|---|---|
| Redd, Lawrence L. | Corps of Engineers | Surveys at Lost Lake |
| Reindl, Edward A. | Corps of Engineers | Hydrology and hydraulic design |
| Richardson, Randolph E. | Corps of Engineers | Real estate |
| Robinson, Laura L. | Corps of Engineers | General engineering design |
| Rocher, George R. (retired) | Corps of Engineers | Design, construction contract administration |
| Rossi, Christopher D. | Corps of Engineers | Quantities, etc. |
| Rozsypal, John | Corps of Engineers | Contract performance, Renda claims |
| Russek, Eric G. | Corps of Engineers | Contract administration and performance, Renda claims |
| Saenz, Luis F. | Corps of Engineers | Dredging operations |
| Sanford, Will | Corps of Engineers | Flare area claim |
| Smith, Lucille R. | Corps of Engineers | Modifications |
| Syed, Ishaq | Corps of Engineers | Geotechnical design |
| Weiss, Lynwood G. | Corps of Engineers | Contract administration/performance |
| Wyatt, Daniel | Corps of Engineers | Safety inspections |
| Young, Nancy | Corps of Engineers | Design engineering |
| Hason, Michael | HVJ Associates | Geotechnical design |
| Baron, Charles | Gahagan & Bryant Assoc. | Renda's performance of the contract |
| Bishop, Neil | Turner Collie & Braden | Renda's performance of the contract |
| Bryant, Grady | Gahagan & Bryant Assoc. | Renda's performance of the contract |
| Eich, Carrie | Turner Collie & Braden | Geotechnical design |
| Gorini, Richard | J. Simmons Group | Renda's performance of the contract |
| Hraborsky, Leon | Gahagan & Bryant Assoc. | Renda's performance of the contract |
| Jefts, Alan | Turner Collie & Braden | Renda's performance of the contract |
| Kornegay, Thomas | Port of Houston Authority | Project relationship with Corps of Engineers; overall project performance |
| Mears, Wendell | Gahagan & Bryant Assoc. | Renda's performance of the contract |
| Sartori, Tony | Turner Collie & Braden | |

| | | |
|---|---|---|
| Walters, Ted | Port of Houston Authority | Project relationship with Corps of Engineers; overall project performance |
| Cotosman, Samual | Defense Contract Audit Agency | Audit of Renda |
| Nguyen, Diep | Defense Contract Audit Agency | Audit of Renda |
| Schaefer, Evelyn | Defense Contract Audit Agency | Audit of Renda |
| Seiler, Gene | Defense Contract Audit Agency | Audit of Renda |
| Shobert, Darrell | Defense Contract Audit Agency | Audit of Renda |
| Wylie, Charles | Defense Contract Audit Agency | Audit of Renda |
| Bowman, Steven C. | Renda Marine, Inc. | Renda's bid and performance of the work |
| Duke, Frank | Renda Marine, Inc. | Renda's performance of the work |
| Fisher, Eddie R. | Renda Marine, Inc. | Renda's bid and performance of the work |
| Goodloe, Ben | Renda Marine, Inc. | Renda's performance of the work |
| Gonzalez, Leo | Renda Marine, Inc. | Renda's performance of the work |
| Herrara, Leo | Renda Marine, Inc. | Renda's performance of the work |
| Renda, Oscar | Renda Marine, Inc. | Contract performance, Renda's claims |
| Renda, Rudy J. | Renda Marine, Inc. | Contract performance, Renda's claims |
| Renda, Rudy V. | Renda Marine, Inc. | Levee construction |
| Rigby, William | TW Laguay | Dredge operations |
| Williams, Glen | Renda Marine, Inc. | Levee construction, surveying |
| Affolter, Kenneth | Affolter Contracting | Mechanically placed levee construction |
| Maxwell, Walter | Federal Insurance Co. | Renda's performance of the contract |
| Scribner, Jay | Chubb | Renda's performance of the contract |
| Smith, Barry | Pathfinder Construction Company | Renda's claims |

| | | |
|---|---|---|
| Machacek, Kenneth | Renda Marine, Inc. | Renda's performance of the work |
| Rodriguez, Arturo | Renda Marine, Inc. | Renda's performance of the work |
| Garcia, Cagetano | Renda Marine, Inc. | Hydraulic levees |
| Diaz, Carlos | Renda Marine, Inc. | Hydraulic levees |
| Englen, Michael | Renda Marine, Inc. | Hydraulic levees |
| Herrara, Nicholas | Renda Marine, Inc. | Dredging operations |
| Garza, David | Renda Marine, Inc. | Dredging operations |
| Rios, Delfino | Renda Marine, Inc. | Dredging operations |
| Machacek, Darrell | Renda Marine, Inc. | Surveying |

There appear to be numerous other individuals employed by plaintiff at various times who may have knowledge related to the project. At this time, we lack information that would enable us to identify any of those individuals.

