12:502

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | § | |
| PLAINTIFF, | § | |
| | § | CASE NO. 02-306C |
| V. | § | |
| | § | (JUDGE HEWITT) |
| UNITED STATES ARMY | § | |
| CORPS OF ENGINEERS, | § | |
| DEFENDANT. | § | |

**RENDA MARINE, INC.'S OBJECTIONS AND RESPONSES TO FIRST REQUEST FOR PRODUCTION AND INSPECTION OF DOCUMENTS OF UNITED STATES ARMY CORPS OF ENGINEERS**

TO: United States Army Corps of Engineers, through its attorney of record, John E. Kosloske, Department of Justice, 1100 L Street, N.W., Room 8012, Washington, D.C. 20530.

Renda Marine, Inc. ("Renda"), objects and responds to the First Request for Production and Inspection of Documents of the United States Army Corps of Engineers ("Corps"), as follows.

## GENERAL OBJECTIONS

Renda generally objects to the Corps' requests insofar as they impose greater obligations on Renda than, or vary or conflict with, those required under RCFC 26 and 34.

Renda generally objects to these requests insofar as they seek information or documentation prepared by non-testifying consulting experts, which has not been relied on by testifying experts. Renda generally objects to these requests insofar as they invade the attorney-client, work product, investigative and other privileges. These objections shall be applicable to all responses to this document request.

Renda objects to the Definitions and Instructions insofar as they are unduly burdensome, vague, conflicting, harassing, and oppressive. Renda will interpret the requests using normal English, and comply with applicable Rules of the Court of Federal Claims.



EXHIBIT I

Renda objects to Instruction 19 insofar as it places an undue burden on Renda, and would reveal privileged information.

Renda objects to producing documents in the Corps' counsel's office as Renda will lose custody and control over such documents. Renda will produce documents in its attorney's office at a time mutually convenient.

**REQUESTS FOR PRODUCTION**

1. Any and all files and documents relating to the preparation of Renda's bid for the Contract, including, but not limited to, the following:

(a) takeoff sheets;

(b) labor or material quantity estimates;

(c) labor or material price estimates;

(d) pricing data or analyses of any kind prepared by or for Renda;

(e) work papers containing calculations of any kind;

(f) work papers relating to site conditions anticipated by Renda;

(g) documents that evaluate or analyze soil samples or borings;

(h) documents relating to Renda's anticipated rate of dredging production;

(i) documents relating to the review by Steve Bowman of the bid estimate;

(j) documents reviewed by Renda in preparing the bid; and

(k) bid preparation information provided to Renda by any subcontractor(s), potential subcontractor(s), or other person(s), including, but not limited to, work papers, worksheets, takeoff sheets, labor or material quantity estimates, labor or material price estimates, price quotes, pricing data, anticipated site conditions, and analyses of any kind.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

2. Any and all documents relating to any site investigation(s) performed by or for Renda with respect to the Upper Bayou Project prior to the submission of Renda's bid for the Contract.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

3. Any and all documents relating to the results of surveys performed by or for Renda with respect to the Upper Bayou Project prior to the submission of Renda's bid for the Contract.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

4. Any and all documents relating to any meetings with respect to the Upper Bayou Project that took place prior to the submission of Renda's bid for the Contract.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

5. Any and all documents prepared by or for Renda prior to the submission of Renda's bid for the Contract that discuss, interpret, evaluate, analyze, or otherwise comment upon any provision(s) or aspect(s) of the Contract plans and specifications, including, but not limited to, the plans and specifications for construction of the Lost Lake Levees and any evaluations or analyses prepared by any geotechnical consultants or soils engineers.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

6. Any and all documents and files relating to the bid protest referred to at paragraph 9 of the Complaint, including, but not limited to, submissions by Renda to the Government regarding

Renda's qualifications to perform the Contract and any documents prepared by or for Renda as a result of, or in connection with, the bid protest that were not submitted to the Government.

RESPONSE: Renda objects to this request insofar as it invades the attorney-client, work product, and investigative privileges. Subject to such objections, Renda will produce relevant, non-privileged documents (if any) at a time mutually convenient in Renda's counsel's offices.

7. Renda's dredging plan for the Upper Bayou Project and any revision(s), change(s), modification(s), or amendment(s) to the dredging plan.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

8. Transcripts of any and all depositions and the related deposition exhibits in Renda Marine, Inc. v. Dredging Supply Co., Inc., Case No. H-00-1721 (S.D. Tex), including, but not limited to, the depositions of Rudolph Joseph Renda, Eddie Fisher, and Steve Bowman.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

9. Any and all litigation files relating to Renda Marine, Inc. v. Dredging Supply Co., Inc., Case No. H-00-1721 (S.D. Tex).

