IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S THIRD SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to RCFC 26 and 34, defendant, the United States, supplements the response to document production request 25 contained in "Defendant's Partial Response to Plaintiff's First Request for Production of Documents" dated December 4, 2002, as follows:

REQUEST NO. 25: Any surveys, soundings, maps, drawings, or other graphical depictions of the Upper Bayou Project, or any of Renda's work on the Upper Bayou Project.

RESPONSE: Defendant has identified the following additional material responsive to this document production request received by defendant after "Defendant's Partial Response to Plaintiff's First Request for Production of Documents" dated December 4, 2002, was served upon plaintiff: the results of a survey of the Lost Lake Placement Area performed by C & C Technologies, Inc., for the United States Army Corps of Engineers, Galveston District. These materials consist of seven binders of survey results, a computer disk containing an electronic version of the photogrametry of the Lost Lake Placement Area, and two poster-size photo mosaics of the photogrametry of the Lost Lake Placement Area. Defendant will produce these materials for inspection and/or copying at a mutually convenient date and time at defendant's counsel's



Blumberg No. 5118
EXHIBIT
K

Washington, D.C. offices. If plaintiff would prefer to order a copy of these materials, defendant will arrange to have them copied at plaintiff's expense.

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

OF COUNSEL:

MR. P. ALEX PETTY
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
Galveston, TX

JUNE 25, 2003

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 25th day of JUNE, 2003, I caused to be sent by United States mail (postage prepaid) the original of "DEFENDANT'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS" addressed as follows:

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

**U.S. Department of Justice**

Civil Division

JKosloske
DJ # 154-02-306

Telephone: (202) 307-0282
Telecopy: (202) 514-8624

*Washington, D.C. 20530*

July 18, 2003

By Federal Express

Brian W. Erikson, Esq.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(Tele: (214) 871-2100)

Re: Renda Marine, Inc. v. United States, No. 02-306C (Fed. Cl.)

Dear Mr. Erikson:

Enclosed is a copy of the materials described in "Defendant's Third Supplemental Response to Plaintiff's First Request for Production of Documents" dated June 25, 2003.

Very truly yours,

John Kosloske

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch

Enclosures

EXHIBIT L

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S INITIAL DISCLOSURE PURSUANT TO RULE 26(a)(1)

The information required by RCFC 26(a)(1)(A) is set forth in the appended chart. The Government will provide plaintiff with a copy of the documents required by RCFC 26(a)(1)(B) on or before November 15, 2002.

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

OCTOBER 8, 2002

EXHIBIT M



RECEIVED OCT 15 2002

**Initial Disclosure Of Individuals Likely To Have Discoverable Information Required By RCFC 26(a)(1)(A)**

| Witness | Organization | Title | Address & Telephone # | Subject of Information |
|---|---|---|---|---|
| Thomas Benero: | U. S. Army Corps of Engineers | Chief, Contracting Division | U. S. Army Corps of Engineers, Galveston District<br>P.O. Box 1229<br>Galveston, TX 77553<br>409-766-3899 | Contract award/administration, meetings/correspondence with Renda related to performance issues |
| Ira Brotman: | U. S. Army Corps of Engineers | Geotechnical Engineer | U. S. Army Corps of Engineers, Galveston District<br>P.O. Box 1229<br>Galveston, TX 77553<br>409-766-3899 | Elements of the project design |
| David Brown: | U. S. Army Corps of Engineers | Engineering Manager | U. S. Army Corps of Engineers, Galveston District<br>P.O. Box 1229<br>Galveston, TX 77553<br>409-766-3899 | Overall Design Management |
| Timothy Few: | U. S. Army Corps of Engineers | Geotechnical Engineer | U. S. Army Corps of Engineers, Galveston District<br>P.O. Box 1229<br>Galveston, TX 77553<br>409-766-3899 | Elements of the project design, observations of the contract work, review/analysis/resolution of construction contract issues |
| Dalton Krueger: | U. S. Army Corps of Engineers | Project Manager | U. S. Army Corps of Engineers, Galveston District<br>P.O. Box 1229<br>Galveston, TX 77553<br>409-766-3899 | Overall program development |
| C. Michael McClenan: | U. S. Army Corps of Engineers | Area Engineer | U. S. Army Corps of Engineers, Galveston District<br>P.O. Box 1229<br>Galveston, TX 77553<br>409-766-3899 | Contract administration, meetings/correspondence with Renda related to performance issues, observations of the contract work. |

