# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: May 14, 2004)

________________________________________ )

RENDA MARINE, INC., )

Plaintiff, )

v. )

THE UNITED STATES, )

Defendant. )

________________________________________ )

## ORDER

Further to the telephonic status conference held on May 13, 2004 in this matter, the court orders the following:

(1) Motion by Plaintiff, Renda Marine, Inc., to Compel is GRANTED as follows:

(A) With respect to the unproduced documents obtained from electronic discovery for which defendant asserts attorney/client privilege, defendant shall deliver to chambers, on or before 5:00 p.m. on May 14, 2004 for in camera review, a package of the documents in issue. The delivered package of documents shall contain the case caption and shall be designated as documents for in camera review only.

(B) With respect to the unproduced documents obtained from electronic discovery that defendant asserts are not responsive under the terms of the Agreement Regarding Scope of Electronic Discovery executed by

the parties on July 25, 2003, Universal Document Services, plaintiff's information technology consultant, shall select fifty (50) documents that are representative of the alleged underproduction of responsive documents by defendant, together with a memorandum explaining briefly why each such document is responsive, for in camera review by the court. The documents may be submitted by CD-Rom and shall be delivered to chambers on or before 5:00 p.m. on June 25, 2004. The submission to chambers shall be marked with the case caption and designated as documents for in camera review only.

(C) With respect to the production of documents identified as responsive to plaintiff's Interrogatory No. 5 concerning "borrow" material and the identification of certain persons who may have knowledge that is responsive to plaintiff's Interrogatory No. 5 concerning "borrow" material, the court GRANTS plaintiff's request to review the documents and, if desired, depose the identified persons if not presently employees of plaintiff.

(2) Further to the court's unwillingness to disadvantage the contractor at trial in this matter in light of discussions indicating that a significant volume of evidence that may be probative of plaintiff's largest claim has yet to be reviewed,[1] and with the concurrence of the parties, the

---

[1]The court read the following statement, guidance usually provided during the pre-trial conference, to the parties regarding the presentation of documentary evidence during trial :

> Any exhibit and/or any portion of an exhibit the import of which with respect to one or more issues in the case is not specifically pointed out by a witness at trial may be disregarded by the court in its determination of the case. "Specifically pointed out" means specific mention, with reference to an exhibit number, and to one or more specific page numbers within, or to an otherwise identifiable portion of, the exhibit, together with an indication of how the evidence supports or disproves a fact in issue. "Specifically pointed out" shall not include mention for the first time in post-trial briefing. No exhibits will be admitted after the close of evidence at the close of trial.

(continued...)

current pre-trial date and trial dates are VACATED, and discovery is REOPENED. The court's scheduling orders dated October 18, 2002, September 10, 2003, and March 19, 2004 are hereby SUPERCEDED and the due dates therein are VACATED.

(3) In light of the amendment to the trial schedule, Defendant's Motion for an Enlargement of Time to File Objections to Plaintiff's Trial Exhibits is MOOT.

(4) A telephonic status conference will be held on Thursday, November 4, 2004 at 2:00 E.S.T. to reschedule pre-trial proceedings and trial dates in this matter. A Sprint operator will initiate the call to the parties.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

[1](...continued)