QSCL
QUILLING · SELANDER · CUMMISKEY · LOWNDS

BRIAN W. ERIKSON

Federal ID #75-2459334
Direct Line: 214.880.1844
E-mail: berikson@qsclpc.com

May 14, 2004

*Via Facsimile & Certified Mail -*
*Return Receipt Requested*

John E. Kosloske, Esq.
Senior Trial Counsel, Commercial Litigation Branch
Department of Justice
Attn.: Classification Unit
1100 L Street, N.W., Room 12052
Washington, D.C. 20005

Re: Case No. 02-306C; *Renda Marine, Inc. v. United States Army Corps of Engineers*; United States Court of Federal Claims; DACW64-99-C-0001, Dredging Upper Bayou

Dear Mr. Kosloske:

I trust that the Government will produce the documents it promised in response to Request Nos. 27 and 28 for Renda Marine's First Request for Production of Documents, along with the documents promised in response to Interrogatory No. 5. If not, please advise so that I can have the Court address the matter.

Sincerely yours,

Brian W. Erikson

BWE/adp

cc: Oscar Renda

S:\Construction\Renda Marine\Upper Bayou 565.09\Kosloske 074.wpd

**Quilling, Selander, Cummiskey & Lownds, P.C.**
2001 Bryan Street, Suite 1800, Dallas, Texas 75201
Tel: 214-880-1844
Fax: 214-871-2111

# FACSIMILE COVER PAGE

| | |
|---|---|
| To: John Kosloske | From: Brian W. Erikson |
| Fax #: 12025148624 | Fax #: 214-871-2111 |
| Company: U.S. Department of Justice | Tel #: 214-880-1844 |

Subject: Renda Marine v. United States: Answers/Responses to Renda's Discovery

| | |
|---|---|
| Sent: 5/14/2004 at 1:24:34 PM | Pages: 1 (including cover) |

MESSAGE:

In light of the Court's reopening discovery in its May 14, 2004, Order, please answer/respond to Renda Marine's Third Request for Production of Documents and Second Set of Interrogatories. Please advise by when I may expect answers/responses.

With discovery reopened, Renda now insists that the Government produce the documents promised in response to Request for Production Nos. 27 and 28.

If there is going to be any delay in answer/response or production, please advise.

Thank you.

**This facsimile contains legally privileged and confidential information, intended solely for the use of the named recipient. If the message reader is not the named recipient, you are hereby notified that any use, dissemination, distribution or reproduction of any contents of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify the sender of the error by telephone and destroy this facsimile immediately.**

Original will follow by: ☐ Original will not follow

X Certified Mail
First Class Mail
Overnight Delivery
Hand Delivery

CCs: Oscar Renda

Billing Code : Renda/Upper Bayou

**18**

**U.S. Department of Justice**

Civil Division

JKosloske
DJ # 154-02-306

Telephone: (202) 307-0282
Telecopy: (202) 514-8624

*Washington, D.C. 20530*

By Telecopy and First Class Mail

May 17, 2004

Brian W. Erikson, Esq.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(Telecopy: (214) 871-2111)

Re: Renda Marine, Inc. v. United States,
No. 02-306C (Fed. Cl.)

Dear Mr. Erikson:

This is in response to your letter and fax of May 14, 2004. During the telephonic conference of May 13, 2004, the court made quite clear that discovery was being reopened for the limited purpose of addressing the discovery requested by plaintiff's April 14, 2004 motion to compel: (1) discovery of documents referred to in the Government's response to Interrogatory No. 5 relative to the eight contracts in the area of the Upper Bayou Project performed after 1986 listed at Tab B to "Defendant's Responses to Requests Nos. 15, 27, and 28 of Plaintiff's First Request for Production of Documents" dated January 3, 2003; (2) the 24 "electronic" discovery documents that the Government contends are privileged, either in whole or in part; and (3) the "electronic discovery" documents withheld by the Government from production as not "responsive" within the meaning of the parties' July 2003 agreement regarding electronic discovery.

