UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | § | |
| PLAINTIFF, | § | |
| | § | CASE NO. 02-306C |
| V. | § | |
| | § | (JUDGE HEWITT) |
| UNITED STATES ARMY | § | |
| CORPS OF ENGINEERS, | § | |
| DEFENDANT. | § | |

**RESPONSE BY RENDA MARINE, INC., TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Plaintiff, Renda Marine, Inc. ("Renda"), respectfully responds to Defendant's Motion for a Protective Order, as follows.

Defendant desires to block the reopening of discovery, despite the Court's May 14, 2004, Order, which reopened discovery, while vacating the Court's previous scheduling orders and the trial date. As matters stand, there is no trial date, there are no scheduling orders, and discovery is wide open.

Significantly, Defendant is not complaining of undue burden or privilege, or any other excuse from compliance with reasonable discovery.

The Court's May 14, 2004, Order was designed to resolve inequities caused by Defendant's withholding of documents during discovery. The May 14, 2004, Order resulted from two concerns: (1) Electronic discovery; and (2) Interrogatory No. 5 documents.

**Electronic Discovery**

Defendant withheld seven or eight boxes of documents from the twelve or thirteen boxes restored from Defendant's hard drives. The document restoration exercise was undertaken to resolve the Contracting Officer's practice of deleting from his hard drive e-mail and documents that he sent or received. Despite the Court's Order in July 2003 to preserve such documents, the destruction

continued. Renda's counsel learned of the continued spoliation in December 2003, after the Government finally allowed Renda's computer consultant access to the Government's hard drives. On December 17, 2003, Renda's counsel wrote a letter to the Government's attorney stressing that the Contracting Officer continued to delete his e-mail. A true copy of this December 17, 2003, letter is attached as Exhibit A.

Despite Renda's counsel's letter of December 17, 2003, the Contracting Officer continued to delete his e-mail. During his deposition on January 8, 2004, the Contracting Officer testified not only that his practice of deleting e-mail continued unabated but also that his Administrative Contracting Officer, Curtis Cole, routinely deleted his e-mail. A true copy of pertinent pages from Thomas Benero's deposition is attached as Exhibit B.

The ordering of the electronic discovery operation was intended to remedy the spoliation of evidence. The unchecked withholding of documents restored from that operation would frustrate the purpose of the remedial procedure. The Contracting Office deleted documents to prevent their disclosure. Once restored, the Government should have to produce them in a controlled environment, one designed to ensure that no relevant documents are again waylaid.

Part of the remedial process for the restoration of such relevant evidence is further discovery – depositions, interrogatories, requests for production, and requests for admission, etc. Relevant documents may raise intriguing questions – questions that only the Contracting Officer or his administrative staff can answer. Such documents may raise questions that involve the design engineers or others. Attempting to limit discovery in these circumstances would reward the Government for its spoliation of evidence. Documents that should have been produced much earlier were not, thus avoiding appropriate scrutiny and inquiry.

Limiting discovery would also occupy the Court's time as questions would invariably and repeatedly arise as to whether Renda could depose a particular person or ask a specific question or propound certain discovery. Since neither the Court nor Renda can tell what all information or documents will be revealed through the electronic discovery process, it is difficult if not possible to design a discovery process to accommodate the unknown. It is much easier simply to reopen discovery and allow the parties to conduct such discovery as the parties deem appropriate. Since the parties now have time, reopened discovery is an appropriate remedy for the spoliation.

**Interrogatory No. 5 Documents**

The Government also failed to produce documents that it promised in response to Renda's Interrogatory No. 5. These documents concern the Lost Lake levees and associated sidecast borrow areas, Renda's largest claim.

