# DEFENDANT'S SUPPLEMENTAL APPENDIX

# INDEX TO DEFENDANT'S SUPPLEMENTAL APPENDIX

**Document** **Page**

Portions of transcript of telephonic hearing on May 13, 2004 ........................................ 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RENDA MARINE, INCORPORATED, )
)
Plaintiff, )
)
v. ) Docket No.: 02-306C
)
UNITED STATES, )
)
Defendant. )

Room 712
National Courts Building
717 Madison Place N.W.
Washington, D.C. 20005

Thursday,
May 13, 2004

The parties met, pursuant to notice of the Court, at 12:01 p.m.

BEFORE: HONORABLE EMILY C. HEWITT
Judge

APPEARANCES:

For the Plaintiff:

BRIAN ERIKSON, Esquire
Quilling, Selander, et al.
2001 Bryan Tower, Suite 1800
Dallas, Texas 75201
(214) 880-1844

For the Defendant:

JOHN EDGAR KOSLOSKE, Esquire
U.S. Department of Justice
Civil Division
Litigation Branch
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
(202) 307-0282

P R O C E E D I N G S

(12:01 p.m.)

THE COURT: Good morning or afternoon, as the case may be.

MR. ERIKSON: Good afternoon, Your Honor, Brian Erikson.

MR. KOSLOSKE: Good afternoon, Your Honor.

THE COURT: The purpose of the call is to deal with a motion for enlargement from the United States, and a motion to compel from the Plaintiff. Let me ask if there are any other matters to add to the agenda at this time. Mr. Erikson?

MR. ERIKSON: Not that I know of, Your Honor.

THE COURT: Thank you. Mr. Kosloske?

MR. KOSLOSKE: No, Your Honor.

THE COURT: Thanks. All right. We are on the record with Heritage Court Reporting, and if you -- when you do speak, even if you are making a brief comment, or in response to or in a colloquy with the Court, if you would go ahead and state your name at the beginning of your remarks so that way we will be able to keep a clear record.

The Court, after looking at the papers, thinks there is two matters that I think that we can

stand, Mr. Erikson, my question asks for a yes or a no.

MR. ERIKSON: I'm sorry, Your Honor. Could you repeat the question?

THE COURT: Certainly. Would you expect to find in these documents illumination about the types of materials encountered?

MR. ERIKSON: Probably yes, Your Honor.

THE COURT: Would you say that these documents are material to the Plaintiff's case in that regard?

MR. ERIKSON: Yes, Your Honor.

THE COURT: I will express some frustration here, because the Court has done some very -- what I have referred to I think previously as athletic scheduling to try to bring this case to a prompt trial.

And it is not the purpose of the Court to have the Plaintiff contractor be unable to have the resources to bring his case. That is not our purpose. But the athletic efforts that we have made to bring this to a speedy trial have been at the behest of the Plaintiff from the very beginning.

And I must tell you, Mr. Erikson, that Mr. Kosloske, in the view of the Court, has the better of

it on where the ball falls on whether or not the Plaintiff has had an opportunity to look at these documents.

That is, the documents -- this is the way that it looks to the Court. About a year-and-a-half ago the documents were requested. Not much less than that the documents were identified in a response.

Then over a year passed. The discovery deadline passed, and only in the course of preparing apparently exhibit lists in preparation for the pre-trial activities did the Plaintiff notice that a hunk of its evidence had not been gathered.

I mean, I think that is what it looks like to the Court, looks to the Court like what happened. Now, I am not -- I am unwilling to have the contractor in this circumstance, I am unwilling to have the contractor disadvantaged by those sets of circumstances where this is a significant claim, and with potentially significant evidence that has not been examined.

I am also unwilling to conduct a trial in absolute chaos. I am prepared to allow the motion to the extent of allowing -- the government has already said it will provide -- it would produce documents relating to the contract. It has already offered

that. That offer has not been taken up. Now is the time to take it up.

What that will result in is the Court will vacate the trial date, and we will simultaneously perform other activities in connection with pre-trial, which is that we will review the documents. We will set up at the conclusion of this hearing a schedule to review UDS documents so that we can determine yea or nay whether the discovery so far has been under-inclusive in connection with the electronic review.

And we will also of course review the in camera -- as well as in camera, we will review the attorney-client. And then we will set a date. We recognize that this itself is -- and I think it has been indicated that looking at just the section of documents that are described in Interrogatory 5 could be a pretty substantial undertaking.

We would give a date in the fall, mid-fall probably, by which the parties would advise -- I think the United States has already stated that it is ready for trial.

The Plaintiff would state that it is ready to put forward a final list of exhibits, and then we would allow the Plaintiff to amend pre-trial fillings, put forward a final list of exhibits and witnesses.

It would not include new witnesses, but would revise its exhibits to correct these omissions, and then we would schedule a trial from there, including the pre-trial activities.

That is the best that I can think of to do here in order to -- not to have the Plaintiff suffer from the omission to review a available and potentially important source. That is the result of the thing.

I feel or take some comfortable to the point of the view of the Plaintiff that this is a Contract Disputes Act case, which does afford in the case of money owed an interest remedy, as well as a principal remedy.

So that I feel that if there were money owed to the Plaintiff contractor that the delay would be -- delay is always a problem, but it is less burdensome than it might be in some other cases.

That is my instinct just based on the argument of what to do, and I will hear comment, but I am not sure that I can think of a better thing. Go ahead.

MR. ERIKSON: Your Honor, I need to talk to my client about what the Court is suggesting.

THE COURT: The Court is not necessarily