# DEFENDANT'S APPENDIX

# INDEX TO DEFENDANT'S APPENDIX

**Document** **Page**

Letter dated 7/1/04 from defendant's counsel to plaintiff's counsel .............................. 1

Portions of "Defendant's Responses to Plaintiff's First Set of Interrogatories" .............. 3

Portions of "Defendant's Responses to Requests Nos. 15, 27, and 28 of Plaintiff's First Request for Production of Documents" ................................. 7

Government records retention documents re: Contracts DACW64-88-C-0025, DACW64-89-C-0042, DACW64-90-C-0018, and DACW64-92-C-0049 ........ 12

**U.S. Department of Justice**

Civil Division

JKosloske
DJ # 154-02-306

Telephone: (202) 307-0282
Telecopy: (202) 514-8624

*Washington, D.C. 20530*

By Telecopy and First Class Mail

July 1, 2004

Brian W. Erikson, Esq.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(Telecopy: (214) 871-2111)

Re: Renda Marine, Inc. v. United States,
No. 02-306C (Fed. Cl.)

Dear Mr. Erikson:

This is a follow-up to your June 24, 2004 telephonic request regarding the status of the Government's production of the documents for the eight dredging projects in the Upper Bayou area referred to in our response to plaintiff's Interrogatory No. 5 in this case. As you know, I asked Alex Petty of the Corps' Office of Counsel for the Galveston District to coordinate and oversee production of these materials. On June 30, 2004, Mr. Petty advised us that documents relating to the four most recent dredging projects (contracts DACW64-95-C-0011, DACW64-96-C-0032, DACW64-97-C-0028, and DACW64-99-C-0012) have been located and are ready for inspection by plaintiff.

The Corps searched for documents related to the four earlier dredging projects (contracts DACW64-88-C-0025, DACW64-89-C-0042, DACW64-90-C-0018, and DACW64-92-C-0049), but, to date, has not located any such documents. Individuals responsible for maintaining these records and pertinent "Records Transmittal and Receipt" documents indicate that boxes containing documents related to these four dredging projects were designated for destruction in 1995 (DACW64-88-C-0025), 1997 (DACW64-89-C-0042), 1997 & 1998 (DACW64-90-C-0018), and 2000 (DACW64-92-C-0049).

You may contact Mr. Petty to arrange a date and time for plaintiff's inspection of the documents related to contracts DACW64-95-C-0011, DACW64-96-C-0032, DACW64-97-C-0028, and DACW64-99-C-0012 at the Corps' Galveston District office. Please note that Mr. Petty will be away from his office on leave during July 1-6, 2004.

Very truly yours,

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch

cc: Alex Petty, Esq.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to rules 26 and 33 of the United States Court of Federal Claims, defendant, the United States, responds to the "First Set of Interrogatories by Plaintiff, Renda Marine, Inc. to Defendant, United States Army Corps of Engineers" dated November 1, 2002, as follows:

FILE

GENERAL STATEMENTS AND OBJECTIONS

1. The word usage and sentence structure is that of the attorney who prepared these responses and does not purport to be the exact language of the executing parties.

2. The information supplied in these responses is that currently available to defendant, its agents, representatives, or attorneys, unless privileged. Discovery in this litigation has not been completed, and defendant's investigation into the facts relevant to plaintiff's claims is continuing. Defendant, therefore, reserves the right to supplement or modify the responses to these interrogatories, as appropriate, if and when additional information becomes available through discovery, consultation with potential expert witnesses, or otherwise. Defendant further reserves the right to introduce at trial any testimonial, documentary, or other form of evidence of facts yet to be discovered.

3. Defendant objects to plaintiff's interrogatories to the extent that they request information that is protected by the attorney-client privilege, the attorney work product doctrine, or other recognized exemptions from disclosure.

4. Defendant objects to plaintiff's interrogatories to the extent that they are overly broad, vague, ambiguous, oppressive, or unduly burdensome.

5. Defendant incorporates by reference the above general objections into its responses to the individual interrogatories below.

INTERROGATORY NO. 5: Please state the identity of any persons who have borrowed or excavated material from the area of the Upper Bayou Project at any time in the last 15 years, the date(s) of any such borrowing or excavating, the approximate amount of material borrowed or excavated, the identity of each person with knowledge of any such material borrowed or excavated, and the identity of any documents pertaining to or reflecting any such material borrowed or excavated.

RESPONSE: Plaintiff (various individuals) borrowed or excavated material from the Lost Lake Placement Area between 1998 and 2001. Defendant does not know the exact amount of material that plaintiff borrowed or excavated from the Lost Lake Placement Area. However, we believe that it exceeds several thousand yards. Persons with knowledge include Eric Russek, Mike McClenan, Tim Few, Wendell Mears, Leon Hrabovsky, Charles Baron, Eddie Fisher, Steve Bowman, Rudy Renda. Relevant documents include plaintiff's daily reports.

