# DEFENDANT'S APPENDIX

# INDEX TO DEFENDANT'S APPENDIX

**Document** **Page**

Order filed on May 14, 2004 .......... 1

Portions of transcript of telephonic hearing on May 13, 2004 .......... 4

# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: May 14, 2004)

| | |
|---|---|
| RENDA MARINE, INC., Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, Defendant. | ) |

ORDER

Further to the telephonic status conference held on May 13, 2004 in this matter, the court orders the following:

(1) Motion by Plaintiff, Renda Marine, Inc., to Compel is GRANTED as follows:

(A) With respect to the unproduced documents obtained from electronic discovery for which defendant asserts attorney/client privilege, defendant shall deliver to chambers, on or before 5:00 p.m. on May 14, 2004 for in camera review, a package of the documents in issue. The delivered package of documents shall contain the case caption and shall be designated as documents for in camera review only.

(B) With respect to the unproduced documents obtained from electronic discovery that defendant asserts are not responsive under the terms of the Agreement Regarding Scope of Electronic Discovery executed by

the parties on July 25, 2003, Universal Document Services, plaintiff's information technology consultant, shall select fifty (50) documents that are representative of the alleged underproduction of responsive documents by defendant, together with a memorandum explaining briefly why each such document is responsive, for in camera review by the court. The documents may be submitted by CD-Rom and shall be delivered to chambers on or before 5:00 p.m. on June 25, 2004. The submission to chambers shall be marked with the case caption and designated as documents for in camera review only.

(C) With respect to the production of documents identified as responsive to plaintiff's Interrogatory No. 5 concerning "borrow" material and the identification of certain persons who may have knowledge that is responsive to plaintiff's Interrogatory No. 5 concerning "borrow" material, the court GRANTS plaintiff's request to review the documents and, if desired, depose the identified persons if not presently employees of plaintiff.

(2) Further to the court's unwillingness to disadvantage the contractor at trial in this matter in light of discussions indicating that a significant volume of evidence that may be probative of plaintiff's largest claim has yet to be reviewed,[1] and with the concurrence of the parties, the

---

[1]The court read the following statement, guidance usually provided during the pre-trial conference, to the parties regarding the presentation of documentary evidence during trial :

> Any exhibit and/or any portion of an exhibit the import of which with respect to one or more issues in the case is not specifically pointed out by a witness at trial may be disregarded by the court in its determination of the case. "Specifically pointed out" means specific mention, with reference to an exhibit number, and to one or more specific page numbers within, or to an otherwise identifiable portion of, the exhibit, together with an indication of how the evidence supports or disproves a fact in issue. "Specifically pointed out" shall not include mention for the first time in post-trial briefing. No exhibits will be admitted after the close of evidence at the close of trial.

(continued...)

current pre-trial date and trial dates are VACATED, and discovery is REOPENED. The court's scheduling orders dated October 18, 2002, September 10, 2003, and March 19, 2004 are hereby SUPERCEDED and the due dates therein are VACATED.

(3) In light of the amendment to the trial schedule, Defendant's Motion for an Enlargement of Time to File Objections to Plaintiff's Trial Exhibits is MOOT.

(4) A telephonic status conference will be held on Thursday, November 4, 2004 at 2:00 E.S.T. to reschedule pre-trial proceedings and trial dates in this matter. A Sprint operator will initiate the call to the parties.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

[1](...continued)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RENDA MARINE, INCORPORATED, Plaintiff, | ) |
| v. | ) Docket No.: 02-306C |
| UNITED STATES, Defendant. | ) |

Room 712
National Courts Building
717 Madison Place N.W.
Washington, D.C. 20005

Thursday,
May 13, 2004

The parties met, pursuant to notice of the Court, at 12:01 p.m.

