# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: July 26, 2004)

| | |
|---|---|
| RENDA MARINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Before the court on defendant's motion are the following documents: Defendant's Motion for a Protective Order (Def.'s Mot.), Response by Renda Marine, Inc. to Defendant's Motion for Protective Order (Pl.'s Resp.) and Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Protective Order (Def.'s Reply). Pursuant to Rule 26(c)(1) of the United States Court of Federal Claims (RCFC), defendant moves the court to issue an order relieving defendant of an obligation to respond to the following discovery requests: "(1) Document Requests Nos. 27 and 28 contained in Renda's first request for production of documents; (2) Renda's second set of interrogatories; (3) Renda's third set of document production requests; (4) Renda's fourth set of document production requests; and (5) any other discovery that Renda may seek apart from that which is the subject of Renda's motion to compel filed April 14, 2004 (to the extent allowed by the [c]ourt)." Def.'s Mot. at 1. For the reasons set forth in this order, defendant's motion is GRANTED.

Defendant argues that the foregoing discovery requests exceed the limited scope of discovery permitted to be undertaken in this case by Order dated May 14, 2004. Id. at 2-3, 6-7. Defendant further argues that the court made clear during the telephonic status conference held on May 13, 2004 that its decision to vacate the trial date of June 15, 2004

was intended only "to afford Renda the opportunity to pursue the discovery that is the subject of its April 14, 2004 motion to compel." Id. at 2 (citing Transcript of Telephonic Status Conference held on May 13, 2004 (Tr.) at 36-38). Defendant contends that "[a]t no point during the May 13, 2004 telephonic conference did Renda's counsel suggest or the [c]ourt indicate that Renda should or would be allowed to pursue any discovery apart from the three items that are the subject of Renda's April 14, 2004 motion to compel." Id. at 2-3. Defendant notes that, if the court denies its application for a protective order and permits the additional requested discovery, it "reserves the right . . . to raise appropriate objection(s), including that discovery is. . . unduly burdensome, privileged, or otherwise inappropriate." Id. at 7 n.6.

Plaintiff responds that defendant's motion reflect a "desire[] to block the reopening of discovery, despite the [c]ourt's May 14, 2004 Order , which reopened discovery, while vacating the [c]ourt's previous scheduling orders and the trial date." Pl.'s Resp. at 1. Plaintiff argues that "[a]s matters stand, there is no trial date, there are no scheduling orders, and discovery is wide open." Id. Plaintiff contends that "[t]he [c]ourt's May 14, 2004[] Order was designed to resolve inequities caused by Defendant's withholding of documents during discovery . . . [and that] [t]he May 14, 2004[] Order resulted from . . . concerns [about] (1) [e]lectronic discovery[] and (2) Interrogatory No. 5 documents." Id.

Plaintiff states that "[t]he ordering of the electronic discovery [restoration] operation was intended to remedy the spoliation of evidence." Id. at 2. Plaintiff asserts that "[p]art of the remedial process for the restoration of such relevant evidence is further discovery . . . [because] [r]elevant documents may raise intriguing questions." Id.

Plaintiff states that defendant also failed to produce documents in response to Interrogatory No. 5 concerning "the Lost Lake levees and associated sidecast borrow areas, [plaintiff's] largest claim." Id. at 3. Plaintiff indicates its expectation that the documents it seeks will show that "the soil borings that the Government included in the bid solicitation for the Upper Bayou Project in . . . the sideacast borrow areas were no longer accurate, and did not reflect the conditions that the prospective bidders would confront," plaintiff asserts that additional discovery will be needed. Id. Plaintiff contends that "[i]n reopening discovery, the [c]ourt recognized that Defendant's production of the withheld documents w[ould] require further investigation and discovery, [but defendant explains], [n]either the [c]ourt nor Renda c[ould] tell to what extent the documents produced m[ight] lead to other relevant documents or witnesses." Id. at 4. Arguing that the court's May 14, 2004 Order unambiguously reopens discovery without limitation, plaintiff urges the court to deny defendant's motion. Id. at 6.

In its reply, defendant argues that "[t]he discovery that Renda seeks . . . cannot be considered 'follow-up' discovery relating to the three discovery matters raised by its April 14, 2004 motion to compel." Def.'s Reply at 3. Defendant points out that "in addition to documents relating to the eight dredging projects in the Upper Bayou area [during the 12-year interval] from 1987 to 1999 referred to in the Government's response to Renda's Interrogatory No. 5, Renda now is seeking production of documents relating to thirty-three dredging projects in the Upper Bayou area during the 38-year interval from 1949 to 1987." Id. at 2. Defendant also challenges plaintiff's new "interrogatories requesting information about Lost Lake Placement Area back to 1980 and twenty new document production requests." Id. at 3.

