# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: July 28, 2004)

RENDA MARINE, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

Before the court are the following documents: (1) Motion by Renda Marine, Inc. to Enforce Court Order Requiring Production of Interrogatory No. 5 Documents (Pl.'s Mot.), (2) Defendant's Response to Plaintiff's Motion to Enforce Court Order Requiring Production of Interrogatory No. 5 Documents (Def.'s Resp.) and (3) Renda Marine, Inc.'s Motion to Enlarge Time for Filing Reply to Response to Motion to Enforce Court Order (Pl.'s Reply). Plaintiff moves the court to enforce its Order of May 14, 2004 requiring defendant to produce documents that are responsive to Interrogatory No. 5 of Renda's First Set of Interrogatories. Pl.'s Mot. at 1.

On June 24, 2004, when plaintiff filed this motion, see id. at 3, plaintiff had not received any documents from defendant and was waiting to hear learn from defendant whether any documents would actually be produced. Id. at 2.

Defendant explains that "[t]he requested discovery concerns documents relating to the eight dredging projects in the Upper Bayou Project area during the 12-year period

from 1987 to 1999."[1] Def.'s Resp. at 1. Defendant states that on July 1, 2004, "defendant's counsel advised Renda's counsel that the documents possessed by the Government relative to the four most recent dredging projects are available for review by Renda at the Army Corps of Engineers Galveston District office, but that the Government has not been able to locate any records for the earlier four projects, the latter apparently having been destroyed pursuant to agency records disposal procedures prior to the advent of this litigation." Id. at 1-2. Attached to defendant's response are copies of "Records Transmittal and Receipt" documents indicating that boxes containing materials relating to the earlier four dredging projects were scheduled for destruction well before the commencement of the present litigation in April 2002.[2] See id. at 4; Appendix to Defendant's Response to Plaintiff's Motion to Enforce Court Order Requiring Production of Interrogatory No. 5 Documents (Def.'s App.) at 13.

Plaintiff does not dispute defendant's representations in its reply, which was filed out of time by leave of the court. Rather, plaintiff explains that it did not timely file its reply because its counsel "needed an opportunity to review the documents produced prior to replying to the response filed by Defendant." Pl.'s Reply at 3. Accordingly, because defendant has produced for plaintiff's review documents that are responsive to Plaintiff's Interrogatory No. 5, plaintiff's motion to enforce the court's Order of May 14, 2004 requiring such production is now MOOT.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge

---

[1]The eight contracts performed during the 1987-99 time period include: (1) Contract No. DACW6488C0025 (for maintenance dredging), (2) Contract No. DACW6489C0042 (for levee rehabilitation), (3) Contract No. DACW6490C0018 (for maintenance dredging), (4) Contract No. DACW6492C0049 (for maintenance dredging), (5) Contract No. DACW6495C0049 (for maintenance dredging), (6) Contract No. DACW6496C0032 (for maintenance dredging), (7) Contract No. DACW6497C0028 (for maintenance dredging) and (8) Contract No. DACW6499C0012. Def.'s Resp. at 3-4.

[2]The document retention records indicate: (1) for documents relating to Contract No. DACW6488C0025, a disposal date of January 1995, (2) for documents relating to Contract No. DACW6489C0042, a disposal date of January 1997, (3) for documents relating to Contract No. DACW6490C0018, disposal dates of January 1997, October 1997 and October 1998 and (4) for documents relating to Contract No. DACW6492C0049, a disposal date of January 2000. Def.'s Resp. at 4-5; Def.'s App. at 13-19, 22.