# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: July 28, 2004)

RENDA MARINE, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

Before the court are both complete and redacted copies of the documents attached at pages 56 through 101 of the appendix to Defendant's Opposition to Plaintiff's Motion to Compel dated April 30, 2004. Pursuant to the court's Order dated May 14, 2004, the documents have been submitted for an in camera review. The court orders the following:

(1) Document No. 73 [RM-GAL-0020057], a draft of a document which is, in its final form, required to be filed by counsel with the court is PRIVILEGED in its entirety either as work product or a privileged attorney-client communication.

(2) RM-GAL-0019671, a document predating this litigation has been redacted to exclude fourteen words relating to a contracting matter. Those words in the context of the entire document, do not appear to reflect either attorney work product or privileged communication. The redaction is NOT PRIVILEGED.

(3) RM-GAL-0020063-64 and RM-GAL-0020086-87. The redacted portions incorporate attorney-client communications and are PRIVILEGED.

(4) RM-GAL-0017327 and RM-GAL-0020092. The first eighteen redacted lines incorporate attorney-client communication and are PRIVILEGED. The balance of the redaction (nineteen lines) of page RM-GAL-0020092 appears to have been waived by the failure to redact the same nineteen lines on page RM-GAL-0017327. If page RM-GAL-0017327 has been transmitted to plaintiff, it shall be deemed waived unless justice shall otherwise require. If not so waived, such redacted material incorporates attorney-client communication and would be PRIVILEGED.

(5) RM-GAL-0020390, except for the final two lines of the redaction, incorporates attorney-client communication and is PRIVILEGED. The final two lines of the redaction will be disclosed.

(6) RM-GAL-0017527-28. The redacted portions are attorney-client communication and are PRIVILEGED.

(7) With respect to the balance of the submissions, defendant shall provide, on or before August 6, 2004, to the court, in camera and in writing, the following:

(A) a full description of the role and duties of each and every transmitter and recipient of each communication with respect to the pending litigation, including specifically whether any person is an attorney and the role of the attorney in the litigation, and

(B) an explanation and any relevant authority as to why the redaction is privileged.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge