# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: September 29, 2004)

| | | |
|---|---|---|
| RENDA MARINE, INC., Plaintiff, | ) | Discovery; e-mail; privileged communications; attorney-client; work product |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

ORDER

Defendant seeks to protect certain electronic mail ("e-mail") messages from disclosure on the grounds of attorney-client and work product privileges. Now before the court are both complete and redacted copies of the documents attached in redacted form at pages 56 through 101 of the appendix to Defendant's Response to Plaintiff's Motion to Compel dated April 30, 2004. Pursuant to the court's Order dated May 14, 2004, these documents were submitted in unredacted form for an in camera inspection. After an initial review, the court ruled on the admissibility of eight of the submitted documents in an Order dated July 28, 2004. To help it determine the status of the remaining submissions, a collection of electronic mail ("e-mail") communications, the court requested that defendant provide, in camera and in writing, the following additional information:

(A) a full description of the role and duties of each and every transmitter and recipient of each communication with respect to the pending litigation, including specifically whether any person is an attorney and the role of the attorney in the litigation, and

(B) an explanation and any relevant authority as to why the redaction is privileged.

Order dated July 28, 2004. Defendant has complied with the court's order. Upon review of the defendant's submission, and for the following reasons, the court ORDERS the DISCLOSURE of some, but not all, of the documents as follows:

I. September 2002 Freedom of Information Act ("FOIA") E-mails (Documents 74, 90, 91, 92)

Documents 74, 90, 91, and 92 contain e-mail communications that were sent between September 4 and September 6, 2002. These messages appear to respond to an initial e-mail titled "Freedom of Information Act Request # 2002-95," which provided notice that plaintiff's counsel had initiated a FOIA request "to review and copy and [sic] Audit of any Claims by Renda Marine, Inc. under Contract No. DACW64-99-C-0001."

A. Document No. 74 [RM-GAL-0020058-62] contains a series of ten e-mail communications. Two messages, both titled "RE: Freedom of Information Act Request #2002-95," have been redacted.

1. The first[1] redacted message, which appears on pages 59-60, was sent by a senior attorney in the Office of Counsel for the Corps of Engineers ("Corps"), Galveston District. The attorney sent this message to two subordinate attorneys and a paralegal in the same office, as well as to the Contracting Officer for the Upper Bayou Project.

This message subsequently was forwarded to (i) four employees of the Bay Area Office and the Engineering & Construction Division of the Corps of Engineers, Galveston District, and (ii) a consultant employed by the government to provide defendant's counsel with litigation support services in this case. The non-redacted material in this document indicates that, after receiving this forwarded message, these individuals contacted the senior attorney to discuss the salient issues in the e-mail string.

Although the title of this e-mail references plaintiff's FOIA request, the content of the communication implicates the present case in all significant disclosure requests. Because this e-mail incorporates attorney-client

[1]For purposes of this order, the terms, "first," "second," etc., refer to the order in which the individual e-mail messages appear within each document. In contrast, references to individual e-mail communications using the terms "initial," "earlier," and "latter" refer to the relative dates and times that the individual messages were sent.

communication concerning the present case, it is PRIVILEGED. See Deuterium Corp. v. United States, 19 Cl. Ct. 697, 700 (1990) ("The [attorney-client] privilege also applies to communications with other agency lawyers who provide legal counsel in connection with the impending litigation."); Eagle-Picher Indus., Inc. v. United States, 11 Cl. Ct. 452, 456 (1987) (noting that "the privilege extends to legal advice by the attorney, not only confidential communications by the client"); Gen. Elec. Co. v. United States, 176 U.S.P.Q. 83, 85 (Ct. Cl. 1972) ("The underlying purpose of the [attorney-client] privilege is to protect and foster confidential communication from client to attorney to ensure full and free disclosure. Whether the client first approaches the attorney to make such disclosure or the attorney requests relevant information from the 'client' does not alter the basic soundness of this principle.") (citation omitted).

The dissemination of this message to non-lawyer employees and agents of the Corps does not alter the privileged status of the communication. See Deuterium, 19 Cl. Ct. at 699 (applying by analogy the United States Supreme Court's rationale in Upjohn Co. v. United States, 449 U.S. 383 (1981) to the governmental context, and emphasizing that the attorney-client privilege applies to communications to and from "Government employees at all levels," just as it applies to communications from mid-level and lower-level employees in a corporation).

2. However, the second e-mail, which appears on page 60 and contains nine redacted lines following the words, "Tom Benero," does not appear to reflect either attorney work product or attorney-client privileged communication. Although the redacted text incorporates a legal phrase, the message appears solely to concern the agency's internal management of the FOIA process, see generally 5 U.S.C. § 552 (2004), rather than its management of the instant case. Accordingly, this redacted portion is NOT PRIVILEGED.

B. Document No. 90 [RM-GAL-0022896-97] contains a series of six e-mail communications. This document, which appears to be an earlier-in-time version of the e-mail string in Document No. 74, was initiated and received by the same individuals, and redacts the same two e-mail messages, as Document No. 74.

1. The redacted message on page 66 is identical to the redacted message on pages 59-60 of Document No. 74. For the reasons stated above, this message is PRIVILEGED.

2. The redacted text on page 66-67, which appears after the words, "Tom Benero," is identical to the redacted text that appeared in the middle of Document 74, page 60. For the reasons stated above, this nine-line redaction is NOT PRIVILEGED.

C. Document No. 91 [RM-GAL-0022904-05] contains a series of six e-mail communications. This string of e-mails was initiated and received by the same individuals as Document No. 74, and redacts the same two e-mail messages as Document No. 74, plus a third message.

1. The first redacted e-mail, which appears at the top of page 68, was sent by a senior attorney in the Office of Counsel for the Corps of Engineers to a subordinate attorney in the same office and to an engineer who served as the Administrative Contracting Officer for the Upper Bayou Project.

   The first sentence of this e-mail does not appear to reflect either attorney work product or attorney-client privileged communication, and is NOT PRIVILEGED. The remainder of this message incorporates attorney-client communication concerning the present case, and is PRIVILEGED.

2. The second redacted e-mail, which appears in the middle of page 68 is identical to the redacted message on pages 59-60 of Document No. 74. For the reasons stated above, this message is PRIVILEGED.

3. The third redacted e-mail, which appears on pages 68-69 following the words, "Tom Benero," is identical to redacted e-mail that appears in the middle of Document 74, on page 60. For the reasons stated above, this nine-line redaction is NOT PRIVILEGED.

D. Document No. 92 [RM-GAL-0022906-10] contains a series of ten e-mail communications. This string of e-mails was initiated and received by the same individuals as Document No. 74, and redacts the same two e-mail messages as Document No. 74.

1. The redacted message on pages 71–72 is identical to the redacted message on pages 59-60 of Document No. 74. For the reasons stated above, this message is PRIVILEGED.

2. The redacted text that appears in the middle of page 72, following the words, "Tom Benero," is identical to the redacted text that appeared in the

middle of Document 74, page 60. For the reasons stated above, this nine-line redaction is NOT PRIVILEGED.

II. January 2002 Freedom of Information Act E-mails (Documents 87, 88)

Documents No. 87 [RM-GAL-0020687-88] and 88 [RM-GAL-0020687-89] contain e-mail communications that were sent January 24, 2002, apparently in response to a "Freedom of Information Act Request from Renda Marine dated January 22, 2002." Defendant has withdrawn its claim of privilege as to these documents. Because the documents are NOT PRIVILEGED, defendant shall provide plaintiff with non-redacted copies, if it has not already done so.

III. "Geotechnical Expert" E-mails (Documents 27, 45, 107, 116)

Documents 27, 45, 107, and 116 contain various e-mail communications, all titled "Geotechnical Expert," which were sent between February 7, 2001 and February 22, 2001. The non-redacted content indicates that the substance of these e-mails discusses whether or not defendant should consult an independent geotechnical expert in conjunction with this case. With regard to these documents, the court orders the following:

A. Documents No. 27 [RM-GAL-0019463-65] and 116 [RM-GAL-0013163-66] are identical, consisting of a series of four e-mail communications. The initial message in this series, which has been fully redacted, was sent by a civil engineer in the Engineering & Construction Division for the Corps of Engineers, Galveston District. This message was sent to an attorney in the Corps' Office of Counsel for the Galveston District, who assisted the Department of Justice with the defense of the present litigation. Three engineers from the Corps' Galveston District, all of whom were involved in the Upper Bayou Project, also received copies of this e-mail.

These e-mails are confidential client-attorney communications and are PRIVILEGED. See B.E. Meyers & Co. v. United States, 41 Fed.Cl. 729, 731 (1998) ("The privilege attaches to communications made by a client, or a person seeking to be a client, to an attorney outside the presence of third parties for the purpose of securing legal services."); Cities Serv. Helex, Inc. v. United States, 216 Ct. Cl. 470, 476 (1978) ("In the case of the Government, it is not always easy to tell who plays the roles of attorney and client, but, in general, (1) [t]he Department of Justice is the attorney vis-a-vis the operating agencies involved in the particular litigation . . . ; (2) the general counsel or solicitor of the operating agency is the attorney vis-a-vis the non-lawyer officials of that agency involved in the matter or

transaction; and (3) often, agency counsel participate with the Department of Justice in the carrying on of litigation . . . ."). See also Deuterium, 19 Cl. Ct. at 699 (noting that the attorney-client privilege applies to communications to and from "Government employees at all levels," just as it applies to communications from mid-level and lower-level employees in a corporation).

B. Documents No. 45 [RM-GAL-0019476-77] and 107 [RM-GAL-0012817-18] are identical and contain a series of three e-mail messages, each of which has been redacted in whole or in part.

1. The initial e-mail message, which is fully redacted, is identical to the redacted message in Documents 27 and 116. This message from a Civil Engineer in the Engineering & Construction Division for the Corps of Engineers, Galveston District to an attorney in the Corps' Office of Counsel, Galveston District, is a PRIVILEGED client-attorney communication.

2. The second e-mail message, which is fully redacted, appears to have been sent by the same attorney in the Corps' Office of Counsel in response to the employee's initial message. This message is a PRIVILEGED attorney-client communication.

3. The final e-mail message was sent by the same Civil Engineer in the Engineering & Construction Division to two fellow engineers in Corps of Engineers, Galveston District, both of whom were involved in the Upper Bayou Project. The three-line redaction following the words, "In Dan Keys['] message below, he mentions that," incorporates attorney-client communication and is PRIVILEGED. See Deuterium, 19 Cl. Ct. at 699.

IV. "Call Auditor" E-Mails (Documents 6, 67, 93, 104)

Documents No. 6 [RM-GAL-0017417], 67 [RM-GAL-0019847], 93 [RM-GAL-0022929-30], and 104 [RM-GAL-0012804] each contain a series of e-mail communications titled, "Call Auditor."[2] In each document, the same passages have been redacted from a communication that was sent from an engineer for the Corps of Engineers, Galveston District to (1) the Chief of the Corps' Construction Branch, Galveston District, (2) two of the Corps' engineers in the Galveston District, (3) a

[2]Documents 6, 67 and 104 appear to be identical.

Contracting Officer for the Corps, Galveston District, and (4) an attorney in the Corps' Office of Counsel, Galveston District. The non-attorney sender and recipients were involved in the Upper Bayou project; the attorney has assisted the Department of Justice with the present litigation.

The non-redacted material in these documents indicates that the substance of the e-mail dialogue concerns a conference call with an auditor in connection with this case. The redacted portion of this message, which clearly paraphrases statements made by counsel, incorporates attorney-client communication and attorney work product and is PRIVILEGED. As this court stated in First Heights Bank v. United States, 46 Fed. Cl. 827, 829 (2000):

> [T]he court is required to take extra care to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." See [RCFC 26(b)(2)].[3] Material in this latter category . . . is "nearly absolutely" protected and "can be discovered only in very rare and extraordinary circumstances." See In re Murphy, 560 F.2d 326, 336 (8th Cir. 1977).

The dissemination of this information to non-lawyer employees and agents of the Corps does not alter the privileged status of the communication. See Deuterium, 19 Cl. Ct. at 699.

V. Documents 15 and 40

A. Document No. 15 [RM-GAL-0017682-83] contains an untitled series of six e-mail communications among an attorney in the Corps' Office of Counsel, Galveston District, the Chief of the Construction Branch for the Corps' Galveston District, and an engineer for the Corps' Galveston District. Two messages, which appear on page 82, have been redacted.

1. The earlier redacted message, which appears on the bottom of page 82, was sent from the Chief of the Construction Branch to the attorney. This message is a PRIVILEGED attorney-client communication.

---

[3] This decision cites an earlier version of RCFC 26(b)(2); however, the quoted language now appears in RCFC 26(b)(3) (Revised May 1, 2002).

2. The latter redacted message, which appears near the top of page 82, contains the attorney's response to the initial message. This e-mail contains attorney work product and attorney-client communication and is PRIVILEGED.

B. Document No. 40 [RM-GAL-0019592] is a fully redacted e-mail titled "Renda/JV," from an attorney in the Corps' Office of Counsel, Galveston District, to three employees of the Corps of Engineers who were involved in the Upper Bayou Project. This redacted message is a PRIVILEGED attorney-client communication. See Am. Standard Inc. v. Pfizer Inc., 828 F.2d 734, 745 (Fed. Cir. 1987) (noting that the attorney-client privilege applies to "lawyer-to-client communications that reveal, directly or indirectly, the substance of a confidential communication by the client").

VI. Conclusion

Defendant shall respond to plaintiff's discovery requests in accordance with the foregoing.

The clerk is directed to assign a document number to and to file under seal, accessible only to the court and its staff, defendant's in camera submissions in this matter. The parties, or either of them, may designate the foregoing filing as a part of the record on appeal.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge