# CORE DRILLING AND SOIL SAMPLING FOR LOST LAKE PLACEMENT AREA IN CHANNELVIEW, TEXAS CONTRACT NO. DACW64-98-D-0002, DELIVERY ORDER NO. 0079 AND MODIFICATION NO. 1

**REPORT NO. 1140127279**

Prepared for:

**Department of the Army**
**Corps of Engineers – Galveston District Office**

Prepared by:

**Geotest Engineering, Inc.**
**Houston, Texas**



EXHIBIT
G

Blumberg No. 5118

**GEOTEST ENGINEERING, INC.**

*Geotechnical Engineers & Materials Testing*

5600 Bintliff Drive Houston, Texas 77036 Telephone: (713) 266-0588
Fax: (713) 266-2977

**Report No. 1140127279**
July 12, 2004

Ms. Leigh Ann Kahla-Adams
Department of Army
Corps of Engineers-Galveston District Office
2000 Port Rd., Jadwin Building
Galveston, Texas 77553-1229

**Re: Report on Core Drilling and Soil Sampling for Lost Lake Placement Area In Channelview, Texas**
**Contract No. DACW64-98-D-0002, Delivery Order No. 0079 and Modification No. 1**

Dear Ms. Adams:

This report is in reference to Contract No. DACW64-98-D-0002, Delivery Order No. 0079 and Modification No. 1, core drilling and soil sampling for Lost Lake Placement Area in Channelview, Texas.

As requested by Mr. Eric Russek, we are furnishing a copy of our report covering all work performed under this contract.

If you have any questions, please do not hesitate to contact me.

Sincerely,
**GEOTEST ENGINEERING, INC.**

V.N. Vijayvergiya, Ph.D., P.E.
President

IM\vlg
Copies Submitted: (2)
PC2\GEO\40127279.DOC

## TABLE OF CONTENTS


| | | Page |
|---|---|---|
| 1. | PURPOSE OF DRILLING | 1 |
| 2. | LOCATION, DEPTHS AND TYPE OF BORINGS | 1 |
| 3. | PURPOSE OF BORINGS | 1 |
| 4. | ACCESS TO BORING LOCATIONS | 1 |
| 5. | SITE CONDITIONS | 2 |
| 6. | RELOCATION AND DEPTH OF BORINGS | 2 |
| 7. | LOGGING AND SAMPLING OF MATERIAL LAYERS | 2 |
| 8. | ORDER OF DRILLING | 2 |
| 9. | COORDINATION OF WORK | 3 |
| 10. | FIELD BORING LOGS | 3 |

## 1. PURPOSE OF DRILLING

The purpose of core drilling is to investigate materials within hydraulically placed levees inside the Lost Lake Placement Area.

## 2. LOCATION, DEPTH AND TYPES OF BORINGS

A total of 216 borings along the lines E1, E1A, E1B, E2, E3, E4, S1, W2, W3, W4, W5, W6, W7 and W8 were drilled. The depth of borings ranged from 8 to 34 feet below ground level. All borings were "undisturbed sample boring, continuous sampling, 3-inch samples – marsh terrain". The location of borings is provided in Attachment No. 1. The actual coordinates of each boring are provided on the logs presented in Attachment No. 2.

## 3. PURPOSE OF BORINGS

The purpose of the borings was to allow identification of materials in the hydraulic fill embankment, to determine the approximate thickness of each material layer and to determine the lower limit of the recently placed hydraulic fill at various distances from the perimeter levee of the PA at four locations along the perimeter.

## 4. ACCESS TO BORING LOCATIONS

The drilling equipment which consisted of a marsh buggy drill rig, drill rig mounted on a slide pontoon and marsh excavator was transported to the island via a barge. Also a crew boat was used for daily access to the site by personnel.

## 5.0 SITE CONDITIONS

The site conditions consist of firm dredged material which forms a perimeter levee around the area. The interior of the placement area consists of a thin firm layer of material overlying very soft, moist dredged silt, sand and clays.

## 6.0 RELOCATION AND DEPTHS OF BORINGS

All borings were drilled within 6 inches of the staked locations, upon completion of drilling a GPS was used to record the actual coordinates of the boring. The depth of each boring is shown on the boring logs presented in Attachment No. 2.

## 7.0 LOGGING AND SAMPLIING OF MATERIAL LAYTERS

During the drilling operation after each sample was extruded from the Shelby tube or retrieved from split spoon, the samples were carefully inspected for evidence of material changes and minor layers, composition of sample, color, etc. These observations are logged in detail in each boring log.

After each sample was logged, based on the conditions and type of sample (undisturbed or disturbed), a representative sample of that layer was stored in a clear liner or jar. Each sample was marked with the project number, project name, boring number, sample number, depth and date of drilling.

## 8. ORDER OF DRILLING

As directed by government personnel, the order of drilling was designated as being the borings along the west (W) first followed by the borings along the south (S) and East (E).

## 9. COORDINATION OF WORK

During the drilling, the field operations were coordinated with Mr. Tim Few or his designated representative.

## 10. FIELD BORING LOGS

Copies of completed boring logs were transmitted to Mr. Tim Few on September 24, September 25, September 27, September 30, October 2, October 9, October 11, October 17 and October 18, 2002. A complete set of duplicate copies of the boring logs are presented as Attachment No. 2.

# DEPARTMENT OF THE ARMY PERMIT

Permittee Coastal Water Authority

Permit No. 20350

Issuing Office Galveston District

NOTE: The term "you" and its derivatives, as used in this permit, means the permittee or any future transferee. The term "this office" refers to the appropriate district or division office of the Corps of Engineers having jurisdiction over the permitted activity or the appropriate official of that office acting under the authority of the commanding officer.

You are authorized to perform work in accordance with the terms and conditions specified below.

Project Description: The work involves placing flexible revetment matting to provide erosion protection around an existing dolphin, a thrust block, and over three 108-inch water supply pipelines in accordance with the attached plans in 5 sheets.

Project Location: The proposed work is located just downstream of the south Lynchburg Ferry landing, in the Houston Ship Channel, just east of Battleground Road, in Houston, Harris County, Texas.

Rec'd $100.00 15 SEP 1995 BR

Permit Conditions:

General Conditions:

1. The time limit for completing the work authorized ends on 31 December 1998. If you find that you need more time to complete the authorized activity, submit your request for a time extension to this office for consideration at least one month before the above date is reached.

2. You must maintain the activity authorized by this permit in good condition and in conformance with the terms and conditions of this permit. You are not relieved of this requirement if you abandon the permitted activity, although you may make a good faith transfer to a third party in compliance with General Condition 4 below. Should you wish to cease to maintain the authorized activity or should you desire to abandon it without a good faith transfer, you must obtain a modification of this permit from this office, which may require restoration of the area.

3. If you discover any previously unknown historic or archeological remains while accomplishing the activity authorized by this permit, you must immediately notify this office of what you have found. We will initiate the Federal and state coordination required to determine if the remains warrant a recovery effort or if the site is eligible for listing in the National Register of Historic Places.

ENG FORM 1721, Nov 86 EDITION OF SEP 82 IS OBSOLETE. *(33 CFR 325 (Appendix A))*





EXHIBIT H

4. If you sell the property associated with this permit, you must obtain the signature of the new owner in the space provided and forward a copy of the permit to this office to validate the transfer of this authorization.

5. If a conditioned water quality certification has been issued for your project, you must comply with the conditions specified in the certification as special conditions to this permit. For your convenience, a copy of the certification is attached if it contains such conditions.

6. You must allow representatives from this office to inspect the authorized activity at any time deemed necessary to ensure that it is being or has been accomplished in accordance with the terms and conditions of your permit.

Special Conditions:

Further Information:

1. Congressional Authorities: You have been authorized to undertake the activity described above pursuant to:

(X) Section 10 of the Rivers and Harbors Act of 1899 (33 U.S.C. 403).

(X) Section 404 of the Clean Water Act (33 U.S.C. 1344).

( ) Section 103 of the Marine Protection, Research and Sanctuaries Act of 1972 (33 U.S.C. 1413).

2. Limits of this authorization.

a. This permit does not obviate the need to obtain other Federal, state, or local authorizations required by law.

b. This permit does not grant any property rights or exclusive privileges.

c. This permit does not authorize any injury to the property or rights of others.

d. This permit does not authorize interference with any existing or proposed Federal project.

3. Limits of Federal Liability. In issuing this permit, the Federal Government does not assume any liability for the following:

a. Damages to the permitted project or uses thereof as a result of other permitted or unpermitted activities or from natural causes.

b. Damages to the permitted project or uses thereof as a result of current or future activities undertaken by or on behalf of the United States in the public interest.

c. Damages to persons, property, or to other permitted or unpermitted activities or structures caused by the activity authorized by this permit.

d. Design or construction deficiencies associated with the permitted work.

e. Damage claims associated with any future modification, suspension, or revocation of this permit.

4. Reliance on Applicant's Data: The determination of this office that issuance of this permit is not contrary to the public interest was made in reliance on the information you provided.

5. Reevaluation of Permit Decision. This office may reevaluate its decision on this permit at any time the circumstances warrant. Circumstances that could require a reevaluation include, but are not limited to, the following:

a. You fail to comply with the terms and conditions of this permit.

b. The information provided by you in support of your permit application proves to have been false, incomplete, or inaccurate (See 4 above).

c. Significant new information surfaces which this office did not consider in reaching the original public interest decision.

Such a reevaluation may result in a determination that it is appropriate to use the suspension, modification, and revocation procedures contained in 33 CFR 325.7 or enforcement procedures such as those contained in 33 CFR 326.4 and 326.5. The referenced enforcement procedures provide for the issuance of an administrative order requiring you to comply with the terms and conditions of your permit and for the initiation of legal action where appropriate. You will be required to pay for any corrective measures ordered by this office, and if you fail to comply with such directive, this office may in certain situations (such as those specified in 33 CFR 209.170) accomplish the corrective measures by contract or otherwise and bill you for the cost.

6. Extensions. General condition 1 establishes a time limit for the completion of the activity authorized by this permit. Unless there are circumstances requiring either a prompt completion of the authorized activity or a reevaluation of the public interest decision, the Corps will normally give favorable consideration to a request for an extension of this time limit.

Your signature below, as permittee, indicates that you accept and agree to comply with the terms and conditions of this permit.

13 Sep 95

*(PERMITTEE)* DIONEL E. AVILES, PRESIDENT, BOARD OF DIRECTORS
COASTAL WATER AUTHORITY

*(DATE)*

This permit becomes effective when the Federal official, designated to act for the Secretary of the Army, has signed below.

Bruce H. Bennett

2 0 SEP 1995

*(DISTRICT ENGINEER)*
BRUCE H. BENNETT, LEADER
NORTH EVALUATION UNIT
FOR COLONEL ROBERT B. GATLIN

*(DATE)*

When the structures or work authorized by this permit are still in existence at the time the property is transferred, the terms and conditions of this permit will continue to be binding on the new owner(s) of the property. To validate the transfer of this permit and the associated liabilities associated with compliance with its terms and conditions, have the transferee sign and date below.

*(TRANSFEREE)*

*(DATE)*

20350
REVISED 8/15/95

HOU12US /usr02a/hcivil/jr0998/apcwa05.dgn-03




FOR PERMIT PURPOSES ONLY
NOT FOR CONSTRUCTION
08-10-95

STATE OF TEXAS
DORIAN FRENCH
40453
REGISTERED PROFESSIONAL ENGINEER
8.10.95

Pl. App. 090

| | | |
|---|---|---|
| PURPOSE: EROSION PROTECTION OF LINE A, B & C AND SHEET PILE DOLPHIN<br>DATUM: CWA/CORPS MLT<br>ADJACENT PROPERTY OWNERS:<br>1. COASTAL WATER AUTHORITY | GENERAL VICINITY MAP<br>Brown & Root, Inc.<br>Engineers . Consultants<br>HOUSTON, TEXAS | PURPOSE:<br>EROSION PROTECTION OF LINE A, B & C AND SHEET PILE DOLPHIN<br>IN: HOUSTON SHIP CHANNEL<br>AT: LYNCHBURG TOWNSHIP<br>COUNTY OF: HARRIS, TEXAS<br>APPLICATION BY: COASTAL WATER AUTHORITY<br>SHEET 1 OF 5 DATE: 8-10-95 |

20350

REVISED 8/15/95

HOU12US /usr02a/hcivil/jr0998/apcwa06.dgn-03




FOR PERMIT PURPOSES ONLY
NOT FOR CONSTRUCTION
08-10-95

STATE OF TEXAS
DORIAN FRENCH
40453
REGISTERED PROFESSIONAL ENGINEER

8-10-95

PURPOSE: EROSION PROTECTION OF LINE A, B & C AND SHEET PILE DOLPHIN

DATUM: CWA/CORPS MLT

ADJACENT PROPERTY OWNERS:
1. COASTAL WATER AUTHORITY

PLAN VIEW

50 0 100FT

SCALE: 1" = 100'

Brown & Root, Inc.
Engineers . Consultants
HOUSTON, TEXAS

PURPOSE:
EROSION PROTECTION OF LINE A, B & C AND SHEET PILE DOLPHIN
IN: HOUSTON SHIP CHANNEL
AT: LYNCHBURG TOWNSHIP
COUNTY OF: HARRIS, TEXAS
APPLICATION BY: COASTAL WATER AUTHORITY
SHEET 2 OF 5 DATE: 8-10-95

20350

REVISED 8/15/95

HOU12US /usr02a/hcivil/jr0998/apcwa07.dgn-03




PURPOSE: EROSION PROTECTION OF LINE A, B & C AND SHEET PILE DOLPHIN

DATUM: CWA/CORPS MLT

ADJACENT PROPERTY OWNERS:
1. COASTAL WATER AUTHORITY

PLAN VIEW

40 20 0 40

SCALE: 1'' = 40'

Brown & Root, Inc.
Engineers . Consultants
HOUSTON, TEXAS

PURPOSE:
EROSION PROTECTION OF LINE A, B & C AND SHEET PILE DOLPHIN
IN: HOUSTON SHIP CHANNEL
AT: LYNCHBURG TOWNSHIP
COUNTY OF: HARRIS, TEXAS
APPLICATION BY: COASTAL WATER AUTHORITY
SHEET 3 OF 5 DATE: 8-10-95

Pl. App. 092

20350

REVISED 8/15/95

HOU12US /usr02a/hcivil/jr0998/apcwa08.dgn-03




NOTE:

1. ALL ELEVATIONS ARE COASTAL WATER AUTHORITY (CWA) PROJECT ELEVATIONS, UNLESS NOTED OTHERWISE

FOR PERMIT PURPOSES ONLY
NOT FOR CONSTRUCTION
08-10-95

STATE OF TEXAS
DORIAN FRENCH
40453
REGISTERED PROFESSIONAL ENGINEER

8-10-95

Pl. App. 093

40 20 0 40

SCALE: 1'' = 40'

PURPOSE: EROSION PROTECTION OF LINE A, B & C AND SHEET PILE DOLPHIN

DATUM: CWA/CORPS MLT

ADJACENT PROPERTY OWNERS:
1. COASTAL WATER AUTHORITY

SECTION VIEW A-A

SHEET PILE DOLPHIN

Brown & Root, Inc.
Engineers . Consultants
HOUSTON, TEXAS

PURPOSE:
EROSION PROTECTION OF LINE A, B & C AND SHEET PILE DOLPHIN
IN: HOUSTON SHIP CHANNEL
AT: LYNCHBURG TOWNSHIP
COUNTY OF: HARRIS, TEXAS
APPLICATION BY: COASTAL WATER AUTHORITY
SHEET 4 OF 5 DATE: 8-10-95

HOU12US /usr02a/hcivil/jr0998/apcwa09.dgn-03




FOR PERMIT PURPOSES ONLY
NOT FOR CONSTRUCTION
08-10-95




Pl. App. 094

100 50 0 100
SCALE: 1'' = 100' HORIZ

| | | |
|---|---|---|
| PURPOSE: EROSION PROTECTION OF LINE A, B & C AND SHEET PILE DOLPHIN<br>DATUM: CWA/CORPS MLT<br>ADJACENT PROPERTY OWNERS:<br>1. COASTAL WATER AUTHORITY | SECTION VIEW B-B<br>PIPELINE PROFILE<br>Brown & Root, Inc.<br>Engineers . Consultants<br>HOUSTON, TEXAS | PURPOSE:<br>EROSION PROTECTION OF LINE A, B & C AND SHEET PILE DOLPHIN<br>IN: HOUSTON SHIP CHANNEL<br>AT: LYNCHBURG TOWNSHIP<br>COUNTY OF: HARRIS, TEXAS<br>APPLICATION BY: COASTAL WATER AUTHORITY<br>SHEET 5 OF 5 DATE: 8-10-95 |

31 JUL 1995

John Hall, *Chairman*
Pam Reed, *Commissioner*
R. B. "Ralph" Marquez, *Commissioner*
Dan Pearson, *Executive Director*

THE STATE OF TEXAS

# TEXAS NATURAL RESOURCE CONSERVATION COMMISSION

*Protecting Texas by Reducing and Preventing Pollution*

July 27, 1995

Galveston District SWGCO-RP
Corps of Engineers
P.O. Box 1229
Galveston, Texas 77553-1229

ATTN: Jane M. Boslet

RE: USCOE Permit Application No. 20350

Dear Ms. Boslet:

The Coastal Water Authority seeks approval to place 17,200 cubic yards of riprap material over three 108 inch water lines in the Houston Ship Channel approximately 1,150 feet downstream from the Lynchburg Ferry south landing, 7.5 miles west northwest from Baytown, in Harris County, Texas. The riprap would be placed along the slope of an existing dolphin to prevent additional erosion of the channel bottom during periods of high water velocity. Approximately 4,200 cubic yards of 1.5 inch minus concrete aggregate will be used to level bottom contours along the pipelines and dolphin slope, and another 13,000 cubic yards of 24 inch minus limestone rock riprap will be laid over the smaller aggregate to a thickness of three feet. The riprap at the dolphin will start approximately 50 feet from the toe of the existing Houston Ship Channel navigational limits.

In response to the Joint Public Notice dated 15 June 1995, we certify that the activity should not result in a violation of established Texas Water Quality Standards as required by Section 401 of the Federal Clean Water Act and pursuant to Title 30 Texas Administrative Code, Chapter 279 provided that the standard provisions in Attachment 1 are followed.

Wetlands are protected by the Texas Surface Water Quality Standards and they play a major role in maintaining water quality standards. We support a goal of no net loss of wetlands. To this end, we believe that wetland impacts/losses can be avoided, minimized, or mitigated when Corps personnel follow their Section 404 Guidelines in determining whether to issue a Section 404 permit.

No review of property rights, location of property lines, nor the distinction between public and private ownership has been made and this certification may not be used in any way with regard to questions of ownership.

Pl. App. 095

EXHIBIT I

Blumberg No. 5118

If we may be of further assistance, please contact Patricia Wise, Research and Environmental Assessment Section, Water Planning and Assessment Division at (512) 239-2240.

Sincerely,

Dan Pearson, Executive Director
Texas Natural Resource Conservation Commission

Attachment No. 1

ccs: Coastal Water Authority
1200 Smith, Suite 2260
Houston, Texas 77002

Brown & Roots, Inc.
P.O. Box 3, Bldg. 3, Room 710B
Houston, Texas 77001-0003

QSCL
QUILLING · SELANDER · CUMMISKEY · LOWNDS

BRIAN W. ERIKSON

Direct Line: 214.880.1844
E-mail: berikson@qsclpc.com

November 18, 2004

John E. Kosloske, Esq.
Senior Trial Counsel, Commercial Litigation Branch
Department of Justice
Attn.: Classification Unit
1100 L Street, N.W., Room 12052
Washington, D.C. 20005

***Via Email and Federal Express***

Re: Case No. 02-306C; *Renda Marine, Inc. v. United States Army Corps of Engineers*; United States Court of Federal Claims; DACW64-99-C-0001, Dredging Upper Bayou

Dear Mr. Kosloske:

I transmit the superseding expert report of Robert McCullough. Mr. McCullough's curriculum vitae has been previously furnished. If you would like another copy, please advise.

Mr. McCullough has reviewed the additional documents furnished by the Corps of Engineers, copies of which are contained on the CD-Rom I transmitted with Dr. Mathewson's report. Mr. McCullough has also reviewed the documents and materials listed in his report.

As you can see, Mr. McCullough's damage numbers have changed. The changes should be self-explanatory. If you feel the need to redepose Mr. McCullough or Dr. Mathewson, please advise.

Sincerely yours,

Brian W. Erikson

BWE/ja

Enclosure

cc: Oscar Renda (w/enc.)

S:\Construction\Renda Marine\Upper Bayou 565.09\Kosloske 111804 enc supp exp rprt - McCullough.wpd

Pl. App. 097

EXHIBIT
J
Blumberg No. 5118

QSL

QUILLING · SELANDER · CUMMISKEY LOWNDS

BRIAN W. ERIKSON

Direct Line: 214.880.1844
E-mail: berikson@qsclpc.com

December 2, 2004

John E. Kosloske, Esq.
Senior Trial Counsel, Commercial Litigation Branch
Department of Justice
Attn.: Classification Unit
1100 L Street, N.W., Room 12052
Washington, D.C. 20005

***Via Facsimile & Certified Mail - Return Receipt Requested***

Re: Case No. 02-306C; *Renda Marine, Inc. v. United States Army Corps of Engineers*; United States Court of Federal Claims; DACW64-99-C-0001, Dredging Upper Bayou

Dear Mr. Kosloske:

I have received and reviewed the Government's Motion to Exclude Testimony concerning the expert reports of Robert McCullough and Chris Mathewson. In the Motion, you indicate that you wish to depose Messrs. McCullough and Mathewson.

In my letter to you of November 18, 2004, I requested that you advise if you wanted to take their depositions. My offer still stands. Do you want to re-depose Messrs. McCullough and Mathewson, and, if so, when?

If you need some extra time to respond to their reports, please advise how much time you need. There is no need to wait for a Court hearing which may not occur until next year. We should be able to resolve this ourselves. Please advise if there is any other relief Renda can provide.

Sincerely yours,

Brian W. Erikson

BWE/ja

cc: Oscar Renda

S:\Construction\Renda Marine\Upper Bayou 565.09\041202 Kosloske re mot to exclude.wpd

Pl. App. 098

EXHIBIT K

Blumberg No. 5118