# DEFENDANT'S SUPPLEMENTAL APPENDIX

QSCL
QUILLING · SELANDER · CUMMISKEY · LOWNDS

BRIAN W. ERIKSON
Direct: 214.880.1844

E-mail: berikson@qsclpc.com
Federal ID #75-2459334

June 14, 2004

Mr. Alex Petty
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
P. O. Box 1229
Galveston, Texas 77553-1229

*Via Facsimile & Certified Mail, Return Receipt Requested*

Re: Case No. 02-306C; *Renda Marine, Inc. v. United States Army Corps of Engineers*; United States Court of Federal Claims; DACW64-99-C-0001, Dredging Upper Bayou

Dear Mr. Petty:

Under the Freedom of Information Act, please allow me access to inspect and/or copy the documents identified below. This request includes, but is not limited to, any such documents connected to the "Upper Bayou Project" and associated dredging projects for Houston-Galveston Navigation Channels, Texas, Dredging Upper Bayou (45-Foot Project) in Harris and Galveston Counties, and is referred to hereafter as the "Project." The documents are as follows:

1. Any and all documents pertaining to or reflecting any soil or core borings undertaken in the Flare Area of the Project in May 2000.

2. Any and all documents pertaining to or reflecting any soil or core borings undertaken at any time on the Project after September 2001, including, without limitations, any borings undertaken in 2002 or 2003.

3. Any and all documents pertaining to or reflecting Corps claims handling or claims administration manual or policy or guidelines in existence at any time during the Project.

4. Any and all documents pertaining to or reflecting any soil or core borings taken for the Goat Island contract awarded to Great Lakes Dredge & Dock ("Great Lakes"), which concern any area of the Project.

5. Any and all documents pertaining to or reflecting the bid solicitation materials for the Goat Island contract subsequently awarded to Great Lakes.

6. Any and all documents pertaining to or reflecting records of use of the Lost Lake Placement Area at any time between January 1, 1990, and the present, including without limitation, any depositing of dredging maintenance material.

7. Any and all documents pertaining to or reflecting any work on increasing or maintaining the height of the levees at the Lost Lake Placement Area at any time between January 1, 1990, and the present.

8. Any and all documents pertaining to or reflecting any creation of borrow areas or removal of soil material from borrow areas near or adjacent to the existing levees at the Lost Lake Placement Area at any time between January 1, 1990, and the present.

9. Any and all documents pertaining to or reflecting any surveys or cross sections of the levees or borrow areas at the Lost Lake Placement Area performed at any time between January 1, 1990, and the present.

10. Any and all documents pertaining to or reflecting any manuals, policies, or guidelines for the design of levees relevant to the levees at the Lost Lake Placement Area in existence at any time during the Project.

11. Any and all documents pertaining to or reflecting any revisions or additions to manuals, policies, or guidelines for the design of levees relevant to the levees at the Lost Lake Placement Area since July 15, 1998.

12. Any and all documents pertaining to or reflecting any calculations of liquidated damages for the Project.

13. Any and all documents pertaining to or reflecting any determination of the contract amount for the liquidated damages listed in the contract for the Project.

14. The 1993 soil cores and samples referenced in paragraph 1.11 on page 02482-4 of the Project specification book.

15. Any and all documents pertaining to or reflecting any permits for depositing of dredged material in the Lost Lake Placement Area at any time between January 1, 1990, and the present.

16. Any and all documents pertaining to or reflecting any investigation in response to any of Renda's notices of differing site conditions at any time prior to Renda's filing of this suit.

17. Any and all documents pertaining to or reflecting the Corps Engineering Pamphlet EP 1110-1-8, "Construction Ownership and Operating Expense Schedule," whichever editions or versions were applicable to the Project.

18. Any and all documents, presentations, book chapters, abstracts, or speeches authored or partially authored by Jack Fowler, Ph.D., P.E., pertaining to any of the publications and/or presentations identified on his resume, and concerning dredging, levees, or related issues involved in this suit.

19. Any and all expert reports, affidavits, deposition transcripts, or trial testimony for any cases in which Jack Fowler, Ph.D., P.E., may have served as an expert witness.

20. Any and all documents, presentations, book chapters, abstracts, or speeches authored or partially authored by Robert W. Lofgren, pertaining to dredging or levee construction.

21. Any and all expert reports, affidavits, deposition transcripts, or trial testimony for any cases in which Robert W. Lofgren may have served as an expert witness.

22. Any and all documents, presentations, book chapters, abstracts, or speeches authored or partially authored by William Frank Connole.

23. Any and all expert reports, affidavits, deposition transcripts, or trial testimony for any cases in which William Frank Connole may have served as an expert witness, including, but not limited to, those cases identified on his resume.

This office guarantees the reasonable cost of copying such documents. Please advise when they are ready.

Sincerely yours,

Brian W. Erikson

BWE/cam
S:\Construction\Renda Marine\Upper Bayou 565.05\Petty 003.wpd

cc: Oscar Renda (via fax)
John Kosloske (via fax)