# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: December 28, 2004)

RENDA MARINE, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## ORDER

Before the court is defendant's Motion to Exclude Testimony Regarding Opinions and Other Matter Contained in the November 2004 Revisions of Reports of Plaintiff's Designated Trial Experts or, in the Alternative, to Vacate the Court's November 4, 2004 Scheduling Order Pending Completion of Discovery Relating to Plaintiff's Experts' Revised Reports, Including Document Production and Depositions, and the Opportunity to Identify Additional Experts, filed electronically on December 2, 2004 (Def.'s Mot. or defendant's motion). Plaintiff has responded (Pl.'s Resp. or plaintiff's response) and defendant has replied (Def.'s Reply or defendant's reply). The court has considered the parties' briefing and the numerous documents put forth by plaintiff in support of its response and concludes, as more particularly set out below, that portions of defendant's motion should be ALLOWED. The court also concludes that defendant's motion in the alternative to vacate the court's November 4, 2004 scheduling order should be DENIED.

The court also takes the opportunity to direct the parties, and in particular plaintiff, to focus the presentation of this case on the law and the facts and to avoid rhetorical and argumentative flourishes of uncertain meaning and no persuasive value. In particular, the court refers to a quotation appearing in plaintiff's response on page one and a purported

analysis of defendant's motion in the alternative as "clearly an attempt to intimidate the [c]ourt." Pl.'s Resp. at 8.

I. Revised Report of Dr. Christopher Mathewson of November 17, 2004 (CM Report)

Dr. Mathewson's "Qualifications and Experience". Defendant objected, Def.'s Mot. at 8, to a list of ten items on page two of the CM Report described by Dr. Mathewson as a list of "my qualifications and experience." Appendix to Def.'s Mot. (Def.'s Mot. App.) at 52. The court finds that items 8, 9 and 10 on page two of the CM Report are argumentative and express opinions, rather than providing documentation of qualifications and experience. Accordingly, items 8, 9 and 10 on page 2 of the CM report are EXCLUDED.

Flare Area Claim. Defendant objected, Def.'s Mot. at 8, to two sentences in the CM Report regarding the Flare Area claim. See Def.'s Mot. App. at 53. For the reasons stated in defendant's reply, these two sentences are EXCLUDED.

South Ferry Landing Claim. Defendant objected, Def.'s Mot. at 8, to the second paragraph of the CM Report addressing the South Ferry Landing claim. See Def.'s Mot. App. at 53. Defendant argued that the document on which plaintiff's expert relies were not recently produced by defendant because the documents were obtained by a FOIA request rather than in formal discovery. Def.'s Reply at 4. The court, in its discretion, finds that the documents, because they were recently provided, form a proper basis for an update to the CM Report. Defendant's request to exclude this paragraph is DENIED.

Section 7 Clay Claim. For the reasons stated in defendant's reply, the portions to which defendant objects are EXCLUDED.

Lost Lake Levees Claim. The court disagrees with defendant's observations in footnote 4 of its reply. See Appendix to Pl.'s Mot. (Pl.'s Mot. App.) at 141 (noting, at lines 8–9 of page 165 of April 14, 2004 deposition of Christopher Mathewson, that "[plaintiff was] unable to dredge enough material to complete the project."). The court does not discern a basis for excluding this statement and, accordingly, defendant's request is DENIED.

Corps of Engineers Manuals. The court notes defendant's concern that "another disclosure of expert testimony by Dr. Mathewson may be forthcoming" because plaintiff provided Dr. Mathewson "for his review, seven enumerated Corps of Engineers Manuals." Def.'s Mot. at 9–10 (internal quotation omitted). Plaintiff has represented that it will not attempt update the CM Report to reflect the contents of the Manuals. Pl.'s

Resp. at 6 ("Although Dr. Mathewson is not planning to revise his report, Renda did update the listing of the documents Dr. Mathewson has received, as Renda is required to do."). The court emphasizes that plaintiff's deadline for submitting updated expert reports expired November 18, 2004, and that no further updated reports may be submitted. See Order of Nov. 4, 2004, at 1, ¶ 2.

II. Revised Report of McCullough & Associates of November 17, 2004 (M&A Report)

Plaintiff supports the revisions to the M&A Report on the basis that the changes "respon[d] to criticisms and critiques by Defendant and Defendant's experts." Pl.'s Resp. at 6. The court disagrees with plaintiff that, under the court's Order of November 4, 2004, this is a proper basis to amend the report. Order of Nov. 4, 2004 at 1, ¶ 2 (permitting plaintiff to "submit updated versions" of its expert reports, "in light of material produced by defendant during discovery"). Plaintiff does not argue that revisions to the M&A Report are based on documents recently delivered by defendant. Accordingly, the revised M&A Report is EXCLUDED.

III. Conclusion

To the extent detailed in the foregoing, defendant's motion to exclude is ALLOWED-IN-PART and DENIED-IN-PART. Defendant's alternative motion to vacate the trial schedule is DENIED.

The parties shall cooperate in the expeditious scheduling of any necessary deposition of Dr. Mathewson. Defendant may obtain a rebuttal expert report with respect to the Lost Lake Levees claim, and the parties shall cooperate in the expeditious scheduling of any necessary deposition of such rebuttal expert.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge