UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., PLAINTIFF, | § § | |
| | § | CASE NO. 02-306C |
| V. | § | |
| | § | (JUDGE HEWITT) |
| UNITED STATES ARMY CORPS OF ENGINEERS, DEFENDANT. | § § § | |

# MOTION BY RENDA MARINE, INC., FOR LEAVE TO FILE PORTIONS OF DEPOSITION TRANSCRIPTS

Pursuant to ¶ 15(b) of Appendix A to the Rules of the Court of Federal Claims[1], Plaintiff, Renda Marine, Inc., respectfully requests leave of this Court to file portions of deposition transcripts and certain deposition exhibits of the following depositions for use at the trial of the above captioned action:

1. Deposition of Luis Saenz on January 9, 2004, in Galveston, Texas, in this case.
2. Deposition of Herbie Maurer on January 7, 2004, in Galveston, Texas in this case.
3. Deposition of Johnny Rozsypal on January 5, 2004, in Galveston, Texas in this case.

## ARGUMENT

### A. Deposition of Luis Saenz in this Case

Renda's deposition of Luis Saenz on January 9, 2004, in this case may be used at trial in the manner contemplated by Rule 32(a) because, at the time of the deposition, Mr. Saenz was an employee of the U. S. Army Corps of Engineers, Galveston District ("Corps"). Mr. Saenz Dep. at 5, lines 3-18. RCFC 32(a)(2) provides that "[t]he deposition of a party or of anyone who at the time

[1]Paragraph 15(b) provides: "Any party intending to present substantive evidence by way of deposition testimony, other than as provided by Federal Rules of Evidence 801(d),shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portions of the transcript the party intends to use at trial. See RCFC 32(a)(2) & (3). If the motion is granted, only those portions of the transcript may be filed."

of taking the deposition was an officer, director, or managing agent, or person designated under RCFC 30(b)(6) or 31(a) to testify on behalf of a public or private corporation . . . which is a party may be used by an adverse party for any purpose."

B. Deposition of Herbie Maurer in this Case

Renda's deposition of Herbie Maurer on January 7, 2004, in this case may be used at trial in the manner contemplated by Rule 32(a) because, at the time of the deposition, Mr. Maurer was an employee of the Corps. Mr. Maurer Dep. at 5. As noted above, RCFC 32(a)(2) provides that "[t]he deposition of a party or of anyone who at the time of the taking of the deposition was an officer, director, or managing agent, or a person designated under RCFC 30(b)(6) or 31(a) to testify on behalf of a public or private corporation . . . which is a party may be used by an adverse party for any purpose."

C. Deposition of Johnny Rozsypal in this Case

Renda's deposition of Johnny Rozsypal on January 5, 2004, in this case may be used at trial in the manner contemplated by Rule 32(a) because, at the time of the deposition, Mr. Rozsypal was an employee of the Corps. Mr. Rozsypal Dep. at 6-7. As noted above, RCFC 32(a)(2) provides that "[t]he deposition of a party or of anyone who at the time of the taking of the deposition was an officer, director, or managing agent, or a person designated under RCFC 30(b)(6) or 31(a) to testify on behalf of a public or private corporation . . . which is a party may be used by an adverse party for any purpose."

CONCLUSION

For the foregoing reasons, Renda's motion for leave to file designated portions of the deposition transcripts and the deposition exhibits above should be granted.

Respectfully submitted,

QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.

BY: s/Brian W. Erikson
Brian W. Erikson, TX Bar No. 06643800

2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)

ATTORNEYS FOR RENDA MARINE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January, 2005, a true and correct copy of Motion by Renda Marine, Inc., for Leave to File Portions of Deposition Transcripts was served electronically through the CM/ECF system for the Court of Federal Claims.

s/Brian W. Erikson
Brian W. Erikson

Luis Saenz Deposition
(January 9, 2004)

| Page/Line | To Page/Line | Deposition Exhibit | Corresponding Plaintiff's Trial Exhibit |
|---|---|---|---|
| 5/3 | 5/18 | | |
| 6/3 | 6/21 | | |
| 20/22 | 21/11 | | |
| 21/23 | 22/4 | | |
| 22/10 | 23/18 | | |
| 27/6 | 27/22 | | |
| 31/14 | 32/16 | | |
| 33/2 | 35/16 | | |
| 35/20 | 37/24 | | |
| 39/2 | 40/23 | | |
| 45/6 | 50/1 | | |
| 50/5 | 50/12 | | |
| 50/21 | 52/10 | | |
| 52/20 | 56/25 | | |
| 57/20 | 58/9 | | |
| 58/15 | 59/12 | | |
| 62/15 | 63/8 | | |
| 66/14 | 67/3 | | |
| 69/11 | 69/22 | | |
| 69/24 | 70/12 | | |
| 79/20 | 80/10 | | |
| 87/5 | 88/17 | | |

Herbie A. Maurer
(January 7, 2004)

| Page/Line | To Page/Line | Deposition Exhibit | Corresponding Plaintiff's Trial Exhibit |
|---|---|---|---|
| 5/8 | 5/10 | | |
| 5/13 | 5/18 | | |
| 8/18 | 8/25 | | |
| 12/1 | 12/15 | | |
| 16/1 | 16/12 | | |
| 16/24 | 18/16 | | |
| 23/10 | 23/24 | | |
| 25/1 | 25/20 | | |
| 57/6 | 60/13 | Exhibit 5 | |
| 60/22 | 61/11 | | |
| 63/10 | 63/21 | | |
| 85/3 | 85/25 | | |

Johnny Rozsypal Deposition
(January 5, 2004)

| Page/Line | To Page/Line | Deposition Exhibit | Corresponding Plaintiff's Trial Exhibit |
|---|---|---|---|
| 6/17 | 8/2 | | |
| 14/24 | 15/25 | | |
| 16/8 | 17/10 | | |
| 19/13 | 19/20 | | |
| 23/15 | 24/12 | | |
| 24/15 | 26/23 | | |
| 27/16 | 28/7 | | |
| 29/6 | 31/19 | | |
| 31/22 | 32/18 | | |
| 34/18 | 35/15 | | |
| 35/18 | 39/12 | Exhibits 3, 4 & 5 | |
| 39/15 | 39/16 | | |
| 39/23 | 40/7 | Exhibit 6 | |
| 40/10 | 40/17 | | |
| 42/10 | 42/23 | Exhibit 2 | |
| 43/5 | 44/20 | | |
| 49/19 | 49/20 | | |
| 49/23 | 50/11 | | |
| 52/19 | 53/19 | | |
| 54/13 | 56/19 | Exhibit 7 | |
| 69/7 | 69/13 | | |
| 70/18 | 70/21 | | |
| 71/6 | 72/7 | Exhibits 11, 12 | |
| 81/23 | 84/10 | | |

| Page/Line | To Page/Line | Deposition Exhibit | Corresponding Plaintiff's Trial Exhibit |
|---|---|---|---|
| 85/10 | 85/25 | | |
| 100/3 | 102/3 | Exhibit 1 | |