IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

Pursuant to ¶ 5 of the Court's November 4, 2004 Order, defendant, the United States, objects to the following exhibits contained in "Renda Marine's Exhibit List" filed on January 12, 2005:[1/]

1. **PX 156, 780, 781, 897, 1276:** The Government objects to these exhibits upon the ground that they are hearsay (Fed.R.Evid. 802) and irrelevant (Fed.R.Evid. 402).

2. **PX 94, 101, 178, 202, 370, 392, 393, 469, 470, 563, 590, 642, 647, 661, 688, 739, 766, 768, 773, 777, 785, 788, 801, 824, 835, 836, 870, 903, 964, 965, 1283, 1474, 1475, 1476, 1478, 1529, 1538, 1551, 1567, 1586, 1588, 1591, 1606, 1621, 1653, 1664, 1712, 1731, 1744, 1841, 1842, 1843, 1844:** The Government objects to these exhibits upon the ground that they are irrelevant (Fed.R.Evid. 402).

3. **PX 402:** The Government objects to this exhibit for lack of foundation (Fed.R.Evid. 901(a)) and upon the ground that it is irrelevant (Fed.R.Evid. 402).

---

[1] In this document, "PX ____" refers to the referenced exhibit(s) contained in "Renda Marine's Exhibit List" filed on January 12, 2005, and Def. App. ____" refers to the referenced page(s) of the appendix to this document.

4. **PX 1682**: The Government objects to this exhibit upon the ground that evidence of conduct or statements made in compromise negotiations is not admissible. Fed.R.Evid. 408.

5. **PX 1746, 1747, 1748, 1749, 1753, 1754, 1757, 1765, 1766, 1787, 1788, 1789, 1790, 1791, 1792, 1793:** The Government objects to these upon the ground that they are irrelevant (Fed.R.Evid. 402), inasmuch as they concern the November 26, 2002 decision of the contracting officer or Government claims that are the subject of that decision. The contracting officer's November 26, 2002 decision is not a subject of Renda's complaint in this case and the Government has not sought to place that decision in issue here by way of pleading a set-off or a counterclaim. In its July 30, 2004 Order, the Court rejected an attempt by Renda to raise the issue of the validity of the contracting officer's November 26, 2002 final decision in this proceeding when the Court denied Renda's motion for leave to file an amended complaint in which Renda sought a declaration from the Court that the contracting officer's November 26, 2002 decision is "a nullity or otherwise invalid." See id., at 7.

6. **PX 1863 (Tab 1)**: The Government objects to the receipt in evidence of Tab 1 to the March 3, 2004 Report of Robert B. McCullough, P.E., as a summary under Fed.R.Evid. 1006, which provides, in pertinent part, that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." "[S]ummaries admitted pursuant to Rule 1006 *are evidence*." United States v. Winn, 948 F.2d 145, 158 (5th Cir. 1991) (emphasis in original). To lay a proper foundation for admission of a summary into evidence under Rule 1006, the proponent of the summary must establish, among other things, that the summarized writings are so voluminous

as to be unable to be conveniently examined in court; (2) the underlying evidence is admissible; (3) the original or copies of the summarized writings have been made available to the opposing party; and (4) the proposed summary (or chart or calculation) accurately summarizes (or reflects) the underlying document(s) and only the underlying documents. Bath Iron Works Corp. v. United States, 34 Fed. Cl. 218, 232-33 (1995), aff'd, 98 F.3d 1357 (Fed. Cir. 1996) (Table); accord AFD Fund v. United States, 61 Fed. Cl. 540, 546 (2004); Bannum, Inc. v. United States, 59 Fed. Cl. 241, 244-45 (2003).

Tab 1 is a chart that summarizes the amounts of plaintiff's claims, as submitted to the contracting officer, and adjustments to those claims made by plaintiff's damages expert to arrive at the revised amounts of plaintiff's claims. This document does not summarize writings that are so voluminous as to be unable to be conveniently examined in court. Tab 1 is a pedagogical device. "Demonstrative summaries can be permitted at trial under Fed.R.Evid. 611(a) where they serve fairly and accurately to render other evidence more understandable." Bannum, 59 Fed. Cl. at 245 n.9; accord United States v. Taylor, 210 F.3d 311, 315 (5th Cir. 2000); United States v. Gardner, 611 F.2d 770, 776 (9th Cir. 1980). Rule 1006 summaries should be distinguished from summaries or charts used as pedagogical devices that organize or aid the jury's examination of testimony or documents that have been admitted into evidence. Pedagogical-device summaries are used to summarize evidence, but they are not evidence themselves. 6 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 1006.08[4], at 1006-23 (2d ed. 2004); accord United States v. Williams, 264 F.3d 561, 575 (5th Cir. 2001); Bray, 139 F.3d at 1111; United States v. Wood, 943 F.2d 1048, 1053 (9th Cir. 1991).

7. **PX 1863 (Tab 2)**: The Government objects to the receipt in evidence of Tab 2 to the March 3, 2004 Report of Robert B. McCullough, P.E., as a summary under Fed.R.Evid. 1006. The first page of Tab 2 is a calculation of a rental rate for a 24" hydraulic dredge. This document is not a summary does not summarize writings that are so voluminous as to be unable to be conveniently examined in court. The balance of Tab 2 consists of selected pages from a the Rental Rate Bluebook, Volume 1 (2000 ed.). It does not summarize writings that are so voluminous as to be unable to be conveniently examined in court.

8. **PX 1863 (Tab 3)**: The Government objects to the receipt in evidence of Tab 3 to the March 3, 2004 Report of Robert B. McCullough, P.E., as a summary under Fed.R.Evid. 1006. Tab 3 is a summary of the damages claimed by plaintiff. It does not summarize writings that are so voluminous as to be unable to be conveniently examined in court. Tab 3 is a pedagogical device that may be admitted under Rule 611(a), but not under Rule 1006.

9. **PX 1863 (Tab 4)**: The Government objects to the receipt in evidence of Tab 4 to the March 3, 2004 Report of Robert B. McCullough, P.E., as a summary under Fed.R.Evid. 1006. At his deposition in this case in April 2004, Mr. McCullough testified that Tab 4 is a "chronology" summary" based upon a "chronology" supplied by Mr. Barry Smith, a consultant retained by plaintiff to assist it with the preparation of the claims in this case. Tr. 185(17-22), Def. App. 3. Tab 4 does not summarize writings that are so voluminous as to be unable to be conveniently examined in court. It is a pedagogical device that may be admitted under Rule 611(a), but not under Rule 1006.

10. **PX 1863 (Tab 5)**: The Government objects to the receipt in evidence of Tab 5 to the March 3, 2004 Report of Robert B. McCullough, P.E., as a summary under Fed.R.Evid. 1006. Mr. McCullough testified that he could not explain the "Impact Days" column in Tab 5. Tr. 192(15-19), Def. App. 4. When questioned about the "1" entry for Day 182 in the Impact Days" column, Mr. McCullough could not say what that value represented and he could not identify the document(s) used generate that value. Tr. 215(13-25)-216(1-6), Def. App. 7. He could not explain the row of values appearing between the "Claim 12" and "N/C D" columns. Tr. 192(15-19); 195(5-23), Def. App. 4, 5. Mr. McCullough could not "recall" what the abbreviation "N/C" in columns "N/C D," "N/C H," and "N/C ML" means. Tr. 195(24-25)-196(1-6), Def. App. 5. He could not explain the values appearing in columns "N/C D," "N/C H," and "N/C ML" and he could not identify the document(s) used generate those values. Tr. 216(7-22), Def. App. 7.

The values contained in the "12a Ref" column of Tab 5 do not appear in any of plaintiff's records; they reflect Mr. McCullough's "judgment." Tr. 217(18-25)-218(1-18), Def. App. 7. Mr. McCullough testified that the designation "B" appearing in the "12e" column identifies days when Mr. McCullough "believes" plaintiff's booster barge for the Upper Bayou Project was being "impacted" and "should be claimed as an extra cost for that particular day." Tr. 221(6-22), Def. App. 8. Mr. McCullough testified that he could not "recall" whether the designation "DS" (dredge standby) appearing in the "12f" column is reflected in plaintiff's daily reports or involves a judgment made by Mr. McCullough after reviewing daily reports. Tr. 221(23-25)-222(1-17), Def. App. 8.

As noted above, one of the elements of a proper foundation for a Rule 1006 summary is that the proposed summary accurately summarize or reflect the underlying document(s) and only the underlying documents. "Charts and summaries are . . . inadmissible if they contain information not present in the original or duplicate materials on which they are based." United States v. Drougas, 748 F.2d 8, 25 (1st Cir. 1984). A summary under Rule 1006 cannot properly incorporate a witness' personal knowledge as the basis for any of the matters summarized." Bannum, 59 Fed. Cl. at 245 n.9 (internal quotation omitted). In Bath Iron Works, the court excluded worksheets offered as summaries under Rule 1006 where they contained "additional information and material not present in the original underlying documents," i.e., the worksheets incorporated "subjective judgments or conclusions" of estimators "as to what work delineated in the [underlying documents] was beyond the scope of the original [Engineering Change Proposal]." 34 Fed. Cl. at 233. And, in Vasey v. Martin Marietta Corp., 29 F.3d 1460, 1468-69 (10th Cir. 1994), the appellate court concluded that a district court did not abuse its discretion in excluding a summary offered under Rule 1006 where, "[i]n light of [p]laintiff's counsel's inability to explain relevant portions of the summary to the district court, the district court was unable to assure itself of the accuracy of the information contained therein . . . ." See also Davis & Cox v. Summa Corp., 751 F.2d 1507, 1516 (9th Cir. 1985) (trial court's exclusion of summary upheld where summary did not fairly represent underlying documents because it only summarized those documents that, according to the determination of the proponent of the summary, "dealt" with the indemnification issue.).

Tab 5 should not be admitted as a Rule 1006 summary because it contains information not drawn from documents, i.e., Mr. McCullough's subjective judgments about matters, and it contains information that Mr. McCullough, the sponsor of the summary, could not explain.

11. **PX 1863 (Tab 6)**: The Government objects to the receipt in evidence of Tab 6 to the March 3, 2004 Report of Robert B. McCullough, P.E., as a summary under Fed.R.Evid. 1006. Tab 6 is a spreadsheet that purports to summarize handwritten daily dredging reports prepared by plaintiff. Mr. McCullough testified that the time values in the "Levee Delays-Displaced Material" column are based upon a "determination" by Mr. Steve Bowman. Those values do not appear in any of plaintiff's daily reports. Tr. 227(9-25)-228(1-22), Def. App. 9. The time values are the product of an "evaluation" or "assessment" of various project records. Tr. 230(1-19), Def. App. 9. Tab 6, thus, should not be admitted as a Rule 1006 summary because it contains information not drawn from documents.

12. **PX 1863 (Tab 9)**: The Government objects to the receipt in evidence of Tab 9 to the March 3, 2004 Report of Robert B. McCullough, P.E., as a summary under Fed.R.Evid. 1006. Tab 9 is a damages calculation. Mr. McCullough testified that he obtained the daily per diem value used in the calculation from Mr. Steve Bowman, not from any documents. Tr. 244(3-25), Def. App. 10. The value "24" in the "Hours Per Day" column is "based on discussions with Mr. [Barry] Smith and Mr. Bowman." Tr. 249(17-23); 256((12-15), Def. App. 11, 12. Tab 9, thus, should not be admitted as a Rule 1006 summary because it contains information not drawn from documents. It is a pedagogical device.

13. **PX 1863 (Tab 10)**: The Government objects to the receipt in evidence of Tab 10 to the March 3, 2004 Report of Robert B. McCullough, P.E., as a summary under Fed.R.Evid. 1006. Mr. McCullough testified that the purpose of Tab 10 is "[t]o compute the damages related to the dredge claims and levee operations." Tr. 261(23-25), Def. App. 13. The determination of what equipment to include in this computation and the hours of use for individual pieces of equipment are based upon "discussions" with Mr. Steve Bowman or calculations by Mr. Barry Smith. Tr. 264(22-25)-266(1-14), Def. App. 14. Tab 10, therefore, should not be admitted as a Rule 1006 summary because it contains information not drawn from documents. It is a pedagogical device.

14. **PX 1863 (Tab 12)**: The Government objects to the receipt in evidence of Tab 12 to the March 3, 2004 Report of Robert B. McCullough, P.E., as a summary under Fed.R.Evid. 1006. Mr. McCullough testified that Tab 12 is "a calculation of the booster equipment and labor associated with it." Tr. 274(3-5), Def. App. 15. But Tab 12 is not just a calculation of booster costs appearing for a specific period. Rather, it is summary computation of costs for days upon which booster-related damages are "claimed" by plaintiff. Tab 12, therefore, should not be admitted as a Rule 1006 summary because it a pedagogical device.

15. **PX 1863 (Tab 14)**: The Government objects to the receipt in evidence of Tab 14 to the March 3, 2004 Report of Robert B. McCullough, P.E., as a summary under Fed.R.Evid. 1006. Tab 14 is a chart that summarizes downward adjustments made by Mr. McCullough to plaintiff's claims. Tr. 274(15-23), Def. App. 15. It should not be admitted as a Rule 1006 summary because it does not summarize writings that are so voluminous as to be unable to be conveniently examined in court. Tab 14, rather, is a pedagogical device.

16. **PX 1863 (Tab 15)**: The Government objects to the receipt in evidence of Tab 15 to the March 3, 2004 Report of Robert B. McCullough, P.E., as a summary under Fed.R.Evid. 1006. Tab 15 contains an analysis of the duplication in plaintiff's original claims of certain claimed repairs. It does not summarize writings that are so voluminous as to be unable to be conveniently examined in court. It is a pedagogical device.

17. **PX 1863 (Tab 16)**: The Government objects to the receipt in evidence of Tab 16 to the March 3, 2004 Report of Robert B. McCullough, P.E., as a summary under Fed.R.Evid. 1006. Mr. McCullough testified that Tab 16 is a "summary of information that [he] received from Mr. [Barry] Smith" that allocates among plaintiff's claims hours expended by Mr. Smith upon claim preparation and hours expended by Mr. Smith upon preparation of requests for equitable adjustments. Tr. 275(5-18), Def. App. 16. Tab 16, therefore, should not be admitted as a Rule 1006 summary because it contains information that apparently is based in part at least upon judgments Mr. Smith as to the allocation of his time that is not taken purely from documents.

18. **PX 1865**: The Government objects to the receipt in evidence of PX 1865 as a summary under Fed.R.Evid. 1006. PX 1865 is not a summary of writings that are so voluminous as to be unable to be conveniently examined in court. PX 1865 itself is a voluminous compendium of documents. It consists of four binders of documents and a computer disk provided to the Government by Kent A. Ray, C.P.A., of the accounting firm Milbern Ray & Co. (plaintiff's accounting firm), in compliance with a subpoena duces tecum that the Government caused to be served upon Milbern Ray & Co. See March 10, 2004 letter from Kent A. Ray, C.P.A., to defendant's counsel, Def. App. 19.

Another potential problem with the admission of these materials as a Rule 1006 summary is that plaintiff has listed Mr. Ray only as a "may call" witness in plaintiff's trial exhibit list. Courts have required that a summary must be introduced through the testimony of a witness who either prepared the summary or supervised its preparation. See United States v. Modena, 302 F.3d 626, 633 (6th Cir. 2002) ("[T]he summary must be properly introduced through the testimony of a witness who supervised its preparation."), cert. denied, 537 U.S. 1145 (2003); Matter of Brackin, 148 B.R. 953, 957 (Bkrtcy.N.D.Ala. 1992) ("The usual procedure for presenting a summary to the court is to allow the person who prepared said summary to testify as to the documents upon which the summary is based."). In Brackin, a summary was not admitted in part because the person who prepared the exhibit was not available for cross-examination.

19. **PX 1869:** The Government objects to those portions of exhibit 1869 (November 17, 2004 revised report of plaintiff's trial expert Christopher C. Mathewson, Ph.D., P.E.) excluded from the record by the Court's December 28, 2004 Order, at 2.

20. **PX 1870:** The Government objects to PX 1870 (November 17, 2004 revised report of Robert McCullough, P.E., upon the ground that it has been excluded from the record by the Court's December 28, 2004 Order, at 3.

21. **PX 1871:** The Government objects to PX 1871 upon the ground that it should be excluded from the record for the same reasons that, in its December 28, 2004 Order, the Court excluded exhibit 1870 (November 17, 2004 revised McCullough report). PX 1871 consists of rate calculation sheets and work papers in support of Tab O to exhibit 1870 excluded by the Court.

22. **PX 16**: This is a photographic exhibit that consists of 648 photographs. The Government attempted unsuccessfully to review the photographs contained in PX 16, which plaintiff provided in an electronic format. We have been able to open and view only about 130 of the photographs on the computer disk, however. The situation is compounded by the fact that plaintiff's exhibit list does not contain a description of what supposedly is shown in any of the photographs. The Government, therefore, respectfully reserves the right to object to the photographs contained in PX 16 at trial, when they are shown to and testified about by plaintiff's witnesses.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax) (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

MR. P. ALEX PETTY
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
Galveston, TX

FEBRUARY 2, 2005