UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC.,<br>PLAINTIFF,<br><br>V.<br><br>UNITED STATES ARMY<br>CORPS OF ENGINEERS,<br>DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 02-306C<br><br>(JUDGE HEWITT) |

**PLAINTIFF'S MOTION TO STRIKE EXPERT REPORT**
**<u>OR IN THE ALTERNATIVE TO LIMIT TESTIMONY</u>**

TO THE HONORABLE COURT:

COMES NOW, Renda Marine, Inc., Plaintiff in the above captioned case, and pursuant to RCFC 37 moves this court for an order striking the Expert Report of Michael Hasen, or in the alternative, severely limiting his testimony, and would show unto the honorable Court, as follows:

**I.**

**<u>BACKGROUND</u>**

1. By order dated November 4, 2004, the Court set forth the requirements for final expert discovery, allowing the Plaintiff to submit "updated versions of its existing expert reports on or before November 18, 2004. Pursuant to the same order, rebuttal expert reports, if any, were ordered to be submitted "on or before December 16, 2004." A true copy of this Order is appended as Exhibit A.

2. At the time of the November 4, 2004 order, the United States had designated Jack Fowler, Ph.D., P.E. as its testifying expert. Mr. Fowler had provided his first "Final Report" dated January 2, 2004, on or about that date. See Exhibit B. Thereafter, in response to the report of one

of Plaintiff's experts, Christopher Mathewson, Ph.D., Dr. Fowler supplemented his report on or about February 26, 2004. See Exhibit C. Dr. Fowler was deposed by Renda on April 8, 2004.

3. Dr. Mathewson's original report was provided to the United States, on or about January 27, 2004. On November 17 and 18, respectively, Plaintiff provided to the United States superseding expert reports of Dr. Mathewson, and of Robert McCullough. As was set forth in the transmitting correspondence, Plaintiff's experts had reviewed additional documents submitted to Plaintiff by the Corps of Engineers, since the previous report was delivered. A CD ROM containing copies of all documents reviewed by both of Plaintiff's experts was provided with the superseding reports.[1]

4. In response to the supplemental reports, the government filed a motion, on or about December 2, 2004, *inter alia*, to exclude the matter contained within the superseding reports. See Exhibit D. The Court ruled on the government's motion by order dated December 28, 2004. See Exhibit E.

5. In the Court's December 28, 2004 order, the court granted some of the government's objections, and denied others. Finally, the Court ruled:

> "The parties shall cooperate in the expeditious scheduling of any necessary deposition of Dr. Mathewson. Defendant may obtain a rebuttal expert report ***with respect to the Lost Lake Levees claim***, and the parties shall cooperate in the expeditious scheduling of any necessary deposition of such rebuttal expert." [emphasis added]

As of the filing of the government's December 2, 2004 motion, Dr. Fowler was designated as the government's *only* geotechnical expert. As such, Dr. Fowler had already provided full and complete

---

[1]. Copies of the expert reports referenced herein are attached to the Defendant's Motion to Exclude Testimony, et. al., filed in this matter on or about December 2, 2004. A complete copy of said Defendant's Motion is provided in the accompanying appendix to this motion as Exhibit "D", for the convenience of the Court.

opinions in response to all of Plaintiff's geotechnical expert's opinions, including the Lost Lake Levees claim.

6. For example, on page 6, and in paragraph 2-4 of his February 2, 2004, report, Dr. Fowler opined that "There should not be a problems constructing hydraulically placed embankments on either the east, west or north embankments." This contention is exactly opposite Dr. Mathewson's position that such levees were not possible to be constructed under the circumstances, due in large measure to the sidecast borrow areas. See pages 5-7 of Dr. Mathewson's November 2004 report.

7. In paragraphs 2-11 and 2-13 on pages 9 and 10, respectively, of his February 2, 2004, report, Dr. Fowler directly addressed the sidecast borrow area issue, and the appropriate manner for constructing the hydraulic levees at issue. The import of Dr. Fowler's opinion is that the levees were constructible, while Dr. Mathewson's opinion is the opposite.

8. In Dr. Fowler's February 26, 2004, rebuttal report, he directly addresses Dr. Mathewson's contention that Renda Marine could not construct the desired levee to +30 feet. Dr. Fowler opined that an experienced contractor should have anticipated the very soft dredged materials, and overcome the problem. See page 4 of Dr. Fowler's February 26, 2004, report.

9. On February 2, 2005, without prior notice, Plaintiff received the "Expert Witness Report" presented by Michael Hasen, P.E. A true and correct copy of the Expert Witness Report is included in the appendix filed with this motion, as Exhibit "F". Presumably offered by the government as a "rebuttal expert" under to the Court's order of December 28, 2004, Mr.Hasen's

report covers material already reviewed and covered by Dr. Fowler.[2] Further, while Defendant has had Plaintiff's superseding reports for almost three months, it waited until before the trial, and two weeks prior to the pre-trial conference, to announce an entirely new expert.

10. According to Defendant's Witness List, Defendant plans to call Mr. Hasen to cover much more than the supplemental information in Dr. Mathewson's report concerning the Lost Lake Levee claim. Mr. Hasen is listed to testify about "Levee design; materials suitable for levee construction, May 2000 Flare area borings" and the opinions and basis and reasons for those opinions in Mr. Hasen's expert report. See page 6 of Defendant's Trial Witness List, appended as Exhibit G. Dr. Fowler is no longer in the "Will Call" list of witnesses.

11. After forwarding Mr. Hasen's report to Plaintiff, the government's counsel, by letter dated February 3, 2005 (transmitted well after business hours), offered for the first time to make Mr. Hasen available for deposition. A true and correct copy of Mr. Kosloske's letter is contained in the appendix filed with this motion, and marked as Exhibit "H". Immediately upon receiving Mr. Kosloske's letter, Plaintiff's counsel wrote to Defendant's counsel, stating:

> "Please voluntarily withdraw Mr. Hasen as Defendant's geotechnical expert, or explain how Dr. Fowler's opinions and reports do not already cover the supplemental information that the Court has allowed in Dr. Mathewson's November 2004 report."

---

[2]. Dr. Fowler's Report of February 2, 2004, and his supplemental report of February 26, 2004 are contained in the appendix filed with this motion as Exhibits "B" and "C", respectively.

A true copy of Plaintiff's counsel's letter of February 4, 2005, is appended as Exhibit I. Given that there are only 7 business days from the preparation of this motion until the pre-trial hearing on February 16, 2005, Plaintiff has had no recourse other than to request the assistance of the Court on this matter.

**II.**

**REQUESTED RELIEF, ARGUMENT AND AUTHORITIES**

12. By the Court's order of December 28, 2004, the Court permitted Defendant to submit a *rebuttal* expert report concerning the Lost Lake levee claim. The only need for such an expert, would be to cover matters not already reviewed by Defendant's existing geotechnical expert, Dr. Fowler, and then only to the extent that new material arose as a result of the superseding report. Instead, Defendant has announced on the very eve of trial, a new expert with an new analysis of technical matters previously covered by Dr. Fowler's reports. Such was not the intent of the Court when it allowed Defendant to have a rebuttal expert report.

13. Further, it is implicit (if not explicit) in the Court's order, that any such rebuttal expert report was to be provided expeditiously, and that "any necessary deposition of such rebuttal expert" was to be scheduled as soon as possible. Given the subtle differences between Dr. Mathewson's superseding report and his original report, a small analysis of additional material was all that was necessary. Instead, Defendant has chosen to obtain a completely new analysis of its position with regard to the Lost Lakes Levees claim, an area already reviewed and analyzed by Dr. Fowler. Such tactic constitutes an unfair surprise on the Plaintiff. A deposition is not sufficient to cure the Plaintiff's prejudice, as there are only days left prior to trial. This Court has scheduled this trial to last for a total of four weeks. Clearly, only days prior to the commencement of trial, the Plaintiff

cannot be expected to be spending precious pre-trial preparation time in conducting discovery of an expert.

14. Under the circumstances, Defendant has not acted expeditiously. It is fundamentally unfair to require that Plaintiff now prepare to oppose an expert, substituting for a previously deposed expert, whose opinions and analysis Plaintiff has had for over a year. This court should not allow such conduct, and Defendant should be required to proceed with Dr. Fowler.

15. RCFC 37(b)(2) provides that when a party fails to comply with an order regarding discovery, that the Court may enter such orders as are just, including: "An order . . . prohibiting that party from introducing designated matters in evidence." RCFC 37(b)(2)(B). In assessing whether or not to preclude testimony, four factors are generally considered: (1) any explanation for failing to comply with the order; (2) the importance of the testimony of the precluded witness; (3) prejudice suffered by the opposing party; and (4) the possibility of a continuance.[3]

16. In the instant case, the answers to all four factors are obvious. Defendant can offer no reasonable explanation for waiting so long to announce a replacement expert for Dr. Fowler. Given that Dr. Fowler has already addressed the Lost Lakes Levees claim, Mr. Hasen's proposed testimony is cumulative of what Dr. Fowler has already covered. Defendant will not be prejudiced by the exclusion of Mr. Hasen. The prejudice to Plaintiff, however, is clear. In the ordinary course of trial preparation, time is needed for Plaintiff's experts to review and analyze Mr. Hasen's new impressions. Plaintiff's experts should then be allowed to respond to the new impressions. However, there simply is not enough time to allow discovery for a new expert. Even assuming that the task

---

[3]. *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 269 (2nd Cir., 1999); *Amerisham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.* 190 F.R.D. 644, 648 (N.D. Calif. 2000)(construing Fed. R. Civ. P. 37(b)(2)(B)).

could be handled in the remaining time prior to trial, it is fundamentally unfair to require Plaintiff's counsel to shift his focus from final trial preparation, to dealing with another expert witness issue. Finally, the Court has already denied the government's request to continue the trial date. This trial has been set for some time, and the case is over two years old. A continuance is not a workable solution.

## III.

## SUMMARY AND CONCLUSION

17. As is set forth herein above, the subject matter of Mr. Hasen's proposed testimony has already been covered by Dr. Fowler. It is unfair to allow Mr. Hasen to testify on matters that Dr. Fowler has already been designated to cover. It is true that the Court allowed for a rebuttal expert report if Defendant needed one. Such, however, was to be done on an expedited basis, and then was to be limited to new matters in Dr. Mathewson's superseding report. Mr. Hasen's report goes far beyond such parameters, and clearly was not done expeditiously, under the circumstances.

18. Accordingly, Plaintiff prays that Mr. Hasen's report be stricken, and that he not be permitted to testify with regard to any matter that Dr. Fowler has already covered in either his reports or his deposition testimony, or in the alternative, that Mr. Hasen's testimony be expressly limited to anything new raised in Dr. Mathewson's superseding report.

Respectfully submitted,

QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.

BY: /S BRIAN W. ERIKSON
Brian W. Erikson, TX Bar No. 06643800
Clark B. Will, P.C., TX Bar No. 21502500

2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)
ATTORNEYS FOR RENDA MARINE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February, 2005, a true and correct copy of the foregoing was sent via the Court's electronic case filing system to:

John E. Kosloske, Esq.
Senior Trial Counsel, Commercial Litigation Branch
Department of Justice
Attn.: Classification Unit
1100 L Street N.W., Room 8012
Washington, DC 20530

/s Brian W. Erikson
Brian W. Erikson

APPENDIX TO PLAINTIFF'S MOTION TO STRIKE
EXPERT REPORT OR IN THE ALTERNATIVE TO LIMIT TESTIMONY

APPENDIX TABLE OF CONTENTS


| Exhibit | Description | Page |
|---|---|---|
| A | Court's Order of November 4, 2004 | 1-7 |
| B | "Final Report" of Jack Fowler, Ph.D., P.E. | 8-52 |
| C | Dr. Fowler's Supplemental Report dated February 26, 2004 | 53-57 |
| D | Defendant's Motion to Exclude Testimony, etc., dated December 2, 2004 | 58-225 |
| E | Court Order of December 28, 2004 | 226-228 |
| F | Expert Witness Report of Michael Hasen, P.E., dated January 30, 2005 | 229-301 |
| G | Defendant's Trial Witness List | 302-311 |
| H | Mr. Kosloske's letter dated February 3, 2005 | 312-313 |
| I | Plaintiff's counsel's letter of February 2, 2005 | 314-315 |