No. 02-306C
(Judge Hewitt)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RENDA MARINE, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S MOTION TO EXCLUDE TESTIMONY REGARDING OPINIONS AND OTHER MATTER CONTAINED IN NOVEMBER 2004 REVISIONS OF REPORTS OF PLAINTIFF'S DESIGNATED TRIAL EXPERTS OR, IN THE ALTERNATIVE, TO VACATE THE COURT'S NOVEMBER 4, 2004 SCHEDULING ORDER PENDING COMPLETION OF DISCOVERY RELATING TO PLAINTIFF'S EXPERTS' REVISED REPORTS, INCLUDING DOCUMENT PRODUCTION AND DEPOSITIONS, AND THE OPPORTUNITY TO IDENTIFY ADDITIONAL EXPERTS

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax) (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

MR. P. ALEX PETTY
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
Galveston, TX

DECEMBER 2, 2004

EXHIBIT
D

Blumberg No. 5118

## TABLE OF CONTENTS

Page

DEFENDANT'S MOTION TO EXCLUDE TESTIMONY REGARDING OPINIONS AND OTHER MATTER CONTAINED IN NOVEMBER 2004 REVISIONS OF REPORTS OF PLAINTIFF'S DESIGNATED TRIAL EXPERTS OR, IN THE ALTERNATIVE, TO VACATE THE COURT'S NOVEMBER 4, 2004 SCHEDULING ORDER PENDING COMPLETION OF DISCOVERY RELATING TO PLAINTIFF'S EXPERTS' REVISED REPORTS, INCLUDING DOCUMENT PRODUCTION AND DEPOSITIONS, AND THE OPPORTUNITY TO IDENTIFY ADDITIONAL EXPERTS . . . . . . . . . . . . . . . . . . 1

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. The Court's September 10, 2003 Scheduling Order . . . . . . . . . . . . . . . . . . . . . . . . 3

B. The January 2004 Mathewson Report And The March 2004 McCullough Report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

C. The Court's March 19, 2004 Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

D. The Court's May 14, 2004 Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

E. November 4, 2004 Telephonic Status Conference And Related Scheduling Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

F. Renda's Revised Expert Reports . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

(1) The November 2004 Mathewson Revised Report . . . . . . . . . . . . . . . . . . . 6

(2) The November 2004 McCullough Revised Report . . . . . . . . . . . . . . . . . 10

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

A. Renda's Experts Mathewson And McCullough Should Not Be Permitted To Testify Regarding The Matter Contained In Their November 2004 Reports, Except To The Extent That It Is Addressed To Information Contained In The Discovery Obtained By Renda From The Government After May 14, 2004, In Response To The Court's May 14, 2004 Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF CONTENTS (CONT'D)

B. If Renda's Experts Mathewson And McCullough Are Allowed To Testify Regarding The Opinions And Other Matters Contained In Their November 2004 Reports, The Court's November 4, 2004 Scheduling Order Should Be Vacated To Allow For The Completion Of Discovery Addressed To The Revised Reports . . . . . . . . . . . . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# INDEX TO DEFENDANT'S APPENDIX


**Document** **Page**

September 10, 2003 Order ........ 1

March 19, 2004 Order ........ 4

May 14, 2004 Order ........ 8

July 26, 2004 Order ........ 11

July 30, 2004 Order ........ 16

Portions of transcript of November 4, 2004 telephonic status conference ........ 23

Portion of "Defendant's First Set of Interrogatories and Second Request for Production of Documents" dated January 23, 2003 ........ 31

Letter dated February 3, 2004 from defendant's counsel to plaintiff's counsel re: Rule 26(a)(2) expert testimony disclosure, expert witness reports, and other documents ........ 42

Letter dated February 3, 2004 from defendant's counsel to plaintiff's counsel re: documents produced in response to plaintiff's request for expert witness work papers and other materials and other documents ........ 43

Letter dated February 3, 2004 from defendant's counsel to plaintiff's counsel transmitting rebuttal by Government expert to January 26, 2004 report of plaintiff's expert Christopher C. Mathewson, Ph.D., P.E. ........ 44

Letter dated May 14, 2004, from defendant's counsel to plaintiff's counsel transmitting rebuttal by Government expert to March 3, 2004 report of plaintiff's expert Robert B. McCullough ........ 45

January 26, 2004 report of Christopher C. Mathewson, Ph.D., P.E. ........ 46

Letter dated November 17, 2004, from plaintiff's counsel to defendant's counsel transmitting November 17, 2004 report of Christopher C. Mathewson, Ph.D., P.E. ........ 50

**INDEX TO DEFENDANT'S APPENDIX (CONT'D)**

November 17, 2004 report of Christopher C. Mathewson, Ph.D., P.E. .......................... 51

Letter dated November 17, 2004, from plaintiff's counsel to defendant's counsel re: continuing investigation by Christopher C. Mathewson, Ph.D., P.E. .......... 58

Letter dated November 18, 2004, from plaintiff's counsel to defendant's counsel transmitting November 17, 2004 report of Robert McCullough .......... 59

Portions of November 17, 2004 report of Robert McCullough .................................... 60

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO EXCLUDE TESTIMONY REGARDING OPINIONS AND OTHER MATTER CONTAINED IN NOVEMBER 2004 REVISIONS OF REPORTS OF PLAINTIFF'S DESIGNATED TRIAL EXPERTS OR, IN THE ALTERNATIVE, TO VACATE THE COURT'S NOVEMBER 4, 2004 SCHEDULING ORDER PENDING COMPLETION OF DISCOVERY RELATING TO PLAINTIFF'S EXPERTS' REVISED REPORTS, INCLUDING DOCUMENT PRODUCTION AND DEPOSITIONS, AND THE OPPORTUNITY TO IDENTIFY ADDITIONAL EXPERTS

Pursuant to RCFC 37(b)(2)(B),[1] defendant, the United States, respectfully requests that, the Court exclude from the trial of this case expert testimony regarding the opinions and other matter contained in the November 2004 reports of the designated trial experts of plaintiff, Renda Marine, Inc. (Renda), Christopher Mathewson, Ph.D., P.E., and Robert B. McCullough, P.E., that are not based upon document discovery obtained by Renda pursuant to the Court's May 14, 2004 Order, thereby limiting the scope of the testimony of Dr. Mathewson to opinions and other matter contained in his January 26, 2004 report and in one paragraph, quoted below, of his November 2004 report that is addressed to documents produced by the Government after May 14, 2004, and restricting the scope of the testimony of Mr. McCullough to the opinions and other matter contained in his March 3, 2004 report (except to the extent that the opinions and matters addressed

[1] Rule 37(b)(2)(B) provides, in pertinent part, that, "[i]f a party fails to obey an order entered under RCFC 16(b), the court may make such orders in regard to the failure as are just, and among others the following: . . . (B) [a]n order . . . prohibiting [the disobedient party] from introducing designated matters in evidence . . . ." Rule 16(b)(3) provides for the entry of a scheduling order "that limits the time . . . to complete discovery."

in the earlier reports of those experts should be excluded for other reasons). Alternatively, the Government requests that the Court vacate its November 4, 2004 scheduling order to allow for the completion of discovery relating to the content of the revised reports of Dr. Mathewson and Mr. McCullough, including document discovery and depositions, and the identification of any new experts that the Government may deem necessary to respond to the new opinions or other matter contained in the revised reports and the production of any rebuttal reports by any of our presently-retained experts *after* the completion of such document discovery and depositions.

PRELIMINARY STATEMENT

On May 14, 2004, the Court vacated the trial dates to allow Renda to obtain discovery of Corps of Engineers Galveston District electronic mail messages and documents relating to certain previous dredging and/or levee maintenance contracts involving the Lost Lake Placement Area or the site of the Upper Bayou Project. The Government produced the materials and, during the November 4, 2004 status conference to reset the schedule for post-discovery pretrial and trial dates, Renda requested that it be afforded the opportunity to revise its previous expert testimony disclosures to address information gleaned from the documents produced by the Government. The Court allowed that request and set November 18, 2004, as the date for the production of "updated versions" Renda's existing expert reports, with the understanding that, consistent with Renda's representation to the Court during the November 4 status conference, Renda was being afforded an opportunity "to revise its previously submitted expert reports, in light of material produced by defendant during discovery."

With one exception discussed below, the revised expert reports produced by Renda, do not consist of the matter contained in the reports previously issued by Dr. Mathewson and Mr.

McCullough, revised to include commentary, opinions, or analysis based upon information contained in the Galveston District electronic mail messages or documents relating previous dredging and/or levee maintenance contracts involving the Lost Lake Placement Area or the site of the Upper Bayou Project. Accordingly, these experts should not be permitted to testify regarding the new matter contained in the November 2004 reports that is not based upon information obtained from documents produced by the Government for Renda in response to the Court's May 2004 Order.

## BACKGROUND

### A. The Court's September 10, 2003 Scheduling Order

The Court's September 10, 2003 scheduling order provided, among other things, that "[a]ll expert discovery, including the exchange of expert reports and excepting only the completion of expert depositions, shall be completed on or before February 4, 2004." Def. App. 1. Depositions of experts were to be completed by February 18, 2004. Def. App. 2.

### B. The January 2004 Mathewson Report And The March 2004 McCullough Report

On January 27, 2004, Renda provided the Government with a three-page report issued by Dr. Mathewson dated January 26, 2004 (not counting the curriculum vitae). Def. App. 46-49. On March 3, 2004, Renda provided the Government (and the Court) with a revised report issued by Mr. McCullough.[2]

---

[2] The March 3, 2004 McCullough report is appended as Exhibit D to the "Response by Plaintiff, Renda Marine, Inc., to Defendant's Motion to Compel Compliance with Rule 26(a)(2)(B), to Compel Production of Documents, to Permit Defendant to Perform an Audit of Plaintiff's Job Cost Schedules, and for a Modification of the Pretrial and Trial Schedule" dated March 3, 2004.

C. The Court's March 19, 2004 Order

On March 19, 2004, following a telephonic status conference held the previous day with respect to a motion filed by the Government to compel Renda's compliance with RCFC 26(a)(2)(B), to permit the Government to audit Renda's job cost schedules, and for a modification of the pretrial and trial schedule, the entered an Order in which, among other things, the Court stated that it "disregards the report prepared by Mr. McCullough dated January 23, 2004 and deems the report prepared by Mr. McCullough dated March 3, 2004 to supercede the January 23, 2004 report" and that, "[a]s soon as reasonably practicable, plaintiff shall make Mr. McCullough available to defendant for deposition. Order, ¶ 3, Def. App. 5.

During April 14-16, 2004, the Government took the depositions of Dr. Mathewson and Mr. McCullough. These depositions concerned the January 2004 report issued by Dr. Mathewson and the March 2004 report issued by Mr. McCullough.

On May 14, 2004, pursuant to RCFC 26(a)(2)(C), the Government provided Renda with the rebuttal report of the Government's expert, William F. Connole, P.E., to the March 3, 2004 revised report of Mr. McCullough and, in addition, the work papers relating to Mr. Connole's rebuttal report. Def. App. 45.[3]

[3] On February 27, 2004, pursuant to RCFC 26(a)(2)(C), the Government provided Renda with a rebuttal report issued by Jack Fowler, Ph.D. P.E., one the Government's designated trial experts, to the January 26, 2004 report issued by Dr. Mathewson. Def. App. 44. Earlier that month, on February 3, 2004, the Government made the expert testimony disclosure required by RCFC 26(a)(2)(B) to Renda, including the written reports and associated work papers of the Government's expert's Jack Fowler, Ph.D. P.E., Robert Lofgren, and William F. Connole, P.E. Def. App. 42-43.

D. The Court's May 14, 2004 Order

On May 14, 2004, following a telephonic status conference, the Court entered an Order granting Renda's April 14, 2004 motion to compel discovery, vacating the pretrial and trial dates set by the Court's September 10, 2003 Order, as amended by the Court's March 19, 2004 Order, and scheduled a telephonic status conference for November 4, 2004. Def. App. 8-10.[4]

E. November 4, 2004 Telephonic Status Conference And Related Scheduling Order

On November 4, 2004, the Court held a telephonic status conference to set a schedule for pretrial and trial and to address any outstanding issues with the parties. Near the end of the conference, after Renda's counsel advised the Court that discovery had been concluded and after the Court and counsel for the parties had agreed upon dated for post-discovery pretrial activities and trial, Renda's counsel stated:

> Your Honor, I do have one thing. Based on all of the documents that the [G]overnment has produced in recent months, Renda will probably have to change its expert report some. We will try to get those changes done as quickly as we can and submit them to counsel for the [Government].

Tr. 18(24-25)-19(1-4), Def. App. 24-25. In response to the Court's inquiry as to when Renda would produce such a revised expert report, Renda's counsel stated:

> Your Honor, I would be happy to do it myself . . . , but the [G]overnment literally produced thousands and thousands and thousands of documents and it is only fair that the experts have a chance to make some comment on the additional documents that the [G]overnment produced. But, in any event, I think if you gave us two

[4] As the Court stated in its July 26, 2004 Order granting the Government's motion for a protective order regarding Renda's post-May 14, 2004 discovery demands: "[T]he court issued its Order of May 14, 2004 permitting plaintiff to conduct discovery, prior to the rescheduling of trial, that is not open-ended but limited to the discovery contemplated by the grant of plaintiff's April 14, 2004 motion to compel." Def. App. 14.