ber reports are opinions and analyses that (with one exception) are not based upon the discovery obtained by Renda after May 14, 2004, and, thus, are untimely revisions that should have been included in the earlier reports of Dr. Mathewson and Mr. McCullough. The effect of the revised reports is to negate much of the discovery previously conducted by the Government of these experts (both document production and depositions), which was addressed to the expert testimony disclosures contained in the earlier reports of those experts.

Accordingly, the testimony of Dr. Mathewson should be limited to the opinions and other matter contained in his January 26, 2004 report and in the paragraph, quoted above, at the fourth page of his November 2004 report addressed to documents produced by the Government after May 14, 2004. The testimony of Mr. McCullough should be restricted to the opinions and other matter contained in his March 3, 2004 report.

B. If Renda's Experts Mathewson And McCullough Are Allowed To Testify Regarding The Opinions And Other Matters Contained In Their November 2004 Reports, The Court's November 4, 2004 Scheduling Order Should Be Vacated To Allow For The Completion Of Discovery Addressed To The Revised Reports.

If Renda's experts Mathewson and McCullough are allowed to testify regarding the opinions and other matter contained in their revised November 2004 reports, the Court's November 4, 2004 scheduling order should be vacated, including the dates for pretrial submissions and trial dates, so as to afford the Government a full and fair opportunity for discovery addressed to the new matters, discussed above, contained in the revised reports. The *first item* of discovery that we would need is document production, i.e., a supplementation by Renda of its response to the Government's outstanding document production requests concerning Renda's trial experts, including, but not limited to, the work papers of Dr. Mathewson and Mr. McCullough relating to the

revised reports. The *second item* of discovery that we would need is to take the depositions of Dr. Mathewson and Mr. McCullough, *after* the completion of document discovery. The *third item* of discovery that we would need is the opportunity (a) to identify additional expert(s) and make the required Rule 26(a)(2) disclosures for any such expert(s) and (b) to produce rebuttal report(s) from existing Government experts, *after* the completion of document discovery and depositions of Dr. Mathewson and Mr. McCullough.

## CONCLUSION

For the foregoing reasons, defendant's motion should be granted and the Court should exclude from the trial of this case expert testimony regarding opinions and other matter contained in the November 2004 revised reports of plaintiff's trial experts Christopher Mathewson, Ph.D., P.E., and Robert B. McCullough, P.E., that are not based upon document discovery obtained by plaintiff pursuant to the Court's May 14, 2004 Order, thereby limiting the scope of the testimony of Dr. Mathewson to opinions and other matter contained in his January 26, 2004 report and in one paragraph, quoted below, of his November 2004 report that is addressed to documents produced by defendant after May 14, 2004, and restricting the scope of the testimony of Mr. McCullough to the opinions and other matter contained in his March 3, 2004 report (except to the extent that the opinions and matters addressed in the earlier reports of those experts should be excluded for other reasons). Alternatively, defendant requests that the Court vacate its November 4, 2004 scheduling order to allow for the completion of discovery relating to the content of the revised reports of Dr. Mathewson and Mr. McCullough, including document discovery and depositions, and the identification of any new experts that defendant may deem necessary to respond to the new opinions or other matter contained in the revised reports and the production of any rebuttal

reports by any of our presently-retained experts *after* the completion of such document discovery and depositions.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax) (202) 514-8624

Attorneys for Defendant

DECEMBER 2, 2004

# DEFENDANT'S APPENDIX

# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: September 10, 2003)

| | |
|---|---|
| RENDA MARINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Upon review of Defendant's Motion for Modification of Pretrial Schedule and further to the telephonic status conference held on the record on September 9, 2003, the court AMENDS its Pretrial Scheduling Order of October 18, 2002 as follows:

1. Fact Discovery. All fact discovery, including all depositions, shall conclude on or before Wednesday, January 14, 2004. In order to achieve this deadline, the parties shall make witnesses available at reasonably convenient times. The parties are reminded that the rules of the court contemplate the use of depositions at trial for testimonial purposes in certain circumstances "as though the witness were then present and testifying . . . ." See RCFC 32(a). As requested by the parties in their Joint Preliminary Status Report, the parties may conduct up to 30 depositions, up to 10 to be scheduled by plaintiff and up to 20 to be scheduled by defendant.

2. Expert Discovery. All expert discovery, including the exchange of expert reports and excepting only the completion of expert depositions, shall be completed on or before February 4, 2004.

3. Expert Depositions. All depositions of experts shall be completed on or before February 18, 2004.

4. Meeting of Counsel. As set forth in Appendix A ¶ 13, the parties shall meet to satisfy the requirements of this section including the exchange of exhibit and witness lists on or before March 24, 2004.

5. Dispositive Motions. Dispositive motions shall be filed on or before January 28, 2004. The motions and all responsive filings shall be filed simultaneously. Responsive briefing shall be filed within the time periods prescribed by the court's rules.

6. Memorandum of Contentions of Fact and Law. In accordance with Appendix A ¶ 14, plaintiff shall file its Memorandum of Contentions of Fact and Law on or before April 14, 2004. Defendant shall file its responsive memorandum on or before May 12, 2004. The memoranda shall be accompanied by witness lists and exhibit lists and any motions contemplated by Appendix A ¶¶ 15 and 16. Any objection to a witness or exhibit not made in the Memorandum of Contentions of Fact and Law or a separate motion filed on the same date shall be deemed waived unless justice shall otherwise require. The parties shall prepare a joint preliminary trial schedule or, if they cannot agree, separate trial schedules, using the template attached. The parties shall confer prior to the pretrial conference for the purpose of resolving as many objections as possible.

7. Pretrial Conference. The pretrial conference will be held on June 2, 2004 at the National Courts Building, 717 Madison Place, N.W., Washington, DC 20004. The parties shall bring to the pretrial conference at least three copies of any exhibit as to which an objection remains outstanding.

8. Trial. Trial will be held during the week of June 14, 2004. Trial will begin at 10:00 a.m. on Tuesday, June 15, 2004 and at 9:00 a.m. on successive days. Trial will be held in Houston, TX. The exact location of trial will be determined by further order of the court. Should additional time be required for trial, the court has set aside the following week of June 21, 2004 as well.

Due to the continuing problems with Washington, DC mail, the parties are directed to fax courtesy copies of any time-sensitive documents to the court and opposing counsel throughout the proceedings.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT

Judge

# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: March 19, 2004)

| | |
|---|---|
| RENDA MARINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Before the court are: (1) Defendant's Motion to Compel Compliance with Rule 26(a)(2)(B), to Compel Production of Documents, to Permit Defendant to Perform an Audit of Plaintiff's Job Cost Schedules, and for a Modification of the Pretrial and Trial Schedule (Defendant's Motion); (2) Response by Plaintiff, Renda Marine, Inc. to Defendant's Motion to Compel Compliance with Rule 26(a)(2)(B), to Compel Production of Documents, to Permit Defendant to Perform An Audit of Plaintiff's Job Cost Schedules, and for a Modification of the Pretrial and Trial Schedule and Contingent Motion for Leave to Require Defendant to Answer Renda's Discovery (Plaintiff's Response); and (3) Defendant's Reply to Plaintiff's Response to Defendant's Motion to Compel Compliance with Rule 26(a)(2)(B), to Compel Production of Documents, to Permit Defendant to Perform an Audit of Plaintiff's Job Cost Schedules, and for a Modification of the Pretrial and Trial Schedule. Further to the court's review of the parties' filings and further to the telephonic status conference held on March 18, 2004 during which the parties argued their positions, the court ORDERS the following:

1. With respect to defendant's request that plaintiff provide an expert report that complies with Rule 26(a)(2)(B) of the Court of Federal Claims (RCFC)[1] for plaintiff's retained expert Barry Smith, the court determines that Barry Smith is a fact witness rather than an expert witness and finds defendant's motion MOOT.

2. With respect to defendant's request that plaintiff provide an expert report that complies with RCFC 26(a)(2)(B) for plaintiff's retained expert Kent Ray, C.P.A., the court determines that Kent Ray is a fact witness rather than an expert witness and finds defendant's motion MOOT.

3. With respect to defendant's request that plaintiff provide an expert report that complies with RCFC 26(a)(2)(B) for plaintiff's retained expert Robert McCullough, P.E., the court DENIES defendant's motion. Based on plaintiff's representations during argument, the court DISREGARDS the report prepared by Mr. McCullough dated January 23, 2004 and deems the report prepared Mr. McCullough dated March 3, 2004 to SUPERCEDE the January 23, 2004 report. As soon as reasonably practicable, plaintiff shall make Mr. McCullough available to defendant for deposition.

4. With respect to defendant's request that plaintiff produce for inspection and or copying by defendant the documents prepared by its trial experts Barry Smith, Kent Ray, Robert McCullough, and Chris Mathewson, the court finds the motion MOOT with respect to Messrs. Smith and Ray who are fact witnesses only for purposes of this litigation. The motion is GRANTED with respect to Messrs.

---

[1]Rule 26(a)(2)(B) provides:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

RCFC 26(a)(2)(B).

McCullough and Mathewson. On or before March 19, 2004, plaintiff shall provide Messrs. McCullough and Mathewson with a copy of Defendant's Second Request for Production of Documents.[2] Plaintiff shall respond, on or before March 25, 2004, provided that, with respect to documents that have been previously produced in this litigation and that are responsive to request no. 3, plaintiff may respond by listing the responsive documents, reasonably described by subject and/or title, number of pages, and date. Plaintiff shall produce all responsive documents not previously produced, for example, "the report of, or any other document prepared by, any non-testifying expert."

5. With respect to defendant's request for a DCAA audit, defendant's motion is GRANTED. Plaintiff shall cooperate with defendant in a DCAA audit of its job cost schedules for the Upper Bayou Project and a DCAA audit of the schedules that would support the revised expert opinion of Mr. McCullough dated March 3, 2004.

6. With respect to defendant's request to modify the pretrial and trial schedule, defendant's motion is DENIED in part and GRANTED in part as follows:

   a. The meeting of counsel is RESCHEDULED from March 14, 2004 until April 2, 2004.

   b. On or before May 19, 2004, the parties may amend their witness and exhibit lists for trial. Three copies of any contested exhibits shall be brought to the pretrial conference to be held in chambers on June 2, 2004 at 9:00 a.m.

   c. On or before May 26, 2004, the parties may file limited supplemental motions contemplated by Appendix A to the Rules of the Court of Federal Claims (limited, in the case of plaintiff, to evidence made available by defendant after April 2, 2004 and limited, in the case of defendant, to evidence made available by plaintiff after April 30, 2004). Any responses to such motions may be filed on or before June 1, 2004.[3]

---

[2]Appendix to Defendant's Motion to Compel Compliance with Rule 26(a)(2)(B), to Compel Production of Documents, to Permit Defendant to Perform an Audit of Plaintiff's Job Cost Schedules, and for a Modification of the Pretrial and Trial Schedule at 14.

[3]Courtesy copies of these motions and responses shall be transmitted by facsimile to opposing counsel and to chambers no later than 5:00 p.m. on the date of filing.