# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: May 14, 2004)

| | |
|---|---|
| RENDA MARINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Further to the telephonic status conference held on May 13, 2004 in this matter, the court orders the following:

(1) Motion by Plaintiff, Renda Marine, Inc., to Compel is GRANTED as follows:

(A) With respect to the unproduced documents obtained from electronic discovery for which defendant asserts attorney/client privilege, defendant shall deliver to chambers, on or before 5:00 p.m. on May 14, 2004 for in camera review, a package of the documents in issue. The delivered package of documents shall contain the case caption and shall be designated as documents for in camera review only.

(B) With respect to the unproduced documents obtained from electronic discovery that defendant asserts are not responsive under the terms of the Agreement Regarding Scope of Electronic Discovery executed by

the parties on July 25, 2003, Universal Document Services, plaintiff's information technology consultant, shall select fifty (50) documents that are representative of the alleged underproduction of responsive documents by defendant, together with a memorandum explaining briefly why each such document is responsive, for in camera review by the court. The documents may be submitted by CD-Rom and shall be delivered to chambers on or before 5:00 p.m. on June 25, 2004. The submission to chambers shall be marked with the case caption and designated as documents for in camera review only.

(C) With respect to the production of documents identified as responsive to plaintiff's Interrogatory No. 5 concerning "borrow" material and the identification of certain persons who may have knowledge that is responsive to plaintiff's Interrogatory No. 5 concerning "borrow" material, the court GRANTS plaintiff's request to review the documents and, if desired, depose the identified persons if not presently employees of plaintiff.

(2) Further to the court's unwillingness to disadvantage the contractor at trial in this matter in light of discussions indicating that a significant volume of evidence that may be probative of plaintiff's largest claim has yet to be reviewed,[1] and with the concurrence of the parties, the

---

[1]The court read the following statement, guidance usually provided during the pre-trial conference, to the parties regarding the presentation of documentary evidence during trial :

> Any exhibit and/or any portion of an exhibit the import of which with respect to one or more issues in the case is not specifically pointed out by a witness at trial may be disregarded by the court in its determination of the case. "Specifically pointed out" means specific mention, with reference to an exhibit number, and to one or more specific page numbers within, or to an otherwise identifiable portion of, the exhibit, together with an indication of how the evidence supports or disproves a fact in issue. "Specifically pointed out" shall not include mention for the first time in post-trial briefing. No exhibits will be admitted after the close of evidence at the close of trial.

(continued...)

current pre-trial date and trial dates are VACATED, and discovery is REOPENED. The court's scheduling orders dated October 18, 2002, September 10, 2003, and March 19, 2004 are hereby SUPERCEDED and the due dates therein are VACATED.

(3) In light of the amendment to the trial schedule, Defendant's Motion for an Enlargement of Time to File Objections to Plaintiff's Trial Exhibits is MOOT.

(4) A telephonic status conference will be held on Thursday, November 4, 2004 at 2:00 E.S.T. to reschedule pre-trial proceedings and trial dates in this matter. A Sprint operator will initiate the call to the parties.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

---

[1](...continued)

# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: July 26, 2004)

| | |
|---|---|
| RENDA MARINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Before the court on defendant's motion are the following documents: Defendant's Motion for a Protective Order (Def.'s Mot.), Response by Renda Marine, Inc. to Defendant's Motion for Protective Order (Pl.'s Resp.) and Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Protective Order (Def.'s Reply). Pursuant to Rule 26(c)(1) of the United States Court of Federal Claims (RCFC), defendant moves the court to issue an order relieving defendant of an obligation to respond to the following discovery requests: "(1) Document Requests Nos. 27 and 28 contained in Renda's first request for production of documents; (2) Renda's second set of interrogatories; (3) Renda's third set of document production requests; (4) Renda's fourth set of document production requests; and (5) any other discovery that Renda may seek apart from that which is the subject of Renda's motion to compel filed April 14, 2004 (to the extent allowed by the [c]ourt)." Def.'s Mot. at 1. For the reasons set forth in this order, defendant's motion is GRANTED.

Defendant argues that the foregoing discovery requests exceed the limited scope of discovery permitted to be undertaken in this case by Order dated May 14, 2004. Id. at 2-3, 6-7. Defendant further argues that the court made clear during the telephonic status conference held on May 13, 2004 that its decision to vacate the trial date of June 15, 2004

was intended only "to afford Renda the opportunity to pursue the discovery that is the subject of its April 14, 2004 motion to compel." Id. at 2 (citing Transcript of Telephonic Status Conference held on May 13, 2004 (Tr.) at 36-38). Defendant contends that "[a]t no point during the May 13, 2004 telephonic conference did Renda's counsel suggest or the [c]ourt indicate that Renda should or would be allowed to pursue any discovery apart from the three items that are the subject of Renda's April 14, 2004 motion to compel." Id. at 2-3. Defendant notes that, if the court denies its application for a protective order and permits the additional requested discovery, it "reserves the right . . . to raise appropriate objection(s), including that discovery is. . . unduly burdensome, privileged, or otherwise inappropriate." Id. at 7 n.6.

Plaintiff responds that defendant's motion reflect a "desire[] to block the reopening of discovery, despite the [c]ourt's May 14, 2004 Order , which reopened discovery, while vacating the [c]ourt's previous scheduling orders and the trial date." Pl.'s Resp. at 1. Plaintiff argues that "[a]s matters stand, there is no trial date, there are no scheduling orders, and discovery is wide open." Id. Plaintiff contends that "[t]he [c]ourt's May 14, 2004[] Order was designed to resolve inequities caused by Defendant's withholding of documents during discovery . . . [and that] [t]he May 14, 2004[] Order resulted from . . . concerns [about] (1) [e]lectronic discovery[] and (2) Interrogatory No. 5 documents." Id.

Plaintiff states that "[t]he ordering of the electronic discovery [restoration] operation was intended to remedy the spoliation of evidence." Id. at 2. Plaintiff asserts that "[p]art of the remedial process for the restoration of such relevant evidence is further discovery . . . [because] [r]elevant documents may raise intriguing questions." Id.

Plaintiff states that defendant also failed to produce documents in response to Interrogatory No. 5 concerning "the Lost Lake levees and associated sidecast borrow areas, [plaintiff's] largest claim." Id. at 3. Plaintiff indicates its expectation that the documents it seeks will show that "the soil borings that the Government included in the bid solicitation for the Upper Bayou Project in . . . the sideacast borrow areas were no longer accurate, and did not reflect the conditions that the prospective bidders would confront," plaintiff asserts that additional discovery will be needed. Id. Plaintiff contends that "[i]n reopening discovery, the [c]ourt recognized that Defendant's production of the withheld documents w[ould] require further investigation and discovery, [but defendant explains], [n]either the [c]ourt nor Renda c[ould] tell to what extent the documents produced m[ight] lead to other relevant documents or witnesses." Id. at 4. Arguing that the court's May 14, 2004 Order unambiguously reopens discovery without limitation, plaintiff urges the court to deny defendant's motion. Id. at 6.

In its reply, defendant argues that "[t]he discovery that Renda seeks . . . cannot be considered 'follow-up' discovery relating to the three discovery matters raised by its April 14, 2004 motion to compel." Def.'s Reply at 3. Defendant points out that "in addition to documents relating to the eight dredging projects in the Upper Bayou area [during the 12-year interval] from 1987 to 1999 referred to in the Government's response to Renda's Interrogatory No. 5, Renda now is seeking production of documents relating to thirty-three dredging projects in the Upper Bayou area during the 38-year interval from 1949 to 1987." Id. at 2. Defendant also challenges plaintiff's new "interrogatories requesting information about Lost Lake Placement Area back to 1980 and twenty new document production requests." Id. at 3.

By Order dated May 14, 2004, the court granted plaintiff's April 14, 2004 motion to compel, specifically directing: (1) an in camera review of the unproduced documents obtained from electronic discovery for which defendant asserts attorney/client privilege; (2) an in camera review of fifty documents, selected by plaintiff's information technology consultant Universal Document Services, that are representative of the alleged underproduction of responsive documents by defendant under the terms of the Agreement Regarding Scope of Electronic Discovery executed by the parties on July 25, 2003, and accompanying memorandum explaining briefly why each such document is responsive; and (3) the production by defendant for plaintiff's review of those documents "identified as responsive to plaintiff's Interrogatory No. 5 concerning 'borrow' material and the identification [by defendant] of certain persons who may have knowledge that is responsive to plaintiff's Interrogatory No. 5 concerning 'borrow' material," allowing plaintiff, "if desired, [to] depose the identified persons if not presently [plaintiff's] employees." Order of May 14, 2004. To afford plaintiff an opportunity to consider the foregoing discovery as possible evidence in support of its case, the court vacated the trial date and reopened discovery for the very limited purpose "of dealing with three specific issues." Id.; see also Tr. at 38 (lines 8-9) (court stating that "the point of opening up discovery is to deal with three specific issues"). During the May 13, 2004 telephonic status conference, the court specifically indicated that the June 2004 trial schedule would be vacated to ensure that the evidence and the presentation of the case at trial would be "as well prepared as possible." Tr. at 35 (lines 5-6). Informing the court's Order of May 14, 2004 were two considerations: (1) the court's "unwilling[ness] to have the contractor disadvantaged by th[]e set[] of circumstances where th[ere] is a significant claim, and . . . potentially significant evidence [pertaining to that claim] has not been examined by plaintiff's counsel," Tr. at 26 (lines 17-20), and (2) the court's interest in conducting a trial in which "material comes before [it] in an orderly way," Tr. at 32 (lines 15-16). Contrary to plaintiff's assertions, the scope of discovery to be conducted by plaintiff was addressed directly during the May 14, 2004 telephonic status conference. The court stated:

> [The court is] prepared to allow the motion [to compel] to the extent of allowing -- the government has already said it will provide -- it would produce documents relating to the contract. It has already offered that. That offer has not been taken up. Now is the time to take it up.
>
> What that will result in is the [c]ourt will vacate the trial date, and we will simultaneously perform other activities in connection with pre-trial, which is that we will review the documents. We will set up at the conclusion of this hearing a schedule to review [Universal Document Services'] documents so that we can determine yea or nay whether the discovery so far has been under-inclusive in connection with the electronic review.
>
> And we will also of course review the in camera -- as well as in camera, we will review [unproduced documents for] the attorney-client [privilege]. And then we will set a date. We recognize that this itself is -- and I think it has been indicated that looking at just the section of documents that are described in Interrogatory 5 could be a pretty substantial undertaking.
>
> We would give a date in the fall, mid-fall probably, by which the parties would advise -- I think the United States has already stated that it is ready for trial.
>
> The Plaintiff would state that it is ready to put forward a final list of exhibits, and then we would allow the Plaintiff to amend pre-trial fillings, put forward a final list of exhibits and witnesses.
>
> It would not include new witnesses, but would revise its exhibits to correct these omissions, and then we would schedule a trial from there, including the pre-trial activities.
>
> That is the best that I can think of to do here in order to -- not to have the Plaintiff suffer from the omission to review a[n] available and potentially important source [of evidence].

Tr. at 26-28 (emphasis added). Based on this understanding, the court issued its Order of May 14, 2004 permitting plaintiff to conduct discovery, prior to the rescheduling of trial, that is not open-ended but limited to the discovery contemplated by the grant of plaintiff's April 14, 2004 motion to compel.

For the foregoing reasons, the court GRANTS defendant's motion for protective order and thereby relieves defendant of any obligation to respond the following discovery requests: "(1) Document Requests Nos. 27 and 28 contained in Renda's first request for production of documents; (2) Renda's second set of interrogatories; (3) Renda's third set of document production requests; (4) Renda's fourth set of document production requests;

and (5) any other discovery that Renda may seek apart from that which is the subject of Renda's motion to compel filed April 14, 2004 (to the extent allowed by the [c]ourt)." Def.'s Mot. at 1.

IT IS SO ORDERED.

s/Emily C. Hewitt
EMILY C. HEWITT
Judge

# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: July 30, 2004)

| | |
|---|---|
| RENDA MARINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Before the court are the following documents: (1) Motion by Renda Marine, Inc., for Leave of Court to Amend Complaint (Pl.'s Mot.), (2) Defendant's Response to Plaintiff's Motion for Leave to Amend Complaint (Def.'s Resp.) and (3) Reply by Renda Marine, Inc. to Defendant's Response to Plaintiff's Motion for Leave to Amend Complaint (Pl.'s Reply). Plaintiff moves to file an amended complaint "to assert issues which arose well after the Complaint was originally filed." Pl.'s Mot. at 1.

Defendant urges the court to deny the motion on two grounds, specifically: (1) that by waiting more than a year and a half to challenge the contracting officer's November 26, 2002 decision, "Renda unduly delayed in bringing the motion" and (2) that the amended complaint raises new claims for relief based on the alleged termination for convenience of the contract and on defendant's failure to investigate the alleged differing site conditions. Def.'s Resp. at 9. Defendant argues that "[c]ontrary to what Renda implies, as of April 2002, when this lawsuit was instituted, Renda possessed all of the information necessary to recognize and raise the new claims . . . that it now seeks to introduce into the case." Id. at 10. Defendant further argues that permitting this amendment would prejudice the government because discovery proceedings have concluded in this matter, "except for the discrete discovery requests by Renda that are the subject of the [c]ourt's May 14, 2004 Order." Id.

Plaintiff does not dispute its timely receipt of the contracting officer's final decision dated November 26, 2002. See Pl.'s Reply. Rather, plaintiff contends that the first time that the contracting officer's final decision "was discussed in this case" was during the deposition of Oscar Renda on January 15, 2004 when defendant's counsel "tendered the Final Decision as an exhibit." Id. at 2. Plaintiff argues that defendant's failure to respond, after Mr. Renda's deposition, to a January 19, 2004 follow-up letter from plaintiff inquiring whether the government intended to pursue the counterclaims addressed in the contracting officer's November 26, 2002 final decision "led Renda to believe that the [g]overnment had no interest in pursuing the Final Decision counterclaims." Id. Plaintiff asserts that "[i]t is only fair that Renda be allowed to address the Final Decision by way of amended complaint," id., and observes that "[i]n terms of scheduling, now is the time to allow the amendment [because] [t]here is no trial date [and] . . . [d]iscovery has been reopened," id. at 3.

Plaintiff further asserts that all of the claims in the amended complaint "arose out of the conduct, transaction, or occurrence set forth in Renda's original complaint . . . [and therefore,] relate back to the date of the original filing of Renda's complaint." Id. (citing Rule 15(c) of the Rules of the United States Court of Federal Claims (RCFC)). Plaintiff adds that it has no objection "[i]f [d]efendant needs additional discovery for any [of the] issues raised in the First Amended Complaint." Id. at 1.

Rule 15(a) permits a party to amend its pleading "only by leave of court or by written consent of the adverse party" if a responsive pleading has been served or if the action has been placed upon the trial calendar. RCFC 15(a). The rule provides that "leave shall be freely given when justice so requires." Id. Citing Foman v. Davis, 371 U.S. 178, 182 (1962), this court has observed that "[t]he Supreme Court has interpreted Rule 15(a) liberally." Siemens Aktiengesellschaft v. United States, 26 Cl. Ct. 312, 313 (1992) (footnote omitted) (Siemens). The Siemens court further observed that "[i]n deciding how to rule on a motion to amend, . . . the court must consider the presence of the following factors: undue delay, bad faith or dilatory motive on the part of the movant, futility of the proposed amendment, and undue prejudice to the opposing party." Id. "Particular emphasis" must be paid to the element of prejudice to the opposing party. Id. (citing United States v. Hougham, 364 U.S. 310, 316 (1960)).

The court first examines the proposed amended complaint. The proposed first amended complaint contains ten counts. See Pl.'s Mot. Ex. A (First Amended Complaint).

Count I of the amended complaint, see First Amended Complaint ¶¶ 20-54, corresponds to the "South Ferry Landing Differing Site Conditions Claim" contained in

the original complaint, see Pl.'s Mot. Ex. E (Complaint) ¶¶ 19-52, but adds a new theory of relief, specifically, plaintiff's alleged entitlement to compensation either as a result of the differing site conditions encountered or as a result of defendant's termination for convenience of the dredging work, see First Amended Complaint ¶ 54.

Counts II and III of the amended complaint, see First Amended Complaint ¶¶ 55-77; id. ¶¶ 78-87, correspond respectively to the "Flare Area Claim" and the "HL&P Tower Claim" contained in the original complaint, see Complaint ¶¶ 53-74; id. ¶¶ 75-83.

Count IV of the amended complaint corresponds to the "Section 7 Clay Claim" contained in the original complaint, compare First Amended Complaint ¶¶ 88-96 with Complaint ¶¶ 84-90, but adds a new theory of relief seeking recovery based, alternatively, on defendant's failure to investigate the alleged differing site conditions or on the Corps' termination for convenience of the dredging and levee construction work, see First Amended Complaint ¶ 96.

Count V of the amended complaint corresponds to the "West Levee Realignment Claim" contained in the original complaint, compare First Amended Complaint ¶¶ 97-109 with Complaint ¶¶ 91-101, but adds a new theory of relief in the alternative based either on the changes provision in the contract or on the Corps' termination for convenience of the levee construction work, see First Amended Complaint ¶ 109.

Counts VI and VII of the amended complaint correspond to the "Obstruction #1 Claim" and the "Obstruction #2 Claim" contained in the original complaint, compare First Amended Complaint ¶¶ 110-30; id. ¶¶ 131-59 with Complaint ¶¶ 102-20; id. ¶¶ 121-47, but asserts a new theory of relief in the alternative based either on the differing site conditions clause of the contract or on the Corps' termination for convenience of the dredging work, see First Amended Complaint ¶¶ 130, 159.

Count VIII of the amended complaint corresponds to the "Lost Lake Levees Claim"contained in the original complaint. Compare First Amended Complaint ¶¶ 160-226 with Complaint ¶¶ 148-97.

Count IX of the amended complaint is new. Count IX seeks a declaration that the November 26, 2002 final decision of the contracting officer in which the contracting officer determined that plaintiff owed defendant approximately $11.86 million for deficient or incomplete contract items, see Pl.'s Mot. Ex. B at 39, 42, "is a nullity or is otherwise invalid," First Amended Complaint ¶ 228.

Count X of the amended complaint is new. Count X is denominated "Damages," Amended Complaint ¶¶ 241-43, and asserts entitlement to compensation "for the extra or changed work that [it] had to perform . . . on the Project," id. ¶ 242. Plaintiff claims that its "entitlement is based on the differing site conditions and changes provisions in the contract or due to the Corps' termination for convenience of the work at issue." Id.

Of particular interest to the court is plaintiff's failure to provide a reasonable explanation for the timing of this motion. First, plaintiff offers no explanation for the belated assertion of the new theories of relief set forth in the proposed amended complaint. Instead, plaintiff attempts to seize what it apparently views as an opportunity presented by the vacated trial date to address legal theories that were knowable to plaintiff much earlier in this litigation. Plaintiff's claim that discovery has been reopened ignores the fact that the scope of discovery to be undertaken by the parties in the next few months is limited to three discrete issues. See Order of May 14, 2004 (granting plaintiff's motion to compel production); Order of July 28, 2004 (mooting plaintiff's motion to enforce Order of May 14, 2004). The vacating of the trial date provides no opportunity to expand the complaint. The court vacated the trial date to provide plaintiff's counsel the opportunity to address apparently incomplete aspects of its trial preparation.

At a telephonic status conference to discuss preparation for trial, defendant's counsel stated, without contradiction, that, in response to certain document production requests from plaintiff, the government had long before offered to make records available:

> [The government] indicated that . . . [it] would be prepared to produce the files from the previous contract job at a mutually convenient time and place.
>
> [Then] [b]asically, 15 months went by, and the discovery deadline closed without the [p]laintiff's attorney having raised the issue, picked up the phone and called me, or even sent me a letter saying . . . let's set up a schedule for reviewing those records and getting them from the records center. . . . Now the problem that we have with the request is that there is no explanation for why it was not raised earlier, but it was raised in mid-April, which is shortly before trial in this case.
>
> And frankly we are trying to get ready for the trial, and we have to stop now and go to records centers and produce these documents, and potentially do privilege reviews on these documents, [which,] in our view[,] is unfair to the government.