IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXPERT REPORT OR IN THE ALTERNATIVE TO LIMIT TESTIMONY

PRELIMINARY STATEMENT

Pending before the Court is the motion of plaintiff, Renda Marine, Inc. (Renda), to strike the January 30, 2005 report of defendant's designated trial expert, Michael Hasen, P.E., of HVJ Associates, Inc., the firm that prepared the detailed design for the hydraulically-placed levees at the Lost Lake Placement Area. Alternatively, Renda requests that the Court limit Mr. Hasen's testimony "to anything new raised in" the November 17, 2004 revised report of Renda's expert, Christopher Mathewson, Ph.D., P.E. Pl. Mot. 7.[1]

For the reasons stated more fully below, Renda's motion to strike Mr. Hasen's rebuttal report should be denied. The Government has a right under RCFC 26(a)(2)(C) to identify as a rebuttal expert an individual not previously disclosed by the Government as a trial expert. The Court's December 28, 2004 Order provides that the Government "may obtain a rebuttal expert report with respect to the Lost Lake Levees claim." That is just what the Government has done.

---

[1] "Pl. Mot. ____" refers to the referenced page(s) of "Plaintiff's Motion to Strike Expert Report or in the Alternative to Limit Testimony" filed on February 4, 2005.

Mr. Hasen's report is addressed to the opinions concerning the Lost Lake Levees claim contained in Dr. Mathewson's November 2004 revised report, as allowed by the Court.

BACKGROUND

In its November 4, 2004 Order, the Court allowed Renda "to submit updated versions of its existing expert reports on or before November 18, 2004" and provided that "defendant shall submit updated rebuttal expert reports, if any, on or before December 16, 2004." Id. at ¶¶ 2, 3, Pl. App. 1, 2.[2] On or about November 18, 2004, Renda produced two revised expert reports for the Government, one of which is the November 17, 2004 revised report of Renda's expert, Dr. Mathewson. See Pl. App. 132-38.

On December 2, 2004, the Government filed a motion to exclude from the trial of this case, among other things, testimony by Dr. Mathewson regarding the opinions and other matter contained in his November 2004 revised report, thereby limiting the scope of Dr. Mathewson's testimony to opinions and other matter contained in his original January 26, 2004 report and the matter covered in one paragraph of his November 2004 revised report that was based upon discovery obtained by Renda in response to the Court's May 14, 2004 Order. Alternatively, we requested that the Court vacate its November 4, 2004 Order to allow for the completion of discovery relating to, among others, the content of Dr. Mathewson's revised report, including document discovery and a deposition of Dr. Mathewson, the identification of any additional experts to respond to the new matter contained in Dr. Mathewson's revised report *after* the completion of such document discovery and deposition. See Pl. App. 63-64.

---

[2] "Pl. App. ____" refers to the referenced page(s) of the appendix to "Plaintiff's Motion to Strike Expert Report or in the Alternative to Limit Testimony" filed on February 4, 2005.

On December 7, 2004, the Court established a briefing schedule for the Government's motion to exclude the revised reports of Renda's experts, vacated the December 16, 2004 deadline for rebuttal expert reports set by the Court's November 4, 2004 Order, and provided that "[d]efendant's rebuttal expert reports shall not be due until further order of the court." See Order filed on December 7, 2004.

On December 28, 2004, the Court ruled upon the Government's motion to exclude expert testimony regarding the matters contained in the November 2004 revised reports of Renda's trial experts. See Order filed on December 28, 2004, Pl. App. 226-228. Regarding the November 2004 revised report of Dr. Mathewson, the Court granted the Government's motion to exclude in part and denied the motion in part. Pl. App. 227. Significantly for present purposes, the Court ordered:

> The parties shall cooperate in the expeditious scheduling of any necessary deposition of Dr. Mathewson. Defendant may obtain a rebuttal expert report with respect to the Lost Lake Levees claim, and the parties shall cooperate in the expeditious scheduling of any necessary deposition of such rebuttal expert.

Pl. App. 228.

On January 11, 2005, the Government deposed Dr. Mathewson at plaintiff's counsel's law offices in Dallas, Texas, with respect to the matters contained in Dr. Mathewson's November 2004 revised report that are not in his original January 2004 report, including matter regarding the Lost Lake Levees claim. Three weeks later, on February 1, 2005, we produced for Renda the January 30, 2005 rebuttal expert report of Michael Hasen, P.E., with respect to Renda's Lost Lake Levees claim. See Pl. App. 229-301.

Two days later, on February 3, 2005, defendant's counsel sent a letter to Renda's counsel that, among other things, inquired of Renda's counsel whether he wished to take a deposition of the Government's rebuttal expert, Mr. Hasen. See Pl. App. 312.[3] The next day Renda filed its motion to strike Mr. Hasen's rebuttal report.

ARGUMENT

A. The Government Is Not Limited To Obtaining A Rebuttal Expert Report From A Previously-Disclosed Trial Expert.

Renda contends that the Government may not elicit opinion testimony from Mr. Hasen with respect to the Lost Lake Levees claim because we previously identified another individual, Jack Fowler, Ph.D., P.E., as a person from whom we might elicit testimony under Fed.R.Evid. 702 concerning the Lost Lake Levees claim. According to Renda, Dr. Fowler's expert reports issued in February 2004 "provide[] full and complete opinions in response to all of [Renda's] geotechnical expert's opinions, including the Lost Lake Levees claim," including the opinions and other matter relative to the Lost Lake Levees claim contained in Dr. Mathewson's November 2004 revised report. Pl. Mot. 2-3. We disagree.

Insofar as the Lost Lake Levees claim is concerned, Dr. Mathewson's November 2004 revised report contains the following design-related opinions that are not included in his original January 2004 report:

1. The statement that Dr. Mathewson has "identified two related unfavorable site conditions," which are "the very low strength and slope failures of the constructed

[3] Renda characterizes defendant's counsel's February 3, 2005 correspondence as an offer "for the first time to make Mr. Hasen available for deposition." Pl. Mot. 4. In inquiring whether Renda's counsel desired to depose Mr. Hasen, however, defendant's counsel was complying with the requirement of the Court's December 28, 2004 Order that "the parties shall cooperate in the expeditious scheduling of any necessary deposition of such rebuttal expert."

levees" and "the lack of available and suitable construction material for the completion of the project." See Pl. App. 135.

2. Dr. Mathewson's characterization of a letter from HVJ Associates to the Corps of Engineers as expressing concerns that there was inadequate field and laboratory testing of the mechanical and geotechnical properties of the "soft new work material" at the Lost Lake site to support the geotechnical assumptions made during the design of the proposed levee raising. See Pl. App. 136.

3. The observation that "the HVJ Associates geotechnical stability analysis of the Lost Lake materials assumes a circular failure surface that extends well below the base of the 'soft new work material' at the site" and the opinion that "[a] more appropriate analysis model would have used a sliding block solution in which the soft new work materials formed the base of a sliding block rather than a circular failure that progressed below these weak materials." See Pl. App. 136.

4. The statement (in support of the opinion that "[i]t is clear that Renda Marine did not have enough clay and other suitable materials available from the contractually authorized dredging areas to construct the levees at Lost Lake") that "[t]he levee designers envisioned that the contractor would need substantial additional clay and other suitable materials from non-government work areas to construct the Lost Lake levees." See Pl. App. 136.

5. The following discussion concerning an alternative method of constructing the levees: "One method of constructing the hydraulic levees that would ensure that the levees could reach and maintain a 30-foot elevation involves placing the hydraulic fill of clay and other suitable materials in lifts and allowing time for consolidation and dewatering of the materials before applying additional lifts. This process, however, would require more time than that allowed under the contract documents." See Pl. App. 137.

6. The statement that "[e]ven the designers of the new levees apparently did not know how much foundation displacement or settlement would occur" with the hydraulically-placed levees. See Pl. App. 137.

7. The statement that "[t]he side-cast borrow areas consumed more clay and other suitable materials than the levee designers had envisioned." See Pl. App. 137.

8. The four concluding opinions on the seventh page that: (i) "there was insufficient volume of suitable material available to Renda Marine to construct the Lost Lake levees as designed;" (ii) "the levees could not be constructed to reach and remain at the required 30-foot elevation under the circumstances;" (iii) "the side-cast borrow areas were larger than reported and consumed excessive amounts of suitable

> levee construction material;" and (iv) "there was insufficient time allowed by the contract to construct the levees in lifts to reduce the significance of slope failures." See Pl. App. 138.

Contrary to Renda's assertion, the reports issued by Dr. Fowler in February 2004 do not "fully respond" to the opinions and other matter enumerated above contained in Dr. Mathewson's November 2004 revised report.

Mr. Hasen is a natural choice of expert to respond to Dr. Mathewson's revised report, considering the opinions set forth in that report about the adequacy of the detailed design for the hydraulically-placed levees at the Lost Lake Placement Area prepared by Mr. Hasen's firm, including the alleged intent of the designers and statements made by the designers.

At any rate, the Government has a perfect right under RCFC 26(a)(2)(C) to identify as a rebuttal expert an individual not previously disclosed by the Government as a trial expert. And, moreover, nothing in the Court's December 28, 2004 Order restricts the Government from identifying an additional expert to rebut the new matter contained in Dr. Mathewson's revised report. The Court's Order provides that the Government "may obtain a rebuttal expert report with respect to the Lost Lake Levees claim" and that "the parties shall cooperate in the expeditious scheduling of any necessary deposition of such rebuttal expert."

B. The Government Proceeded Diligently In Providing Plaintiff With The Rebuttal Expert Report Of Michael Hasen, P.E.

Renda asserts that Mr. Hasen's rebuttal report should in any event be excluded because it "was not done expeditiously, under the circumstances." Pl. Mot. 7. We disagree. As discussed above, the Court's December 7, 2004 Order provided that "[d]efendant's rebuttal expert reports shall not be due until further order of the court." The Court's December 28, 2004 Order provided

that "[d]efendant may obtain a rebuttal expert report with respect to the Lost Lake Levees claim, and the parties shall cooperate in the expeditious scheduling of any necessary deposition of such rebuttal expert."

Defendant's counsel tentatively identified Mr. Hasen as a rebuttal expert witness shortly thereafter and brought Mr. Hasen with him to the Government's deposition of Dr. Mathewson on January 11, 2005, in Dallas, Texas, in order that Mr. Hasen could have the benefit of hearing the testimony of Dr. Mathewson with respect to the portions of his November 2004 revised report addressed to the Lost Lake Levees claim. Mr. Hasen produced a final rebuttal expert report dated January 30, 2004, and the Government provided plaintiff's counsel with a copy by overnight mail delivery on February 1, 2005.

If the Government had looked to Dr. Fowler – who did not participate in the preparation of the Lost Lake levees design – for a rebuttal report, it is likely that he would have needed *more* time than Mr. Hasen to investigate the opinions by Dr. Mathewson regarding HVJ Associates' detailed design of the hydraulically-placed levees and to prepare a rebuttal report. By contrast, Mr. Hasen, who was responsible for that design, is intimately familiar with it. Under the circumstances, the Government proceeded expeditiously to obtain and produce the rebuttal expert report from Mr. Hasen.

Renda should not be heard to complain about any inconvenience to it that might result from having to respond to Mr. Hasen's rebuttal expert report. After all, it was Renda that set the ball in motion when it produced the revised report from Dr. Mathewson in November 2004.

C. The Government In Any Case Should Not Be Precluded From Calling Michael Hasen, P.E., As A Fact Witness With Respect To The Design Of The Lost Lake Levees Prepared By HVJ Associates.

Renda states that, "[a]ccording to Defendant's Witness List, Defendant plans to call Mr. Hasen to cover much more than the supplemental information in Dr. Mathewson's report concerning the Lost Lake Levee claim." Pl. Mot. 6. That is correct. Prior to identifying Mr. Hasen as a rebuttal expert with respect to the analysis of the Lost Lake Levees claim contained in Dr. Mathewson's revised report, the Government had listed Mr. Hasen as a witness in this case to testify about "[l]evee design; materials suitable for levee construction; May 2000 flare area borings." See Def. App. 8.[4] The Government intends to present Mr. Hasen as a *fact* witness upon those topics. In addition, we have designated Mr. Hasen as an expert to present testimony under Fed.R.Evid. 702 relative to the opinions set forth in Mr. Hasen's rebuttal report concerning the Lost Lake Levees claim.

By its terms, RCFC 26(a)(2) applies to persons "who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." It "does not encompass a percipient witness who happens to be an expert." Gomez v. Rivera Rodriguez, 344 F.3d 103, 113 (1st Cir. 2003). "If the individual is not providing testimony under Rule 702, he is not an expert witness for the purpose of Rule 26." Id. "Accordingly, a party need not identify a witness as an expert so long as the witness played a personal role in the unfolding of the events at issue and the anticipated questioning seeks only to elicit the witness's knowledge of those events." Id. at 113-14. Therefore, if the Court were to strike Mr. Hasen as an expert witness under Rule 702,

[4] "Def. App. ____" refers to the referenced page(s) of the appendix to this opposition to "Plaintiff's Motion to Strike Expert Report or in the Alternative to Limit Testimony" filed on February 4, 2005.

that would not prevent Mr. Hasen from testifying to factual matters as to which he has first-hand knowledge, such as the detailed design prepared by HVJ Associates for the hydraulically-placed levees at Lost Lake.

CONCLUSION

For the foregoing reasons, plaintiff's motion to strike the January 30, 2005 report of defendant's expert, Michael Hasen, P.E., or, in the alternative, to limit the testimony of Mr. Hasen should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax) (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

MR. P. ALEX PETTY
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
Galveston, TX

FEBRUARY 7, 2005

# DEFENDANT'S APPENDIX

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S WITNESS LIST

Pursuant to paragraph 13(b) of Appendix A to the Rules of the Court of Federal Claims and the Court's November 4, 2004 Order, defendant, the United States, provides the following list of witnesses:

1. Mr. Thomas Benero
Chief, Contracting Division
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road
P.O. Box 1229
Galveston, TX 77553
Tele: 409-766-3899

   Topic(s) of testimony: Contract award and administration; contract documents, including contract modifications P00023 (CO-8), P00026 (CO-9), P00027 (CO-10), P00028 (CO-11); cure and show cause notices; meetings and communications with plaintiff regarding progress and issues.

2. Mr. C. Michael McClenan
Area Engineer, Bay Area Office
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road
P.O. Box 1229
Galveston, TX 77553
Tele: 409-766-3899

Topic(s) of testimony: Overall Houston Ship Channel deepening and widening project; scope of the Upper Bayou Contract; Corps of Engineers/Port of Houston Authority program and project management; plaintiff's claims; observations of plaintiff's work; meetings and communications with plaintiff; contract administration; plaintiff's progress of the work; West Levee Realignment; CO-10; CO-11.

3. Mr. Eric G. Russek
Civil Engineer, Bay Area Office
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road
P.O. Box 1229
Galveston, TX 77553
Tele: 409-766-3899

Topic(s) of testimony: Personal site inspections/observations/quality assurance; contract modifications; pre-construction conference; progress before/after dredge surveys; quantity analysis (BDs/ADs, cross sections quantities, etc.); payments and estimates; meetings and communications with plaintiff; preparatory meetings.

4. Mr. James Few
Civil Engineer
Geotechnical & Structures Section
Engineering Branch
Engineering & Construction Division
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road
P.O. Box 1229
Galveston, TX 77553
Tele: 409-766-3899

Topic(s) of testimony: Lost Lake levee design; other hydraulic placement projects; personal observations of plaintiff's levee construction; monitoring of levee construction; anticipated foundation conditions at Lost Lake; changes to the levee construction alignment; suitable material available to build material.

5. Mr. Alton Meyer
Project Engineer, Bay Area Office
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road
P.O. Box 1229

Galveston, TX 77553
Tele: 409-766-3899

Topic(s) of testimony: Channel design and related contract drawings and specifications.

6. Mr. Will Sanford
United States Army Corps of Engineers
Fort Worth District
819 Taylor Street
Fort Worth, TX 76102
Tele: 817-886-1000

Topic(s) of testimony: Corps of Engineers initial assessment of plaintiff's Flare Area claim.

7. Mr. Tom Hunt
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road
P.O. Box 1229
Galveston, TX 77553
Tele: 409-766-3899

Topic(s) of testimony: Surveys at Lost Lake Placement Area and Houston Ship Channel (Upper Bayou Reach).

8. Mr. Bruce Bennett
Physical Scientist
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road
P.O. Box 1229
Galveston, TX 77553
Tele: 409-766-3899

Topic(s) of testimony: Permit for HL&P Tower activity at Lost Lake Placement Area.

9. Mr. Darillo Herrera
United States Army Corps of Engineers
1645 S. 101st East Ave.
Tulsa, OK 74159
Tele: 918-669-7366

Topic(s) of testimony: Plaintiff's internal reports and procedures; communications with COE/JV, plaintiff's Quality Control (CQC) Program, submittals and reports; plaintiff's operations on Upper Bayou Project through May 2000.

10. Mr. Wendell Mears
Gahagan & Bryant Associates, Inc.
5757 Woodway Drive, Suite 210
Houston, TX 77057
Tele: 713-267-2943

Topic(s) of testimony: Observations of plaintiff's dredging and levee construction operations; meetings and communications with plaintiff; observations of Lost Lake Placement Area; observations relative to plaintiff's claims; quality assurance inspections/surveys; quantity estimates.

11. Leon Hrabovsky, P.E.
Senior Engineer
Gahagan & Bryant Associates, Inc.
5757 Woodway Drive, Suite 210
Houston, TX 77057
Tele: 713-267-2943

Topic(s) of testimony: Observations of plaintiff's dredging and levee construction operations; meetings and communications with plaintiff; observations of Lost Lake Placement Area; observations relative to plaintiff's claims; quality assurance site visits; prior experience at Lost Lake Placement Area; prior dredging experience; evaluation of plaintiff's pre-award submittal; HL&P effort to move pipe.

12. Mr. Christopher Babitzke
621 East Woolbright Road, Apt. 106B
Boynton Beach, FL 33435
Tele: 561-389-4495

Topic(s) of testimony: Observations of plaintiff's dredging and levee construction operations; communications with plaintiff.

13. Mr. Kenneth Affolter
Affolter Contracting Company, Inc.
P.O. Box 1436
LaMarque, TX 77568
Tele: 409-938-3837

Topic(s) of testimony: Site conditions at Lost Lake Placement Area; pricing of contract modifications that relate to Affolter Contracting.

14. Darrell Shobert, C.P.A.
Senior Auditor
Dallas Branch Office
Defense Contract Audit Agency
6321 E. Campus Circle Drive
Irving, TX 75063-2742
Tele: 972-753-2584

Topic(s) of testimony: DCAA audits relating to plaintiff's claims, including the May 2004 audit of the job cost spreadsheets for the Upper Bayou Project prepared by Kent Ray, C.P.A.

15. Jack Fowler, Ph.D., P.E.
Geotech Associates
5000 Lowery Road
Vicksburg, MS 39180
Tele: 601-636-5475

Topic(s) of testimony: The opinions and basis and reasons for those opinions set forth in Dr. Fowler's expert report of February 2, 2004, and his rebuttal report of February 26, 2004.

16. Mr. Robert Lofgren
2320 NE 110th Place
Vancouver, WA 98686
Tele: 360-573-4081

Topic(s) of testimony: The opinions and basis and reasons for those opinions set forth in Mr. Lofgren's expert report of January 30, 2004, and his rebuttal report of February 18, 2004.

17. William F. Connole, P.E.
President
Franvel Corporation
1416 S. Terrace Drive
P.O. Box 4396
Tulsa, OK 74159-0396
Tele: 918-749-3592

Topic(s) of testimony: The opinions and basis and reasons for those opinions set forth in Mr. Connole's expert report of January 30, 2004, and his rebuttal report of February 23, 2004.

18. Mr. Dalton Krueger
Project Manager
Project Management Branch
Programs & Project Management Division
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road
P.O. Box 1229
Galveston, TX 77553
Tele: 409-766-3899

Topic(s) of testimony: Overall Houston Ship Channel deepening and widening program; Upper Bayou Project; USACE and Port of Houston Authority program and project management.

19. Mr. Luis Saenz
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road
P.O. Box 1229
Galveston, TX 77553
Tele: 409-766-3899

Topic(s) of testimony: Past projects at Lost Lake and Houston Ship Channel (Upper Bayou Reach).

20. Mr. David Brown
Engineering Manager
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road
P.O. Box 1229
Galveston, TX 77553
Tele: 409-766-3899

Topic(s) of testimony: Levee design; considerations of levee design and construction during contract performance.

21. Mr. Johnny Rozsypal
Chief, Construction Branch
Engineering & Construction Division
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road
P.O. Box 1229
Galveston, TX 77553
Tele: 409-766-3899

Topic (s) of testimony: Levee construction maintenance/raising; dredging of Houston Ship Channel (Upper Bayou Reach); contract administration issues, other hydraulic placement projects.

22. Mr. Herbert Mauer
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road
P.O. Box 1229
Galveston, TX 77553
Tele: 409-766-3899

Topic(s) of testimony: Project design; use of hydraulic levee construction in Galveston District; other projects to ±30 ft. levees; construction contract administration.

23. Mr. Art Martin
Survey Coordinator
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road

P.O. Box 1229
Galveston, TX 77553
Tele: 409-766-3899

Topic(s) of testimony: Surveys at Lost Lake Placement Area and Houston Ship Channel (Upper Bayou); quantity calculations for Upper Bayou Project.

24. Mr. Lawrence Redd
Surveyor
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road
P.O. Box 1229
Galveston, TX 77553
Tele: 409-766-3899

Topic(s) of testimony: Surveys performed at Lost Lake Placement Area and Houston Ship Channel (Upper Bayou); calculation of quantities.

25. Mr. Chris Rossi
United States Army Corps of Engineers
Galveston District
2000 Fort Point Road
P.O. Box 1229
Galveston, TX 77553
Tele: 409-766-3899

Topic(s) of testimony: Processing of hydrographic and land survey data; calculation of contract dredging and overdredging quantities for Upper Bayou Project.

26. Michael Hasen, P.E.
Vice President
HVJ Associates, Inc.
6120 S. Dairy Ashford
Houston, TX 77072
Tele: 281-933-7388

Topic(s) of testimony: Levee design; materials suitable for levee construction; May 2000 flare area borings. Mr. Hasen's direct testimony is expected to take one hour.

27. Alan Jefts, P.E.
Project Manager
Turner Collie Braden
5757 Woodway
Houston, TX 77057
Tele: 713-780-4100

Topic(s) of testimony: Joint Venture structure and relationship to Port of Houston Authority; Joint Venture Quality Assurance contract; Joint Venture review and assessment of plaintiff's claims and plaintiff's progress and quality of work; meetings with plaintiff.

28. Mr. James Van Norman
Great Lakes Dredge & Dock Company
16639 Jacintoport Blvd.
Houston, TX 77015
Tele: 281-452-3373

Topic (s) of testimony: Dredging of Dredge Section 9; construction of levees at Lost Lake Placement Area.

29. Mr. Jeremy Glasgow
J. Simmons Group
7129 N. Loop East
Houston, TX 77028
Tele: 713-675-5100

Topic(s) of testimony: Observations of plaintiff's dredging and levee construction operations; communications with plaintiff.

Witnesses As To Whom The Government Will Offer Testimony Via Depositions

1. Mr. Oscar Renda, Roanoke, TX

2. Mr. Rudy Renda, Roanoke, TX

3. Mr. Burson Warren, Flower Mound, TX

4. Mr. Steve Bowman, Arlington, TX

5. Mr. Eddie Fisher, Austin, TX

6. Mr. William Wetta, II, River Ridge, LA

The specific deposition testimony of these individuals to be offered at trial is identified in "Defendant's Motion for Leave to File Portions of Deposition Transcripts" dated May 12, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax) (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

MR. P. ALEX PETTY
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
Galveston, TX

DECEMBER ~~21~~ 20, 2004

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 20th day of DECEMBER, 2004, I caused to be sent by overnight mail a copy of "DEFENDANT'S WITNESS LIST" addressed as follows:

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

John Koshe