**Renda Marine, Inc. v. United States, No. 02-306 C**
**Pretrial Conference Agenda**
**February 16, 2005**

1. **Progress Toward Fact Stipulations**
   a. Report from Parties

2. **Witness Lists and Trial Schedule**
   a. Opening and Closing Arguments
   b. Post-Trial Briefing
   c. Fed. R. Evid. 615 (Exclusion of Witnesses)

3. **Exhibit Lists**
   a. Exhibit Lists, Joint Exhibits
   b. Use of Exhibits at Trial
   c. Copies of Exhibits at Trial
   d. Objections to Exhibits

4. **Motions in Limine**

   a. Defendant's Revised Motion to Limit Testimony by Plaintiff's Experts (Messrs. Mathewson, McCullough, and Goodloe)

   b. Plaintiff's Motion to Strike Expert Report or, in the Alternative, to Limit Testimony (of Mr. Hasen)

   c. Plaintiff's Motion for Inclusion of Matter at Scheduled Pretrial Conference (requesting that the court consider and rule on plaintiff's Motion to Limit Testimony by Defendant's Experts (Messrs. Fowler, Connole, and Lofgren), filed April 14, 2004)

5. **Identification of Legal Issues Disputed in Memoranda of Contentions of Fact and Law (MCFL) and discussion of relevant Federal Circuit precedent or, if none, other persuasive authority governing those issues.**[1]

   a. **Differing Site Conditions**

---

[1]The list of precedents in this agenda is not exhaustive. The parties are invited to identify and discuss other applicable decisions that are not listed in this Agenda.

i. **Type I Differing Site Conditions**. E.g., Weeks v. United States, 13 Cl. Ct. 193 (1987), aff'd 861 F.2d 728 (Fed. Cir. 1988). See also Randa/Madison Joint Venture III v. Dahlberg, 239 F.3d 1264 (Fed. Cir. 2001); H.B. Mac, Inc. v. United States, 153 F.3d 1338 (Fed. Cir. 1998); Stuyvesant Dredging Co. v. United States, 834 F.2d 1576 (Fed. Cir. 1987); Servidone Constr. Corp. v. United States, 19 Cl. Ct. 346 (1990).

ii. **Type II Differing Site Conditions**. E.g., Randa/Madison, 239 F.3d 1264; Charles T. Parker Constr. Co. v. United States, 433 F.2d 771 (Ct. Cl. 1970); Youngdale & Sons Constr. Co. v. United States, 27 Fed. Cl. 516 (1993). See also Olympus Corp. v. United States, 98 F.3d 1314 (Fed. Cir. 1996); Perini Corp. v. United States, 381 F.2d 403 (Ct. Cl. 1967).

iii. Discussion: Review/discussion of individual claims and identification of claims as Type I or Type II.

b. **Damages**

i. **Appropriate Measure of Damages.** E.g., Hi-Shear Tech. Corp. v. United States, 356 F.3d 1372 (Fed. Cir. 2004); Propellex Corp. v. Brownlee, 342 F.3d 1335 (Fed. Cir. 2003); Neal v. United States, 36 Fed. Cl. 600 (1996); Youngdale v. United States, 27 Fed Cl. 516 (1993); Servidone Constr. Corp. v. United States, 19 Cl. Ct. 346 (1990), aff'd 931 F.2d 860 (Fed. Cir. 1991).

1. Discussion: Appropriateness of Modified Total Cost vs. Actual Cost.

2. Discussion: Calculating certain expenses

A. Equipment Costs (FAR 252.243-7001, FAR 31.105(d), EFARS 52.231-5000 (Mar. 1995)).

Discussion: What is the appropriate method for calculating equipment costs?

Discussion: What is the appropriate method for depreciating equipment depreciation?

B. Costs of contract administration vs. costs of claim preparation. E.g., Bill Strong Enters. v Shannon, 49 F.3d 1541 (Fed. Cir. 1995), overruled in part on other grounds, 60 F.3d 1572 (Fed. Cir. 1995); Plano Builders Corp. v. United States, 40 Fed. Cl. 635 (1998).

ii. Discussion: What will be the basis of each party's proof with respect to damages?