# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: February 22, 2005)

RENDA MARINE, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## ORDER

Before the court is Defendant's Revised Motion to Limit Testimony by Plaintiff's Experts (Def.'s Experts Mot. or Defendant's Experts Motion), Defendant's Appendix to Defendant's Experts Motion (Def.'s Experts Mot. App.), and Plaintiff's Response to Defendant's Experts Motion (Pl.'s Resp. or Plaintiff's Response). Defendant asks the court to exclude testimony by plaintiff's expert, Dr. Christopher C. Mathewson, stating that four of plaintiff's claims "represent[] . . . true differing site condition[s] in which the contract documents failed to report the actual natural or man-made condition." Def.'s Experts Mot. at 2–3 (quoting Def.'s Experts Mot. App. (Expert Report of Dr. Mathewson), at 7). Defendant also asks the court to exclude testimony by plaintiff's expert, Mr. Robert McCullough, discussing Mr. McCullough's interpretation and application of two regulations to plaintiff's claim. See id. at 3–4. Finally, defendant asks the court to exclude testimony by plaintiff's expert, Benton Goodloe, who "has been in the dredging business since 1970," Pl.'s Resp. at 7, concerning the sufficiency of the design of the levees at the Lost Lake Placement Area, Def.'s Experts Mot. at 4–6.

For the reasons stated in pages 1–3 of Defendant's Experts Motion, the penultimate sentence of the letter of Christopher C. Mathewson dated 17 November 2004, Def.'s Expert Mot. App. (Matthewson Report), at 7, shall be deemed stricken and will be disregarded by the court. The court agrees with plaintiff that the testimony of a witness may "embrace the ultimate issue to be decided by the trier of fact," Fed. R. Evid. 704; see

also Pl.'s Resp. at 2–3 (discussing same). However, the court finds that Dr. Mathewson's statement that plaintiff's Flare Area, South Ferry Landing, Section 7 Clay, and Lost Lake Levees claims "represent[] . . . true differing site condition[s]," Def.'s Experts Mot. at 2–3 (quoting Def.'s Experts Mot. App. (Expert Report of Dr. Mathewson), at 7), is not a factual statement embracing the ultimate issue. Rather, this statement constitutes a legal opinion by an expert witness, which is inadmissable at trial. See Stearns Co., Ltd. v. United States, 34 Fed. Cl. 264, 268 (1995) ("Expert testimony that reaches legal conclusions may be admissible only 'in exceptional circumstances, i.e., where the testimony concerns "state law or a technical provision peculiar to the . . . industry."'") (quoting Principal Mut. Life Ins. Co. v. United States, 26 Cl. Ct. 616, 623 (1992), aff'd 50 F.3d 1021 (Fed. Cir. 1995) (quoting Aetna Life Ins. Co. v. United States, 16 Cl. Ct. 364, 375 (1989), aff'd, 935 F.2d 280 (Fed. Cir.1991))).

For the reasons stated in pages 1–4 of Defendant's experts motion, the court will disregard legal opinions regarding the interpretation and application of EFARS 52.231-5000 and FAR 31.205-47(f)(1) contained in the Evaluation of Claims of McCullough & Associates. See Def.'s Experts Mot. App. (McCullough Report), at 8–32. Plaintiff acknowledges that "Mr. McCullough . . . will testify as to his use of the regulations, how he applied the regulations to the facts, and the results he obtained." Pl.'s Resp. at 6. Such an "interpretive issue is to be approached like other legal issues—based on briefing and argument by the affected parties," and not through expert testimony. Rumsfeld v. United Techs. Corp., 315 F.3d 1361, 1369 (Fed. Cir. 2003).

For the reasons stated in pages 1–2 and 4–6 of Defendant's Experts Motion, the court concludes that Benton Goodloe is not qualified to provide opinion testimony as to the sufficiency of the design of the levees at the Lost Lake Placement Area. Although Mr. Goodloe "was [p]laintiff's dredging and project manager[,] . . . [has] held 'all different positions on a dredge[,]' and has worked as project manager or superintendant on numerous hydraulic dredging operations, some of which included the building of levees," Pl.'s Resp. at 7 (quoting Def.'s Experts Mot. App. at 43–45 (deposition testimony of Mr. Goodloe), the court finds that Mr. Goodloe's experience is not sufficient to qualify him as an expert on levee design. In particular, the court will disregard the opinion appearing in the second sentence of the penultimate paragraph of the letter of Benton Goodloe dated January 27, 2004, see Def.'s Experts Mot. App. at 34, that "it was not possible . . . to build the levees to the design template."

As more particularly stated in the foregoing paragraphs, Defendant's Experts Motion is GRANTED.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge