# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: February 23, 2005)

| | |
|---|---|
| RENDA MARINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

A pretrial conference in this matter was held from 9:00 a.m. through 4:00 p.m. on February 16, 2005, with the parties in attendance at the National Courts Building. This conference was concluded telephonically from 8:00 a.m. through 10:10 a.m. on February 23, 2005. Further to the pretrial conference, the court orders the following:

1. The parties shall not change the numbering of their exhibits.

2. With the exception of certain objections based on the cumulative nature or relevance of testimony, all of the parties' objections to one another's exhibits were addressed and ruled upon during the pretrial conference. The objections based on the cumulative nature or relevance of testimony, which were not ruled upon by the court, may be raised again at trial.

3. Trial shall begin at 9:00 a.m. on Monday, February 27, 2005. Plaintiff has requested up to one hour for its opening statement, which it may deliver at the beginning of trial on Monday, February 27, 2005. Defendant has requested up to one half-hour for its opening statement, which it may deliver just prior to calling its first witness on Monday, March 28, 2005. These opening statements are

indicated in the attached Trial Schedule, which is otherwise as provided by the parties.

4. In their reliance on exhibits, the parties shall comply with the following directive provided to the parties at the pretrial conference and at the conference held on the record on May 13, 2004:

> No exhibits will be admitted after the close of evidence at the close of trial. The court reminds the parties that any exhibit and/or any portion of an exhibit the import of which with respect to one or more issues in the case is not specifically pointed out by a witness at trial may be disregarded by the court in its determination of the case. "Specifically pointed out" means specific mention, with reference to an exhibit number, and to one or more specific page numbers within, or otherwise identifiable portion of, the exhibit, together with an indication of how the evidence supports or disproves a fact in issue. "Specifically pointed out" shall not include mention for the first time in post-trial briefing.

5. At the pretrial conference, the parties invoked Rule 615 of the Federal Rules of Evidence. This Rule, if invoked by either party, requires the court to order the exclusion of witnesses. Further to the discussion at the pretrial conference, the court orders that, with the exception of expert witnesses and the parties' designated representatives, all other witnesses shall be excluded from attendance of the trial in the courtroom, except when testifying. Messrs. Oscar Renda and Rudy Renda are recognized as designated joint representatives of plaintiff; it is understood by the court that Mr. Oscar Renda will not testify at trial.

   Counsel for each party shall be responsible for monitoring compliance with Rule 615 and may request the court to inquire about the identity of any person in the courtroom at any time in order to ensure compliance with the Rule.

6. Closing arguments are not expected in this case. There will, however, be post-trial briefing. The parties shall simultaneously file post-trial briefs two weeks after the close of evidence in this case, and shall simultaneously file reply briefs one week thereafter. All post-trial briefs shall be filed at or before 4:00 p.m. Eastern Daylight Time on the appropriate dates.

In their post-trial briefs, the parties shall support the elements of their legal arguments with specific citations to the trial transcript and to exhibits that were admitted at trial and discussed with a percipient witness. The parties are reminded, see ¶ 5, supra, that the court may disregard evidence that is not "specifically pointed out" by a percipient witness. The parties shall not attach copies of exhibits or the trial transcript to their post-trial briefing.

7. On February 22, 2005, plaintiff filed a document titled "Facts Admitted by Defendant in Defendant's Response to Plaintiff's First Set of Requests for Admissions." Further to the discussion at the pretrial conference, the court will not consider this document at trial. However, plaintiff may file a motion, accompanied by briefing, in support of any partial admissions it wishes to file with the court.

   The court encourages the parties to file agreed-upon stipulated facts prior to the start of trial.

8. During the pretrial conference, the parties further clarified the issues to be tried as follows:

   a. Liability: With the exception of its "HL&P Tower Claim," see Compl. at 11–12, ¶¶ 75–83, each of plaintiff's claims alleges a Type I differing site condition. None of the claims to be litigated at trial alleges a Type II differing site condition.

      The government concedes that the Conex shipping container and dredge stern swivel assembly, encountered by plaintiff's dredge, see Compl. at 15, ¶¶ 104, 108, constitute Type II differing site conditions.

   b. Damages: Plaintiff does not seek total cost or modified total cost damages. The parties agree that damages calculations are to be determined first using an actual cost method and, if actual cost data is not ascertainable, using Chapter 4 of the Corps of Engineers' Construction Equipment Ownership and Operating Expense Schedule, referred to by the parties as the "EP Manual." Applying this methodology, plaintiff represented that the maximum damages owed by defendant is approximately $11.7 million; this amount does not include previous payments from defendant to plaintiff.

9. On or before 4:00 p.m. Eastern Standard Time Thursday, February 24, plaintiff shall file a memorandum of no more than five pages discussing its theory that the

government is under an obligation not to hinder a contractor in situations analogous to that presented in plaintiff's "HL&P Tower Claim." See Compl. at 11–12, ¶¶ 75–83. Plaintiff believes that this claim is governed by Delta Equip. & Const. Co. v. United States, 122 Ct. Cl. 342 (1952); in its memorandum, plaintiff shall disclose other authorities supporting its theory.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

Renda Marine, Inc. v. United States (02-306 C)
Trial Dates: February 28 – March 11, 2005; March 28 – April 8, 2005
United States Court of Federal Claims

| Time | Sun. | Monday | Tuesday | Wednesday | Thursday | Friday | Sat. |
|---|---|---|---|---|---|---|---|
| | 2/27 | 2/28 | 3/1 | 3/2 | 3/3 | 3/4 | 3/5 |
| 9:00 | | Plaintiff's Opening | S. Bowman | S. Bowman | S. Bowman | C. Mathewson | |
| 9:30 | | | | | | | |
| 10:00 | | T. Benero | | | | | |
| 10:30 | | | | | | | |
| 11:00 | | | | | | | |
| 11:30 | | | | | | | |
| 12:00 | | | | | | | |
| 12:30 | | Break | Break | Break | Break | Break | |
| 1:00 | | | | | | | |
| 1:30 | | | | | | | |
| 2:00 | | S. Bowman | S. Bowman | S. Bowman | S. Bowman | C. Mathewson | |
| 2:30 | | | | | | | |
| 3:00 | | | | | | | |
| 3:30 | | | | | | | |
| 4:00 | | | | | | | |
| 4:30 | | | | | | | |
| 5:00 | | | | | | | |
| 5:30 | | | | | | | |
| 6:00 | | | | | | | |

Renda Marine, Inc. v. United States (02-306 C)
Trial Dates: February 28 – March 11, 2005; March 28 – April 8, 2005
United States Court of Federal Claims

| Time | Sun. | Monday | Tuesday | Wednesday | Thursday | Friday | Sat. |
|---|---|---|---|---|---|---|---|
| | 3/6 | 3/7 | 3/8 | 3/9 | 3/10 | 3/11 | 3/12 |
| 9:00 | | Van Norman | B. Smith | B. Smith | R. McCullough | B. Goodloe | |
| 9:30 | | | | | | | |
| 10:00 | | | | | | | |
| 10:30 | | | | | | | |
| 11:00 | | E. Fisher | | | | | |
| 11:30 | | | | | | | |
| 12:00 | | | | | | | |
| 12:30 | | Break | Break | Break | Break | Break | |
| 1:00 | | | | | | | |
| 1:30 | | E. Fisher | B. Smith | B. Smith | R. McCullough | R.V. Renda | |
| 2:00 | | | | R. McCullough | | | |
| 2:30 | | | | | | | |
| 3:00 | | | | | | | |
| 3:30 | | | | | | Rudy Renda | |
| 4:00 | | | | | | | |
| 4:30 | | K. Affolter | | | | | |
| 5:00 | | | | | | | |
| 5:30 | | | | | | | |
| 6:00 | | | | | | | |

Renda Marine, Inc. v. United States (02-306 C)
Trial Dates: February 28 – March 11, 2005; March 28 – April 8, 2005
United States Court of Federal Claims

| Time | Sun. | Monday | Tuesday | Wednesday | Thursday | Friday | Sat. |
|---|---|---|---|---|---|---|---|
| | 3/27 | 3/28 | 3/29 | 3/30 | 3/31 | 4/1 | 4/2 |
| 9:00 | | Defendant's Opening | E. Russek | D. Herrera | L. Hrabovsky | J. Few | |
| 9:30 | | C. McClenan | | | | | |
| 10:00 | | | | | | | |
| 10:30 | | | | | C. Babitzke | | |
| 11:00 | | | | | | | |
| 11:30 | | | | | | | |
| 12:00 | | | T. Hunt | W. Mears | K. Affolter | | |
| 12:30 | | Break | Break | Break | Break | Break | |
| 1:00 | | | | | | | |
| 1:30 | | | | W. Mears | | J. Few | |
| 2:00 | | | | | | | |
| 2:30 | | T. Benero | A. Meyer | | Van Norman | | |
| 3:00 | | | | | | | |
| 3:30 | | | | | | M. Hasen | |
| 4:00 | | | W. Sanford | | J. Few | | |
| 4:30 | | | | L. Hrabovsky | | | |
| 5:00 | | E. Russek | | | | | |
| 5:30 | | | B. Bennett | | | | |
| 6:00 | | | | | | | |

Renda Marine, Inc. v. United States (02-306 C)
Trial Dates: February 28 – March 11, 2005; March 28 – April 8, 2005
United States Court of Federal Claims

| Time | Sun. | Monday | Tuesday | Wednesday | Thursday | Friday | Sat. |
|---|---|---|---|---|---|---|---|
| | 4/3 | 4/4 | 4/5 | 4/6 | 4/7 | 4/8 | 4/9 |
| 9:00 | | M. Hasen | D. Shobert | W. Connole | W. Connole | | |
| 9:30 | | | | | | | |
| 10:00 | | | | | | | |
| 10:30 | | | | | | | |
| 11:00 | | | | | | | |
| 11:30 | | | | | | | |
| 12:00 | | R. Lofgren | | | | | |
| 12:30 | | Break | Break | Break | Break | Break | |
| 1:00 | | | | | | | |
| 1:30 | | R. Lofgren | D. Shobert | W. Connole | | | |
| 2:00 | | | | | | | |
| 2:30 | | | | | | | |
| 3:00 | | | | | | | |
| 3:30 | | | W. Connole | | | | |
| 4:00 | | | | | | | |
| 4:30 | | | | | | | |
| 5:00 | | | | | | | |
| 5:30 | | | | | | | |
| 6:00 | | | | | | | |