UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC.,<br>PLAINTIFF,<br><br>V.<br><br>UNITED STATES ARMY<br>CORPS OF ENGINEERS,<br>DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 02-306C<br><br>(JUDGE HEWITT) |

**MOTION FOR LEAVE TO FILE DISCOVERY**
**MATTERS AND MEMORANDUM BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE HEWITT, UNITED STATES COURT OF FEDERAL CLAIMS:

Renda Marine, Inc. ("Plaintiff") seeks leave of Court, pursuant to RCFC 5(d)(iv) and 7(b)(1) to file discovery matters and would respectfully show unto the Court as follows:

**I.**

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

1. Attached hereto as Exhibit A are relevant excerpts from the Defendant's Response to Plaintiff's First Set of Requests for Admission (hereinafter "Defendant's Admissions"). The excerpts consist of the Defendant's Admissions No. 34, 45, 77, 79, 97, 105, 107, 122, 148, 152, 187, 190, 193, 207, 209, 222, 253 and 255. In each of the Defendant's Admissions, enumerated by number herein, the Defendant has qualified its answer, pursuant to RCFC 36(a), and admitted only a portion of the request.

2. In the memorandum brief on this subject set forth hereinbelow, the Plaintiff provides authority for the Court's review as to the effect of a qualified admission or denial. Secondary authority indicates the proper way for responses to requests for admissions to come before the court is to have them on file. "Admissions made by parties in response to requests for admissions on file

with the court do not need to be introduced into evidence to be properly before the trial and appellate courts." Section 7.3.1, Smith, *O'Connors Federal Rules of Civil Trials* (2005) at p. 399.

## II.

## MEMORANDUM BRIEF

3. The issue with regard to the attached Defendant's Admissions is what effect they have, since there is not an outright and unqualified admission or denial. It is the Plaintiff's position that so much of any response as the Defendant indicates is an admission is, in fact, an admission pursuant to RCFC 36(a). RCFC 36(a) reads, in pertinent part, as follows:

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. . . . The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, *and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.*

RCFC 36(a), emphasis added.

4. As an example, the Defendant's response to Request for Admission No. 34 states: "Denied, except to *admit* that on April 25, 2000, the contracting officer identified performance requirements which, if not met by Renda, could result in termination of the contract." (Emphasis added.) It is the Plaintiff's position that so much as the Defendant indicated a willingness to admit in its response, acts and serves as an admission pursuant to RCFC 36. Indeed, RCFC 36 requires that it be so considered.

5. No Federal Circuit or Federal Court of Claims cases have been found by Plaintiff that address this issue. There are, however, some helpful precedents in the Circuit Court of Appeals. For example, in *Holmgren v. State Farm Mutual Automobile Ins. Co.*, 976 F.2d 573 (9th Cir. 1992),

the defendant was sanctioned for failing to qualify a denial of a request for admission. On appeal, the defendant argued that the district court erred in awarding expenses to the plaintiff for State Farm's failure to qualify its denial of certain requested admissions. *Id.* at 580. In analyzing the various requests, the Ninth Circuit Court of Appeals upheld the award of expenses to the plaintiff. In so ruling, the Court stated: "Even if State Farm's nitpicking of the question could serve as a basis for qualifying its response, it certainly doesn't justify a flat denial." Further, the Court noted that Fed.R.Civ.P. 36(a) "imposes a duty to 'qualify an answer or deny only a part of the matter'."

6. In a similar case, the Court of Appeals for the Second Circuit also addressed an award of sanctions for the failure of a party to qualify a denial. In *Apex Oil Co. v. Belcher Co. of New York*, 855 F.2d 1009 (2nd Cir. 1988), the Court analyzed the complained of requests for admissions and compared them to the trial testimony. In upholding the sanctions award, the Court found that the Defendant should have qualified its answer rather than giving an outright denial, stating "clearly, Belcher should have qualified its answer by at least admitting that the Belcher company shared common officers and employees and were owned by Coastal." *Id.* at 1019.

7. During the pretrial conference, the Court indicated a desire for some briefing relevant as to the effect of a response to a request for admission such as the government has provided to the Plaintiff in this case. Plaintiff's research has only uncovered one similarly analogous case wherein a court discussed admission responses wherein a portion was admitted and a portion was denied. In *In re Hongisto*, 293 B.R. 45 (N. Dist. Cal. 2003), the district court, ruling on an appeal from the bankruptcy court, wrote with regard to responses to requests for admissions wherein a portion had been denied outright, and the remainder was neither admitted nor denied due to lack of information. The appellant complained that due to improper form, the remainder of the request should have been deemed admitted. In addressing the issue, the district court held that as is set forth in Bankruptcy

Rule 7036 (identical to Fed.R.Civ.P. 36, and RCFC 36), a qualification of an answer is required when good faith requires. Since the party's answer tracked B.R. 7036, the response was properly treated as a denial. *Id.* at 55.

## III.

## CONCLUSION

A quick review of the attached Defendant's Admissions make it clear that in accordance with RCFC 36(a), the government has qualified its denial when "good faith requires" and has affirmatively set forth such facts as it is willing to admit. These include many relevant and probative matters that will assist the trial of this matter. Once on file, these matters will obviate the need for proof on these issues, as the effect of an admission is well settled. *Airco Indus. Gases, Inc. v. Teamsters Health and Welfare Pension Fund*, 850 F.2d 1028, 1037 (3rd Cir. 1988) (an admission is an "unassailable statement of fact that narrows the triable issues in the case"). Available authority indicates that once the admissions are on file, they are before the Court and need not be admitted into evidence.

Accordingly, Plaintiff prays that the Court will allow the filing of the attached Defendant's responses to admissions, and for such other and further relief as is appropriate.

Respectfully submitted,

QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.

BY: /S/ BRIAN W. ERIKSON
Brian W. Erikson, TX Bar No. 06643800
Clark B. Will, P.C. TX Bar No. 21502500

2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)
ATTORNEYS FOR RENDA MARINE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February, 2005, a true and correct copy of Plaintiff's Motion for Leave to File Discovery Matters and Memorandum Brief in Support was served electronically through the CM/ECF system for the Court of Federal Claims.

s/Clark B. Will
Clark B. Will

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
<u>FIRST SET OF REQUESTS FOR ADMISSION</u>

Pursuant to Rules 26 and 36 of the United States Court of Federal Claims, defendant, the United States, responds to "First Request for Admissions By Plaintiff, Renda Marine, Inc. to Defendant, United States" as follows:

Blumberg No. 5118
EXHIBIT
A

<u>REQUEST FOR ADMISSION NO. 34</u>: On about April 26, 2000, the Contracting Officer imposed strict performance requirements on Renda which, if not met, would result in an immediate termination of the Contract.

<u>RESPONSE</u>: Denied, except to admit that on April 25, 2000, the Contracting Officer identified performance requirements which, if not met by Renda, could result in termination of the Contract.

REQUEST FOR ADMISSION NO. 45: On about November 6, 2000, the Contracting Officer issued a Show Cause Notice, advising Renda that the Corps was considering terminating the Contract for default due to allegedly insufficient production since the March 8,2000, cure notice.

RESPONSE: Denied, except to admit that about November 6, 2000, the Contracting Officer issued a Show Cause Notice, advising Renda that the Corps was considering terminating the Contract for default due to insufficient production following the March 8, 2000 cure notice.

REQUEST FOR ADMISSION NO. 77: In its request for equitable adjustment, Renda initially requested payment of $3,631,643.00 and a 76 calendar day extension of contract time, concerning the Flare Area differing site condition.

RESPONSE: Denied, except to admit that Renda submitted to the Contracting Officer a request for equitable adjustment in the amount of $3,631,643.00 and a 76 calendar day extension of contract time, concerning the alleged Flare Area differing site condition.

REQUEST FOR ADMISSION NO. 79: The Corps' estimate of Renda's extra costs for the Flare Area differing site condition was $4,111,778.00.

RESPONSE: Denied, except to admit that, with respect to the alleged Flare Area differing site condition, the estimate prepared by the Corps of the increased costs of performance allegedly incurred by Renda was $4,111,778.00, which was subject to an audit.

REQUEST FOR ADMISSION NO. 97: On about December 13, 2000, the Corps issued an opinion in which the Corps concluded that Renda should have anticipated the stiff clay material in Dredge Section 7.

RESPONSE: Denied, except to admit that, on December 13, 2000, the Administrative Contracting Officer to Renda in which the Administrative Contracting Officer indicated that Renda should have anticipated stiff clay material in Dredge Section 7.

REQUEST FOR ADMISSION NO. 105: On about August 18, 2000, Renda confirmed the Corps' levee realignment directive as a change in the contract drawings, requiring extra work.

RESPONSE: Denied, except to admit that on August 18, 2000, Renda sent a letter to the Corps in which Renda alleged a change to the contract as a result of the revised levee alignment, which allegedly would require extra work.

REQUEST FOR ADMISSION NO. 107: In the course of the realignment work for the Lost Lake levees, Renda had to remove and reposition material which had been previously placed.

RESPONSE: Denied, except to admit that Renda repositioned some previously placed material.

<u>REQUEST FOR ADMISSION NO. 122</u>: Modification P00019 increased the Contract amount by $60,000 and added four (4) calendar days to the Contract.

<u>RESPONSE</u>: Denied, except to admit that Contract Modification CO-05 (P00019) increased the contract amount by $66,000 and added four (4) calendar days to the contract time.

REQUEST FOR ADMISSION NO. 148: On about March 13, 2001, Renda wrote to the Contracting Officer and advised that Renda could not proceed with further dredging in Dredge Section 9 on the Project.

RESPONSE: Denied, except to admit on about March 13, 2001, Renda sent a letter to the Contracting Officer regarding Dredge Section 9, and that it did not intend to return to Dredge Section 9 with the dredge *Millennium*.

REQUEST FOR ADMISSION NO. 152: On about April 12, 2001, Renda contacted the Administrative Contracting Officer by telephone and requested that the Corps verify the excessive trash in Dredge Section 9 on the Project.

RESPONSE: Denied, except to admit that on or about April 12, 2001, Renda contacted the Administrative Contracting Officer by telephone and requested that the Corps view trash in Dredge Section 9.

<u>REQUEST FOR ADMISSION NO. 187</u>: Prior to June 16, 1998, the Corps was aware of sidecast borrow areas adjacent to the existing levees in the Lost Lake Levee area of the Project, and that such borrow areas were not indicated in the bid solicitation materials for the Project.

<u>RESPONSE</u>: Assuming that "sidecast borrow" means "soft to very soft material" and that "Project" refers to the Upper Bayou Project, defendant admits that the Corps was aware of sidecast borrow areas adjacent to the existing levees in the Lost Lake Placement Area and defendant denies that such borrow areas were not indicated in the bid solicitation materials for the Upper Bayou Project.

REQUEST FOR ADMISSION NO. 190: Prior to July 17, 1998, the Corps knew that in connection with previous projects in the Lost Lake Levee area of the Project, contractors had removed soil material from adjacent to the Lost Lake Levees on the Project.

RESPONSE: Denied, except to admit that, prior to July 17, 1998, the Corps knew that soil material had been removed from areas adjacent to existing levees at the Lost Lake Placement Area.

REQUEST FOR ADMISSION NO. 193: The existing levees in the Lost Lake area were "dressed up" sometime in 1995 or 1996, using sidecast borrow areas adjacent to the existing levees.

RESPONSE: Denied, except to admit that the existing levees at the Lost Lake Placement Area were "dressed up" sometime in 1995 or 1996 with soil material taken from areas adjacent to the existing levees that also may be described as sidecast borrow areas.

REQUEST FOR ADMISSION NO. 207: The Corps has issued specifications for projects after the Project involving embankment construction that are similar to the modified specifications issued for the Project.

RESPONSE: Denied, except to admit that specifications issued by the Corps for subsequent embankment projects are not the same as the specifications for the Upper Bayou Project.

REQUEST FOR ADMISSION NO. 209: As part of the Project, Renda was required to install a new outlet box structure, and a 48" diameter discharge pipe within the new levee.

RESPONSE: Denied, except to admit that Renda was required to install a new outlet box structure and 48" diameter discharge pipe.

REQUEST FOR ADMISSION NO. 222: At the time of the change in hydraulic levee alignment in the northeast corner of Lost Lake, the Corps knew that additional quantities of suitable clay material were required to be able to construct the Lost Lake Levees on the Project.

RESPONSE: Denied, except to admit that the Corps knew that additional quantities of suitable clay material would be required to complete the training levees in the northeast corner of the Lost Lake Placement Area, which were to be built with a mechanical method of construction.

<u>REQUEST FOR ADMISSION NO. 253</u>: Contract Modification No. CO-10 realigned the west levees.

<u>RESPONSE</u>: Denied, except to admit that Contract Modification CO-10 formalized a field change agreement in which Renda requested a realignment of the west levees.

<u>REQUEST FOR ADMISSION NO. 255</u>: On about June 1, 2001, the Contracting Officer deleted the remainder of Dredge Section 9 from the Contract, but did not delete the levee work.

<u>RESPONSE</u>: Denied, except to admit that, by letter dated June 1, 2001, Renda was advised of a decision by the Contracting Officer to delete the remaining, unfinished dredging in Dredge Section 9 from the contract for the Upper Bayou Project and, further, to admit that the letter did not delete work upon levees at the Lost Lake Placement Area.

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Defendant

<u>OF COUNSEL</u>:

MR. P. ALEX PETTY
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
Galveston, TX

JUNE 25, 2003

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 25th day of JUNE, 2003, I caused to be sent by United States mail (postage prepaid) a copy of "DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION" addressed as follows:

BRIAN W. ERIKSON, ESQ.
Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201

John Costello