# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: April 25, 2005)

| | |
|---|---|
| RENDA MARINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

The court was dismayed to read in plaintiff's Post-Trial Brief (Pl.'s Br.) the statement that:

> At the February 23, 2005, pre-trial conference, [counsel for defendant] conceded that the Plaintiff's Obstructions No. 2 claim constituted a type II differing site condition, and that only damages were being contested. Said concession is at pages 290–291 of the transcript of said pre-trial conference. Additionally, the government conceded that a portion of the Obstructions No. 1 claim, dealing with [p]laintiff hitting a stern swivel and Conex box, also constituted a type II differing site condition.

Pl.'s Br. at 3 n.2; see also id. at 6 ("During the pre-trial conference on February 23, 2005, the [g]overnment conceded that the Dredge Millennium's collisions with the stern swivel and Conex box (Obstructions No. 1) and mooring buoy (Obstructions No. 2) constituted type II differing site conditions and that only Renda's damages were an issue at trial.").

However, the relevant portion of the transcript of the pretrial hearing, cited by plaintiff, provides:

> [T]he government has conceded that two of the obstructions that were encountered by the [p]laintiff's dredge are [type II] differing site conditions. . . . The [C]onex box and . . . the dredge stern swivel[] are the two objects. . . .
>
> Those two obstructions. I just wanted to have the record be clear that we are conceding [that they are] . . . differing site conditions.

Transcript of Pretrial Conference (Tr.) at 290:18–291:7 (statement of defendant's counsel). The court confirmed defendant's statement that, with respect to these two objects, "there is no litigated liability on [t]ype II . . . so these are conceded [t]ype II with damages to be tried," id. at 291:8–10, and defendant agreed, id. at 291:11.

The foregoing makes it clear that the government's concession was limited to the Conex box and the dredge stern swivel assembly, both of which are included in plaintiff's Obstructions No. 1 claim.[1] The transcript of the pretrial conference makes clear that defendant did not concede that the mooring buoy, or any other aspect of plaintiff's Obstructions No. 2 claim, constitutes a type II differing site condition.

The parties are instructed to use care in characterizing and/or representing the contents of transcripts and exhibits.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

---

[1]Although defendant limited its concession of liability to the Conex box and dredge stern swivel assembly, defendant's counsel mistakenly attributed these objects to plaintiff's Obstructions Number 2 claim. See Tr. at 290:17–18. Plaintiff's complaint includes these objects in plaintiff's Obstructions No. 1 claim. See Complaint (Compl.) at 104, ¶¶ 104, 108. The court finds that defendant's reference to these objects as part of plaintiff's Obstructions No. 2 claim to be clearly accidental.