# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: April 25, 2005)

RENDA MARINE, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

Prior to the close of trial, and further to the agreement of the parties on the length of post-trial briefs, the court ordered that all post-trial briefs would be prepared according to the following specifications:

1. Initial post-trial briefs would be filed simultaneously by the parties two weeks following the close of trial, and reply briefs would be filed simultaneously one week thereafter. See Post Pretrial Order of 2/23/05 (2/23/05 Order) at 2, ¶ 6; Transcript of Trial (Tr.) at 5358:25–5359:4 (statement of the court).

2. All briefs would be filed not later than 4:00 p.m. Eastern Daylight Time on the appropriate dates. See 2/23/05 Order at 2, ¶ 6; Tr. at 5359:4–7 (statement of the court).

3. In all post-trial briefs, elements of the parties' legal arguments would be supported with specific citations to the trial transcript and to exhibits that were admitted at trial and discussed with a percipient witness. See 2/23/05 Order at 3, ¶ 6; Tr. at 5359:8–12 (statement of the court). The court reminded the parties that it "may disregard evidence that is not 'specifically pointed out' by a percipient witness." 2/23/05 Order at 3, ¶ 6; Tr. at 5359:12–14 (statement of the court).

4. No copies of exhibits or the trial transcript would be attached to any post-trial

brief. 2/23/05 Order at 3, ¶ 6; Tr. at 5359:15–17 (statement of the court); see also Tr. at 5362:13–15 (statement of the court "there are not going to be any attachments . . . . I have copies of [these] things.").

5. The parties' initial post-trial briefs would not exceed one hundred (100) pages, and the parties' post-trial reply briefs would not exceed fifty (50) pages in length. See Tr. at 5362:12–17 (statement of the court).

The court has before it the parties' initial post-trial briefs, see generally Plaintiff's Post-Trial Brief (Pl.'s Br.); Defendant's Post-Trial Brief (Def.'s Br.), which were timely filed on April 21, 2005. The court notes that plaintiff has augmented its one-hundred page brief with a seventeen page appendix. See generally Appendix to Plaintiff's Post-Trial Brief (Plaintiff's Appendix). Plaintiff's Appendix consists of a table that lists the exhibits admitted at trial and groups those exhibits by claim. This table[1] is neither mentioned nor cited in plaintiff's post-trial brief, nor does plaintiff appear to have relied upon this document in its brief.

The court finds that Plaintiff's Appendix, which brings the length of plaintiff's initial post-trial brief to one-hundred seventeen pages, comports with neither the letter nor spirit of the court's orders concerning post-trial briefing. Accordingly, the court orders Plaintiff's Appendix stricken and the court will disregard Plaintiff's Appendix in its consideration of this case.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

---

[1]The court notes that a somewhat similar table appears at pages 4–11 of its initial post-trial brief. The court considers this table, which was included and discussed within plaintiff's one-hundred page brief, to be part of plaintiff's post-trial brief. When discussing this table in its brief, plaintiff states that the table cites, inter alia, "major exhibits that support each element of Renda's recovery." Pl.'s Br. at 3. However, plaintiff promises that "[t]he remainder of the evidence will be analyzed and discussed in a subsequent portion of this brief." Id.

To the extent that the "subsequent portion of this brief" mentioned in above-quoted passage refers to Plaintiff's Appendix, the court notes that (1) the table in Plaintiff's Appendix does not discuss or analyze any of the trial evidence; and (2) all discussion and analysis of the evidence presented at trial was required to appear within the body of plaintiff's one-hundred page post-trial brief, and not in an appendix or other supplemental document.