# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: April 26, 2005)

| | |
|---|---|
| RENDA MARINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Before the court is Plaintiff's Motion for Clarification (Pl.'s Mot. or plaintiff's motion), filed electronically April 26, 2005. In its motion, plaintiff "respectfully requests that the [c]ourt order [d]efendant, United States, to clarify whether or not it has conceded to the mooring buoy as a Type II differing site condition in connection with Renda's Obstructions No. 2 claim." Pl.'s Mot. at 1. Plaintiff suggests that pages 290–91 of the transcript of the February 23, 2005 pretrial hearing, and paragraphs 122-23 of the parties' Stipulation of Facts, "lend support to [plaintiff's] interpretation" that "the Government . . . intended to concede" that the mooring buoy, like the Conex box and dredge stern swivel assembly, constituted a Type II differing site condition.

As discussed with particularity in the court's order filed April 25, 2005 (4/25/05 Order), the court finds that defendant has not conceded that the mooring buoy constitutes a Type II differing site condition. In the colloquy from the pretrial hearing cited in plaintiff's motion, defendant's counsel repeatedly stated that defendant was conceding liability under a Type II theory for two objects only—the Conex box and the dredge stern swivel:

> I want[] to . . . address one item on liability, and it has to do with [p]laintiff's [Ob]struction[s] Number 2 claim. And on that claim, the government has conceded that <u>two of the obstructions</u> that were encountered by the [p]laintiff's dredge are differing site conditions, but the basis for our concession is that those obstructions were Type II.

> . . .
>
> [One of the two obstructions is] [t]he [C]onex box and the other is a dredge stern swivel, are the two objects.
>
> . . .
>
> Those two obstructions[.] I just wanted to have the record be clear that we are conceding differing site conditions.

Transcript of 2/23/05 pretrial hearing (Tr.) at 290:18–291:7 (statements of defendant's counsel) (emphases added).

Plaintiff claims that the above-quoted statements by defendant's counsel are "ambiguous." Pl.'s Mot. at 2, and that it was "reasonable" for plaintiff to "conclude[] that the Government had intended to concede [liability for] . . . three large obstructions" during the pretrial hearing, id. The court disagrees. Although defendant's counsel mistakenly attributed the Conex box and dredge stern swivel to plaintiff's Obstructions No. 2 claim, it is evident from the transcript that defendant carefully limited its concession of liability to those two objects. Cf. 4/25/05 Order at 2 ("The [transcript] makes it clear that the government's concession was limited to the Conex box and the dredge stern swivel assembly, both of which are included in plaintiff's Obstructions No. 1 claim. The transcript of the pretrial conference makes clear that defendant did not concede that the mooring buoy, or any other aspect of plaintiff's Obstructions No. 2 claim, constitutes a Type II differing site condition.") (footnote omitted). In fact, the mooring buoy was not discussed or even alluded to during the colloquy cited in plaintiff's motion.

Nor can plaintiff infer from the parties' fact stipulations a concession by defendant that the mooring buoy constitutes a Type II differing site condition. While the parties' factual stipulations are potentially relevant for determining liability,[1] they are not a concession of liability.

In a previous order, the court examined the transcript of the pretrial proceedings and ruled that defendant did not concede the mooring buoy as a Type II differing site condition. See 4/25/05 Order at 2. This ruling is consistent with the court's post-pretrial conference order. See 2/23/05 Post-Pretrial Conference Order at 3, ¶ 8(a) ("With the

---

[1]The court notes that liability would be analyzed using a Type I differing site condition framework. See 2/23/05 Post-Pretrial Conference Order at 3, ¶ 8(a) ("With the exception of its 'HL&P Tower Claim'11–12, . . . each of plaintiff's claims alleges a Type I differing site condition. None of the claims to be litigated at trial alleges a Type II differing site condition.").

exception of its 'HL&P Tower Claim,' . . . each of plaintiff's claims alleges a Type I differing site condition. None of the claims to be litigated at trial alleges a Type II differing site condition. The government concedes that the Conex shipping container and dredge stern swivel assembly, encountered by plaintiff's dredge . . . constitute Type II differing site conditions."). Because the court already has ruled that defendant's concession of liability does not include the mooring buoy, plaintiff's motion for clarification is DENIED as MOOT.[2]

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

[2]The court adds that defendant's position vis-à-vis plaintiff's Obstructions No. 2 claim generally, and the mooring buoy specifically, is analyzed in defendant's Post-Trial Brief (Def.'s Br.) using a Type I differing site condition framework. See generally Def.'s Br. at 82–84. In contrast, defendant's liability analysis concerning the Conex box and dredge stern swivel assembly is far more succinct: "The Government has conceded that the Connex shipping container and the dredge stern swivel assembly are Type II differing site conditions." Id. at 76.