# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: May 11, 2005)

| | |
|---|---|
| RENDA MARINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Before the court is Defendant's Motion to Correct Citation in Post-Trial Brief (Def.'s Citation Mot. or defendant's citation motion), filed May 3, 2005. In its citation motion, defendant asks to replace a citation to joint exhibit (JX) 50 in defendant's April 21, 2005 Post-Trial Brief with a citation to plaintiff's exhibit (PX) 7.003.0444 because "JX 50 . . . was not received in evidence . . . [but] another copy of that document . . . is contained in PX 7.003, which was admitted into evidence." Def.'s Citation Mot. at 1.

Also before the court is Defendant's Supplemental Response to Orders Concerning Cumulative Index of Trial Exhibits (Def.'s Supp. Resp. or defendant's supplemental response), filed May 4, 2005.[1] In its supplemental response, defendant revises certain assertions in its May 2, 2005 Response to the court's April 27 and April 28, 2005 Orders concerning the Cumulative Index of Trial Exhibits:

> In []Defendant's Response . . ., defendant . . . represented that . . . [PX] 50, 87, and 1285 listed on the Cumulative Index of Exhibits . . . were not admitted into evidence at . . . trial . . . . Upon consultation with plaintiff and further review, the Government agrees that PX 50, PX 87, and PX 1285 were

---

[1]Although there is no provision in the Rules of the Court of Federal Claims (RCFC) for the filing of defendant's supplemental response, the court ACCEPTS this item for filing.

> admitted into evidence on March 3, 2005. See Tr. 1027 (PX 50); Tr. 1023-1024 (PX 87); Tr. 1161 (PX 1285).

Def.'s Supp. Resp. at 1. Both of defendant's filings appear to be prompted by errors in the transcript of the trial of this matter (Tr. or transcript). After comparing the transcript with defendant's filings and the exhibits referenced therein, the court finds as follows:

1. JX 50 Was Admitted Into Evidence at Trial; PX 50 Was Not

On March 3, 2005, during the direct examination of Mr. Steve Bowman, plaintiff's counsel offered into evidence a letter "from Mr. Fisher on behalf of Renda . . . advising [defendant] of the particular conditions at the South Ferry Landing." Tr. at 1027:11–16 (colloquy between plaintiff's counsel and Mr. Bowman). Plaintiff's counsel identified this letter as "PX 50," id. at 1027:11, 17, and the court admitted "PX 50" into evidence, id. at 1027:19. Plaintiff's counsel read aloud the first paragraph of this document during his examination of Mr. Bowman. See id. at 1027:24–1058:6.

After reviewing the contents of PX 50 (contained in Vol. 14 of Plaintiff's Trial Exhibits), it is apparent to the court that plaintiff's counsel misidentified the exhibit when offering it into evidence. PX 50 is not the letter from Mr. Fisher referenced during the above-quoted colloquy; rather, it is an document titled "Retention Rate Spreadsheet," which contains both typewritten and handwritten text. The Retention Rate Spreadsheet was neither discussed with nor presented to a witness during trial.

However, JX 50 is a letter from Mr. Fisher providing "notice of differing site conditions encountered at the [S]outh [F]erry landing," JX 50 at 1, and appears to be the exhibit utilized by plaintiff's counsel during the above-referenced colloquy with Mr. Bowman. The portions of the letter read aloud by plaintiff's counsel during trial are identical to the text of JX 50. Compare Tr. at 1027:24–1058:6 with JX 50 at 1, ¶ 1. Accordingly, the court concludes that JX 50, not PX 50, was admitted into evidence at trial.

2. JX 87 Was Admitted Into Evidence at Trial; PX 87 Was Not

On March 3, 2005, during the direct examination of Mr. Bowman, plaintiff's counsel also offered into evidence "a two-page letter from [Mr. Bowman] to Mr. Benero dated August 9, 2001 . . . submit[ting] a request for equitable adjustment in regard to conditions encountered in Section 9 [of the Houston-Galveston Navigation Channel]." Tr. at 1023:9–19 (colloquy between plaintiff's counsel and Mr. Bowman). Plaintiff's counsel identified this letter as "PX 87," id. at 1023:9, and the court admitted "PX 87" into evidence, id. at 1023:24. Plaintiff's counsel read aloud a portion of the first paragraph of this document during his examination of Mr. Bowman. See id. at 1024:7–12.

After reviewing the contents of PX 87 (contained in Vol. 15 of Plaintiff's Trial Exhibits), it is apparent to the court that plaintiff's counsel also misidentified this exhibit when offering it into evidence. PX 87 is not the letter from Mr. Bowman referenced during the above-quoted colloquy; rather, it is an untitled table with columns bearing the headings, "Issue No.," "Date of Letter," "Issue," "Merit or No Merit," and "Resolution." The table comprising PX 87 was neither discussed with nor presented to a witness during trial.

However, JX 87 is a letter from Mr. Bowman to Mr. Benero "[r]esubmi[tting] [a] Request for Equitable Adjustment (REA) for [d]amages and [d]elays [r]elated to [o]bstructions in [c]hannel (Section 9) [a]s [a] [c]ertified [c]laim," JX 87 at 1, and appears to be the exhibit utilized by plaintiff's counsel during the above-referenced colloquy with Mr. Bowman. The portion of this letter read aloud by plaintiff's counsel during trial is identical to the first several sentences of JX 87. Compare Tr. at 1024:7–12 with JX 87 at 1, ¶ 1. Accordingly, the court concludes that JX 87, not PX 87, was admitted into evidence at trial.

3. Conclusion

Based on the foregoing, the court finds that JX 50, not PX 50, was admitted into evidence at trial. Accordingly, defendant's citation motion is MOOT and the portion of its supplemental response requesting that PX 50 remain listed in the Cumulative Index of Exhibits admitted at trial is DENIED.

The court also finds that JX 87, not PX 87, was admitted into evidence at trial. Accordingly, the portion of defendant's supplemental response requesting that PX 87 remain listed in the Cumulative Index of Exhibits admitted at trials is DENIED.[2]

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

[2]After comparing the contents of PX 1285 with the relevant portion of the transcript, see generally Tr. at 1160:12–1164:14 (colloquy between plaintiff's counsel and Mr. Bowman), the court agrees with the parties that PX 1285 was admitted into evidence on March 3, 2005, during the direct examination of Mr. Bowman.