# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: May 19, 2005)

RENDA MARINE, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

Before the court is Plaintiff's Motion for Leave to Substitute Better Copy of Exhibit Pursuant to Court's Suggestion During Trial (Pl.'s Mot. or plaintiff's motion), filed electronically on May 17, 2005. In its motion, plaintiff notes that the fourth page of Joint Exhibit (JX) 6.028, which was admitted into evidence and discussed during the examination of one witness on February 28, 2005, "was ripped or otherwise obliterated." Pl.'s Mot. at 1. Plaintiff states that "[o]n two different occasions during the examination, the [c]ourt invited either party to submit a clean copy of the document if they had it in their files." Id. Eleven weeks after the above-referenced examination, and six weeks after the close of evidence in this case, plaintiff moves to substitute a "better copy" of the exhibit into the trial record "pursuant to the court's suggestion." Id. at 2.

Plaintiff mischaracterizes the "suggestion" made by the court during trial. Although the court invited either party to come forward with a copy of this joint exhibit during the examination, see Transcript of Trial (Tr.) at 289:18–21 ("[W]e're working with the best evidence, as far as I understand it, because it's a joint exhibit. . . . If someone does have a better copy of this page, of course, we'd be pleased to have it."); id. at 292:23–24 ("Full copies of this are welcome from anyone who has it in their files."), the court did so before plaintiff moved the document into evidence, see id. at 294:5–6 (statement of plaintiff's counsel moving for the admission of JX 6.028 into evidence). Once the court admitted the exhibit, see id. at 295:3 (statement of the court), the exhibit

utilized during the examination became part of the trial record. Plaintiff may not change this document eleven weeks after moving for its admission into evidence at trial, nearly six weeks after the close of evidence, and more than three weeks after the court's request to the parties that they review for accuracy the list of exhibits compiled from the reporter's record by the Clerk of the Court.[1]

Trial in this matter has concluded, post-trial briefs have been submitted, and the record of trial has been verified and filed. For the foregoing reasons, plaintiff's motion is DENIED.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

[1] Between April 26 and May 16, 2005, the court and the parties reviewed, confirmed and finalized the Cumulative Index of Exhibits admitted during the trial of this matter. See Order dated 4/27/2005 (instructing the parties to review for accuracy the April 26, 2005 Notice summarizing the Cumulative Index of Exhibits (Exhibit Index)); Order dated 4/28/05 (instructing the parties that the Exhibit Index "should list only the exhibits that were admitted into evidence during the trial of this matter"); Order dated 5/11/05 (replacing references in the Exhibit Index to Plaintiff's Exhibits 50 and 87 with references to Joint Exhibits 50 and 87, which were admitted during trial); Order dated 5/12/05 (providing a revised Exhibit Index for the parties' review and instructing the parties to review this document for accuracy); and Order dated 5/16/05 (providing a superceding Notice summarizing the Exhibit Index and ordering the Clerk of the Court to amend the Exhibit Index to reflect accurately the exhibits admitted at trial).

Plaintiff did not raise its concern with JX 6.028 during this three-week period.