IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC.,<br>Plaintiff, | ) | |
| v. | ) | No. 02-306C<br>(Judge Hewitt) |
| THE UNITED STATES OF AMERICA,<br>Defendant. | ) | |

PLAINTIFF'S MOTION REQUESTNG THE COURT'S MODIFICATION OF ITS APRIL 19, 2005 OPINION AND ORDER

Clarence T. Kipps, Jr.
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 626-5800 (Telephone)
(202) 628-0858 (Facsimile)

Counsel for Renda Marine, Inc.
Plaintiff

Dated: June 1, 2005

# TABLE OF CONTENTS

TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

STATEMENT OF THE QUESTION INVOLVED ........ 1

STATEMENT OF THE CASE ........ 3

ARGUMENT ........ 5

I. THE NOVEMBER LETTER IS A NULLITY TO THE EXTENT IT ADDRESSES OR IS PREMISED ON DENIAL OF RENDA'S CERTIFIED CLAIMS ALREADY IN LITIGATION IN THIS COURT. ........ 5

A. The November Letter Is A Legally Invalid Final Decision Because Once The Present Suit Was Initiated, Jurisdiction And Authority Passed From The Contracting Officer Exclusively To This Court And The Department Of Justice. ........ 5

B. Because The November Letter Was Legally Invalid To The Extent It Addressed Or Was Premised On Renda's Certified Claims, Failure To Appeal Does Not Make It "Final and Conclusive" and Renda Need Not Have Appealed. ........ 9

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Durable Metal Prods., Inc. v. United States*, 21 Cl. Ct. 41 (1990) .............................. 2, 5, 6

*Hughes Aircraft Co. v. United States*, 209 Ct. Cl. 446 (1976) ....................................... 2, 6

*Sharman Co. v. United* States, 2 F.3d 1564 (Fed. Cir. 1993) ..................................... 2, 5, 9

## FEDERAL STATUTES AND REGULATIONS

28 U.S.C. §§ 516-20 (1988) .......................................................................................... 5

28 U.S.C. §§ 516-20 (2000) .................................................................................... 2, 5-9

41 U.S.C. § 601 (2000) .................................................................................................. 2

41 U.S.C. § 605(b) (2000) ............................................................................................ 10

41 U.S.C. § 605(c) ............................................................................................... *passim*

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| RENDA MARINE, INC.,<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br>Defendant. | ) | No. 02-306C<br>(Judge Hewitt) |

**PLAINTIFF'S MOTION REQUESTNG THE COURT'S**
**MODIFICATION OF ITS APRIL 19, 2005 OPINION AND ORDER**

Plaintiff, Renda Marine, Inc. ("Renda"), respectfully submits this Motion requesting the Court to modify its April 19, 2005 Opinion and Order ("Opinion") to hold that the contracting officer's November 26, 2002 "final decision" (hereinafter "November letter") is a nullity to the extent the November letter addresses or is premised on denial of the certified claims included in Renda's Complaint filed in this Court on April 11, 2002.[1] Renda also requests oral argument on this motion.

**STATEMENT OF THE QUESTION INVOLVED**

We respectfully submit that the Court's holding relating to Renda's failure to appeal the November letter is incorrect and contrary to controlling Federal Circuit precedent to the extent the November letter addresses or is premised on the denial of the certified claims included in Renda's Complaint filed on April 11, 2002.

---

[1] The Court does not need to determine which portions of the November letter include certified claims within Renda's Complaint. The Court only needs to correctly articulate the legal principle and if the scope of invalidity is not resolved through settlement it can be dealt with in later proceedings.

This Court should modify its Opinion because the plain terms, structure, and intent of the Contract Disputes Act of 1978 ("CDA") as amended, 41 U.S.C. § 601 (2000), specifically 41 U.S.C. § 605(c)(5), gives this Court the exclusive jurisdiction over the certified claims included in Renda's Complaint and divests the contracting officer of authority to take action with respect to those claims, unless directed to do so by this Court.

The requested modification is also required by 28 U.S.C. §§ 516-20 (2000) and *Sharman Co. v. United States*, in which the Federal Circuit held that "[o]nce a claim is in litigation, the Department of Justice gains exclusive authority to act in the pending litigation. . . . That exclusive authority divests the contracting officer of his authority to issue a final decision on the claim." 2 F.3d 1564, 1571 (Fed. Cir. 1993), *overruled in part by Reflectone, Inc. v. Sec'y of the Navy*, 60 F.3d 1572, 1579 (Fed. Cir. 1995)(finding that a claim need not be in dispute before submission to the contracting officer). A contracting officer's final decision issued after suit is filed in court is "a nullity." *Id.* at 1572. The Department of Justice ("DOJ") has relied on this exclusive authority for many years to invalidate actions taken by contracting officers after suit has been filed involving the same claim.[2]

The November letter addresses or is premised on a denial of Renda's certified claims before this Court and involves the same operative facts. The factual issues in both are whether Renda encountered differing site conditions that entitled it to an equitable adjustment for increased costs, profit, and increased time for performance for excusable delay. Essentially all of the "counterclaims" in the November letter are based on default.[3] This Court's decision in favor of Renda's claims necessarily rejects the legal foundation for the November letter. The

---

[2] *See, e.g., Hughes Aircraft Co. v. United States*, 209 Ct. Cl. 446 (1976); *Durable Metal Prods., Inc. v. United States*, 21 Cl. Ct. 41 (1990).

[3] The testimony of the contracting officer at trial defeats that premise.

November letter essentially denied the equitable adjustment for costs, profit, and time extensions for excusable delays being sought by Renda in the certified claims over which this Court has exclusive jurisdiction. Accordingly, the November letter on those issues is a nullity.

## STATEMENT OF THE CASE

On April 11, 2002, Renda filed the present suit against Defendant, the United States of America, acting through the United States Army Corps of Engineers. *See* Compl. at 1. The Complaint outlines Renda's claims for differing site conditions that it encountered while performing under Contract # DACW64-99-C-0001 (the "Contract"). The Complaint was filed under the CDA's "deemed denial" provision. *See* 41 U.S.C. § 605(c)(5). On July 27, 2002, Defendant, represented by the DOJ, filed an answer in the suit.

Approximately seven months after the suit was initiated, on or about November 26, 2002, the contracting officer issued the November letter which he identified as a "Contracting Officer counter-claim to Contract DACW64-99-C-0001, Houston/Galveston Ship Channel." *See* November letter at 39.[4] The contracting officer also referred to the November letter as his "final decision." *See* November letter at 43.

In April 2005, after a four-week trial, Renda filed a Motion for Trial Amendment, which the Court deemed a motion for amendment of the pleadings pursuant to RCFC 15(b). *See* Opinion at 2. In its Motion, Renda sought to amend the Complaint to include claims for the release of liquidated damages and payment of the Contract balance. *See* Opinion at 4-5. In its proposed amendment, Renda quoted from the November letter to show that the government

[4] The November letter is included as Exhibit B to Plaintiff's Motion for Leave to File an Amended Complaint that is Docket Number 96 in the present suit. The citations to the November letter in this motion are to the page numbers given to the November letter in that exhibit, which range from 39-46.

acknowledged that it was withholding the Contract balance and liquidated damages. The Court noted Renda's reference to the November letter and stated the following:

> Plaintiff failed to appeal the decision to the Armed Services Board of Contracting Appeals within ninety days, or to the Court of Federal Claims within twelve months, as required by the Contract Disputes Act of 1978 (CDA), see 41 U.S.C. §§ 606, 609(a)(1), (3) (2000), see also Trial Tr. at 299:2 (statement by plaintiff's counsel that "there was no appeal" of this decision); id. at 5357:15 (same). The decision became "final and conclusive and not subject to review by any forum, tribunal, or Government agency," on November 26, 2003. See 41 U.S.C. § 605(b) (2000).
>
> * * *
>
> Plaintiff itself failed timely to appeal the November 2002 contracting officer's decision. That decision is now "final and conclusive" and not reviewable by this court. 41 U.S.C. § 605(b).
>
> Rule 15(b) cannot be invoked to resurrect an otherwise time-barred claim and bring it within this court's jurisdiction. To the extent that plaintiff's motion seeks to amend its complaint to include a claim involving the November 2002 final decision, that request is DENIED for lack of jurisdiction.
>
> * * *
>
> Plaintiff's motion seeks to add to its complaint a claim . . . 2) that appears intended to effect an untimely appeal of a final and conclusive contracting officer's decision that is not reviewable by this court. Because this court's rules cannot be invoked to bring a jurisdictionally-barred claim before the court, plaintiff's motion to amend the pleadings under RCFC 15(b) is DENIED.

Opinion at 5, 16.

## ARGUMENT

### I. THE NOVEMBER LETTER IS A NULLITY TO THE EXTENT IT ADDRESSES OR IS PREMISED ON DENIAL OF RENDA'S CERTIFIED CLAIMS ALREADY IN LITIGATION IN THIS COURT.

#### A. The November Letter Is A Legally Invalid Final Decision Because Once The Present Suit Was Initiated, Jurisdiction And Authority Passed From The Contracting Officer Exclusively To This Court And The Department Of Justice.

Under the CDA and 28 U.S.C. §§ 516-20, respectively, this Court has exclusive jurisdiction, and the DOJ has exclusive authority, over Renda's claims. This Court's jurisdiction is based on the contracting officer's "deemed denial" of Renda's claims, which divested the contracting officer of his authority to issue a decision on those claims.

The CDA is structured to provide definitive roles for the contracting officer, the boards, and the courts for resolving contract disputes in an expeditious and fair manner. The CDA emphasizes prompt resolution of contract disputes at the contracting officer level. When the contracting officer issues a final decision and it is timely appealed, his role ends and he no longer has authority to take any further action on the claim. Then the court or board proceeds *de novo* and his decision is irrelevant.

If the contracting officer does not issue a prompt decision, the contractor can deem his claim denied and proceed directly to Court. In *Sharman*, the Federal Circuit held that once a complaint is filed in court, the contracting officer is divested of authority to take any further action on the claim and any further action by him is a nullity. 2 F.3d at 1572; *see also* 41 U.S.C. § 605(c)(5); *Durable Metal Prods., Inc. v. United States*, 21 Cl. Ct. 41, 46 (1990). The Federal Circuit also held that once a plaintiff filed its claims in the Claims Court, the DOJ gained exclusive authority to act in the pending litigation, which also "divest[ed] the contracting officer of his authority to issue a final decision on the claim." 2 F.3d at 1571 (citing 28 U.S.C. §§ 516-

20 (1988)); *see also Hughes Aircraft Co. v. United States*, 209 Ct. Cl. 446 (1976); *Durable Metal Prods., Inc. v. United States*, 21 Cl. Ct. 41, 46 (1990).

*Durable Metal* is procedurally analogous to the instant case. There, the DOJ argued against giving validity to a contracting officer's final decision issued five months after plaintiff filed its case in the Claims Court. Plaintiff moved for summary judgment on the grounds that the contracting officer's decision found the government liable. *Durable Metal*, 21 Cl. Ct. at 45. The court denied plaintiff's motion, holding it was "well settled" that, pursuant to 28 U.S.C. § 516, the DOJ had "sole authority and control" over the case. *Id.* at 45-46. Moreover, the Court held: "when the CO fails to issue a decision within the statutorily prescribed time period and the contractor chooses to deem its claim denied, it may file suit in the United States Claims Court. In that event, under the CDA, the CO is divested of his authority over plaintiff's claim." *Id.* at 46 (citing 41 U.S.C. §605(c)(5)). Thus, the court determined it was not "in any way bound by this particular CO's decision." *Id.*

Similarly here, the contracting officer cannot attempt to issue a "final decision" addressing or premised on denial of the claims that are now properly before this Court and, to the extent it does, it is a nullity. Nonetheless, Renda's differing site condition claims referred to in its Complaint are the same claims the contracting officer attempts to deny in the November letter, despite the fact that the contracting officer labels his attempted denials "counterclaims." Although Renda does not ask the Court to examine and determine the extent to which the November letter addresses Renda's claims, two examples follow that highlight the issue presented in this Motion.

**Renda's West Levee Realignment Claim and the November Letter's Counterclaim Number 3**

For example, this Court has jurisdiction and the DOJ has authority over Renda's west levee realignment claim, in which it claims that soft levee foundations caused levee material to be displaced over the existing levees and resulted in Renda's realignment of the levee between Stations 166+00 and 183+00 at additional cost. *See* PEX008; *see also* Compl. ¶ 91. In "Counter Claim No. 3" of the November letter, entitled "West Levee Realignment (Mechanical Portion Only)," the contracting officer addressed Renda's west levee realignment claim, taking issue with Renda's actions relating to the realignment of the west levee between the exact stations referenced in Renda's certified claim and assessing costs and damages for the realignment. *See* November letter at 40-41.

The realignment of the west levee referred to by the contracting officer is based on the differing site conditions and related increased costs and damages presented in Renda's west levee realignment claim. Specifically, Renda was unable to build the west levee as specified because of government design problems and was required by the government to construct the west levee in an alignment different than the original specification at an additional cost. PEX008. Renda presented a request for equitable adjustment for this differing site condition to the government on May 31, 2001. PEX008. Renda certified this claim to the government on August 9, 2001. JX88. Renda appealed a deemed denial of that claim to this Court in April 2002. Compl. ¶¶ 91-101.

The Court has received ample testimony and seen written evidence relating to Renda's west levee realignment claim and the reasons underlying Renda's actions related to the west levee and the differing site conditions encountered by Renda during construction of the west levee between Stations 166+00 and 183+00. *See, e.g.*, PEX008; PEX1415; Trial Tr. at 50, 261-

62, 306-07 & 1550-52. The Court heard such testimony because it was relevant to the merit of Renda's west levee claim and therefore under the Court's jurisdiction. The contracting officer's attempt to address a claim that was already before this Court was not in accordance with the Contract Disputes Act nor 28 U.S.C. §§ 516-20 because his authority over that claim was divested at the time the present suit was initiated.

**Renda's Lost Lake Levee Claim and the November Letter's Counterclaim Number 4**

Another illustrative example can be found in relation to Renda's Lost Lake Levee claim. Renda's Lost Lake Levee claim encompasses many different aspects; however, the pertinent issue here is the ability, or inability, of Renda to construct the contract's north levee by hydraulic means as required by the Contract. *See* PEX003.001; *see also* Compl. ¶¶ 182-88. Renda presented a claim to the government, which was appealed in the present suit, as to the differing site conditions relating to the building of a north levee in Lost Lake, specifically the lack of contractually-promised material to follow the Contract's north levee design. PEX003.001 *et seq.* In "Counter Claim No. 4" of the November letter, entitled "Incomplete, Non-Hydraulic North Levee," the contracting officer addressed Renda's failure to follow the north levee design specification and assessed costs and damages from Renda for this failure. *See* November letter at 41.

The contract deviation referred to by the contracting officer is based on the differing site conditions and related increased costs and damages presented in Renda's Lost Lake Levee claim. Specifically, Renda was unable to build the north levee as specified because of government contract errors related to differing site conditions and was thus required to construct the north levee by other means at an additional cost. PEX003.001. Renda presented a certified claim for

this differing site condition to the government on October 16, 2001. PEX003.001; JX91. Renda appealed a deemed denial of that very claim to this Court in April 2002. Compl. ¶¶ 148-97.

As with the previous example, the Court has received ample testimony and seen written evidence relating to Renda's Lost Lake Levee claim and the reasons underlying Renda's actions related to construction of the north levee and the differing site conditions encountered by Renda during construction of the levee. *See, e.g.,* PEX003.001; PEX1319; PEX1432; JX60; Trial Tr. at 3196-97, 3210-13, 3232-53 & 3257-61. The Court heard such testimony because it was relevant to Renda's north levee claim. Once again, the contracting officer's attempt to address a claim for which he had been divested of authority was not in accordance with the CDA or 28 U.S.C. §§ 516-20. Exclusive authority for that claim lay with DOJ and exclusive jurisdiction of the claim with this Court. Thus, to the extent the November letter addressed or was premised on certified claims before this Court it was invalid because the contracting officer lacked authority over those claims. Accordingly, this Court should hold the November letter a nullity to the extent it addresses or is premised on denial of the certified claims already in litigation in this Court. *See Sharman*, 2 F.3d at 1572.

**B. Because The November Letter Was Legally Invalid To The Extent It Addressed Or Was Premised On Renda's Certified Claims, Failure To Appeal Does Not Make It "Final and Conclusive" and Renda Need Not Have Appealed.**

In its Opinion, the Court held that because Renda failed to appeal the November letter, it became "final and conclusive" on November 26, 2003. *See* Order at 5 (citing 41 U.S.C. § 605(b) (2000)). This Court also held that it lacks jurisdiction to review a contracting officer's final decision that was not timely appealed. *See* Order at 6.

Contrary to this Court's holdings, and as stated above, the contracting officer lacked authority to issue a final decision on Renda's certified claims that were properly before this

Court. Consequently, the November letter was invalid to the extent it attempted to deny those claims and, therefore, was not "final and conclusive." *See* 41 U.S.C. § 605(b). Because the November letter was invalid, Renda was not required to appeal it.

**CONCLUSION**

Accordingly, and for the reasons stated above, Renda respectfully requests the Court grant its Motion and hold that the contracting officer's November letter is a nullity to the extent it addresses or is premised upon denial of Renda's certified claims properly before this Court in the present suit.

Respectfully submitted,

/s Clarence T. Kipps, Jr.

Clarence T. Kipps, Jr.
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 626-5800 (Telephone)
(202) 628-0858 (Facsimile)

Counsel for Renda Marine, Inc.
Plaintiff

*Of Counsel*:
Lisanne E. S. Cottington
Lara A. Covington
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 626-5800 (Telephone)
(202) 628-0858 (Facsimile)

Brian W. Erikson
QUILLING, SELANDER, CUMMISKEY, & LOWNDS, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

Dated: June 1, 2005

CERTIFICATE OF SERVICE

I hereby certify that I have this 1st day of June, 2005, caused the foregoing "Plaintiff's Motion Requesting the Court Modify its April 19, 2005 Order" to be served by the United States Court of Federal Claims ECF system upon the following:

David M. Cohen
John E. Kosloske
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W., Room 8012
Washington D.C. 20530
Telephone: (202) 307-0282

/s Clarence T. Kipps, Jr.
Clarence T. Kipps, Jr.