# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: June 6, 2005)

RENDA MARINE, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

Before the court are plaintiff's Motion for Substitution of Counsel of Record (plaintiff's substitution motion), filed electronically on May 31, 2005, and plaintiff's Motion Requesting the Court's Modification of its April 19, 2005 Opinion and Order (plaintiff's relief motion), which plaintiff styled as a "motion for miscellaneous relief" and filed electronically on June 1, 2005. The Clerk of the Court has sent both filings to chambers for further review.

I. Motion for Substitution of Counsel of Record

The Clerk of the Court has notified chambers that the substitution of counsel has not been docketed because plaintiff's motion contains a deficiency. General Order No. 42A provides: "Documents requiring signatures of more than one party shall be filed electronically by: (1) submitting a scanned document containing all necessary signatures; (2) representing the consent of the other parties on the document, or (3) in any manner approved by the assigned judge." Gen. Ord. 42A, ¶ 18; see also id. ¶ 29 (requiring the filing user to maintain, "until three years after all periods for appeal expire," originals of all documents that are filed electronically and require original signatures). Because plaintiff's motion contains a mixture of electronic signatures, see Pl.'s Mot. at 1, 4, and scanned signatures, see id. at 2, 3, the Clerk of the Court has not docketed the substitution of counsel of record in this case.

Notwithstanding this possible deficiency, the Clerk of the Court is directed to FILE plaintiff's substitution motion and update the docket to reflect the change of counsel in this matter.

II. Motion for Miscellaneous Relief

The Clerk of the Court has sent plaintiff's relief motion to chambers for review because (1) it was not filed by the attorney of record in this matter, see Part I, supra, and (2) the filing is perceived to be incorrectly designated. The Court agrees with the Clerk that this document is most appropriately construed as a Motion for Reconsideration, see generally Rule of the Court of Federal Claims (RCFC) 59 Comm. Note (stating that "non-final orders . . . can be the subject of motions for reconsideration at any time before final judgment"), and ORDERS the Clerk of the Court to FILE plaintiff's motion for reconsideration, notwithstanding its incorrect designation.

The court will not consider plaintiff's motion for reconsideration until it is fully briefed by the parties. See RCFC 59(b) ("No response to any motion under this rule may be filed, unless requested by the court. The court will not rule in favor of any motion under this rule without first requesting by order a response to the motion."). Accordingly, defendant shall file its response to plaintiff's motion not later than June 20, 2005, and plaintiff shall file its reply to defendant's response not later than June 27, 2005.[1]

III. Conclusion

1. The Clerk of the Court shall FILE plaintiff's Motion for Substitution of Counsel, and shall update the docket to reflect the change of counsel in this matter.

2. The Clerk of the Court shall FILE plaintiff's motion for reconsideration.

3. Defendant shall file its response to plaintiff's motion for reconsideration on or before Monday, June 20, 2005.

4. Plaintiff shall file its reply to defendant's response on or before Monday June 27, 2005.

[1]The court notes that plaintiff requests oral argument on its motion for reconsideration. The court will contact the parties if it determines that oral argument would be helpful to resolving this motion. If the court decides the motion without oral argument, plaintiff's request shall be deemed denied.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge