IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC.,<br>Plaintiff, | ) | |
| v. | ) | No. 02-306C<br>(Judge Hewitt) |
| THE UNITED STATES OF AMERICA,<br>Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S APRIL 19, 2005 OPINION AND ORDER**

Plaintiff, Renda Marine ("Renda"), respectfully submits this Reply to Defendant's Response to Plaintiff's Motion for Reconsideration of Court's April 19, 2005 Opinion and Order ("Def. Resp."). Renda seeks modification of the Court's April 19, 2005 Opinion and Order ("Opinion") to hold that because Renda's certified claims were within the exclusive jurisdiction of this Court once it filed its Complaint in this Court on April 11, 2002, the contracting officer's November 26, 2002 letter ("November letter") is a nullity to the extent it addresses or is premised on a denial of Renda's certified claim (hereinafter referred to as "addresses").[1] Renda also renews its request for oral argument on this motion

The Court's decision granting Renda's motion would be binding on the parties and not advisory, as suggested by the Government. If the Court does not modify its Opinion, the Government will have a legal basis to assert an offset against Renda for the amount sought in the November letter.

[1] This rule of law was not presented to the Court, nor addressed in its Opinion.

## I. RENDA NEED NOT APPEAL AN UNAUTHORIZED CONTRACTING OFFICER'S DECISION.

The Government argues that Renda should not be able to "challenge the validity of the November 2002 contracting officer's decision" because Renda "did not appeal to a board or bring a direct action [] in this Court within the time prescribed by the CDA (or at any time for that matter)." Def. Resp. at 9. Contrary to the Government's assertions, Renda was not required to appeal an unauthorized contracting officer's decision. Once a complaint is filed, this Court gains exclusive jurisdiction and the DOJ gains exclusive authority over the claims. The contracting officer is then divested of authority to issue a final decision with respect to those same claims. *Sharman Co. v. United States*, 2 F.3d 1564, 1571 (Fed. Cir. 1993), *overruled in part by Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1579 (Fed. Cir. 1995) (overruling *Sharman* to the extent that a claim needs to be in dispute before submission to the contracting officer). Thus, Renda asks the Court to modify its Opinion and hold that the contracting officer was divested of authority to issue decisions addressing Renda's certified claims (hereinafter "CDA claims") once Renda filed its Complaint and made those claims the subject of litigation in this Court.

## II. THIS COURT SHOULD HOLD THAT THE CONTRACTING OFFICER'S FINAL DECISION IS INVALID TO THE EXTENT IT ADDRESSES RENDA'S CDA CLAIMS THAT ARE THE SUBJECT OF LITIGATION IN THIS COURT.

### A. There Is No Dispute On The Rule Of Law That A Contracting Officer's Final Decision That Addresses A CDA Claim That Is Already The Subject Of Litigation Is A Nullity.

As Renda argued in its Motion, this Court should find that the November letter is a nullity to the extent it addresses Renda's CDA claims that are the subject of litigation in this Court. The Government does not appear to dispute this legal premise; the Government only argues that Renda's argument is factually incorrect because the "November 2002 contracting officer's decision does not discuss, evaluate, analyze, or purport to decide any of Renda's

differing site conditions claims." Def. Resp. at 20. The Government's statement is factually incorrect, but the Court does not need to resolve the factual dispute in order to grant Renda's motion. The examples given in Renda's Motion illustrate that there is a genuine issue on whether the claims in the November letter address Renda's CDA claims pending in this Court. But Renda does not ask the Government or this Court to make a factual analysis of the November letter or Renda's claims that are the subject of litigation in this Court. [2] Rather, Renda asks this Court to simply state the correct rule of law.[3]

Instead of disputing Renda's legal premise, the Government characterizes the November letter as Government claims, Def. Resp. at 19, and argues: "28 U.S.C. §§ 516, 518 do not divest a contracting officer of the authority to issue a decision upon a second claim unless the claims assert entitlement to the same money." Def. Resp. at 17. Once again, Renda does not seek the Court's determination as to whether the November letter contains new Government claims or simply addresses Renda's CDA claims that are now the subject of litigation in this Court. Renda simply asks this Court to correctly state the rule of law under *Sharman*: to the extent a contracting officer's decision addresses CDA claims that are the subject of litigation, it is a nullity.

### B. *Sharman* Holds That Once A CDA Claim Is The Subject Of Litigation, The Contracting Officer Is Divested Of His Authority Over That CDA Claim.

*Sharman* holds that once a claim is the "subject of litigation" in the Court of Federal Claims, the contracting officer is divested of authority to issue a decision addressing that claim. *Sharman*, 2 F.3d at 1572. The Government states that *Sharman* and "the post-*Sharman*

---

[2] If the Court desires, Renda is willing to provide additional briefing on this issue.

[3] If the scope of invalidity is not resolved through settlement, it can be dealt with in a later proceeding.

decisions of the Court of Federal Claims have stressed that, where an action has been instituted in court upon a claim, 28 U.S.C. §§ 516, 518 do not divest a contracting officer of the authority to issue a decision upon a second claim unless the claims assert entitlement to the same money." Def. Resp. at 17 (emphasis added).[4] *Sharman* stands for the following propositions: (1) a contracting officer cannot issue a decision on a contractor's CDA claim that is the subject of litigation and (2) if a CDA claim is in litigation, a contracting officer can issue a decision on a second CDA claim only if the second claim is not the "same claim" as the first.

In *Sharman*, the court was trying to determine whether it had CDA jurisdiction over the claims contained in Sharman's amended complaint and the government's counterclaim, which were filed after the suit had commenced ("later-filed claims"). As a preliminary matter, the court found that the later-filed claims involved the same progress payments and the same performance as Sharman's original complaint and were therefore the "same claim."[5] Thus, the court

---

[4] All the cases cited by Defendant in support of this proposition involve an analysis of two claims by the same party – one that was the subject of litigation prior to the other – and whether the second claim was the "same claim as," and therefore in litigation by virtue of, the first claim. *Case, Inc. v. United States*, 88 F.3d 1004 (Fed. Cir. 1996) (finding contractor's claim in *Case II* for equitable adjustment and lost profits was not "in litigation" by contractor's claims in *Case I* challenging termination for default, thus contracting officer's decision regarding claims in *Case II* was valid); *Johnson Controls World Servs., Inc., v. United States*, 43 Fed. Cl. 506 (1999) (holding second contracting officer final decisions asserting same claim against plaintiff as first contracting officer decision was invalid because plaintiff's appeal of first contracting officer decision was already in litigation); *McDonnell Douglas Corp. v. United States*, 37 Fed. Cl. 285 (1997) (finding contractor's termination settlement proposal claim was not in litigation by contractor's claim seeking conversion of termination for default to one for convenience, thus contracting officer had authority to issue a final decision on the termination settlement proposal claim); *Alaska Pulp Corp. v. United States*, 34 Fed. Cl. 100 (1995) (same); *Boeing Co. v. United States*, 31 Fed. Cl. 289 (1994) (same); *Cincinnati Elecs. Corp. v. United States*, 32 Fed. Cl. 496 (1994) (same).

[5] The court found that the contractor's amended complaint was the "mirror image" of its original complaint because it "merely restated" its earlier assertion of entitlement to progress payments. *Sharman*, 2 F.3d at 1569.

determined that because the later-filed claims were the same claim as the original complaint, it would have CDA jurisdiction over the later-filed claims if the CDA jurisdictional prerequisite of a valid contracting officer's final decision was established as of the date the original complaint was first filed, February 1990. 2 F.3d at 1570, 1571 n.10.

The court analyzed its CDA jurisdiction over the later-filed claims by reviewing whether there was a valid pre-February 1990 (pre-filing) contracting officer's decision that would provide a jurisdictional basis for the claims. *Id.* at 1569-70. The court looked at three letters from the contracting officer and found that none of them was a valid and timely final decision. *Id.* at 1569. Specifically, the court looked at a letter from the contracting officer that was issued six months after the suit was filed which the contracting officer had presented as a "final decision" (the "October 18, 1990 letter"). *Id.* at 1571. The court determined:

> [b]ecause the progress payment claim was the subject of litigation at the outset, the contracting officer had no authority to issue a final decision on the claim after the complaint was filed. Therefore, the October 1990 final decision letter was issued without authority and consequently is a nullity.

*Id.* at 1572. Thus, the court held that because the October letter was a nullity, it did not provide a CDA jurisdictional basis for the later-filed claims, and the court therefore lacked jurisdiction over them. *Id.*

Thus *Sharman* holds that a contracting officer cannot issue a decision on a CDA claim that is the subject of litigation, but can issue a decision on a second claim as long as it is not the "same claim" as the CDA claim that is already the subject of litigation.[6] Accordingly, the

---

[6] The definition of "claim" put forth by the Government is too narrow. In determining whether a CDA claim is the subject of litigation or a new claim, a court must use the proper definition of a claim. "Claim means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or

(footnote continued on next page)

current dispute between Renda and the Government is whether the November letter is (1) a decision that addresses Renda's CDA claims that are the subject of litigation in this Court or (2) a "second claim" by the Government subject to the "same claim" analysis. However, as pointed out above, the Court need not resolve this dispute in order to grant Renda's motion; the Court need only modify its Opinion to accurately state the law, which will allow Renda to later argue that the November letter is a nullity because it purports to issue a decision on CDA claims already before this Court.

## III. CONCLUSION

Accordingly, and for the reasons stated above, Renda respectfully requests the Court grant its Motion and hold that the contracting officer's November letter is a nullity to the extent it addresses Renda's certified claims properly before this Court.

Respectfully submitted,

/s Clarence T. Kipps, Jr.

Clarence T. Kipps, Jr.
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 626-5800 (Telephone)
(202) 628-0858 (Facsimile)

Counsel for Renda Marine, Inc.
Plaintiff

(footnote continued from previous page)
interpretation of contract terms, or other relief arising under or relating to the contract." FAR § 2.101; *see also Reflectone,* 60 F.3d at 1575.

*Of Counsel*:
Lisanne E. S. Cottington
Lara A. Covington
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 626-5800 (Telephone)
(202) 628-0858 (Facsimile)

Brian W. Erikson
QUILLING, SELANDER, CUMMISKEY, & LOWNDS, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

Dated: June 27, 2005

CERTIFICATE OF SERVICE

I hereby certify that I have this 27th day of June, 2005, caused the foregoing "Plaintiff's Reply to Defendant's Response to Plaintiff's Motion For Reconsideration of Court's April 19, 2005 Opinion and Order" to be served by the United States Court of Federal Claims ECF system upon the following:

David M. Cohen
John E. Kosloske
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W., Room 8012
Washington D.C. 20530
Telephone: (202) 307-0282

/s Clarence T. Kipps, Jr.
Clarence T. Kipps, Jr.