IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-306C |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS

PRELIMINARY STATEMENT

Pending before the Court is "Plaintiff's Motion to Stay Proceedings" filed on October 4, 2005. Plaintiff, Renda Marine, Inc. (Renda), represents that it "intends (1) to move the Court to deem a claim for a breach of the duty not to hinder to have been tried by consent and to schedule additional briefing on those issues, and (2) to present additional claims to the contracting officer for decision." Pl. Mot. 2.[1/] Renda requests that the Court suspend proceedings in the above captioned action, including proceedings upon the unfiled motion to deem a claim for a breach of the duty not to hinder to have been tried by consent and related briefing, "until such time as Renda has presented additional claims to the contracting officer, and the contracting officer has acted, or is deemed to have acted, upon those claims." Pl. Mot. 3. Also, Renda requests that the Court establish a schedule for submission of the unspecified new claims to the contracting officer, for a decision by the contracting officer upon such claims, and for filing any appeal from the contracting officer's decision. Id. For the reasons stated below, Renda's motion should be denied.

[1] In this response, "Pl. Mot. ____" refers to the referenced page(s) of "Plaintiff's Motion to Stay Proceedings" dated October 4, 2005.

## BACKGROUND

A. The Court's July 28, 2005 Opinion

Following a four-week trial upon the differing site conditions and other claims that are the subject of Renda's complaint, the Court concluded that Renda "failed to prove by a preponderance of the credible evidence that it is entitled to recover on its claims." Renda Marine, Inc. v. United States, 66 Fed. Cl. 639, 721 (2005). Nevertheless, the Court stated that it "would entertain a motion to deem a claim for breach of the duty not to hinder to have been tried by consent and would consider as well a motion to schedule additional briefing, to be based entirely on the testimony and documentary evidence in the trial record, on that additional claim" and ordered that "[a]ny such motion shall be filed on or before September 1, 2005." Id. at 722.[2/]

The Court also stated that it "considers the possibility that plaintiff may have failed to present certain claims under the contract" and that, "[i]f such an unpresented claim exists and is not time barred under 41 U.S.C. § 605(a) (2000), the court would entertain a request to stay proceedings pending the presentation of a claim or claims to the contracting officer for decision." Id.[3/]

---

[2] In that connection, the Court stated that it believed that the evidence adduced at trial might support a claim of a breach of the implied duty of the Government not to hinder a contractor's performance: "For example, both the government's failure to respond timely to plaintiff's request for guidance about the West Levee realignment, and the government's failure, upon observing plaintiff's relocation of the levee, to correct what the government now claims is plaintiff's misunderstanding, appear on their face to be unreasonable." Renda Marine, 66 Fed. Cl. at 721-22.

[3] Additionally, the Court "urge[d] the parties to make renewed and vigorous efforts to settle their dispute on an agreed basis." Renda Marine, 66 Fed. Cl. at 722. Following receipt of the Court's decision, the parties again explored a settlement of Renda's claims, but that effort was not productive.

B. Renda's August 25, 2005 Motion For Enlargement Of Time

On August 25, 2005, Renda applied for an enlargement of time of thirty-three (33) days, to and including October 4, 2005, within which "to analyze the record to identify what it considers a viable breach of implied duty claim or claims that were tried by consent, and to propose a briefing schedule." Renda represented that it "would thus file [the motions referenced in the second paragraph of page 130 of the Opinion issued on July 28, 2005] on or before October 4, 2005." The Government did not oppose that enlargement request and the Court granted the requested enlargement of time, ordering that "[Renda] shall file its motion or motions, if any, that 'a claim for a breach of the duty not to hinder [has] been tried by consent' of the parties . . . and its proposed briefing schedule, on or before Tuesday, October 4, 2005." See August 26, 2005 Order.

ARGUMENT

A. Renda Has Not Complied With The Court's Order That Renda File By October 4, 2005, Any Motion(s) That A Claim For A Breach Of The Duty Not To Hinder Was Tried By Consent Of The Parties And A Proposed Briefing Schedule.

In its post-trial decision, the Court stated that "[t]he evidence adduced at trial might support a claim of a breach of the implied duty of the government not to hinder a contractor's performance" and the Court afforded Renda the opportunity to file, by September 1, 2005, "a motion to deem a claim for breach of the duty not to hinder to have been tried by consent" and a motion to schedule additional briefing, "to be based entirely on the testimony and documentary evidence in the trial record, on that additional claim." Renda Marine, 66 Fed. Cl. at 721-22. At Renda's request, the Court enlarged the time for filing any such motions by 33 days, requiring that the motions be filed no later than October 4, 2005. See August 26, 2005 Order.

Renda has not complied with the Court's orders. Renda has not filed either a motion to deem a claim for breach of the duty not to hinder to have been tried by consent or a related motion to schedule additional briefing upon any claim allegedly tried by consent of the parties.[4/] Instead, Renda now proposes that the requirement for filing any such motions be deferred "until after any appeal from Renda's new claims to the contracting officer are before this Court." Pl. Mot. 2-3. In effect, Renda seeks to enlarge by a period of well over eight months the already-extended time for filing these motions.[5/]

The only justification offered by Renda for the additional delay in presenting the motion to deem a claim for breach of the duty not to hinder to have been tried by consent is the naked assertion that it would be "in the interest of judicial economy, and the most cost-effective for the parties," to proceed in this manner. We disagree.

Renda's proposed postponement of filing a motion to deem a claim for breach of the duty not to hinder to have been tried by consent is not an efficient way of resolving that motion. The motion would not be addressed by the Court until the additional claims that Renda represents it intends to pursue are before the Court. The result would be simultaneous proceedings upon the

---

[4] Renda's counsel states that it "appears" to him that "a claim of breach of the implied duty not to hinder . . . were [sic] tried by consent," but he offers no particulars about the claims beyond the vague statement that they "[include] but are not necessarily limited to, the West Levee realignment . . . . ." Pl. Mot. 2.

[5] Renda proposes an eight-month schedule for the submission of additional claims to the contracting officer, a decision by the contracting officer upon those claims, and the commencement of a judicial action upon the claims. See Pl. Mot. 3.

new claims (i.e., discovery and a second trial[6]) and upon the motion to deem a claim for breach of the duty not to hinder to have been tried by consent (briefing).

An efficient way of proceeding upon a motion to deem a claim for breach of the duty not to hinder to have been tried by consent and related briefing would be for the Court and parties to address that matter during the eight-month period of time that Renda envisages will be required to present and obtain a decision by a contracting officer upon its new claims. This would not be unfair to Renda because, as the Court has stated, the motion to deem a claim for breach of the duty not to hinder to have been tried by consent and related briefing are "to be based *entirely* on the testimony and documentary evidence in the trial record[.]" Renda Marine, 66 Fed. Cl. at 722 (emphasis added). Proceeding in this way would enable the Court to resolve any claim(s) for breach of the duty not to hinder allegedly tried by consent of the parties *prior to* the initiation of judicial proceedings upon any new claims.

Renda's *de facto* application for an indefinite enlargement of time of not less than eight months within which to file motions to deem a claim for breach of the duty not to hinder to have been tried by consent and for a related briefing schedule, therefore, should be denied.

B. Renda's Motion For A Stay Of Proceedings For The Purpose Of Presenting Additional Claims To The Contracting Officer Should Be Denied.

As noted above, in its post-trial decision, the Court stated that it "considers the possibility that plaintiff may have failed to present certain claims under the contract" and that, "[i]f such an unpresented claim exists and is not time barred under 41 U.S.C. § 605(a) (2000), the court would

[6] In its motion for a stay of the proceedings, Renda requests that "the Court hold a status conference with the parties shortly after any appeal is filed to (1) schedule any additional discovery that may be necessary on Renda's new claims, and (2) schedule an evidentiary hearing in order to cover additional facts relevant to Renda's new claims." Pl. Mot. 3.

entertain a request to stay proceedings pending the presentation of a claim or claims to the contracting officer for decision." Renda Marine, 66 Fed. Cl. at 722.

In support of its application for a stay of the proceedings in this case, Renda represents that it "intends to present additional claims to the contracting officer for decision." Pl. Mot. 2. Renda, however, does not identify the new claims not previously submitted to the contracting officer, much less demonstrate that any such claims are not time-barred by 41 U.S.C. § 605(a). Renda merely asserts, baldly, that the "issues raised in additional claims will be closely related to the issues raised by Renda's [unfiled] motion regarding claims for breach of the duty not to hinder," which, as discussed above, have yet to be specified by Renda with any particularity. Pl. Mot. 2.

Without a specific statement by Renda of the additional claims that it intends to present to the contracting officer, it is impossible to determine whether any such claims in fact exist and, if so, whether they are time-barred by 41 U.S.C. § 605(a). Renda's motion for a stay of proceedings to afford it an opportunity to pursue new claims under the Upper Bayou Project contract, therefore, should be denied.

C. If The Court Were To Grant The Requested Stay Of Proceedings, It Should Not Impose Upon The Parties The Schedule Proposed By Renda For Processing Any Additional Claims By Renda Under The Contract For The Upper Bayou Project.

(1) The Court Lacks The Authority To Order The Schedule Proposed By Renda.

Renda proposes that the Court "order that (1) Renda present any and all additional claims to the contracting officer within 120 days; (2) the contracting officer decide the claims no later than 90 days after they have been presented; (3) Renda file any appeal from the contracting offi-

cer's decision in this Court within 30 days of the contracting officer's decision, and (4) any such appeal be immediately consolidated with the instant case." Pl. Mot. 3.

As the Court confirmed in these proceedings, however, the Court of Federal Claims is a tribunal of limited jurisdiction. Renda Marine, Inc. v. United States, 65 Fed. Cl. 152, 158 (2005). The Court's authority to act upon a claim that is governed by the Contract Disputes Act of 1978, as amended (41 U.S.C. §§ 601-13 (2000)) (CDA), including any claims that Renda has or may have relating to the contract for the Upper Bayou Project, is subject to two distinct jurisdictional prerequisites: the contractor must have submitted a "claim" to a contracting officer and the contracting officer must have issued a "final decision" upon the claim or the claim must be "deemed denied" as a result of the failure of the contracting officer to issue a decision upon the claim within the time prescribed by the CDA. See, e.g., England v. Swanson Group, Inc., 353 F.3d 1375, 1379 (Fed. Cir. 2004). With one narrow exception,[7] the CDA does not confer upon the Court the power to supervise – through the establishment of a schedule for the submission or the resolution of a claim or otherwise – action by a contracting officer upon the claim. See United Partition Systems, Inc. v. United States, 59 Fed. Cl. 627, 641, 643 (2004) ("In instances where

---

[7] The CDA provides that "[a] contractor may request the tribunal concerned to direct a contracting officer to issue a decision in a specified period of time, as determined by the tribunal concerned, in the event of undue delay on the part of the contracting officer." 41 U.S.C. § 605(c)(4) (2000). That provision, however, would not permit the Court to direct a contracting officer to issue a decision upon the additional "claims" that are the subject of Renda's motion to stay proceedings for two reasons. *First*, section 605(c)(4) contemplates that a claim has been submitted to a contracting officer and that has not occurred here. Renda has not yet submitted any additional claims to a contracting officer. *Second*, section 605(c)(4) establishes a condition that must be satisfied before a tribunal may require a contracting officer to issue a decision upon a claim within a specified period of time: there must be "undue delay on the part of the contracting officer" in issuing a decision upon the claim. That condition has not been met in the present case.

this court lacks jurisdiction over a claim, it is not empowered to issue a stay or otherwise to act regarding that claim. However, when the court does possess jurisdiction over a claim based on a deemed denial, it is specifically granted discretion to retrocede authority to the contracting officer by [41 U.S.C. § 605(c)(5)]."[8/]).

(2) The Schedule Proposed By Renda For The Processing Of The New Claims To Be Submitted To The Contracting Officer Is Neither Consistent With The Contract Disputes Act Nor Reasonable.

The CDA establishes procedures for the submission of a claim to, and decision upon the claim by, a contracting officer, including the time within which a contracting officer must issue a decision upon a claim. A contracting officer must issue a decision upon a "submitted claim" of $100,000 or less within 60 days of the receipt of a contractor's request that a decision be rendered within that period. 41 U.S.C. § 605(c)(1) (2000).

In the case of a submitted certified claim over $100,000, the CDA requires that, within 60 days of receipt of the claim, the contracting officer must either issue a decision upon the claim or "notify the contractor of the time within which a decision will be issued." 41 U.S.C. § 605(c)(2) (2000). The decision of a contracting officer upon a submitted claim must be issued "*within a reasonable time*, in accordance with regulations promulgated by the agency, *taking into account* such factors as *the size and complexity of the claim* and *the adequacy of the information in support of the claim* provided by the contractor." Id. at § 605(c)(3) (emphases added). A contractor "may request the tribunal concerned to direct a contracting officer to issue a decision in a speci-

---

[8] The CDA provides that, in the case of an appeal or action based upon a claim that is "deemed denied," "the tribunal concerned may, at its option, stay the proceedings to obtain a decision on the claim by the contracting officer." 41 U.S.C. § 605(c)(5) (2000). Here, none of the additional "claims" that are the subject of Renda's motion to stay proceedings has been submitted to a contracting officer. The new claims, thus, could not possibly come within section 605(c)(5)'s ambit.

fied period of time, as determined by the tribunal concerned," but only "in the event of undue delay" by the contracting officer in issuing a decision upon the claim. Id. at § 605(c)(4).

The problem with the schedule proposed by Renda for processing the additional claims that Renda represents it intends to submit to the contracting officer is the requirement that the contracting officer issue a decision upon such new claims within 90 days of their "presentation" by Renda to the contracting officer. Renda has not demonstrated that 90 days would be a reasonable period of time within which to issue a decision upon the claims. What constitutes a reasonable period of time for that purpose turns, as the CDA provides, upon "such factors as the size and complexity of the claim and the adequacy of the information in support of the claim provided by the contractor." 41 U.S.C. § 605(c)(3) (2000).

As discussed above, Renda does not even identify the new claims to be submitted to the contracting officer other than to state that the "issues raised in additional claims will be closely related to the issues raised by Renda's [unfiled] motion regarding claims for breach of the duty not to hinder." Pl. Mot. 2. Without the opportunity to evaluate the number, size, and complexity of the additional claims or the adequacy of the information provided in support of those claims, it is not possible to make an informed or intelligent estimate of what constitutes a reasonable time within which to issue a decision upon the claims. That is a determination which, as the CDA wisely envisages, cannot and should not be made until *after* the new claims have been submitted to the contracting officer. Hence, for claims above $100,000, the CDA does not impose, as an initial matter, a specific time for issuing decisions, but rather provides that, "in the event of undue delay" by a contracting officer in issuing a decision upon a *submitted* claim, the contractor may request the "tribunal concerned," i.e., the Court or a board of contract appeals, to direct the

contracting officer to issue a decision within a period of time to be fixed by the Court or board. See 41 U.S.C. § 605(c)(4) (2000).

Therefore, even if the Court were inclined to grant Renda's motion to stay proceedings in this case to afford Renda an opportunity to present and obtain a decision upon additional claims, the Court should not impose upon the parties the schedule proposed by Renda for processing the new claims.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to stay proceedings should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax) (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

MR. P. ALEX PETTY
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
Galveston, TX

OCTOBER 11, 2005