# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: October 26, 2005)

| | |
|---|---|
| _____ )<br>)<br>RENDA MARINE, INC., )<br>)<br>             Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>)<br>             Defendant. )<br>)<br>_____ ) | |

<u>ORDER</u>

      Before the court are Plaintiff's Motion to Stay Proceedings (Pl.'s Mot. or Motion), Defendant's Response to Plaintiff's Motion to Stay Proceedings (Def.'s Resp. or Response), and Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Stay Proceedings (Pl.'s Reply). Plaintiff requests the court to "stay proceedings in order to allow Renda to present previously unpresented claims to the contracting officer," Pl.'s Mot. at 1, "until . . . the contracting officer has acted, or is deem[ed] to have acted, upon those claims," Pl.'s Mot. at 3. Defendant responds that "Renda's <u>de facto</u> application for an indefinite enlargement of time . . . should be denied," Def.'s Resp. at 5, and that "[w]ithout a specific statement by Renda of the additional claims that it intends to present to the contracting officer, . . . Renda's motion . . . should be denied," Def.'s Resp. at 6.

      In its July 28, 2005 Opinion (Opinion) the court held that plaintiff "failed to prove by a preponderance of the credible evidence that it is entitled to recover on its claims." <u>Renda Marine, Inc. v. United States</u>, 66 Fed. Cl. 639, 721 (2005). The court noted that it

> believes that the evidence adduced at trial might support a claim of a breach of the implied duty of the government not to hinder a contractor's performance. For example, both the government's failure to respond timely to plaintiff's request for guidance about the West Levee realignment, and

>the government's failure, upon observing plaintiff's relocation of the levee, to correct what the government now claims is plaintiff's misunderstanding, appear on their face to be unreasonable.  The court would entertain a motion to deem a claim for a breach of the duty not to hinder to have been tried by consent and would consider as well a motion to schedule additional briefing, to be based entirely on the testimony and documentary evidence in the trial record, on that additional claim.  Any such motion shall be filed on or before September 1, 2005.

Id. at 721-22.  The court also considered

>the possibility that plaintiff may have failed to present certain claims under the contract.  If such an unpresented claim exists and is not time barred under 41 U.S.C. § 605(a) (2000), the court would entertain a request to stay proceedings pending the presentation of a claim or claims to the contracting officer for decision.

Id. at 722.

On August 25, 2005, plaintiff moved for an enlargement of time of thirty-three (33) days, to and including October 4, 2005, within which "to analyze the record to identify what it considers a viable breach of implied duty claim or claims that were tried by consent, and to propose a briefing schedule."  Plaintiff's Motion for Enlargement of Time (Pl.'s 8/25/05 Mot.) at 1.  Plaintiff represented that it "would thus file [the motions referenced in the above paragraph of Renda, 66 Fed. Cl. at 721-22] on or before October 4, 2005."  Pl.'s 8/25/05 Mot. at 1.  Defendant did not oppose plaintiff's motion and the court granted plaintiff's requested enlargement of time, ordering that "plaintiff shall file its motions, if any, that 'a claim for a breach of the duty not to hinder [has] been tried by consent' of the parties . . . and its proposed briefing schedule, on or before Tuesday, October 4, 2005."  8/26/05 Order.

However, instead of filing any such motions, on October 4, 2005 plaintiff filed the Motion now before the court, which proposes "defer[ing] filing Renda's Motion related to the breach of the duty not to hinder and briefing that Motion until after any appeal from Renda's new claims to the contracting officer are before this Court."  Pl.'s Mot. at 3.  According to plaintiff, "[p]roceeding in this fashion will have the effect of suspending

proceedings in this matter for no more than 240 days, or approximately 8 months.[1] " Id. at 3.

Defendant responds that such a proposal is tantamount to "enlarg[ing] by a period of well over eight months the already-extended time for filing these motions." Def.'s Resp. at 4. Instead, defendant proposes that "[a]n efficient way of proceeding upon a motion to deem a claim for breach of the duty not to hinder to have been tried by consent and related briefing would be for the Court and parties to address that matter during the eight-month period of time that Renda envisages will be required to present and obtain a decision by a contracting officer upon its new claims." Id. at 5.

The court agrees with defendant. Indeed, because the motions contemplated by the court in its Opinion were "to be based entirely on the testimony and documentary evidence in the trial record," Renda, 66 Fed. Cl. at 722, the significant delay requested by plaintiff to "present additional claims to the contracting officer for decision," Pl.'s Mot. at 2, would not result in the "just, speedy, and inexpensive determination of [this] action." Rule of the Court of Federal Claims (RCFC) 1. Allowing the proposed stay would run the risk of confusing and intermingling the records of separate proceedings on separate claims and infusing records to be subsequently created in a new claim into the already-settled and carefully established record in this case. It was not the intention of the court to permit the possible source of delay and confusion that plaintiff's motion appears to invite. The court finds no benefit in staying the post-trial proceedings in these circumstances. The court will therefore go forward with proceedings designed to "enable the [c]ourt to resolve any claim(s) for breach of the duty not to hinder allegedly tried by consent of the parties prior to the initiation of judicial proceedings upon any new claims."[2] Def.'s Resp. at 5 (emphasis in original). Accordingly, plaintiff's Motion is

---

[1] This eight-month or 240-day approximation is derived from plaintiff's proposed schedule for the presentation of additional claims to the contracting officer, a decision by the contracting officer upon those claims, and the commencement of a judicial action upon those claims. See Pl.'s Mot. at 3.

[2] Plaintiff argues that this approach "would require this Court to address closely related issues on two separate occasions." Pl.'s Reply at 2. However, the court notes that plaintiff has not in its Motion or Reply stated what those issues may be, nor has it enumerated any specific additional claims that it plans to present to the contracting officer for decision. Cf. Pl.'s Reply at 2 ("Renda's counsel will select the most appropriate legal basis for the claims and file simple and concise claims with the contracting officer."). Accordingly, although the court acknowledges that "Renda's motion to stay proceedings pending the presentation of a claim or claims to the contracting officer for decision is expressly authorized by the Court's [Opinion]," Pl.'s Reply at
(continued...)

DENIED and plaintiff shall file its motion to deem a claim for a breach of the duty not to hinder to have been tried by consent as well its motion to schedule additional briefing, if at all, on or before November 15, 2005.

      Plaintiff further requests the court to order that "(1) Renda present any and all additional claims to the contracting officer within 120 days; (2) the contracting officer decide the claims no later than 90 days after they have been presented; (3) Renda file any appeal from the contracting officer's decision in this Court within 30 days of the contracting officer's decision[;] and (4) any such appeal be immediately consolidated with the instant case." Pl.'s Mot. at 3. However, as stated by defendant, the court's authority to act upon any additional "claims" presented to the contracting officer is "subject to two distinct jurisdictional prerequisites: the contractor must have submitted a 'claim' to a contracting officer and the contracting officer must have issued a 'final decision' upon the claim or the claim must be 'deemed denied' as a result of the failure of the contracting officer to issue a decision upon the claim within the time prescribed by the [Contract Disputes Act, 41 U.S.C. §§ 601-13 (2000) (CDA)]." Def.'s Resp. at 7 (citing England v. Swanson Group, Inc., 353 F.3d 1375, 1379 (Fed. Cir. 2004)) ("We have held, based on the statutory provisions, that the jurisdiction over an appeal of a contracting officer's decision is lacking unless the contractor's claim is first presented to the contracting officer and that officer renders a final decision on the claim."); see also James M. Ellett Constr. Co. v. United States, 93 F.3d 1537, 1541-42 (Fed. Cir. 1996) ("Thus, for the [Court of Federal Claims] to have jurisdiction under the CDA, there must be both a valid claim, a term the act leaves undefined, and a contracting officer's final decision on that claim." (citations omitted)).

      Although the CDA provides that "[a] contractor may request the tribunal concerned to direct a contracting officer to issue a decision in a specified period of time, as determined by the tribunal concerned, in the event of undue delay on the part of the contracting officer," 41 U.S.C. § 605(c)(4), there has been no additional claim submitted to the contracting officer here and it follows that there has been no "undue delay on the part of the contracting officer," id. Therefore, "the CDA does not confer upon the [c]ourt the power to supervise – through the establishment of a schedule for the submission or the resolution of a claim or otherwise – action by a contracting officer upon the claim." Def.'s Resp. at 7 (citing United Partition Systems, Inc. v. United States, 59 Fed. Cl. 627, 643 (2004)). Plaintiff has not disputed defendant's authorities with respect to the CDA.

---

²(...continued)
1, the court concludes that further delay is unwarranted and that proceeding to enter judgment on the already-settled record in this case is the proper course of action at this time.

<u>See</u> Pl.'s Reply at 2.  The court therefore DENIES plaintiff's request that the court order a schedule upon which any additional claims shall be presented to and resolved by the contracting officer.

      IT IS SO ORDERED.

<u>s/ Emily C. Hewitt</u>
EMILY C. HEWITT
Judge
