**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| RENDA MARINE, INC.,<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 02-306C<br>(Judge Hewitt) |

**PLAINTIFF'S MOTION TO DEEM CLAIMS FOR THE GOVERNMENT'S BREACH OF IMPLIED DUTY TO HAVE BEEN TRIED BY CONSENT**

Plaintiff, Renda Marine, Inc. ("Renda Marine"), respectfully moves this Court to deem its claims relating to the Government's breach of implied duty to cooperate with Renda Marine and not to hinder Renda Marine's performance to have been tried by consent. Plaintiff also respectfully moves this Court to establish a briefing schedule for additional post-trial briefs addressed to these claims.

## I. RENDA MARINE HAS CLAIMS RELATING TO THE GOVERNMENT'S BREACH OF ITS IMPLIED DUTIES THAT HAVE BEEN TRIED BY CONSENT

In the Court's Opinion and Order dated July 28, 2005, the Court recognized that claims may exist that had not been plead by Renda Marine, but for which there was evidence in the record, such that these claims may be deemed to have been tried by consent. *Renda Marine, Inc. v. United States*, 66 Fed. Cl. 639, 721-22 (2005)*; see also* R. Ct. Fed. Cl. 15(b). Renda Marine agrees.

Rule 15(b) states:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had

> been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

When evidence has been "introduced at trial pertaining to the factual issue(s) implicit in the new claim," Rule 15(b) is to be given "a liberal construction, so as to enable controversies to be tried on the merits." *Laningham v. United States*, 5 Cl. Ct. 146, 156 (1984). In such circumstances, the Rule "allow[s] the court to treat the pleadings as though amended in order to conform to the proof." *John R. Sand & Gravel Co. v. United States*, 62 Fed. Cl. 556, 568 (2004) (quoting *Technical Dev. Corp. v. United States*, 202 Ct. Cl. 237, 243 (1973)).

In this case, evidence in the record demonstrates that the Government breached its implied duty to cooperate and its implied duty not hinder performance of the contract as follows:

1. The contracting officer failed to timely address the misalignment of the West Levee at Lost Lake; failed to respond timely to Renda Marine's request for guidance about the realignment of this levee; and failed, upon observing Renda Marine's relocation of the levee, to correct what the Government now claims was Renda Marine's misunderstanding.

2. The contracting officer failed to timely issue a final modification on the Flare claim.

Because the evidence in the record at trial already provides the factual predicate for these claims, Renda Marine's failure to make a motion to amend its pleadings to conform the evidence does not affect the Court's ability to review this evidence and enter judgment for Renda Marine on these claims. *See John R. Sand & Gravel*, 62 Fed. Cl. at 567-68.

After the parties' briefing of these issues, Renda Marine believes that this Court will find that it should prevail on these claims.

## II. THERE ARE ADDITIONAL CLAIMS THAT COULD BE DEEMED TO HAVE BEEN TRIED BY CONSENT, IF THE COURT GRANTS RENDA MARINE'S MOTION TO REOPEN TO INTRODUCE DEPOSITION OF ERIC RUSSEK IN EVIDENCE TO AVOID A SUBSTANTIAL INJUSTICE

Renda Marine is simultaneously filing a Motion To Reopen to Introduce Russek's Deposition in Evidence To Avoid A Substantial Injustice. If the Court grants that motion, there are additional claims that then should be deemed to have tried by consent. However, without Mr. Russek's testimony, these claims were not, and are not, before the Court and cannot be deemed to have been tried by consent.

Assuming that the Court reopens the record to accept Mr. Russek's deposition, Renda Marine will have three additional claims that the Government breached it duty to cooperate and not hinder performance of the contract, as follows:

1. The contracting officer failed to recognize that the Government's specifications were defective and that Renda Marine was entitled to an equitable adjustment under the Changes Clause.

The contract specifications required most of the levees to be built hydraulically on soft foundations with materials derived from dredging. This new material was intended to displace the soft materials and provide 30'MLT levees on stable foundations. The specifications were defective because suitable materials from dredging to build the levees to 30'MLT were inadequate, notwithstanding the Corps' pre-bid assurance that the materials dredged would be adequate to build the levees. The anticipated materials from dredging was inadequate primarily because the extensive side cast borrow areas were much deeper and closer to existing levee than permitted by Corps' policy. The side cast borrow areas were not disclosed to bidders, including Renda Marine.

2. The contracting officer permitted the Port Authority and the Joint Venture to interfere and prevent him from performing his duties of promptly addressing and taking fair action on problems and claims arising under the contract.

3. The contracting officer failed to permit Renda Marine to use a method it recommended to solve the problem of the levee failures it experienced in building the new levees. Renda Marine requested permission to place the toe of the new levee on the inside top of existing levees, and was allowed to do so on part of the North Levee. However, the Port Authority and the Joint Venture insisted on displacement of the soft levee foundation on the other levees – notwithstanding the impossibility of doing so under the contract – and the contracting officer refused to allow Renda Marine to utilize the method the company proposed elsewhere. Despite the treatment of Renda Marine, the Government allowed the successor contractor to utilize Renda Marine's proposed method in later building the levees.

## III. CONCLUSION

Pursuant to the guidance provided in the Court's Opinion and Order of July 28, 2005, Renda Marine herein moves this Court to deem certain claims to have been tried by consent. Renda Marine is prepared to brief those claims based on the existing record, as well as those for which the introduction of Mr. Russek's disposition is required. Renda Marine requests this Court to establish a briefing schedule so that its claims can be fully presented and argued to this Court.

Counsel for Renda Marine has conferred with counsel for the United States and has been informed that the United States intends to file an Opposition to this Motion.

Respectfully submitted,

/s Clarence T. Kipps, Jr.
Clarence T. Kipps, Jr.
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 626-5800 (Telephone)
(202) 628-0858 (Facsimile)

Counsel for Renda Marine, Inc.
Plaintiff

*Of Counsel*:
Mary Lou Soller
Brian A. Hill
Lara A. Covington
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 626-5800 (Telephone)
(202) 628-0858 (Facsimile)

Dated: November 15, 2005

CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of November 2005, caused the foregoing "Plaintiff's Motion To Deem Claims of the Government's Breach of Implied Duty To Have Been Tried By Consent" to be served by the United States Court of Federal Claims ECF system upon the following:

David M. Cohen
John E. Kosloske
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W., Room 8012
Washington D.C. 20530
Telephone: (202) 307-0282

/s Clarence T. Kipps, Jr.
Clarence T. Kipps, Jr.