**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| RENDA MARINE, INC.,<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br>Defendant. | ) | No. 02-306C<br>(Judge Hewitt) |

**PLAINTIFF'S MOTION TO REOPEN TO INTRODUCE DEPOSITION OF ERIC RUSSEK IN EVIDENCE TO AVOID SUBSTANTIAL INJUSTICE IN THIS CASE**

Plaintiff, Renda Marine, Inc. ("Renda Marine"), respectfully moves this Court to reopen the record to introduce in evidence the deposition of Eric G. Russek, the Government's Project Engineer, to avoid substantial injustice in this case.

The Supreme Court has recognized a motion to reopen to introduce evidence before final judgment as an appropriate practice in federal courts. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331, *reh'g denied*, 401 U.S. 1015 (1971). Moreover, the Court of Claims has long recognized motions to reopen, and has been liberal in allowing parties to supplement the record after trial, when doing so would serve the ends of substantial justice. *See, e.g., Shrewsbury v. United States*, 13 Ct. Cl. 183, 187-88 (1877) (acknowledging the grant of a second trial, but denying a third trial). This court has always been "willing, as [a] matter of grace, to rectify mistakes, when it plainly appears that they are mistakes, into which it may have been led by the error or inadvertence of counsel, and it can do so without violating vested rights of the other party." *Calhoun v. United States*, 14 Ct. Cl. 193, 196 (1878).

Motions to reopen proof continue to be recognized by the Court as an important tool:

> In the exercise of its jurisdiction to provide relief for claims against the Government, the Court of Claims traditionally has shown liberality in remands after trial and submission if it seems that the ends of substantial justice would be served. Reopening proof before final judgment has been recognized by the Supreme Court as appropriate practice in federal courts and the Court has affirmed the principle that a motion to reopen is entertained in the sound discretion of the trial judge.

*Shanteau v. United States*, No. 395-73, 1979 U.S. Ct. Cl. LEXIS 958, at *5 (Cl. Ct. Sept. 7, 1979); *see also Wertz v. United States*, 2 Cl. Ct. 45. 55 (1983); *Caracci v. Brother Int'l Sewing Mach. Corp.*, 222 F. Supp. 769, 771 (1963) (The purpose of a motion to reopen "is to seek the right to offer additional evidence before the Court has reached a full decision thereon, so that the Court may have all of the facts upon which it can render full justice on the merits of plaintiff's cause of action.").

Reopening the record to allow the introduction of a single deposition transcript is appropriate here. Indeed, it is well recognized that "[t]he motion to reopen is appropriate to raise substantive issues of fact and law not previously heard and is not limited to offers to prove mere formal deficiencies in the trial record." *Shanteau*, 1979 U.S. Ct. Cl. LEXIS 958, at *6.

The standards to be applied to a motion to reopen proof are within the Court's discretion, but are less stringent than those used to weigh a motion for a new trial. *Id.* at *4, *6. These standards have included: (1) a showing by the moving party of "justification for failure to discover and present the proposed evidence during the ordinary course of the trial;" (2) a specific statement of what the additional evidence would be; (3) a finding that proffered evidence would "not be merely cumulative;" and (4) "a substantial showing that the proposed evidence could materially affect the findings and the outcome of the case." *Id.* at *7.

In weighing these factors, the fourth factor listed above is clearly the most important. The first factor is less important than the fourth.

> Consideration of a motion to reopen proof should not turn on the reason why the evidence now proffered was not introduced during the normal course of trial; the essential criterion is whether a substantial injustice would occur if the motion were not allowed and the evidence continued to be excluded.

*Wertz v. United States*, 2 Cl. Ct. at 55-56; *Shanteau v. United States*, 1979 U.S. Ct. Cl. LEXIS 958, at *8.[1] Indeed, since the key consideration for the court in considering a motion to reopen is whether substantial injustice will occur without the new evidence, the reason *why* the evidence was not proffered during the normal course at trial is irrelevant. *Wertz*, 2 Cl. Ct. at 56.

Nonetheless, Renda Marine attempted to present Mr. Russek's deposition previously, but was unable to do so. As the Corps on Engineers' ("Corps") Project Engineer, Mr. Russek is the Government employee most familiar with the problems encountered by Renda Marine during contract performance, as well as the Corps' actions and failures to act in dealing with those problems. Renda Marine listed Mr. Russek on its list of "may call" witnesses, while the Government listed him on its list of witnesses it intended to call. Dkt. No. 72 at 10; Dkt. No. 125 at 12. Renda Marine fully expected the Government would call Mr. Russek as a witness. Dkt. No. 86 at 2; Dkt. No. 132 at 2.

After Renda Marine rested its case, the Government announced that it was not going to call Mr. Russek to testify. Trial Transcript ("Tr. Trans.") at 4264: 1-10, 17-18. Renda Marine's former counsel sought permission to offer some deposition excerpts for Mr. Russek. *Id.* at 4566:

---

[1] When considering whether to grant a motion to reopen, some courts have erroneously concluded that because the Supreme Court in *Zenith*, 401 U.S. at 332, cited to *Locklin v. Switzer Bros., Inc.*, 299 F.2d 160, 168-70 (9th Cir. 1961), *cert. denied*, 369 U.S. 861 (1962), they were required to consider whether the moving party was justified for failing to present the proposed evidence during the ordinary course of the trial. *Wertz*, 2 Cl. Ct. at 55; *Shanteau*, 1979 U.S. Ct. Cl. LEXIS 958, at *7. Such conclusions are erroneous. *Locklin* involved a motion for new trial under Fed. R. Civ. P. 59 – not a motion to reopen. The standards are different for motions to reopen. *Caracci*, 222 F. Supp. at 771. 12 J. Moore, *Federal Practice* § 59.13[3][c] (3d ed. 2005).

3-11. The Government objected, citing as its sole reason that Renda Marine had rested its case without calling him. *Id.* at 4566: 13-20. In refusing Renda Marine's request, the Court stated: "So the unfairness of the situation does not appear to me to be – it's not apparent at this juncture. So the motion is denied." *Id.* at 4567: 20-22. Because of the time constraints at trial, Renda Marine was not able to present a rebuttal case. *Id.* at 5355: 24-25 and 5358: 3-5.

Without ascribing any malicious intent to the Government in not calling Mr. Russek, the fact is that Renda Marine was harmed. Mr. Russek's testimony is critical not only to the claims pleaded in its complaint, but also to additional claims tried by consent.

Mr. Russek's testimony is not cumulative. It is based on his first-hand knowledge, and it is thoughtful, objective, and refreshingly candid. He provides a totally different picture and tone than that advanced by the other Government's witnesses. Although other witnesses testified at length, they did not offer testimony in a number of areas about which Mr. Russek testified in his deposition.

Mr. Russek's responsibilities as Project Engineer required him to have first-hand knowledge of the facts relating to the problems encountered in contract performance, to prepare recommendations to his superior on how to deal with those problems, and to work with Renda Marine to solve them. No Government witness explained why, contrary to the Corps' policy, Renda Marine's letters outlining performance problems were belatedly addressed or not addressed by the Corps at all.

Mr. Russek is the only Corps employee who candidly explained the extent of the Port Authority's and the Joint Venture's interference with the contracting officer properly executing his duties to promptly and fairly address the problems and claims arising under the contract. By providing the insight of a responsible Corps employee into the reason why the contracting officer

was unable to partner with Renda Marine to solve the problems encountered during contracting performance, Mr. Russek's testimony is substantively different from anything in the record.

If Mr. Russek's deposition is not admitted in evidence, the Court's final decision will result in substantial injustice by precluding Renda Marine from presenting evidence of improper outside interference causing the contracting officer to breach his duty under FAR 1.602(b). One of the important duties of the contracting officer is to "[e]nsure that contractors receive impartial, fair, and equitable treatment." FAR 1.602-2(b). The contracting officer in this case breached that duty by permitting the Port Authority and the Joint Venture to interfere and improperly influence his discharge of that duty. *See Schlesinger v. United States*, 390 F.2d 702, 708-09 (contracting officer improperly influenced by pressure from Congressional Committee); *John A. Johnson Contracting Corp. v. United States*, 132 F. Supp. 698, 705 (Ct. Cl. 1955) (contracting officer improperly terminated for irrelevant reason unrelated to performance); *Darwin Constr. Co. v. United States*, 811 F.2d 593, 596 (Fed. Cir. 1987) (contracting officer improperly terminated for irrelevant reason unrelated to performance). *Cf DXS, Inc. v. Siemens Med. Sys.*, 100 F.3d 462, 476 (6th Cir. 1996) (substantial injustice where excluded evidence precluded party from adequately presenting evidence of damages).

Mr. Russek is the only Corps employee who candidly explained the extent of the Port Authority's and the Joint Venture's interference with the contracting officer properly executing his functions of promptly addressing problems encountered by Renda Marine and fairly resolving its claims. By providing the insight of a responsible government employee into the reason why the contracting officer was unable to partner with Renda Marine to solve the problems encountered during contracting performance, Mr. Russek's testimony is substantively different from anything in the record. If Mr. Russek's deposition is not admitted in evidence, the

Court's final decision will result in substantial injustice by precluding Renda Marine from presenting evidence of improper outside interference with the contracting officer. *Cf. DXS, Inc.*, 100 F.3d at 476 (substantial injustice where excluded evidence precluded party from adequately presenting evidence of damages).

Granting this motion and introducing Mr. Russek's deposition in evidence will not prejudice the Government. Renda Marine seeks to introduce Mr. Russek's entire deposition. There cannot, therefore, be any argument that certain testimony is being proffered out of context. The Government was adequately represented at Mr. Russek's deposition, and it recognized the relevance of Mr. Russek's testimony by placing him on its witness list. The Government's objection to Renda Marine's earlier request to introduce Mr. Russek's deposition into evidence was based solely on the ground that Renda Marine had rested its case and had an opportunity to call him. Tr. Trans. at 4566: 3-20.

Although it is important for this Court to consider Mr. Russek's testimony in its entirety, there are several points of critical importance. Specifically, Mr. Russek's deposition testimony provides evidence of the following points:

1. The project encompassed in this contract was the first large-scale use of hydraulic levee building in the district and the first of several Corps projects in that bayou. Attachment 1 (Deposition of Eric Russek (Jan. 14, 2004) ["Russek Dep."] at 73-74). The lessons learned from this project caused changes in the specifications for other bayou projects to provide better guidance on how to deal with the performance problems encountered by Renda Marine. *Id.* at 43-52, 73-75.

2. The Corps' general policy was to have a partnership relationship with the contractor so performance problems would be promptly addressed and resolved and performance achieved in a cost effective manner. *Id.* at 104-05.

3. The Port Authority and its consultants – the Joint Venture – interfered with and usurped the contracting officer's duties and prevented him from executing those duties in a prompt and fair manner. *Id.* at 102-05, 108-11, 116, 142-43, 158-62, 182-87, 209-10.

4. With rare exceptions, the Port Authority and the Joint Venture opposed any contract changes that increased the contract price. *Id.* at 159-62, 185-87.

5. The Port Authority and the Joint Venture opposed any attempts by the Corps to partner or assist Renda Marine in overcoming the side cast borrow problem it encountered in building the levees. *Id.* at 102-04, 108-09, 111, 159-62, 185, 187.

6. Russek supported Renda Marine's solution of starting the toe of new levees at top of existing levees and was overruled by the Joint Venture team. *Id.* at 142-43. Despite the treatment of Renda Marine, the Government allowed the successor contractor to utilize Renda Marine's proposed method in later building the levees. *Id.* at 197-98.

7. Russek testified that "without the Joint Venture, I would say this would have ended a lot differently." He further testified as follows:

> Q. And it would have ended with the Corps partnering with Renda to resolve these problems?
>
> A. Correct.
>
> Q. And the Corps and Renda would have worked to change the design so that the project could have been finished?
>
> A. I think so. I think we could – I think we could have worked through several – all the issues. I think we could have developed together solutions, you know, all the levees and the stiff clay.

*Id.* at 210.

If this evidence were before this Court, three additional claims would be available to Renda Marine – all of which would have been tried by consent. These claims are all based on the Government's breach of its duty to cooperate and not hinder performance of the contract. Specifically, these claims are:

> 1. The contracting officer failed to recognize that the Government's specifications were defective and that Renda Marine was entitled to an equitable adjustment under the Changes Clause.
>
> 2. The contracting officer permitted both the Port Authority and the Joint Venture (the Government's consultants) to interfere with and prevent him from performing his duties of promptly addressing and taking fair and equitable action on problems and claims arising under the contract.
>
> 3. The contracting officer failed to permit Renda Marine to use its recommended solution to the levee failures experienced in building new levees of placing the toe of the new levee on the inside top of the existing levee, because the Port Authority and the Joint Venture insisted on displacement of the soft foundation notwithstanding the impossibility of doing so under the contract.

It is clear that after weighing all the factors Courts use to determine whether to grant motions to reopen, this Court should grant Renda Marine's motion in order to avoid a substantial injustice in this case. Renda Marine seeks to introduce the deposition of a single witness. Mr. Russek's testimony was not presented at trial because Renda Marine ran out of time in trial. This Court denied the introduction of Mr. Russek's deposition into evidence at trial because the unfairness of excluding it was not made apparent to the Court at the time the evidence was proffered. Since the importance of Mr. Russek's testimony has now been explained, this motion should be granted. The introduction of Mr. Russek's testimony would change the factual context of this case. Reopening the evidence to allow the admission of this deposition will allow this Court to deem several claims to have been tried by consent. This is consistent with "the exercise

of [the court's] jurisdiction to provide relief for claims against the Government" (Shanteau,1979 U.S. Ct. Cl. LEXIS 958, at *5, and *Wertz*, 2 Cl. Ct. at 55), and will prevent substantial injustice in this case.

Counsel for Renda Marine has conferred with counsel for the United States and has been informed that the United States intends to file an Opposition to this Motion.

Respectfully submitted,

/s Clarence T. Kipps, Jr.
Clarence T. Kipps, Jr.
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 626-5800 (Telephone)
(202) 628-0858 (Facsimile)

Counsel for Renda Marine, Inc.
Plaintiff

*Of Counsel*:
Mary Lou Soller
Brian A. Hill
Lara A. Covington
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 626-5800 (Telephone)
(202) 628-0858 (Facsimile)

Dated: November 15, 2005

CERTIFICATE OF SERVICE

I hereby certify that I have, this 15th day of November 2005, caused the foregoing "Plaintiff's Motion To Reopen to Introduce Deposition of Eric Russek In Evidence To Avoid Substantial Injustice In This Case" to be served by the United States Court of Federal Claims ECF system upon the following:

David M. Cohen
John E. Kosloske
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W., Room 8012
Washington D.C. 20530
Telephone: (202) 307-0282

/s Clarence T. Kipps, Jr.
Clarence T. Kipps, Jr.