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 25th day of JULY, 2003, I caused to be sent by United States mail (postage prepaid) a copy of "AGREEMENT REGARDING SCOPE OF ELECTRONIC DISCOVERY" addressed as follows:

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

**U.S. Department of Justice**

Civil Division

JKosloske
DJ # 154-02-306

Telephone: (202) 307-0282
Telecopy: (202) 514-8624

*Washington, D.C. 20530*

By Federal Express

March 22, 2004

Brian W. Erikson, Esq.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(Tele: (214) 871-2100)

Re: Renda Marine, Inc. v. United States,
No. 02-306C (Fed. Cl.)

Dear Mr. Erikson:

We have completed our review of the documents provided to us by Universal Document Solutions (UDS) in accordance with paragraph 4 of the "Agreement Regarding Scope of Electronic Discovery" in this case. Enclosed are copies of the documents contained in those materials that are "responsive documents" within the meaning of the Agreement, except responsive documents that are exempt from discovery, in whole or in part. We will provide you with a privileged documents log for the withheld materials and redacted copies of any such materials that are not privileged in their entirety in the near future.

The documents being produced are organized in the same manner as we received them from UDS. The first group of documents received from UDS were organized in groups relating to the search terms that you provided to UDS. Those documents are being produced in groups sorted by search term, just as we received them. The second group of documents received from UDS were not sorted by search terms, but were the results of all of the search terms. They are being produced in groups by the number on the box received from UDS. One box of documents received from UDS was not numbered. Those documents are being produced in a group labeled "unnumbered box."

Very truly yours,

John Kosloske

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch

Enclosures

**U.S. Department of Justice**

Civil Division

JKosloske
DJ # 154-02-306

Telephone: (202) 307-0282
Telecopy: (202) 514-8624

*Washington, D.C. 20530*

By Telecopy and First Class Mail

April 9, 2004

Brian W. Erikson, Esq.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(Telecopy: (214) 871-2111)

Re: Renda Marine, Inc. v. United States,
No. 02-306C (Fed. Cl.)

Dear Mr. Erikson:

Enclosed is defendant's privileged documents log for the Army Corps of Engineers electronic discovery documents.

Very truly yours,

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch

Enclosure

**U.S. Department of Justice**

Civil Division

JKosloske
DJ # 154-02-306

Telephone: (202) 307-0282
Telecopy: (202) 514-8624

*Washington, D.C. 20530*

By Federal Express

April 13, 2004

Brian W. Erikson, Esq.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(Tele: (214) 871-2100)

Re: Renda Marine, Inc. v. United States,
No. 02-306C (Fed. Cl.)

Dear Mr. Erikson:

Enclosed are redacted copies of the documents on defendant's privileged documents log for the Army Corps of Engineers electronic discovery documents that are not wholly exempt from disclosure.

Very truly yours,

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch

Enclosures

QSCL
QUILLING · SELANDER · CUMMISKEY · LOWNDS

BRIAN W. ERIKSON

Direct Line: 214.880.1844
E-mail: berikson@qsclpc.com

April 13, 2004

John E. Kosloske, Esq.
Senior Trial Counsel, Commercial Litigation Branch
Department of Justice
Attn.: Classification Unit
1100 L Street, N.W., Room 12052
Washington, D.C. 20005

*Via Facsimile & Certified Mail - Return Receipt Requested*

Re: Case No. 02-306C; *Renda Marine, Inc. v. United States Army Corps of Engineers*; United States Court of Federal Claims; DACW64-99-C-0001, Dredging Upper Bayou

Dear Mr. Kosloske:

I have briefly reviewed the Privileged Document Log that you provided to me on April 9, 2004, while we were taking the deposition of William Connole in your offices. The log contains many documents which are authored or shared with non-Government personnel, including persons you have listed as witnesses.

For example, Document 7 was authored by Johnny Rozsypal and sent to Wendell Mears (non-Government testifying witness), Dalton Krueger (Government testifying witness), and three non-Government persons, two of whom are listed as testifying witnesses (Alan Jefts and Leon Hrabovsky).

Document 9's author is Wendell Mears, one of the witnesses you have listed. Document 9 is an e-mail that was dispatched to one Government witness (Dalton Krueger) and three non-Government personnel, two of which (Alan Jefts and Leon Hrabovsky) you have listed as testifying witnesses.

Document 4 is an e-mail from Eric Russek (a Government testifying witness) to eight other Government personnel (six of which are listed as Government testifying witnesses). There are no attorneys listed as authors or recipients. Without attorney involvement, the document is not protected by the attorney work privilege.

For similar reasons, the documents listed below are not protected by privilege and should be produced in their entirety.

1. Document 4
2. Document 6
3. Document 7
4. Document 8
5. Document 9
6. Document 10
7. Document 12
8. Document 13



154-02-306
CB

9. Document 15
10. Document 17
11. Document 23
12. Document 27
13. Document 33
14. Document 34
15. Document 35
16. Document 36
17. Document 37
18. Document 40
19. Document 41
20. Document 42
21. Document 43
22. Document 45
23. Document 46
24. Document 47
25. Document 55
26. Document 67
27. Document 73
28. Document 74
29. Document 75
30. Document 80
31. Document 81
32. Document 86
33. Document 87
34. Document 88
35. Document 90
36. Document 91
37. Document 92
38. Document 93
39. Document 104
40. Document 107
41. Document 109
42. Document 116
43. Document 126
44. Document 127
45. Document 133
46. Document 134
47. Document 135
48. Document 136
49. Document 137

Please advise whether you will voluntarily produce these documents or whether I need to seek Court intervention.

Sincerely yours,

Brian W. Erikson

BWE/ja

cc: Oscar Renda

S:\Construction\Renda Marine\Upper Bayou 565.09\Kosloske 070.wpd

**U.S. Department of Justice**

Civil Division

JKosloske
DJ # 154-02-306

Telephone: (202) 307-0282
Telecopy: (202) 514-8624

*Washington, D.C. 20530*

By Federal Express

April 22, 2004

Brian W. Erikson, Esq.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(Tele: (214) 871-2100)

Re: Renda Marine, Inc. v. United States,
No. 02-306C (Fed. Cl.)

Dear Mr. Erikson:

This is in response to your letter of April 13, 2004, concerning certain documents listed in your correspondence that appear on the Electronic Discovery Documents Privileged Documents Log we provided you recently. Upon review of those documents, we have decided to remove our claim of exemption(s) with respect to Document Nos. 7-10, 12, 17, 33-37, 41-43, 46, 47, 55, 109, 126, 127, and 133-137. Copies of those documents without redactions are enclosed.

The balance of the materials about which you inquired are Document Nos. 4, 6, 13, 15, 23, 27, 40, 45, 67, 73-75, 80, 81, 86-88, 90-93, 104, 107, and 116. The redacted parts of those documents (and in the case of Document No. 73, the entire document) are exempt from disclosure by virtue of the attorney-client and/or attorney work product privileges, as noted on the log. Although we do not agree with your contention that disclosure of work product material to a representative of the Port of Houston Authority (PHA) constitutes a waiver of the work product doctrine, it makes no difference here because nothing on the face of these documents indicates that they any of them was sent or disclosed to a PHA representative.

As explained a year ago in my April 21, 2003 letter to you, the Government has retained George Strickler of Capital Project Management Inc. to provide litigation support services in this case. Therefore, the fact that an e-mail message disclosed to Mr. Strickler was not addressed to or authored by him does not result in a waiver of either the attorney-client privilege or work product doctrine.

Very truly yours,

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch

Enclosures

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RENDA MARINE, INC., Plaintiff, | ) |
| v. | ) Docket No.: 02-306C |
| UNITED STATES, Defendant. | ) |

Suite 712, Chambers
National Courts Building
717 Madison Place, N.W.
Washington, D.C.

Thursday,
March 18, 2004

The parties met, pursuant to notice of the Court, at 11:00 a.m.

BEFORE: HONORABLE EMILY C. HEWITT
Judge

APPEARANCES:

<u>For the Plaintiff (via telephone)</u>:

BRIAN W. ERIKSON, Esquire
Quilling, Selander, et al.
2001 Bryan Street
Suite 1800, Bryan Tower
Dallas, Texas 75201
(214) 880-1844

<u>For the Defendant (via telephone)</u>:

JOHN EDGAR KOSLOSKE, Esquire
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
(202) 307-0282