RESPONSE: Renda objects to this request insofar as it invades the attorney-client, work product, and investigative privileges.

10. Any and all documents relating to the settlement of Renda Marine, Inc. v. Dredging Supply Co., Inc., Case No. H-00-1721 (S.D. Tex).

RESPONSE: Renda objects to this request insofar as it invades the attorney-client, work product and investigative privileges. Subject to such objections, Renda will

produce relevant, non-privileged documents (if any) at a time mutually convenient in Renda's counsel's offices.

11. Any and all documents relating to studies, reports, evaluations, and analyses prepared by "experts" retained by Renda "to analyze The Millennium and its various problems," referred to at paragraph 18 of the "Complaint" filed in Renda Marine, Inc. v. Dredging Supply Co., Inc., Case No. H-00-1721 (S.D. Tex).

RESPONSE: Renda objects to this request insofar as it invades the attorney-client, work product, and investigative privileges. Subject to such objections, Renda will produce relevant, non-privileged documents (if any) at a time mutually convenient in Renda's counsel's offices.

12. Any and all documents relating to communications between Renda and/or Oscar Renda Contracting, Inc., and Dredging Supply Co., Inc., regarding the Millennium, including, but not limited to, the dredging production capability of the Millennium, the performance of the Millennium upon the Upper Bayou Project, defects in the design, manufacture, or performance of the Millennium, and delay in the delivery of the Millennium to Renda.

RESPONSE: Renda objects to this request insofar as it invades the attorney-client, work product, and investigative privileges. Subject to such objections, Renda will produce relevant, non-privileged documents (if any) at a time mutually convenient in Renda's counsel's offices.

13. Any and all documents relating to the dredging capability of the Millennium, including, but not limited to, its production capability.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

14. Any and all documents relating to the performance of the Millennium upon the Upper Bayou Project.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

15. Any and all documents relating to defects in the design, manufacture, and/or performance of the Millennium.

RESPONSE: Renda objects to this request insofar as it invades the attorney-client, work product, and investigative privileges. Subject to such objections, Renda will produce relevant, non-privileged documents (if any) at a time mutually convenient in Renda's counsel's offices.

16. Any and all documents relating to delay in the delivery of the Millennium to Renda.

RESPONSE: Renda objects to this request insofar as it invades the attorney-client, work product, and investigative privileges. Subject to such objections, Renda will produce relevant, non-privileged documents (if any) at a time mutually convenient in Renda's counsel's offices.

17. Any and all documents relating to purchase orders for parts and/or materials for the Millennium during the period from October 26, 1998, through August 31, 2001.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

18. Any and all documents relating to engineering reports regarding the Millennium prepared by field representatives of any business entity, including, but not limited to, Dredging Supply Co., Inc., Vosta Dredging Equipment, Krupp Hagler Engineering Inc., and Krupp Fordartechnik.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

19. Any and all documents and files relating to the subcontract between Renda and Affolter Contracting Co., Inc., for the Upper Bayou Project, including, but not limited to, the subcontract, change orders, and pay requests.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

20. Any and all documents relating to communications between Renda and Affolter Contracting Co., Inc., with respect to the subcontract between Renda and Affolter Contracting Co., Inc., or the Upper Bayou Project, including, but not limited to, levee construction techniques and the design and construction of any part of the Lost Lake Levees.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

21. Any and all documents and files relating to each subcontract awarded by Renda for the Upper Bayou Project (other than the Affolter Contracting Co., Inc. subcontract), including, but not limited to, the subcontract, change orders, pay requests, and communications between Renda and the subcontractor with respect to the subcontract or the Upper Bayou Project.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

22. Any and all documents relating to payment and performance bonds acquired by Renda for the Upper Bayou Project, including, but not limited to, communications between Renda and its surety for the Contract, meeting minutes, financial documents, and loan papers.

RESPONSE: Renda objects to this request insofar as it is an impermissible fishing expedition, and seeks documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. Renda objects to this request insofar as it invades the joint party communication privilege. Subject to such objections, Renda will produce relevant, non-privileged documents (if any) at a time mutually convenient in Renda's counsel's offices.

23. Any and all documents relating to dredge operations, maintenance, and/or parts or equipment for the Millennium during the period from October 26, 1998, through August 31, 2001, including, but not limited to, dredge operating, maintenance, and/or equipment logs or other periodic records of dredge operations, maintenance, and/or parts or equipment during that interval.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

24. Any and all documents relating to purchase orders for equipment and/or parts for the Millennium during the period from October 26, 1998, through August 31, 2001.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

25. Any and all documents relating to any damage sustained by the Millennium during the period from October 26, 1998, through August 31, 2001.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

26. Any and all documents relating to repairs to the Millennium for any damage sustained by the Millennium during the period from October 26, 1998, through August 31, 2001, including, but not limited to, the cost of such repairs.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

27. Any and all documents relating to communications between Renda and Oscar Renda Contracting, Inc., with respect to the Contract, the Upper Bayou Project, or any aspect of the Contract or Upper Bayou Project.

RESPONSE: Renda objects to this request insofar as it is an impermissible fishing expedition, and seeks documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to such objections, Renda will produce relevant, non-privileged documents (if any) at a time mutually convenient in Renda's counsel's offices.

28. Any and all documents relating to communications between Renda and any of the following entities with respect to the Contract, the Upper Bayou Project, or any aspect of the Contract or Upper Bayou Project:

(a) the Government;

(b) the Port of Houston Authority;

(c) the Jay Simmons Group;

(d) Gahagan & Bryant Associates;

(e) Turner, Collie & Bradon;

(f) Houston Lighting & Power; and

(g) a Member of Congress.

RESPONSE: Renda objects to this request insofar as it is an impermissible fishing expedition, and seeks documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to such objections, Renda

will produce relevant, non-privileged documents (if any) at a time mutually convenient in Renda's counsel's offices.

29. Any and all documents relating to communications between Renda and any supplier or manufacturer of dredge parts or equipment during the period from October 26, 1998, through August 31, 2001.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

30. Any and all documents relating to communications between officers or employees of Renda with respect to the Contract, the Upper Bayou Project, or any aspect of the Contract or Upper Bayou Project, including, but not limited to, communications between any two or more of the following persons: Oscar Renda; Rudy J. Renda; Rudy V. Renda; Steve Bowman; Eddie Fisher; Ben Goodloe; Glen Williams; Ben Warner; Heraclio Lopez; Arturo Rodriguez; Leo Herrara; Pat Duke; Lloyd Bates; Kenneth Machacek; and William Rigby.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

31. Any and all documents relating to communications between officers or employees of Oscar Renda Contracting, Inc., with respect to the Contract, the Upper Bayou Project, or any aspect of the Contract or Upper Bayou Project.

RESPONSE: Renda objects to this request insofar as it is an impermissible fishing expedition, and seeks documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to such objections, Renda will produce relevant, non-privileged documents (if any) at a time mutually convenient in Renda's counsel's offices.

32. Any and all documents relating to communications between Barry Smith and/or Pathfinder Construction Consulting and Renda and/or Oscar Renda Contracting, Inc., with respect to the Contract, the Upper Bayou Project, or any aspect of the Contract or Upper Bayou Project.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

33. Any and all documents relating to communications between Barry Smith and/or Pathfinder Construction Consulting and the Government with respect to the Contract, the Upper Bayou Project, or any aspect of the Contract or Upper Bayou Project.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

34. Any and all documents that set forth the extent of the authority of Barry Smith and/or Pathfinder Construction Consulting to act for Renda either generally or with respect to the Upper Bayou Project or the Contract.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

35. The contract between Barry Smith and/or Pathfinder Construction Consulting and Renda and/or Oscar Renda Contracting, Inc., for services by Barry Smith and/or Pathfinder Construction Consulting relating to the Contract or the Upper Bayou Project, including but not limited to, the preparation of claims upon behalf of Renda under or relating to the Contract.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

36. The billings under the contract between Barry Smith and/or Pathfinder Construction Consulting and Renda and/or Oscar Renda Contracting, Inc., for services by Barry Smith and/or Pathfinder Construction Consulting relating to the Contract or the Upper Bayou Project.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

37. Any and all documents that relate to the private dredging work performed by Renda referred to at paragraphs 138 and 139 of the Complaint, including, but not limited to, the following documents:

(a) the contract for the private dredging work;

(b) documents relating to dredge operations, maintenance, and/or parts or equipment during the course of performing the private dredging work, including, but not limited to, dredge operating, maintenance, and/or equipment logs or other periodic records of dredge operations, maintenance, and/or parts or equipment;

(c) documents relating to purchase orders for equipment and/or parts for the Millennium during the course of performing the private dredging work;

(d) documents relating to any damage sustained by the Millennium during the course of performing the private dredging work; and

(e) documents relating to any repairs to the Millennium for damage sustained by the Millennium during the course of performing the private dredging work, including, but not limited to, the cost of such repairs.

RESPONSE: Renda objects to this request insofar as it is an impermissible fishing expedition, and seeks documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to such objections, Renda

will produce relevant, non-privileged documents (if any) at a time mutually convenient in Renda's counsel's offices.

38. Any and all documents prepared by or for Renda and/or Oscar Renda Contracting, Inc., that relate to the progress of work upon the Upper Bayou Project.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

39. Any and all diaries, daily reports, field reports, logs, progress reports, construction reports, inspection reports, site visit reports, and job meeting minutes prepared by or for Renda and/or Oscar Renda Contracting, Inc., relating to the Upper Bayou Project, including, but not limited to, personal diaries, logs, or reports prepared by any of the following persons: Oscar Renda, Rudy J. Renda, Rudy V. Renda, Steve Bowman, Eddie Fisher, Ben Goodloe, Glen Williams, Ben Warner, Heracho Lopez, Arturo Rodriguez, Leo Herrara, Pat Duke, Lloyd Bates, Kenneth Machacek, William Rigby; and Barry Smith.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

40. Any and all documents prepared by or for Renda and/or Oscar Renda Contracting, Inc., during the course of Contract performance that evaluate or analyze the Contract plans and specifications for construction of the Lost Lake Levees, including, but not limited to, studies, evaluations, or analyses prepared by any geotechnical consultants or soils engineers.

RESPONSE: Renda objects to this request insofar as it invades the attorney-client, work product, and investigative privileges. Subject to such objections, Renda will produce relevant, non-privileged documents (if any) at a time mutually convenient in Renda's counsel's offices.

41. Any and all documents prepared by or for Renda and/or Oscar Renda Contracting, Inc., during the course of Contract performance that evaluate or analyze any difficulties experienced by Renda with construction of the Lost Lake Levees, including, but not limited to, studies, evaluations, or analyses prepared by any geotechnical consultants or soils engineers.

RESPONSE: Renda objects to this request insofar as it invades the attorney-client, work product, and investigative privileges. Subject to such objections, Renda will produce relevant, non-privileged documents (if any) at a time mutually convenient in Renda's counsel's offices.

42. Any and all documents relating to the results of surveys performed by or for Renda with respect to the Upper Bayou Project after Contract award.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

43. Any and all job cost reports, analyses, or other documents relating to periodic monitoring of costs incurred by Renda to perform the Contract.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

44. Any and all reports or other documents relating to the use, maintenance, or move-in/move-out of equipment to perform the Contract.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

45. Any and all labor time slips relating to the Upper Bayou Project.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

46. The certified payrolls for the Upper Bayou Project.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

47. Any and all documents relating to the types and number of employees assigned to the Millennium (i.e., the staffing pattern for the Millennium) during all or any part of the period from October 26, 1998, through August 31, 2001.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

48. Any and all documents that describe the duties and responsibilities of employees who performed any work upon the Millennium during all or any part of the period from October 26, 1998, through August 31, 2001.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

49. Any and all daily reports by Renda to the Government relating to dredging operations under the Contract.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

50. Any and all daily reports by Renda to the Government relating to construction at the Lost Lake Levees.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

51. Any and all daily reports prepared by or for Renda that relate to the Upper Bayou Project but which were not submitted to the Government.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

52. Any and all daily reports prepared by or for Renda relating to the Upper Bayou Project that contain any information which was not submitted to the Government.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

53. Any and all notes of meetings, minutes of meetings, or other records of meetings prepared by or for Renda relating to the Upper Bayou Project.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

54. Any and all production or productivity reports and/or analyses that relate to dredging or levee construction operations under the Contract.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

55. Any and all contract performance schedules prepared by or for Renda either before or after Contract award, including, but not limited to, any revision(s), change(s), modification(s), or amendment(s) to such schedule(s), and all narrative reports and diagrams.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

56. Any and all plans relating to the Upper Bayou Project prepared by or for Renda either before or after Contract award.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

57. Any and all as-built drawings prepared by or for Renda relating to the Upper Bayou Project.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

58. Any and all material testing reports obtained by Renda from sources outside Renda, such as laboratories or other testing firms, relating to the Upper Bayou Project, including, but not limited to, soil sampling and soil compaction tests.

RESPONSE: Renda objects to this request insofar as it seeks information or documentation produced by consulting experts. Subject to such objections, Renda will produce relevant, non-privileged documents (if any) at a time mutually convenient in Renda's counsel's offices.

59. Any and all photographs that relate to the Upper Bayou Project, including, but not limited to, photographs of the following:

(a) any damage sustained by the Millennium during Contract performance;

(b) obstructions encountered by the Millennium during Contract performance; and

(c) construction activities at the Lost Lake Levees.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

60. Any and all documents that relate to the South Ferry Landing Claim that is the subject of paragraphs 19 through 52 of the Complaint.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

61. Any and all documents that relate to the Flare Area Claim that is the subject of paragraphs 53 through 74 of the Complaint.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

62. Any and all documents that relate to the HL & P Tower Claim that is the subject of paragraphs 75 through 83 of the Complaint.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

63. Any and all documents that relate to the Section 7 Clay Claim that is the subject of paragraphs 84 through 90 of the Complaint.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

64. Any and all documents that relate to the West Levee Alignment Claim that is the subject of paragraphs 91 through 101 of the Complaint.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

65. Any and all documents that relate to the Obstruction #1 Claim that is the subject of paragraphs 102 through 120 of the Complaint.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

66. Any and all documents that relate to the Obstruction #2 Claim that is the subject of paragraphs 121 through 147 of the Complaint.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

67. Any and all documents that relate to the Lost Lake Levees Claim that is the subject of paragraphs 148 through 197 of the Complaint.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

68. The documents described at section B of the "Initial Disclosures by Plaintiff, Renda Marine, Inc.," dated October 21, 2002, in the above captioned action.

RESPONSE: Renda will produce the documents requested (if any exist) at a time mutually convenient in Renda's counsel's offices.

Respectfully submitted,

QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.

BY: ______________________________
Brian W. Erikson, TX Bar No. 06643800
Andrew M. Trusevich, TX Bar No. 00785119

2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)
ATTORNEYS FOR RENDA MARINE, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of December, 2002, a true and correct copy of the foregoing was sent via United States mail, postage prepaid, in an envelope addressed as follows:

John E. Kosloske, Esq.
Senior Trial Counsel, Commercial Litigation Branch
Department of Justice
Attn.: Classification Unit
1100 L Street N.W., Room 8012
Washington, DC 20530

Brian W. Erikson

1.3.03

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSES TO REQUESTS NOS. 15, 27, AND 28
OF PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to RCFC 26 and 34, defendant, the United States, responds to document production requests 15, 27, and 28 contained in the "First Request for Production of Documents by Plaintiff, Renda Marine, Inc., to Defendant, United States Army Corps of Engineers" dated November 1, 2002, as follows:

REQUEST NO. 15: Any written policies, procedures and guidelines as they relate to computers, electronic data, and electronic media regarding:

A. File naming conventions and standards

B. Diskette labeling standards

C. Back up tape rotation schedules

D. Electronic media retention/destruction schedules; and,

E. Corporate policies concerning employee use of company computers and data.

RESPONSE: Defendant has identified documents responsive to this production request, copies of which are appended at Tab A.

EXHIBIT J

Blumberg No. 5118



RECEIVED JAN 07 2003

REQUEST NO. 27: Any surveys, soundings, evaluations, or results from previous projects in the area of the Upper Bayou Project.

RESPONSE: Corps of Engineers contracts for dredging work performed in the area of the Upper Bayou Project during the period from 1949 to 1999 are listed in the spreadsheet at Tab B. Documents relating to those contracts, which may contain information responsive to this production request, are stored at facilities in Galveston and Fort Worth, Texas. Defendant will produce those materials for plaintiff's inspection at a mutually convenient time and place.

REQUEST NO. 28: Any records or documents concerning any dredging, borrowing, deposits, filling, surveying, or other construction activity in the area of the Upper Bayou Project prior to the issuance of the notice to proceed with construction on the Upper Bayou Project.

RESPONSE: Corps of Engineers contracts for dredging work performed in the area of the Upper Bayou Project during the period from 1949 to 1999 are listed in the spreadsheet at Tab B. Documents relating to those contracts, which may contain information responsive to this production request, are stored at facilities in Galveston and Fort Worth, Texas. Defendant will produce those materials for plaintiff's inspection at a mutually convenient time and place.

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

JANUARY 3, 2003