| Witness | Organization | Title | Address & Telephone # | Subject of Information |
|---|---|---|---|---|
| Michael Rawls: | U. S. Army Corps of Engineers | Construction Manager | U. S. Army Corps of Engineers, Galveston District<br>P.O. Box 1229<br>Galveston, TX 77553<br>409-766-3899 | Technical analysis for the audit |
| Alton Meyer: | U. S. Army Corps of Engineers | Civil Design Engineer | U. S. Army Corps of Engineers, Galveston District<br>P.O. Box 1229<br>Galveston, TX 77553<br>409-766-3899 | Elements of project design |
| John Rozsypal: | U. S. Army Corps of Engineers | Chief, Construction Branch | U. S. Army Corps of Engineers, Galveston District<br>P.O. Box 1229<br>Galveston, TX 77553<br>409-766-3899 | Construction contract issues, dredging industry practices and procedures |
| Eric Russek: | U. S. Army Corps of Engineers | Civil Engineer | U. S. Army Corps of Engineers, Galveston District<br>P.O. Box 1229<br>Galveston, TX 77553<br>409-766-3899 | Construction contract issues, periodic observations of the work, contract administration |
| Will Sanford: | U. S. Army Corps of Engineers | | | Analysis of Renda's Flare Area request for equitable adjustment |
| Leon Hrabovsky: | Gahagan & Bryant Assoc. | Civil Engineer | TCB/GBA – Joint Venture<br>5757 Wood Way<br>Houston, TX 77057-1599<br>713-780-4100 | Day-to-day observation of the construction |
| Charles Baron: | Gahagan & Bryant Assoc. | Construction Representative | TCB/GBA – Joint Venture<br>5757 Wood Way<br>Houston, TX 77057-1599<br>713-780-4100 | Day-to-day observation of the construction |

| Witness | Organization | Title | Address & Telephone # | Subject of Information |
|---|---|---|---|---|
| Wendell Mears: | Gahagan & Bryant Assoc. | Civil Engineer | TCB/GBA – Joint Venture<br>5757 Wood Way<br>Houston, TX 77057-1599<br>713-780-4100 | Periodic observation of the work, construction contract issues |
| Neil Bishop: | Turner, Collie & Bradon | Principal Engineer | TCB/GBA – Joint Venture<br>5757 Wood Way<br>Houston, TX 77057-1599<br>713-780-4100 | Construction contract issues, periodic observation of the work |
| Allan Jefts: | Turner, Collie & Bradon | Project Manager | TCB/GBA – Joint Venture<br>5757 Wood Way<br>Houston, TX 77057-1599<br>713-780-4100 | Construction contract issues, periodic observation of the work |
| HVJ Associates, Inc. (Michael Hasen): | HVJ Associates, Inc. | Geotechnical Engineer | HVJ Associates, Inc.<br>6120 S. Dairy Ashford Rd.<br>Houston, TX 77072<br>281-933-7388 | Elements of the project design |

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 8th day of OCTOBER, 2002, I caused to be sent by United States mail (postage prepaid) a copy of "DEFENDANT'S INITIAL DISCLOSURE PURSUANT TO RULE 26(a)(1)" addressed as follows:

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

SUPPLEMENT TO DEFENDANT'S INITIAL DISCLOSURE

Pursuant to RCFC 26(e)(1), defendant, the United States, supplements the Government's initial disclosure statement in the above captioned action pursuant to RCFC 26(a)(1)(B) by providing plaintiff with copies of the file titled "U.S. Army Corps of Engineers, Galveston District, "Mistake in Bid – Renda Marine," Solicitation No. DACW64-98-B-0004" (RM-COE-22761 to RM-COE-23244) and the Government's updated privileged documents log. The Government's failure to produce this file at the time of the initial document production in November 2002 was inadvertent. The "Mistake in Bid" file was discovered recently during a search for bid estimate materials relative to the Upper Bayou Project prompted by plaintiff's representation that it could not locate any such materials and the "Affidavit of Steven C. Bowman" dated August 26, 1998 (RM-COE-05620 to RM-COE-05623), a copy of which is contained in the appendix to "Defendant's Motion to Compel" dated May 2, 2003.

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

EXHIBIT N

Blumberg No. 5118



RECEIVED JUL - 2 2003

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

OF COUNSEL:

MR. P. ALEX PETTY
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
Galveston, TX

JUNE 25, 2003

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 25th day of JUNE, 2003, I caused to be sent by United States mail (postage prepaid) a copies of "SUPPLEMENT TO DEFENDANT'S INITIAL DISCLOSURE" and the documents described therein addressed as follows:

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

John Costello

BRIAN W. ERIKSON
Direct: 214.880.1844

QSCL
QUILLING · SELANDER · CUMMISKEY · LOWNDS

berikson@qsclpc.com

September 24, 2003

John E. Kosloske, Esq.
Senior Trial Counsel, Commercial Litigation Branch
Department of Justice
Attn.: Classification Unit
1100 L Street, N.W., Room 12052
Washington, D.C. 20005

Re: Case No. 02-306C; *Renda Marine, Inc. v. United States Army Corps of Engineers*; United States Court of Federal Claims; DACW64-99-C-0001, Dredging Upper Bayou

Dear Mr. Kosloske:

The Government has furnished Renda Marine various documents listed in your letter to me of April 17, 2003. I attached a copy for your ready reference. Please advise if there are any remaining documents for which I need to arrange for copies.

Sincerely yours,

Brian W. Erikson

BWE/plj
S:\Construction\Renda Marine\Upper Bayou 565.09\Kosloske 029.wpd

cc: Mr. Rudy Renda
Renda Marine
#7 Benson Lane
Roanoke, TX 76262

U.S. Department of Justice

Civil Division

JKosloske
DJ # 154-02-306

Telephone: (202) 307-0282
Telecopy: (202) 514-8624

*Washington, D.C. 20530*

April 17, 2003

By Telecopy and First Class Mail

Brian W. Erikson, Esq.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(Telecopy: (214) 871-2111)

Re: Renda Marine, Inc. v. United States,
No. 02-306C (Fed. Cl.)

Dear Mr. Erikson:

This is in response to your letter of April 8, 2003, requesting that we provide you with a copy of the CD-rom containing images of documents produced by Dredging Supply Company and its counsel in response to the subpoenas duces tecum that we caused to be served upon them. Here is a list of what we obtained from that document production:

1. CD of imaged documents Job #030596 dated 4/7/03 (Bates # RM-DSC-00001 to RM-DSC-05684).

2. CD of project photographs (98360) (Bates # RM-DSC-00002).

3. 140 color photographs (8-1/2" x 11").

4. 4 oversized drawings.

5. 1 videotape.

If you wish to obtain a copy of any of these materials, please contact Michael Bobo of IKON Washington, D.C. ((202) 452-8818). We have alerted Mr. Bobo to the possibility that you may contact him to place an order for all or any part of these materials, at your expense. Should you desire copies of the CD of project photographs, the color photographs, the oversized drawings, or the videotape, Mr. Bobo will retrieve those materials from us when you place the order with IKON for them.

Very truly yours,

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch

TOTAL P.03

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S AMENDED RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 26(e)(2) of the United States Court of Federal Claims, defendant, the United States, amends its response to Interrogatory No. 8 contained in the "First Set of Interrogatories by Plaintiff, Renda Marine, Inc. to Defendant, United States Army Corps of Engineers" dated November 1, 2002, as follows:

GENERAL STATEMENTS AND OBJECTIONS

1. The word usage and sentence structure is that of the attorney who prepared these responses and does not purport to be the exact language of the executing parties.

2. The information supplied in these responses is that currently available to defendant, its agents, representatives, or attorneys, unless privileged. Discovery in this litigation has not been completed. Defendant, therefore, reserves the right to supplement or modify the responses to these interrogatories, as appropriate, if and when additional information becomes available through discovery, consultation with expert witnesses, or otherwise. Defendant further reserves the right to introduce at trial any testimonial, documentary, or other form of evidence of facts yet to be discovered.



EXHIBIT P

3. Defendant objects to plaintiff's interrogatories to the extent that they request information that is protected by the attorney-client privilege, the attorney work product doctrine, or other recognized exemptions from disclosure.

4. Defendant objects to plaintiff's interrogatories to the extent that they are overly broad, vague, ambiguous, oppressive, or unduly burdensome.

5. Defendant incorporates by reference the above general objections into its responses to the individual interrogatories below.

INTERROGATORY NO. 8: Please state the nature and extent of any defenses that you have to Renda's claims in this suit, and for each such defense, please state the factual or legal basis for the defense, and the identity of each person with knowledge of any such defense.

AMENDED RESPONSE: Discovery in this litigation has not been completed, and defendant's investigation and/or evaluation of potential defenses to the claims that are the subject of the above captioned action is continuing. Therefore, we reserve the right to supplement or modify the response to this interrogatory, as appropriate, if and when additional information becomes available through discovery, consultation with potential expert witnesses, or otherwise. We further reserve the right to introduce at trial any testimonial, documentary, or other form of evidence of facts yet to be discovered. Subject to those qualifications, defendant states that, as of this time, we have identified the following defenses to plaintiff's claims:

South Ferry Landing Differing Site Conditions Claim

1. The contract documents do not affirmatively indicate or represent the conditions that form the basis of this differing site conditions claim. The contract documents do not indicate, one way or the other, the presence of riprap, rubble, or other shore protection at or near the South Ferry Landing.

2. Plaintiff has not produced any evidence of the alleged "obstructions" that form the basis of this differing site conditions claim. The contract (specification 02482, 3.4.4.2, Debris) required plaintiff to place "scrap, rope, wire cable, piles, pipe or other obstructive material which may be encountered during the dredging operations" at approved locations. Plaintiff failed to comply with this requirement.

3. To the extent that the "obstructions" that form the basis of this differing site conditions claim are riprap, rubble, or other shore protection at or near the South Ferry Landing, plaintiff reasonably could have foreseen those conditions at the time of bidding.

4. Plaintiff cannot demonstrate reasonable reliance upon its interpretation of the contract and contract documents at the time of bidding.

5. To the extent that the "obstructions" that form the basis of this differing site conditions claim are rip rap, rubble, or other shore protection at or near the South Ferry Landing, plaintiff caused or contributed to the obstructions by overdredging of the contract dredge template, as a result of which Plaintiff directly encountered or undermined the shore protection at or near South Ferry Landing, as determined in the January 30, 2004 and February 18, 2004 expert reports of Robert W. Lofgren, copies of which have been provided to plaintiff. The contract specifications (§ 02482, 3.5.2, Side and End Slopes) provided that plaintiff "use caution when cutting the side slopes in the channel from Station 470+00 to Station 473+00," that "[e]xcessive cutting outside the side slope lines and grades in these reaches of the Channel may cause damage to existing structures along the Channel," and that "the Contractor may consider shaping the top of the cut in these reaches by using the dredge cutter head or mechanical equipment." Plaintiff failed to comply with this requirement.

6. The contract specifications, at 02482, 3.4.4.2, Debris, required plaintiff to "carefully inspect the entire area to be dredged, from estimated top of cut to top of cut, by whatever means the Contractor (plaintiff) deems suitable to locate any debris which may interfere with dredging operations." Plaintiff failed to comply with this requirement.

7. The alleged conditions that form the basis of this differing site conditions claim are not unknown physical conditions at the site, of an unusual nature, that differ materially from conditions ordinarily encountered and generally recognized as inhering in the dredging work provided for in the contract.

8. Assuming for the sake of argument that defendant is liable to plaintiff upon the South Ferry Landing differing site conditions claim, the claim nevertheless is overstated by at least $334,881 for the reasons set forth in DCAA Audit Report No. 3511-2003M17200006 dated December 12, 2002, a copy of which has been provided to plaintiff.

9. Assuming for the sake of argument that defendant is liable to plaintiff upon the South Ferry Landing differing site conditions claim, plaintiff is entitled to a maximum $34,003 and a two calendar day extension for the reasons set forth in the January 30, 2004 and February 23, 2004 expert reports of William F. Connole, P.E., copies of which have been provided to plaintiff.

Based upon information presently available to defendant, individuals with knowledge of facts relating to the defenses numbered 1 through 7 above are Eric Russek, Mike McClenan, John Rozsypal, Wendell Mears, Leon Hrabovsky, William F. Connole, P.E., Robert Lofgren, Alton Meyers, and Darrell Shobert, C.P.A.

Flare Area Differing Site Conditions Claim

1. The contract documents do not affirmatively indicate or represent the conditions that form the basis of this differing site conditions claim. The contract documents do not indicate, one way or the other, the character of the majority of the materials in the Flare Area. Even so, the contract documents cannot be reasonably interpreted to indicate that plaintiff would not encounter stiff or very stiff clays in the Flare Area, for the reasons set forth in the January 30, 2004 and February 15, 2004 expert reports of Robert Lofgren, the January 30, 2004 expert report of William F. Connole, P.E., and the and the February 26, 2004 expert report of Jack Fowler, Ph.D., P.E., copies of which have been provided to plaintiff.

2. Plaintiff cannot demonstrate reasonable reliance upon its interpretation of the contract and contract documents at the time of bidding.

3. Plaintiff caused or contributed to the alleged increased costs of performance by overdredging of the contract dredging template.

4. Plaintiff caused or contributed to the alleged increased costs of performance through its failure to provide sufficient plant to the project to transport "clay balls" from the dredge to the contract disposal area at Lost Lake, for the reasons set forth in the January 30, 2004 and February 18, 2004 expert reports of Robert Lofgren, copies of which have been provided to plaintiff.

5. Plaintiff did not provide timely notice of the alleged differing site condition, as required by the contract.

6. Assuming for the sake of argument that defendant is liable to plaintiff upon the Flare Area differing site conditions claim, the claim nevertheless is overstated by at least $1,306,729 for the reasons set forth in DCAA Audit Report No. 3511-2003M17200005 dated December 12, 2002, a copy of which has been provided to plaintiff.

7. Assuming for the sake of argument that defendant is liable to plaintiff upon the Flare Area differing site conditions claim, plaintiff is entitled to a maximum of $275,352 and an eleven calendar day time extension for the reasons set forth in the January 30, 2004 and February 23, 2004 expert reports of William F. Connole, P.E., copies of which have been provide to plaintiff.

Based upon information presently available to defendant, individuals with knowledge of facts relating to the defenses numbered 1 through 6 above are Eric Russek, Mike McClenan, Johnny Rozsypal, James Few, Wendell Mears, Leon Hrabovsky, Charles Baron., Robert Lofgren, William F. Connole, P.E., Jack Fowler, Ph.D., P.E., and Darrell Shobert, C.P.A.

HL&P Tower Differing Site Conditions Claim

1. The conditions that form the basis of this claim developed during the course of contract performance. The Differing Site Conditions clause applies only to conditions that existing at the time of contract award. See Olympus Corp. v. United States, 98 F.3d 1314 (Fed. Cir. 1995).

2. The conditions that form the basis of this claim were not subsurface or latent conditions. The Differing Site Conditions clause applies only to subsurface or latent conditions. See Olympus Corp. v. United States, 98 F.3d 1314 (Fed. Cir. 1995).

3. Plaintiff did not provide timely notice of the alleged differing site condition, as required by the contract. Plaintiff took unilateral action without requesting input or direction from the Corps of Engineers contracting officer, thereby depriving the contracting officer the opportunity to coordinate or accommodate HL&P's needs in a manner that would not have interfered with plaintiff's dredging operations.

4. Plaintiff failed to coordinate with HL&P, which could have avoided the need to relocate the dredge discharge pipe a second time.

5. Assuming for the sake of argument that defendant is liable to plaintiff upon the HL&P Tower differing site conditions claim, the claim nevertheless is overstated by at least $45,000 for the reasons set forth in DCAA Audit Report No. 3511-2003M17200007 dated December 12, 2002, a copy of which has been provided to plaintiff.

6. Assuming for the sake of argument that defendant is liable to plaintiff upon the HL&P Tower differing site conditions claim, plaintiff is entitled to a maximum $18,780 and a two calendar day time extension for the reasons set forth in the January 30, 2004 and February 23, 2004 expert reports of William F. Connole, P.E., copies of which have been provided to plaintiff.

Based upon information presently available to defendant, individuals with knowledge of facts relating to the defenses numbered 1 through 5 above are Eric Russek, Mike McClenan, Wendell Mears, Leon Hrabovsky, Charles Baron, William F. Connole, P.E., and Darrell Shobert.

Section 7 Clay Differing Site Conditions Claim

1. The conditions indicated in the contract documents do not differ materially from the conditions encountered by plaintiff that form the basis of this differing site conditions claim, i.e., significant quantities of stiff or very stiff clay, for the reasons set forth in the January 30, 2004 report of William F. Connole, P.E., and the February 2, 2004 expert report of Dr. Jack Fowler, P.E., copies of which have been provided to plaintiff.

2. Plaintiff cannot demonstrate reasonable reliance upon its interpretation of the contract and contract documents at the time of bidding.

3. Plaintiff caused or contributed to the alleged increased costs of performance by overdredging of the contract dredging template.

4. Color of clay sediments does not have any effect on the consistency or stiffness of the material.

5. Assuming for the sake of argument that defendant is liable to plaintiff upon the Section 7 Clay differing site conditions claim, the claim nevertheless is overstated by at least $256,143 for the reasons set forth in DCAA Audit Report No. 3511-2003M17200011 dated December 12, 2002, a copy of which has been provided to plaintiff.

6. Plaintiff is not entitled to any additional time or monetary damages for the reasons set forth in the January 30, 2004 and February 23, 2004 expert reports of William F. Connole, P.E., copies of which have been provided to plaintiff.

Based upon information presently available to defendant, individuals with knowledge of facts relating to the defenses numbered 1 through 5 above are Eric Russek, Mike McClenan, James Few, Wendell Mears, Leon Hrabovsky, William F. Connole, P.E., and Jack Fowler, Ph.D., P.E.

Obstruction #1 Differing Site Conditions Claim

1. Plaintiff did not provide evidence of the alleged excessive trash, which deprived the Corps of Engineers Contracting Officer of the opportunity to determine if the trash encountered in fact was excessive. The contract (Specification 02482, 3.4.4.2, Debris) required plaintiff to place "scrap, rope, wire cable, piles, pipe or other obstructive material which may be encountered during the dredging operations" at approved locations. Plaintiff failed to comply with this requirement.

2. Plaintiff cannot demonstrate reasonable reliance upon its interpretation of the contract and contract documents at the time of bidding.

3. The contract specifications, at 02482, 3.4.4.2, Debris, required plaintiff to "carefully inspect the entire area to be dredged, from estimated top of cut to top of cut, by whatever means the Contractor (plaintiff) deems suitable to locate any debris which may interfere with dredging operations." Plaintiff failed to comply with this requirement.

4. A prudent contractor, dredging in an active waterway such as the Houston Ship Channel, should have reasonably anticipated encountering miscellaneous debris, trash and other objects (navigational markers) from ship traffic, nearby industry, contributories, etc. The encountering of larger objects such as a stern swivel, Conex box or mooring buoy and chain should not have presented a major problem to a reasonably prudent dredging contractor for reasons as set forth in the January30, 2004 expert report of Robert Lofgren, a copy of which was provided to plaintiff.

5. The alleged conditions that form the basis of this differing site conditions claim are not unknown physical conditions at the site, of an unusual nature, that differ materially from conditions ordinarily encountered and generally recognized as inhering in the dredging work provided for in the contract.

6. Assuming for the sake of argument that defendant is liable to plaintiff upon the Obstruction #1 differing site conditions claim, the claim nevertheless is overstated by at least $351,000 for the reasons set forth in DCAA Audit Report No. 3511-2003M17200008 dated December 12, 2002, a copy of which has been provided to plaintiff.

7. Assuming for the sake of argument that defendant is liable to plaintiff upon the Obstruction #1 differing site conditions claim. Plaintiff is entitled to a maximum $499,675 and a fourteen calendar day time extension for the reasons set forth in the January 30, 2004 and February 23, 2004 expert reports of William F. Connole, P.E., copies of which have been provided to plaintiff.

Based upon information presently available to defendant, individuals with knowledge of facts relating to the defense numbered 1 through 5 above are Eric Russek, Mike McClenan, John Rozsypal, Wendell Mears, Leon Hrabovsky, Charles Baron, William F. Connole, P.E., Robert Lofgren, and Chris Babitzke.

Obstruction #2 Differing Site Conditions Claim

1. The contract specifications, at 02482, 3.4.4.2, Debris, required plaintiff to "care-fully inspect the entire area to be dredged, from estimated top of cut to top of cut, by whatever means the Contractor (plaintiff) deems suitable to locate any debris which may interfere with dredging operations." Plaintiff failed to comply with this requirement.

2. Plaintiff cannot demonstrate reasonable reliance upon its interpretation of the contract and contract documents at the time of bidding.

3. A prudent contractor, dredging in an active waterway such as the Houston Ship Channel, should have reasonably anticipated encountering miscellaneous debris, trash and other objects (navigational markers) from ship traffic, nearby industry, contributories, etc. The encountering of larger objects such as a stern swivel, Conex box or mooring buoy and chain should not have presented a major problem to a reasonably prudent dredging contractor for reasons as set forth in the January30, 2004 expert report of Robert Lofgren, a copy of which was provided to Plaintiff.

4. The alleged conditions that form the basis of this differing site conditions claim are not unknown physical conditions at the site, of an unusual nature, that differ materially from conditions ordinarily encountered and generally recognized as inhering in the dredging work provided for in the contract.

5. If defendant is liable to plaintiff upon the Obstruction #2 differing site conditions claim, the claim nevertheless is overstated by at least $131,000 for the reasons set forth in DCAA Audit Report No. 3511-2003M17200008 dated December 12, 2002, a copy of which has been provided to plaintiff.

6. Assuming for the sake of argument that defendant is liable to plaintiff upon the Obstruction #2 differing site conditions claim. Plaintiff is entitled to a maximum $418,169 and a 26 calendar day time extension for the reasons set forth in the January 30, 2004 and February 23, 2004 expert reports of William F. Connole, P.E., copies of which have been provided to plaintiff.

Based upon information presently available to defendant, individuals with knowledge of facts relating to the defense numbered 1 through 4 above are Wendell Mears, Leon Hrabovsky, Charles Baron, Erik Russek, Mike McClenan, William F. Connole, Robert Lofgren, and Darrell Shobert.

<u>West Levee Realignment Claim</u>

1. Plaintiff did not construct the West Levee in accordance with the alignment specified by the contract documents.

2. The Corps of Engineers agreed only to a realignment of the West Levee to mitigate the impact of plaintiff's misalignment of the West Levee. Consequently, the realignment of the West Levee is not compensable under the contract's Changes Clause.

3. Plaintiff realigned sections of the West Levee that the Corps of Engineers agreed could remain as initially placed by plaintiff, which resulted in increased costs of performance for which defendant should not be responsible.

4. Plaintiff's damages and delays are overstated because they are based upon rates established for unrelated work, rather than upon actual costs incurred by plaintiff.

5. Plaintiff's claimed increased costs of performance are based upon estimates and are not supported by cost element or pricing data. See DCAA Audit Report No. 3511-2003M17200010 dated December 12, 2002, a copy of which has been pro-vided to plaintiff.

6. Assuming for the sake of argument that defendant is liable to plaintiff upon the West Levee Realignment claim, plaintiff is entitled to a maximum $41,754 and no additional time for the reasons set forth in the January 30, 2004 and February 23, 2004 expert reports of William F. Connole, P.E., copies of which have been provided to plaintiff.

Based upon information presently available to defendant, individuals with knowledge of facts relating to the defenses numbered 1 through 6 above are Eric Russek, Mike McClenan, James Few, Wendell Mears, Leon Hrabovsky, Charles Baron, and William F. Connole, P.E.

Lost Lake Levees Differing Site Conditions Claim

1. The conditions indicated in the contract documents do not differ materially from the conditions encountered by plaintiff that form the basis of this differing site conditions claim. The materials encountered by plaintiff during contract performance were as expected and as indicated in the contract documents, i.e., soft to very soft dredged material placed during previous dredging cycles. For reasons set forth in the January 30, 2004 expert report of Robert Lofgren and the February 2, 2004 and February 26, 2004 expert reports of Jack Fowler, Ph.D., P.E., copies of which have been provided to plaintiff, there was no differing site condition at the Lost Lake Placement Area.

2. Plaintiff cannot demonstrate reasonable reliance upon its interpretation of the contract and contract documents at the time of bidding.

3. Plaintiff knew, or reasonably should have known, that levees at placement areas such as Lost Lake are commonly raised and/or maintained by "borrowing" material from the interior perimeter of the placement area.

4. Plaintiff "wasted" a large amount of material suitable for construction of levees, "overmounded" material which had to be relocated by mechanical methods, and, ultimately, caused a shortage of available, suitable levee building material as a result of plaintiff's failures to implement a satisfactory program for monitoring placement of material in the levees and to take timely measures to correct and/or adjust its hydraulic placement of material.

5. Plaintiff did not construct the portions of the levees to be constructed by the hydraulic placement of dredged material in accordance with the alignment specified by the contract documents. Plaintiff subsequently had to realign levees and otherwise place levees by mechanical methods, which increased its costs of performance.

6. There is no causal relationship between plaintiff's allegations of differing site conditions and its claimed damages, which are based upon a modified total cost approach.

7. The alleged conditions that form the basis of this differing site conditions claim are not unknown physical conditions at the site, of an unusual nature, that differ materially from conditions ordinarily encountered and generally recognized as inhering in the hydraulic levee construction work provided for in the contract.

8. Plaintiff's total cost claim is without merit for the reasons set forth in DCAA Audit Report No. 3511-2003M17200012 dated December 12, 2002, a copy of which has been provided to plaintiff.

9. Plaintiff's total cost claim is not supported for reasons set forth in the January 30, 2004 and February 23, 2004 expert reports of William F. Connole, P.E., copies of which have been provided to plaintiff.

10. Plaintiff's total cost claim is without merit because plaintiff cannot demonstrate the impracticability of proving its alleged losses directly.

Based upon information presently available to defendant, individuals with knowledge of facts relating to the defenses numbered 1 through 7 above are Eric Russek, Mike McClenan, John Rozsypal, James Few, Wendell Mears, Leon Hrabovsky, Charles Baron, William F. Connole, P.E., Robert Lofgren, Jack Fowler, Ph.D., P.E., Leo Herrera, Eddie Fisher, Steve Bowman, and Benton Goodloe.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

APRIL 2, 2004

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 2nd day of APRIL, 2004, I caused to be sent by electronic mail and by United States Mail (postage prepaid) "DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES" addressed as follows:

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

[signature]