Very truly yours,

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch

QSC&L
QUILLING · SELANDER · CUMMISKEY · LOWNDS

BRIAN W. ERIKSON

Direct Line: 214.880.1844
E-mail: berikson@qsclpc.com

May 17, 2004

John E. Kosloske, Esq.
Senior Trial Counsel, Commercial Litigation Branch
Department of Justice
Attn.: Classification Unit
1100 L Street, N.W., Room 12052
Washington, D.C. 20005

***Via Facsimile & Certified Mail - Return Receipt Requested***

Re: Case No. 02-306C; *Renda Marine, Inc. v. United States Army Corps of Engineers*; United States Court of Federal Claims; DACW64-99-C-0001, Dredging Upper Bayou

Dear Mr. Kosloske:

In response to yours of May 17, 2004, concerning your declaration that discovery has not reopened, I note the following.

Judge Hewitt's Order of May 14, 2004, is quite clear. Paragraph (2) of the Order states that "the current pre-trial date and trial dates are VACATED, and discovery is REOPENED. The Court's scheduling orders dated October 18, 2002, September 10, 2003, and March 19, 2004 are hereby SUPERCEDED and the due dates therein are VACATED." (*Emphasis original*).

Please advise if you still contend that discovery has not reopened. If you do, I will prepare and file the appropriate pleading with the Court to resolve this matter.

Under the circumstances, I would appreciate the Government's cooperation with the following discovery matters:

(1) Providing the documents promised in response to Interrogatory No. 5 of Renda's First Set of Interrogatories;

(2) Providing the documents promised in response to Request Nos. 27 and 28 of Renda's First Request for Production of Documents;

(3) Answering/responding to Renda's Second Set of Interrogatories and Third Request for Production of Documents; and

(4) Producing deposition transcripts, reports, and trial transcripts for William Connole and Jack Fowler, as requested in Renda's Notices of Deposition and Subpoenas Duces Tecum for such witnesses.



Bryan Tower 2001 Bryan St., Suite 1800 Dallas, TX 75201 | ph. 214.871.2100 fx. 214.871.2111 www.qsclpc.com
A PROFESSIONAL CORPORATION | ATTORNEYS AND COUNSELORS

Renda respectfully extends a thirty (30) day response deadline for this discovery. If you need more time for a particular item or items, please advise.

Sincerely yours,

Brian W. Erikson

BWE/adp

cc: Oscar Renda

S:\Construction\Renda Marine\Upper Bayou 565.09\Kosloske 07S.wpd

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSES TO REQUESTS NOS. 15, 27, AND 28
OF PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to RCFC 26 and 34, defendant, the United States, responds to document production requests 15, 27, and 28 contained in the "First Request for Production of Documents by Plaintiff, Renda Marine, Inc., to Defendant, United States Army Corps of Engineers" dated November 1, 2002, as follows:

REQUEST NO. 15: Any written policies, procedures and guidelines as they relate to computers, electronic data, and electronic media regarding:

A. File naming conventions and standards

B. Diskette labeling standards

C. Back up tape rotation schedules

D. Electronic media retention/destruction schedules; and,

E. Corporate policies concerning employee use of company computers and data.

RESPONSE: Defendant has identified documents responsive to this production request, copies of which are appended at Tab A.

REQUEST NO. 27: Any surveys, soundings, evaluations, or results from previous projects in the area of the Upper Bayou Project.

RESPONSE: Corps of Engineers contracts for dredging work performed in the area of the Upper Bayou Project during the period from 1949 to 1999 are listed in the spreadsheet at Tab B. Documents relating to those contracts, which may contain information responsive to this production request, are stored at facilities in Galveston and Fort Worth, Texas. Defendant will produce those materials for plaintiff's inspection at a mutually convenient time and place.

REQUEST NO. 28: Any records or documents concerning any dredging, borrowing, deposits, filling, surveying, or other construction activity in the area of the Upper Bayou Project prior to the issuance of the notice to proceed with construction on the Upper Bayou Project.

RESPONSE: Corps of Engineers contracts for dredging work performed in the area of the Upper Bayou Project during the period from 1949 to 1999 are listed in the spreadsheet at Tab B. Documents relating to those contracts, which may contain information responsive to this production request, are stored at facilities in Galveston and Fort Worth, Texas. Defendant will produce those materials for plaintiff's inspection at a mutually convenient time and place.

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

JANUARY 3, 2003

B

| ContractNum | Contractor | ActStrt | WorkComp | ContType | Channel | Total Pay Yardage |
|---|---|---|---|---|---|---|
| DACW6449C1931 | Alantic Gulf and Pacific Company | 05-Jul-49 | 25-Nov-49 | New Work Dredging | Morgans Point to Carpenters Bayou | 3,137,934 |
| DACW6450C0429 | Alantic Gulf and Pacific Company | 13-Jan-50 | 15-May-50 | New Work Dredging | Morgans Point to Carpenters Bayou | 3,797,290 |
| DACW6451C0890 | Alantic Gulf and Pacific Company | 08-Feb-51 | 26-Apr-51 | New Work Dredging | Morgans Point to Carpenters Bayou | 2,135,626 |
| DACW6451C0941 | Alantic Gulf and Pacific Company | 25-Apr-51 | 27-Apr-52 | New Work Dredging | Carpenters Bayou to Greens Bayou | 3,747,914 |
| DACW6452C1231 | Alantic Gulf and Pacific Company | 05-Feb-52 | 21-Apr-52 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,280,453 |
| DACW6452C1449 | Alantic Gulf and Pacific Company | 24-Apr-52 | 15-Jun-53 | New Work Dredging | Carpenters Bayou to Greens Bayou | 3,733,053 |
| DACW6453C2068 | Standard Dredging Corp. | 06-Apr-53 | 19-Aug-53 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,421,779 |
| DACW6453C2411 | Alantic Gulf and Pacific Company | 21-Sep-53 | 08-Apr-54 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,547,692 |
| DACW6455C0017 | Alantic Gulf and Pacific Company | 27-Oct-55 | 12-Dec-55 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,226,129 |
| DACW6457C0006 | Alantic Gulf and Pacific Company | 30-Aug-56 | 12-Mar-57 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,369,408 |
| DACW6458C0176 | Alantic Gulf and Pacific Company | 10-Jun-58 | 24-Sep-58 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 3,211,008 |
| DACW6461C0084 | Alantic Gulf and Pacific Company | 16-Feb-61 | 14-Nov-61 | New Work Dredging | Morgans Point to Carpenters Bayou | 5,346,051 |
| DACW6461C0117 | Alantic Gulf and Pacific Company | 21-May-61 | 12-Feb-62 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,463,397 |
| DACW6462C0055 | T.L. James & Company, Inc. (Area Office) | 08-Nov-61 | 14-Sep-63 | New Work Dredging | Carpenters Bayou to Greens Bayou | 4,969,399 |
| DACW6462C0226 | Alantic Gulf and Pacific Company | 31-May-62 | 16-Sep-63 | New Work Dredging | Carpenters Bayou to Greens Bayou | 7,738,855 |
| DACW6464C0107 | Standard Dredging Corp. | 13-Jan-64 | 02-Apr-65 | New Work Dredging | Morgans Point to Carpenters Bayou | 7,745,380 |
| DACW6464C0186 | T.L. James & Company, Inc. (Area Office) | 03-Nov-64 | 07-May-65 | New Work Dredging | Carpenters Bayou to Greens Bayou | 3,224,363 |
| DACW6466C0106 | Bauer Dredging | 27-Apr-66 | 12-Oct-66 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 3,109,765 |
| DACW6468C0048 | T.L. James & Company, Inc. (Area Office) | 17-Jan-68 | 20-Aug-68 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 3,215,614 |
| DACW6468C0130 | Alantic Gulf and Pacific Company | 13-Aug-68 | 23-Dec-68 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 1,287,593 |
| DACW6469C0087 | Alantic Gulf and Pacific Company | 07-Aug-69 | 19-Oct-69 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 136,686 |
| DACW6470C0062 | Alantic Gulf and Pacific Company | 28-Apr-70 | 21-Jul-70 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,591,474 |
| DACW6472C0051 | Great Lakes Dredge & Dock Company (Area Office) | 24-Apr-72 | 21-Jun-72 | Maintenance Dredging | Morgans Point to Greens Bayou | 1,715,341 |
| DACW6474C0044 | Alantic Gulf and Pacific Company | 04-Jan-74 | 15-May-74 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 850,214 |
| DACW6475C0076 | T.L. James & Company, Inc. (Area Office) | 25-Mar-75 | 31-Jul-75 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,957,799 |
| DACW6475C0105 | T.L. James & Company, Inc. (Area Office) | 25-Jun-75 | 15-Jan-76 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 971,666 |
| DACW6476C0051 | T.L. James & Company, Inc. (Area Office) | 10-May-76 | 02-Aug-76 | New Work Dredging | Morgans Point to Carpenters Bayou | 491,409 |
| DACW6477C0016 | Mike Hooks, Inc. | 17-Feb-77 | 30-Sep-77 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 964,127 |
| DACW6478C0028 | T.L. James & Company, Inc. (Area Office) | 10-May-78 | 28-Nov-78 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 1,357,924 |
| DACW6480C0065 | T.L. James & Company, Inc. (Area Office) | 23-Sep-80 | 15-Jun-81 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,974,432 |
| DACW6483C0008 | T.L. James & Company, Inc. (Area Office) | 02-May-83 | 18-Oct-83 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 1,062,844 |
| DACW6484C0035 | Bean Dredging Corporation | 06-Oct-84 | 24-Mar-85 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 3,252,658 |
| DACW6486C0022 | T.L. James & Company, Inc. (Area Office) | 14-May-86 | 22-Aug-86 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 607,330 |
| DACW6488C0025 | T.L. James & Company, Inc. (Area Office) | 11-Jul-88 | 16-Jan-89 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,736,603 |
| DACW6489C0042 | Folk Construction | approx. | 1989 - 90 | Levee Rehabilitation | Lost Lake Disposal Area | unknown |
| DACW6490C0018 | T.L. James & Company, Inc. (Area Office) | 21-Jul-90 | 10-Dec-90 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 786,800 |
| DACW6492C0049 | Great Lakes Dredge & Dock Company (Area Office) | 11-Sep-92 | 16-Jul-93 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,983,792 |
| DACW6495C0011 | Mike Hooks, Inc. | 29-Dec-94 | 11-May-95 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,309,900 |
| DACW6496C0032 | T.L. James & Company, Inc. (Area Office) | 19-Aug-96 | 01-Dec-96 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 806,225 |
| DACW6497C0028 | King Fisher Marine Service, Inc. | 03-Aug-97 | | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,983,067 |
| DACW6499C0012 | King Fisher Marine Service, Inc. | | | | | 132000(est) |

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC.,<br>PLAINTIFF,<br><br>V.<br><br>UNITED STATES ARMY<br>CORPS OF ENGINEERS,<br>DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 02-306C<br><br>(JUDGE HEWITT) |

**SECOND SET OF INTERROGATORIES BY PLAINTIFF, RENDA MARINE, INC. TO DEFENDANT, UNITED STATES ARMY CORPS OF ENGINEERS**

TO: United States Army Corps of Engineers, through its attorney of record, John E. Kosloske, Esq., Senior Trial Counsel, Commercial Litigation Branch, Department of Justice, Attn.: Classification Unit, 1100 L Street N.W., Room 8012, Washington, DC 20530.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims, you are hereby required to (1) answer fully and factually each of the interrogatories hereinafter set forth; (2) furnish all information called for in said interrogatories as is available to you or your agents; (3) sign your response; (4) swear to your response; and (5) serve your answers to the following interrogatories upon the undersigned attorney for Plaintiff, Renda Marine, Inc. ("Renda"), no later than thirty (30) days after service of these interrogatories on your attorney of record.

You are further instructed that:

(a) to the extent possible, answer these interrogatories in the spaces provided after each interrogatory. Answers may be continued on separate sheets of paper attached to these interrogatories; and

(b) you are under a duty to amend your answers to the interrogatories in a timely manner if, between the time answers are served and the time of trial herein, you obtain information upon the basis of which (i) you know the answer was incorrect when made; or

28

(ii) you know that the answer, though correct when made, is no longer true and the circumstances are such that a failure to amend the answer is, in substance, a knowing concealment.

## DEFINITIONS AND INSTRUCTIONS

1. The term "Plaintiff" or "Renda" refers to Renda Marine, Inc., Plaintiff in this suit.

2. The term "Defendant" or "Corps" refers to the United States Army Corps of Engineers, Defendant in this suit.

3. "Upper Bayou Project" refers to Corps Contract No. DACW64-99-C-0001, for Houston-Galveston Navigation Channels, Texas, Dredging Upper Bayou (45-Foot Project) in Harris and Galveston Counties.

4. "Joint Venture" refers to Turner, Collie & Braden, Inc., Gahagan & Bryant & Associates, Inc., and J. Simmons Group, Inc., collectively.

5. The term "Port of Houston Authority" refers to the Port of Houston Authority of Harris County, Texas.

6. The term "active file" means any electronic data file that can be used by an electronic data processing system in any manner without modification and/or re-construction. An active file is any electronic data file that has not been deleted or otherwise destroyed and/or damaged and which is readily visible to the operating system and/or the software with which it was created.

7. The term "computer" shall include, but is not limited to, microchips, microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

8. The term "computer system," when used in reference to any computer, includes, but is not limited to, the following information:

a. Computer type, brand and model;

b. Brand & version of all software, including operating system, private-and custom-developed applications, commercial applications, and/or shareware;

c. Communications capability, including asynchronous and/or synchronous, including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer to computer connections via network, modem and/or direct connection.

9. The term "data" is equivalent to the term "electronic data" as defined herein.

10. The term "deleted file" means any electronic data file that has been deleted or deleted from the electronic media on which it resided.

11. The term "document" means the original (or an identical duplicate if the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any form of physical media within your possession, custody, or control, or the control of any agent, employee, representative (including, without limitation, attorneys, consultants and accountants) or other person acting or purporting to act for you or on your behalf. Physical media include, but are not limited to, paper media, phonographic media, photographic film media (including pictures, films slides and microfilm), magnetic media (including but not limited to hard disks, floppy disks, compact disks, and magnetic tapes of any kind), computer memory, optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed. Documents shall include, but not be limited to, contracts, agreements, change orders, change proposals, communications, correspondence, letters, telegrams, memoranda, electronic mail, notes, journals, appointment

calendar, calendar, group scheduler calendar, records, reports, books, summaries, notes, notes or records of telephone conversations, notes or records of personal conversations or interviews, telephone logs, diaries, logs, field notes, inspection reports, daily or periodic reports, notices, deficiency notices, contractor's daily or periodic reports, production reports, quality control reports, batch reports, run reports, shift reports, winding reports, speed memoranda, drawings, shop drawings, sketches, details, plans, specifications, calculations, computations, forecasts, schedules, statistical statements, tests, laboratory tests, assessments, evaluations, work papers, graphs, charts, accounts, analytical records, minutes, minutes or records of meetings or conferences, consultants' reports, appraisals, reports or summaries of negotiations, brochures, marginal notations, bills, invoices, checks, drafts, bills of lading, warehouse receipts, photographs, movies, videotapes, lists, journals, advertisements, magnetic tapes, computer tapes, computer disks, computer cards, computer directory, computer printouts, and every other form of written, printed, stenographic, electronic, recorded, graphic, filmed, or photographic matter, including sound reproductions, however produced or reproduced, and all drafts, revisions, and copies with either markings or alterations of the foregoing.

12. The term "electronic data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files,

charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

13. The term "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include, but are not limited to, computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

14. The term "file fragment" refers to any electronic data file that exists as a subset of an original active file. A file fragment may be active or deleted. The cause of fragmentation can include, but is not limited to the execution of ordinary file management routines such as the creation of new files over parts of previously deleted files, the creation of files on disks which do not have enough contiguous blocks to write the file from beginning to end, where the file has been split up between several sections of the disk (each piece a fragment). Other causes include manual intervention, electronic surges, and/or physical defects on electronic media.

15. The term "network" means any hardware and/or software combination that connects two or more computers together and which allows the computers to share and/or transfer data between them. For the purposes of this definition, the connection between or among the microcomputers need not be either physical or direct, i.e., wireless networks, and sharing and/or transferring data via indirect routes utilizing modems and phone company facilities. In addition, there need not be a central file or data server nor a central network operating system in place, i.e., peer-to-peer networks and networks utilizing a mainframe host to facilitate data transfer.

16. The term "rotation" means any plan, policy or scheme that involves the re-use of an electronic media device after it has been used for backup, archival or other electronic data storage purposes, particularly if such re-use results in the alteration and/or destruction of the electronic data residing on the device prior to it's re-use.

17. The term "support" means any help or assistance provided to a user of a computer by another individual, either in an official job capacity or not. Such help or assistance may take the form of, but is not limited to, answering questions, in person or via mechanical means, direct intervention, training, software troubleshooting, hardware troubleshooting, programming, systems consulting, maintenance, repair and and/or user forums. Providers of support may be employees, contractors and/or other third-party providers.

18. A "draft" of any document means and includes any earlier, preliminary, preparatory or tentative version of all or part of a document, whether or not such draft was superseded by a later draft and whether or not the terms of the draft are the same as or different from the terms of the final document; a "copy" of a document means and includes each and every reproduction of a document which is not identical in every respect with the original of such document that is produced, including

photocopies of the original or final document on which any notations or handwritten notes have been added, and copies of documents where the original is not in your possession, custody or control.

19. The term "communications" refers to and includes any form of communication from one person or entity to another person or entity, regardless of whether written or oral, or whether by direct communication, carbon copy, or indirect communication through a third party.

20. The term "person" includes natural persons, firms, general partnerships, limited partnerships, associations, proprietorships, joint ventures, corporations, professional corporations, business trusts, banking institutions, insurance companies of whatever form, unincorporated organizations, governments, governmental agencies, commissions and other formally or loosely organized entities.

21. The plural shall include the singular and the singular shall include the plural.

22. Use of the masculine gender shall also include the feminine or neuter gender where appropriate.

23. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

24. The words "pertaining to" or "reflecting" are largely synonymous and mean: concerning, discussing, referring to, pertaining to, reflecting, evidencing, constituting, showing or regarding.

25. The terms "claim" or "claims" mean a demand for money or property made by one person upon another.

26. This request shall be deemed continuing so as to require further and supplemental response, pursuant to the requirements of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims.

27. The terms "identify" or "identity" as used herein, mean:

a. In the case of a person, to state the person's:

i. Name;

ii. Last known address and telephone number;

iii. Employer or business affiliations; and

iv. Occupation and position held.

b. In the case of a company or other entity, to state:

i. Its name;

ii. Whether a corporation, partnership or other form of business entity;

iii. Its principal place of business and telephone number; and

iv. The identity of persons having knowledge of the matters with respect to which the company is named.

c. In the case of a document, to state:

i. The identity of the person preparing it and the sender;

ii. Te title or a description of a general nature of its subject matter;

iii. The identity of its addressees, if any;

iv. Te date of its preparation;

v. The date and manner of distribution and publication, if any;

vi. The location of copies thereof and the identity of its present custodian; and

vii. Te identity of the person who can identify it.

d. In the case of an act or omission, to state:

i. A detailed description of the act or omission;

ii. The date when it occurred;

iii. The place where it occurred;

iv. The identity of the person or persons performing such acts, or in the case of an omission, the identity of the person or persons failing to act;

v. The identity of all persons who have knowledge of the act or omission;

vi. The date the act or omission first became known to you; and

vii. The circumstances and manner in which you first obtained such knowledge.

e. In the case of any electronic data, to state:

i. the software and/or operating system under which the data was created;

ii. the title and author of the data;

iii. the type of data (example: word processing document, spreadsheet, database, application program, etc.);

iv. all other means of identifying the data with sufficient particularity to meet the requirements for its inclusion in a Request for Production pursuant to the Rules of Civil Procedure; and,

v. the data's present or last known location or custodian, and if any such electronic data was, or no longer is, in the possession or subject to your control, state what disposition was made of it and the reason for such disposition.

28. None of the following interrogatories requesting to identify documents or communications shall be construed as extending to attorney-client communications, the work product of purely consulting experts or the mental impressions, opinions and/or conclusions of your attorney, and/or party communications made in anticipation of litigation.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state the names and dates of any project(s) to maintain or increase the height of levees at the Lost Lake Placement Area at any time from January 1, 1990, to January 1, 1999, and for each such project, please also state the identity of the prime contractor, the identity of the contractor actually working on the levees, the amount by which the levees were raised, and the source of the material used to raise the levees.

**ANSWER:**

**INTERROGATORY NO. 2:** Please state whether any borrow areas were created or developed adjacent to or near the existing levees at the Lost Lake Placement Area at any time between January 1, 1980, and January 1, 1999, and, if so, please state the date(s) of any such borrowing, the name of the contractor project, the identity of the prime contractor, the identity of the contractor which actually undertook the borrowing, and the location of the borrowing in relationship to the levees.

**ANSWER:**

**INTERROGATORY NO. 3:** Please state whether any surveys or cross sections were performed of any borrow areas at the Lost Lake Placement Area at any time since January 1, 1980, to January 1, 1999, and if so, please state the date(s) of any such surveys or cross sections, the identity fot he company undertaking any such surveys or cross sections, and the location of such surveys or cross sections.

**ANSWER:**

Respectfully submitted,

QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.

BY: ______________________________
Brian W. Erikson, TX Bar No. 06643800
Andrew M. Trusevich, TX Bar No. 00785119

2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)
ATTORNEYS FOR RENDA MARINE, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of January, 2004, a true and correct copy of Plaintiff, Renda Marine, Inc.'s Second Set of Interrogatories to Defendant, United States Army Corps of Engineers, was served via hand delivery by serving John E. Kosloske, Esq. at the offices of Esquire Depositions, 3401 Louisiana Street, Suite 300, Houston, Texas 77002.

______________________________
Brian W. Erikson

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., PLAINTIFF, | § | |
| | § | CASE NO. 02-306C |
| V. | § | |
| | § | (JUDGE HEWITT) |
| UNITED STATES ARMY CORPS OF ENGINEERS, DEFENDANT. | § | |

**THIRD REQUEST FOR PRODUCTION OF DOCUMENTS BY PLAINTIFF, RENDA MARINE, INC. TO DEFENDANT, UNITED STATES**

TO: United States, through its attorney of record, John E. Kosloske, Esq., Senior Trial Counsel, Commercial Litigation Branch, Department of Justice, Attn.: Classification Unit, 1100 L Street N.W., Room 8012, Washington, DC 20530.

Plaintiff, Renda Marine, Inc. ("Renda"), requests that you produce for discovery under the provisions of FED. R. CIV. P. 34 and RCFC 34, the items specified on Exhibit A attached hereto and incorporated herein for all purposes.

The documents listed on Exhibit "A" are to be produced for inspection and copying within thirty (30) days of the date of service of this request on you, in the offices of Quilling, Selander, Cummiskey & Lownds, 2001 Bryan Street, Suite 1800, Dallas, Texas 75201.

Respectfully submitted,

QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.

BY: ______________________
Brian W. Erikson, TX Bar No. 06643800
Andrew M. Trusevich, TX Bar No. 00785119

2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)
ATTORNEYS FOR RENDA MARINE, INC.

39

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of January, 2004, a true and correct copy of Plaintiff, Renda Marine, Inc.'s Third Request for Production of Documents to Defendant, United States Army Corps of Engineers, was served via hand delivery by serving John E. Kosloske, Esq. at the offices of Esquire Depositions, 3401 Louisiana Street, Suite 300, Houston, Texas 77002.

Brian W. Erikson