Renda expects that the Government's production of such documents will reveal that the Government had records detailing the nature and extent of the sidecast borrow areas ringing the perimeter levees at the Lost Lake Placement Area. The records should show that the soil borings that the Government included in the bid solicitation for the Upper Bayou Project in the area of the sidecast borrow areas were no longer accurate, and did not reflect the conditions that the prospective bidders would confront. Nevertheless, despite actual knowledge of the misleading bid solicitation information and mischaracterization of the actual site conditions, the Government concealed such facts from prospective bidders.

When the Government finally produces these documents, Renda will need further discovery: depositions of the authors and recipients, and perhaps further requests for production of documents and requests for admissions. Without reviewing the documents, Renda cannot determine where they will lead and the nature and extent of appropriate discovery.

In reopening discovery, the Court recognized that Defendant's production of the withheld documents will require further investigation and discovery. Neither the Court nor Renda can tell to what extent the documents produced may lead to other relevant documents or witnesses.

To jumpstart the production of Interrogatory No. 5 documents, Renda's counsel wrote to the Government's counsel on May 13, 2004, inquiring as to when and where the documents would be produced. A true copy of this May 13, 2004, letter is attached as Exhibit C.

On May 14, 2004, Renda's counsel wrote to the Government's counsel inquiring as to whether the Government would be producing the documents promised in response to Renda's Request for Production of Documents Nos. 27 and 28, as well as the Interrogatory No. 5 documents. A true copy of this letter of May 14, 2004, is attached as Exhibit D.

In response, on May 14, 2004, the Government's attorney wrote to Renda's counsel concerning Defendant's Responses to Request Nos. 15, 27, and 28 of Renda's First Request for Production of Documents. The Government advised that Alex Petty, the Corps of Engineers' Assistant District Counsel, would coordinate and oversee the production of the documents, and would contact Renda's counsel concerning logistics. A true copy of the Government's attorney's letter of May 14, 2004, is attached as Exhibit E.

Later on May 14, 2004, Renda's counsel dispatched a telecopy to the Government's attorney noting the Court's reopening of discovery and requesting that the Government answer/respond to Renda's Third Request for Production of Documents and Second Set of Interrogatories. The telecopy also requested that the Government produce the documents promised in response to Request for Production Nos. 27 and 28. A true copy of this May 14, 2004, telecopy is attached as Exhibit F.

On May 17, 2004, the Government's attorney responded acknowledging that discovery had been reopened, but contending that the reopening was only for limited purposes. A true copy of this May 17, 2004, letter is attached as Exhibit G.

By letter of May 17, 2004, Renda's counsel responded, quoting from the Court's May 14, 2004, Order, which in paragraph (2) stated that "the current pre-trial date and trial dates are VACATED, and discovery is REOPENED. The Court's scheduling orders dated October 18, 2002, September 10, 2003, and March 19, 2004 are hereby SUPERCEDED and the due dates therein are VACATED." (Emphasis original.) The letter then listed four areas where Renda sought the Government's cooperation: (1) Interrogatory No. 5 documents; (2) Request for Production Nos. 27 and 28 of Renda's First Request for Production of Documents; (3) Answering/responding to Renda's Second Set of Interrogatories and Third Request for Production of Documents; and (4) Producing specified expert witness deposition transcripts, reports and trial transcripts, previously requested in deposition notices and subpoenas duces tecum. A true copy of this May 17, 2004, letter is attached as Exhibit H. Renda extended a thirty day response deadline for the discovery, offering more time if requested.

By letter of May 19, 2004, Renda's counsel wrote to Mr. Petty and inquired as to when the documents responsive to Interrogatory No. 5 and Request for Production of Document Nos. 15, 27 and 28 would be made available for Renda's inspection. A true copy of the May 19, 2004, letter is attached as Exhibit I.

When Mr. Petty had not responded, Renda's counsel wrote again on May 25, 2004, inquiring as to when and where the Corps of Engineers would be producing documents responsive to Renda's Interrogatory No. 5 and Request for Production of Document Nos. 15, 27, and 28. A true copy of this letter is attached as Exhibit J.

Where there was still no response from Mr. Petty, Renda's counsel wrote again on May 27, 2004, to inquire as to when the Corps of Engineers would be producing documents responsive to Interrogatory No. 5 and Request for Production of Document Nos. 15, 27, and 28. A true copy of this letter is attached as Exhibit K.

Finally, by letter of June 1, 2004, Mr. Petty wrote to advise that he was working with the Galveston District to obtain the specified files. A true copy of this letter is attached as Exhibit L.

Renda still awaits the documents. Renda still awaits any indication that documents will actually be produced.

Renda could obtain the documents requested through a Freedom of Information Act Request ("FOIA Request"). In fact, to demonstrate the point, Renda has submitted the FOIA Request (attached as Exhibit M) to the Government. Whether the Government produces the documents under FOIA or under Rule 34 of the Court of Federal Claims Rules of Procedure matters somewhat (e.g., no duty to supplement), but the same documents would be produced.

**Discussion**

There was good reason to reopen discovery. The Government had failed to produce a significant amount of documents on Renda's biggest claim. The Government has yet to produce the Interrogatory No. 5 documents or even provide any indication when it will do so. The Court vacated the trial date and all the scheduling orders. There currently is no trial date. There is no reason not to reopen discovery. Under the circumstances, it was fair to reopen discovery. Defendant should not benefit by its delay in producing documents.

The Court's May 14, 2004, Order is not ambiguous. The Order clearly and expressly reopens discovery. The Order cannot be read any other way.

Accordingly, the Government's Motion for Protective Order should be denied.

Respectfully submitted,

QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.

BY: s/BRIAN W. ERIKSON
Brian W. Erikson, TX Bar No. 06643800
Eric A. Zukoski, TX Bar No. 24010509
Andrew M. Trusevich, TX Bar No. 00785119

2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)

ATTORNEYS FOR RENDA MARINE, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of June, 2004, a true and correct copy of Renda Marine, Inc.'s Response to Defendant's Motion for a Protective Order, was served electronically through the CM/ECF system for the Court of Federal Claims.

s/Brian W. Erikson
Brian W. Erikson

QSCL
QUILLING · SELANDER · CUMMISKEY · LOWNDS

BRIAN W. ERIKSON
Direct: 214.880.1844

E-mail: berikson@qsclpc.com

December 17, 2003

John E. Kosloske, Esq.
Senior Trial Counsel, Commercial Litigation Branch
Department of Justice
Attn.: Classification Unit
1100 L Street, N.W., Room 12052
Washington, D.C. 20005

Re: Case No. 02-306C; *Renda Marine, Inc. v. United States Army Corps of Engineers*; United States Court of Federal Claims; DACW64-99-C-0001, Dredging Upper Bayou

Dear Mr. Kosloske:

In response to yours of November 26, 2003, concerning the attempts to retrieve data from Corps of Engineers' computers and backup tapes, I note the following.

Judge Hewitt ordered that the Corps preserve electronic data and evidence. Federal case law requires that the Corps preserve electronic data and evidence. Nevertheless, the Corps continues to delete electronic data and evidence.

Thomas Benero has continued to delete his email. When Universal Document Solutions examined Mr. Benero's computer hard drive, it appeared as if the hard drive were brand new. In fact, UDS asked if Mr. Benero's computer or hard drive were new. The corps IT personnel advised that it was the same computer and hard drive that Mr. Benero has been using for at least the last two years. Clearly, Mr. Benero is not honoring the Court's Order to preserve electronic data.

As another example, after a female Corps employee died, the Corps' IT personnel reformatted her hard drive, deleting all the information on it.

Judge Hewitt had ordered the Corps to preserve and turn over a copy of the oldest ackup tape for the email system. This tape had perhaps the most importance, and likely contains email that Mr. Benero deleted. The Corps had been telling UDS for quite some time that the Corps has been trying without success, to retrieve data from the backup tape. The Corps finally provided UDS with a copy of the backup tape, declaring that the tape was corrupted, and the data irretrievable.



EXHIBIT
A

With minimal effort, UDS retrieved the data from the tape, and will be sharing the data with the Corps.

UDS now needs to retrieve relevant documents and email from the data collected from the Corps. Alex Petty provided a four word search list. We are adding to the search term list. Please advise if you have any search terms which you wish that we include.

Obviously, the delayed turnover of the email backup tape, and recent retrieval of data has set back the completion of UDS's work. So that I can address the remainder of your letter, please provide the following information.

(1) Why did it take the Corps so long to announce that it could not retrieve data from the email backup tape?

(2) Why was the Corps unable to retrieve data from the email backup tape?

(3) Why is Mr. Benero continuing to delete his email and documents?

(4) Why is the Corps reformatting hard drives of persons with relevant knowledge?

Please respond at your earliest convenience.

Sincerely yours,

Brian W. Erikson

BWE/ga

cc: Oscar Renda

S:\Construction\Renda Marine\Upper Bayou 565.09\Kosloske 035.wpd

*************** -COMM JURNAL- ******************* DATE DEC-18-20 **** TIME 10:41 ********

MODE = MEMORY TRANSMISSION START=DEC-18 10:40 END=DEC-18 10:41

FILE NO.=303

| STN NO. | COMM. | ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | 2 | 12025148624 | 003/003 | 00:00:27 |

-Q S C L -

************************************** -Q S C L - ***** - 214 871 2111- *********

QSCL
QUILLING • SELANDER • CUMMISKEY • LOWNDS

# FAX TRANSMITTAL

TO: John E. Kosloske
Senior Trial Counsel, Commercial Litigation
Department of Justice, Civil Division

FAX NO: (202) 514-8624

FROM: Brian W. Erikson

DATE: December 18, 2003

CLIENT MATTER NUMBER: Renda Marine / Upper Bayou / 565.0009

NUMBER OF PAGES INCLUDING COVER PAGE: 3

IF YOU DO NOT RECEIVE ALL MATERIALS BEING TRANSMITTED, PLEASE CALL OUR OFFICE AT (214) 871-2100.

**COMMENTS:**

The information contained in this facsimile message is legally privileged and confidential information which is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this message is strictly prohibited. If you have received this message in error, the material herewith should be destroyed immediately and the sender listed above should be notified by telephone.

S:\Construction\Renda Marine\Upper Bayou 565.09\Kosloske Fax.wpd

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RENDA MARINE, INC., )
Plaintiff, )
)
vs. ) CASE NO. 02-306C
)
THE UNITED STATES, )
Defendant. )

ORAL DEPOSITION
THOMAS BENERO
January 8, 2004

ORAL DEPOSITION OF THOMAS BENERO, produced as a witness at the instance of the Plaintiff and duly sworn, was taken in the above-styled and numbered cause on the 8th day of January, 2004, from 9:02 a.m. to 5:06 p.m., before Stacey Whitley, Certified Shorthand Reporter in and for the State of Texas, reported by computerized stenotype machine at the offices of the United States Corps of Engineers, 2000 Fort Point Road, 2nd Floor, Galveston, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

A. Yes.
Q. And then it got further damaged?
A. Yes.
(Exhibit 44 marked)
Q. (BY MR. ERIKSON) Incidentally, do you still delete your E-mail?
A. Yes. It has worked very well for me the last 15 to 20 years. Why change something that ain't broke?
Q. Okay. Do you know of anybody else in the Corps who routinely deletes their E-mail?
A. Curtis Cole. He and I operate pretty similar. I asked him the same question. He does not keep a lot of stuff in personal folders and I don't either. Like I said, if I get a response to something, if it is information that I'm looking for, setting up a meeting or whatever, I get the answer, I'm satisfied with it. If I need to make a copy, I'll make a copy, stick it in the contract folder. Done.
Q. Okay. The court reporter has marked for identification as Benero Exhibit No. 44 a Steve Bowman letter signed by Mr. Smith to you dated April 16, 2001. Do you see that?
A. Yes.
Q. And this letter concerns Renda's dredge, again, hitting obstructions and debris on the Upper Bayou project, right?

I, THOMAS BENERO, have read the foregoing deposition and hereby affix my signature that same is true and correct, except as noted above.

Thomas Benero
THOMAS BENERO

THE STATE OF )
COUNTY OF )

Before me, RUBEN R. VILLAGRAN, on this day personally appeared THOMAS BENERO, known to me ~~or proved to me on the oath of~~ ~~or through~~ (description of identity card or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/~~she~~ executed the same for the purpose and consideration therein expressed.

Given under my hand and seal of office on this 3rd day of MARCH, 2004.

Ruben R. Villagran
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission Expires:

RUBEN R. VILLAGRAN
Notary Public, State of Texas
My Commission Expires
January 02, 2005

STATE OF TEXAS

COUNTY OF HARRIS

REPORTER'S CERTIFICATE

ORAL DEPOSITION OF THOMAS BENERO

January 8, 2004

I, the undersigned Certified Shorthand Reporter in and for the State of Texas, certify that the facts stated in the foregoing pages are true and correct.

I further certify that I am neither attorney or counsel for, related to, nor employed by any parties to the action in which this testimony is taken and, further, that I am not a relative or employee of any counsel employed by the parties hereto or financially interested in the action.

SUBSCRIBED AND SWORN TO under my hand and seal of office on this the 22nd day of January, 2004.

Stacey Whitley by Norma DeLaCruz

Stacey Whitley, CSR
Texas CSR 3999
Expiration: 12/31/2005
ESQUIRE DEPOSITION SERVICES
Firm Registration No.: 03
3401 Louisiana, Suite 300
Houston, Texas 77002
713-524-4600

QSCL
QUILLING · SELANDER · CUMMISKEY · LOWNDS

BRIAN W. ERIKSON

Federal ID #75-2459334
Direct Line: 214.880.1844
E-mail: berikson@qsclpc.com

May 13, 2004

John E. Kosloske, Esq.
Senior Trial Counsel, Commercial Litigation Branch
Department of Justice
Attn.: Classification Unit
1100 L Street, N.W., Room 12052
Washington, D.C. 20005

***Via Facsimile & Certified Mail - Return Receipt Requested***

Re: Case No. 02-306C; *Renda Marine, Inc. v. United States Army Corps of Engineers*; United States Court of Federal Claims; DACW64-99-C-0001, Dredging Upper Bayou

Dear Mr. Kosloske:

Please advise when and where I can inspect the documents that the Government is producing in connection with its response to Interrogatory No. 5 in Renda Marine's First Set of Interrogatories.

Sincerely yours,

Brian W. Erikson

BWE/adp

cc: Oscar Renda

S:\Construction\Renda Marine\Upper Bayou 565.09\Kosloske 073.wpd



EXHIBIT C

MODE = MEMORY TRANSMISSION START=MAY-13 16:18 END=MAY-13 16:19

FILE NO.=444

| STN NO. | COMM. | ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
| --- | --- | --- | --- | --- | --- |
| 001 | OK | ☎ | 12025148624 | 002/002 | 00:00:18 |

-Q S C L -

**************************************** -Q S C L - ***** - 214 871 2111- *********

# FAX TRANSMITTAL

TO: John E. Kosloske
Senior Trial Counsel, Commercial Litigation
Department of Justice, Civil Division

FAX NO: (202) 514-8624

FROM: Brian W. Erikson

DATE: May 13, 2004

CLIENT MATTER NUMBER: Renda Marine / Upper Bayou / 565.0009

NUMBER OF PAGES INCLUDING COVER PAGE: 2

IF YOU DO NOT RECEIVE ALL MATERIALS BEING TRANSMITTED, PLEASE CALL OUR OFFICE AT (214) 871-2100.

**COMMENTS:**

The information contained in this facsimile message is legally privileged and confidential information which is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this message is strictly prohibited. If you have received this message in error, the material herewith should be destroyed immediately and the sender listed above should be notified by telephone.

S:\Construction\Renda Marine\Upper Bayou 565.09\Kosloske-cam Fax.wpd

MR. BRIAN W. ERIKSON
QSCL, P.C.
2001 BRYAN STREET, SUITE 1800
DALLAS, TX 75201

4. Restricted Delivery? (Extra Fee) ☐ Yes

3. Service Type: CERTIFIED

2. Article Number: 7180 2708 8598 4500 8503

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: (☐ Addressee or ☐ Agent)

X

B. Received By: *(Please Print Clearly)*

C. Date of Delivery

D. Addressee's Address *(If Different From Address Used by Sender)*

Secondary Address / Suite / Apt. / Floor *(Please Print Clearly)*

Delivery Address

City State ZIP + 4 Code

7180 2708 8598 4500 8503

**1. Article Addressed To:**

MR. JOHN E. KOSLOSKE
DEPARTMENT OF JUSTICE, CIVIL DIVIS
ATTN.: CLASSIFICATION UNIT
1100 L STREET, N.W., ROOM 12052
WASHINGTON DC 20005

QSCL
QUILLING · SELANDER · CUMMISKEY · LOWNDS

BRIAN W. ERIKSON

Federal ID #75-2459334
Direct Line: 214.880.1844
E-mail: berikson@qsclpc.com

May 14, 2004

John E. Kosloske, Esq.
Senior Trial Counsel, Commercial Litigation Branch
Department of Justice
Attn.: Classification Unit
1100 L Street, N.W., Room 12052
Washington, D.C. 20005

***Via Facsimile & Certified Mail - Return Receipt Requested***

Re: Case No. 02-306C; *Renda Marine, Inc. v. United States Army Corps of Engineers*; United States Court of Federal Claims; DACW64-99-C-0001, Dredging Upper Bayou

Dear Mr. Kosloske:

I trust that the Government will produce the documents it promised in response to Request Nos. 27 and 28 for Renda Marine's First Request for Production of Documents, along with the documents promised in response to Interrogatory No. 5. If not, please advise so that I can have the Court address the matter.

Sincerely yours,

Brian W. Erikson

BWE/adp

cc: Oscar Renda

S:\Construction\Renda Marine\Upper Bayou 565.09\Kosloske 074.wpd

CERTIFIED MAIL

RE: Renda Marine/565.09



EXHIBIT D

MODE = MEMORY TRANSMISSION START=MAY-14 12:12 END=MAY-14 12:13

FILE NO.=459

| STN NO. | COMM. | ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | ☎ | 12025148624 | 002/002 | 00:00:19 |

-Q S C L -

************************************** -Q S C L - ***** - 214 871 2111- *********

# FAX TRANSMITTAL

TO: John E. Kosloske
Senior Trial Counsel, Commercial Litigation
Department of Justice, Civil Division

FAX NO: (202) 514-8624

FROM: Brian W. Erikson

DATE: May 14, 2004

CLIENT MATTER NUMBER: Renda Marine / Upper Bayou / 565.0009

NUMBER OF PAGES INCLUDING COVER PAGE: 2

IF YOU DO NOT RECEIVE ALL MATERIALS BEING TRANSMITTED, PLEASE CALL OUR OFFICE AT (214) 871-2100.

**COMMENTS:**

Please see attached.

The information contained in this facsimile message is legally privileged and confidential information which is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this message is strictly prohibited. If you have received this message in error, the material herewith should be destroyed immediately and the sender listed above should be notified by telephone.

S:\Construction\Renda Marine\Upper Bayou 565.09\Kosloske Fax.wpd