Additionally, Corps of Engineers contracts for dredging work performed in the area of the Upper Bayou Project during the period from 1987 to 1999 are listed in the document at Tab B to "Defendant's Responses to Requests Nos. 15, 27, and 28 of Plaintiff's First Request for Production of Documents" dated January 3, 2003. In defendant's response to document production requests 27 and 28, we have offered to produce documents relating to those contracts for plaintiff's inspection at a mutually convenient time and place. Those documents may contain information requested by this interrogatory. Pursuant to RCFC 33(d), we will produce the documents for plaintiff's examination at a mutually convenient time and place.

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

JANUARY 3, 2003

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSES TO REQUESTS NOS. 15, 27, AND 28 OF PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to RCFC 26 and 34, defendant, the United States, responds to document production requests 15, 27, and 28 contained in the "First Request for Production of Documents by Plaintiff, Renda Marine, Inc., to Defendant, United States Army Corps of Engineers" dated November 1, 2002, as follows:

FILE

REQUEST NO. 15: Any written policies, procedures and guidelines as they relate to computers, electronic data, and electronic media regarding:

A. File naming conventions and standards

B. Diskette labeling standards

C. Back up tape rotation schedules

D. Electronic media retention/destruction schedules; and,

E. Corporate policies concerning employee use of company computers and data.

RESPONSE: Defendant has identified documents responsive to this production request, copies of which are appended at Tab A.

REQUEST NO. 27: Any surveys, soundings, evaluations, or results from previous projects in the area of the Upper Bayou Project.

RESPONSE: Corps of Engineers contracts for dredging work performed in the area of the Upper Bayou Project during the period from 1949 to 1999 are listed in the spreadsheet at Tab B. Documents relating to those contracts, which may contain information responsive to this production request, are stored at facilities in Galveston and Fort Worth, Texas. Defendant will produce those materials for plaintiff's inspection at a mutually convenient time and place.

REQUEST NO. 28: Any records or documents concerning any dredging, borrowing, deposits, filling, surveying, or other construction activity in the area of the Upper Bayou Project prior to the issuance of the notice to proceed with construction on the Upper Bayou Project.

RESPONSE: Corps of Engineers contracts for dredging work performed in the area of the Upper Bayou Project during the period from 1949 to 1999 are listed in the spreadsheet at Tab B. Documents relating to those contracts, which may contain information responsive to this production request, are stored at facilities in Galveston and Fort Worth, Texas. Defendant will produce those materials for plaintiff's inspection at a mutually convenient time and place.

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

JANUARY 3, 2003

| ContractNum | Contractor | ActStrt | WorkComp | ContType | Channel | Total Pay Yardage |
|---|---|---|---|---|---|---|
| DACW6449C1931 | Alantic Gulf and Pacific Company | 05-Jul-49 | 25-Nov-49 | New Work Dredging | Morgans Point to Carpenters Bayou | 3,137,934 |
| DACW6450C0429 | Alantic Gulf and Pacific Company | 13-Jan-50 | 15-May-50 | New Work Dredging | Morgans Point to Carpenters Bayou | 3,797,290 |
| DACW6451C0890 | Alantic Gulf and Pacific Company | 08-Feb-51 | 26-Apr-51 | New Work Dredging | Morgans Point to Carpenters Bayou | 2,135,626 |
| DACW6451C0941 | Alantic Gulf and Pacific Company | 25-Apr-51 | 27-Apr-52 | New Work Dredging | Carpenters Bayou to Greens Bayou | 3,747,914 |
| DACW6452C1231 | Alantic Gulf and Pacific Company | 05-Feb-52 | 21-Apr-52 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,280,453 |
| DACW6452C1449 | Alantic Gulf and Pacific Company | 24-Apr-52 | 15-Jun-53 | New Work Dredging | Carpenters Bayou to Greens Bayou | 3,733,053 |
| DACW6453C2068 | Standard Dredging Corp. | 06-Apr-53 | 19-Aug-53 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,421,779 |
| DACW6453C2411 | Alantic Gulf and Pacific Company | 21-Sep-53 | 08-Apr-54 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,547,692 |
| DACW6455C0017 | Alantic Gulf and Pacific Company | 27-Oct-55 | 12-Dec-55 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,226,129 |
| DACW6457C0006 | Alantic Gulf and Pacific Company | 30-Aug-56 | 12-Mar-57 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,369,408 |
| DACW6458C0176 | Alantic Gulf and Pacific Company | 10-Jun-58 | 24-Sep-58 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 3,211,008 |
| DACW6461C0084 | Alantic Gulf and Pacific Company | 16-Feb-61 | 14-Nov-61 | New Work Dredging | Morgans Point to Carpenters Bayou | 5,346,051 |
| DACW6461C0117 | Alantic Gulf and Pacific Company | 21-May-61 | 12-Feb-62 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,463,397 |
| DACW6462C0055 | T.L. James & Company, Inc. (Area Office) | 08-Nov-61 | 14-Sep-63 | New Work Dredging | Carpenters Bayou to Greens Bayou | 4,969,399 |
| DACW6462C0226 | Alantic Gulf and Pacific Company | 31-May-62 | 16-Sep-63 | New Work Dredging | Carpenters Bayou to Greens Bayou | 7,738,855 |
| DACW6464C0107 | Standard Dredging Corp. | 13-Jan-64 | 02-Apr-65 | New Work Dredging | Morgans Point to Carpenters Bayou | 7,745,380 |
| DACW6464C0186 | T.L. James & Company, Inc. (Area Office) | 03-Nov-64 | 07-May-65 | New Work Dredging | Carpenters Bayou to Greens Bayou | 3,224,363 |
| DACW6466C0106 | Bauer Dredging | 27-Apr-66 | 12-Oct-66 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 3,109,765 |
| DACW6468C0048 | T.L. James & Company, Inc. (Area Office) | 17-Jan-68 | 20-Aug-68 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 3,215,614 |
| DACW6468C0130 | Alantic Gulf and Pacific Company | 13-Aug-68 | 23-Dec-68 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 1,287,593 |
| DACW6469C0087 | Alantic Gulf and Pacific Company | 07-Aug-69 | 19-Oct-69 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 136,686 |
| DACW6470C0062 | Alantic Gulf and Pacific Company | 28-Apr-70 | 21-Jul-70 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,591,474 |
| DACW6472C0051 | Great Lakes Dredge & Dock Company (Area Office) | 24-Apr-72 | 21-Jun-72 | Maintenance Dredging | Morgans Point to Greens Bayou | 1,715,341 |
| DACW6474C0044 | Alantic Gulf and Pacific Company | 04-Jan-74 | 15-May-74 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 850,214 |
| DACW6475C0076 | T.L. James & Company, Inc. (Area Office) | 25-Mar-75 | 31-Jul-75 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,957,799 |
| DACW6475C0105 | T.L. James & Company, Inc. (Area Office) | 25-Jun-75 | 15-Jan-76 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 971,666 |
| DACW6476C0051 | T.L. James & Company, Inc. (Area Office) | 10-May-76 | 02-Aug-76 | New Work Dredging | Morgans Point to Carpenters Bayou | 491,409 |
| DACW6477C0016 | Mike Hooks, Inc. | 17-Feb-77 | 30-Sep-77 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 964,127 |
| DACW6478C0028 | T.L. James & Company, Inc. (Area Office) | 10-May-78 | 28-Nov-78 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 1,357,924 |
| DACW6480C0065 | T.L. James & Company, Inc. (Area Office) | 23-Sep-80 | 15-Jun-81 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,974,432 |
| DACW6483C0008 | T.L. James & Company, Inc. (Area Office) | 02-May-83 | 18-Oct-83 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 1,062,844 |
| DACW6484C0035 | Bean Dredging Corporation | 06-Oct-84 | 24-Mar-85 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 3,252,658 |
| DACW6486C0022 | T.L. James & Company, Inc. (Area Office) | 14-May-86 | 22-Aug-86 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 607,330 |
| DACW6488C0025 | T.L. James & Company, Inc. (Area Office) | 11-Jul-88 | 16-Jan-89 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,736,603 |
| DACW6489C0042 | Folk Construction | approx. | 1989 - 90 | Levee Rehabilitation | Lost Lake Disposal Area | unknown |
| DACW6490C0018 | T.L. James & Company, Inc. (Area Office) | 21-Jul-90 | 10-Dec-90 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 786,800 |
| DACW6492C0049 | Great Lakes Dredge & Dock Company (Area Office) | 11-Sep-92 | 16-Jul-93 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 2,983,792 |
| DACW6495C0011 | Mike Hooks, Inc. | 29-Dec-94 | 11-May-95 | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,309,900 |
| DACW6496C0032 | T.L. James & Company, Inc. (Area Office) | 19-Aug-96 | 01-Dec-96 | Maintenance Dredging | Carpenters Bayou to Greens Bayou | 806,225 |
| DACW6497C0028 | King Fisher Marine Service, Inc. | 03-Aug-97 | | Maintenance Dredging | Morgans Point to Carpenters Bayou | 1,983,067 |
| DACW6499C0012 | King Fisher Marine Service, Inc. | | | | | 132000(est) |