BEFORE: HONORABLE EMILY C. HEWITT
Judge

APPEARANCES:

<u>For the Plaintiff</u>:

BRIAN ERIKSON, Esquire
Quilling, Selander, et al.
2001 Bryan Tower, Suite 1800
Dallas, Texas 75201
(214) 880-1844

<u>For the Defendant</u>:

JOHN EDGAR KOSLOSKE, Esquire
U.S. Department of Justice
Civil Division
Litigation Branch
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
(202) 307-0282

P R O C E E D I N G S

(12:01 p.m.)

THE COURT: Good morning or afternoon, as the case may be.

MR. ERIKSON: Good afternoon, Your Honor, Brian Erikson.

MR. KOSLOSKE: Good afternoon, Your Honor.

THE COURT: The purpose of the call is to deal with a motion for enlargement from the United States, and a motion to compel from the Plaintiff. Let me ask if there are any other matters to add to the agenda at this time. Mr. Erikson?

MR. ERIKSON: Not that I know of, Your Honor.

THE COURT: Thank you. Mr. Kosloske?

MR. KOSLOSKE: No, Your Honor.

THE COURT: Thanks. All right. We are on the record with Heritage Court Reporting, and if you -- when you do speak, even if you are making a brief comment, or in response to or in a colloquy with the Court, if you would go ahead and state your name at the beginning of your remarks so that way we will be able to keep a clear record.

The Court, after looking at the papers, thinks there is two matters that I think that we can

that. That offer has not been taken up. Now is the time to take it up.

What that will result in is the Court will vacate the trial date, and we will simultaneously perform other activities in connection with pre-trial, which is that we will review the documents. We will set up at the conclusion of this hearing a schedule to review UDS documents so that we can determine yea or nay whether the discovery so far has been under-inclusive in connection with the electronic review.

And we will also of course review the in camera -- as well as in camera, we will review the attorney-client. And then we will set a date. We recognize that this itself is -- and I think it has been indicated that looking at just the section of documents that are described in Interrogatory 5 could be a pretty substantial undertaking.

We would give a date in the fall, mid-fall probably, by which the parties would advise -- I think the United States has already stated that it is ready for trial.

The Plaintiff would state that it is ready to put forward a final list of exhibits, and then we would allow the Plaintiff to amend pre-trial fillings, put forward a final list of exhibits and witnesses.

It would not include new witnesses, but would revise its exhibits to correct these omissions, and then we would schedule a trial from there, including the pre-trial activities.

That is the best that I can think of to do here in order to -- not to have the Plaintiff suffer from the omission to review a available and potentially important source. That is the result of the thing.

I feel or take some comfortable to the point of the view of the Plaintiff that this is a Contract Disputes Act case, which does afford in the case of money owed an interest remedy, as well as a principal remedy.

So that I feel that if there were money owed to the Plaintiff contractor that the delay would be -- delay is always a problem, but it is less burdensome than it might be in some other cases.

That is my instinct just based on the argument of what to do, and I will hear comment, but I am not sure that I can think of a better thing. Go ahead.

MR. ERIKSON: Your Honor, I need to talk to my client about what the Court is suggesting.

THE COURT: The Court is not necessarily

MR. ERIKSON: That's fine with me, Your Honor.

THE COURT: Okay. The afternoon of that day is fine for me, starting after two o'clock. And we will schedule for that. Okay. I am surprised to notice that the morning and noon are already busy, but two o'clock. Okay.

Let us turn -- the point of opening discovery is to deal with three specific issues. One of them is the boxes, and the second is the Interrogatory 5, and the third is the privilege. We have a trajectory on the privilege.

On the UDS investigation, since this is going to be done in camera, my instinct to permit at least several dozen, up to 50, documents that are representative, with a brief memo to explain how these fit in with the categories that are part of electronic discovery from UDS, to be shipped to the Court's attention in camera.

If 50 sounds too small, Mr. Erikson, we could up the number. But that probably is enough to give us a flavor.

MR. ERIKSON: Your Honor, Brian Erikson. A couple of points. First, I think that it would probably be a whole lot easier for UDS to accomplish