By Order dated May 14, 2004, the court granted plaintiff's April 14, 2004 motion to compel, specifically directing: (1) an in camera review of the unproduced documents obtained from electronic discovery for which defendant asserts attorney/client privilege; (2) an in camera review of fifty documents, selected by plaintiff's information technology consultant Universal Document Services, that are representative of the alleged underproduction of responsive documents by defendant under the terms of the Agreement Regarding Scope of Electronic Discovery executed by the parties on July 25, 2003, and accompanying memorandum explaining briefly why each such document is responsive; and (3) the production by defendant for plaintiff's review of those documents "identified as responsive to plaintiff's Interrogatory No. 5 concerning 'borrow' material and the identification [by defendant] of certain persons who may have knowledge that is responsive to plaintiff's Interrogatory No. 5 concerning 'borrow' material," allowing plaintiff, "if desired, [to] depose the identified persons if not presently [plaintiff's] employees." Order of May 14, 2004. To afford plaintiff an opportunity to consider the foregoing discovery as possible evidence in support of its case, the court vacated the trial date and reopened discovery for the very limited purpose "of dealing with three specific issues." Id.; see also Tr. at 38 (lines 8-9) (court stating that "the point of opening up discovery is to deal with three specific issues"). During the May 13, 2004 telephonic status conference, the court specifically indicated that the June 2004 trial schedule would be vacated to ensure that the evidence and the presentation of the case at trial would be "as well prepared as possible." Tr. at 35 (lines 5-6). Informing the court's Order of May 14, 2004 were two considerations: (1) the court's "unwilling[ness] to have the contractor disadvantaged by th[]e set[] of circumstances where th[ere] is a significant claim, and . . . potentially significant evidence [pertaining to that claim] has not been examined by plaintiff's counsel," Tr. at 26 (lines 17-20), and (2) the court's interest in conducting a trial in which "material comes before [it] in an orderly way," Tr. at 32 (lines 15-16). Contrary to plaintiff's assertions, the scope of discovery to be conducted by plaintiff was addressed directly during the May 14, 2004 telephonic status conference. The court stated:

> [The court is] prepared to allow the motion [to compel] to the extent of allowing -- the government has already said it will provide -- it would produce documents relating to the contract. It has already offered that. That offer has not been taken up. Now is the time to take it up.
>
> What that will result in is the [c]ourt will vacate the trial date, and we will simultaneously perform other activities in connection with pre-trial, which is that we will review the documents. We will set up at the conclusion of this hearing a schedule to review [Universal Document Services'] documents so that we can determine yea or nay whether the discovery so far has been under-inclusive in connection with the electronic review.
>
> And we will also of course review the in camera -- as well as in camera, we will review [unproduced documents for] the attorney-client [privilege]. And then we will set a date. We recognize that this itself is -- and I think it has been indicated that looking at just the section of documents that are described in Interrogatory 5 could be a pretty substantial undertaking.
>
> We would give a date in the fall, mid-fall probably, by which the parties would advise -- I think the United States has already stated that it is ready for trial.
>
> The Plaintiff would state that it is ready to put forward a final list of exhibits, and then we would allow the Plaintiff to amend pre-trial fillings, put forward a final list of exhibits and witnesses.
>
> It would not include new witnesses, but would revise its exhibits to correct these omissions, and then we would schedule a trial from there, including the pre-trial activities.
>
> That is the best that I can think of to do here in order to -- not to have the Plaintiff suffer from the omission to review a[n] available and potentially important source [of evidence].

Tr. at 26-28 (emphasis added). Based on this understanding, the court issued its Order of May 14, 2004 permitting plaintiff to conduct discovery, prior to the rescheduling of trial, that is not open-ended but limited to the discovery contemplated by the grant of plaintiff's April 14, 2004 motion to compel.

For the foregoing reasons, the court GRANTS defendant's motion for protective order and thereby relieves defendant of any obligation to respond the following discovery requests: "(1) Document Requests Nos. 27 and 28 contained in Renda's first request for production of documents; (2) Renda's second set of interrogatories; (3) Renda's third set of document production requests; (4) Renda's fourth set of document production requests;

and (5) any other discovery that Renda may seek apart from that which is the subject of Renda's motion to compel filed April 14, 2004 (to the extent allowed by the [c]ourt)." Def.'s Mot. at 1.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge