**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| RENDA MARINE, INC.,<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br>Defendant. | ) | No. 02-306C<br>(Judge Hewitt) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO DEEM CLAIMS TRIED BY CONSENT**

I. THE EXISTING RECORD ESTABLISHES GOVERNMENT LIABILITY FOR AN EQUITABLE ADJUSTMENT FOR THE FLARE CLAIM

In the Government's Response, the Government asserts various technical arguments, but its primary argument is that the Court has already decided the Flare claim and that briefing on the issue of whether the contracting officer failed timely to definitize a modification for an equitable adjustment therefore would be futile. Response at 6.

The Government is incorrect. Briefing on the Flare claim is not a futile exercise because the record establishes both Government liability for an equitable adjustment and that the contracting officer's failure to timely definitize the modification breached his express and implied obligations. Specifically, the contracting officer issued Modification P00023 on March 14, 2001, stating: "The Contracting Officer has determined that the contractor has incurred a changed condition from that shown in the contract and therefore is entitled to be compensated for the additional work." JX 6.003 at 2¶ A. The contracting officer is the person responsible for making the decision. He did so in Modification P00023. He testified in this case and in no way withdrew from that decision. Modification P00023 also increased the contract price by an amount not to exceed $3,083,833, which was 75% of the Corps' estimate of the costs, with the

final price to be negotiated and definitized in a supplemental agreement. Although the costs were audited, the contracting officer failed to definitize the price, notwithstanding Renda Marine's numerous requests to do so[1]. PEX 1416.0001, PEX 1462.0001-.0002, PEX 1467.0001, PEX 1481.0002, PEX 1502.0001, & PEX 1506.0001. Had the contracting officer complied with his contractual obligations timely to definitize the modification, the Flare claim would have been resolved and would not have been before this Court.

The most compelling arguments entitling Renda Marine to substantial recovery in this case were not made to this Court, leading the Court into error. The Flare claim is a good example. Whether Modification P00023 is a final decision or whether Renda Marine had the burden of proving entitlement to an equitable adjustment is not dispositive of the claim. The controlling factor is the fact that, after a thorough review, the contracting officer in Modification P00023 *found* a changed condition and left open only the amount of the equitable adjustment. JX 6.003 at 2¶ A. The contracting officer's determination in Modification P00023 is an admission against interest and establishes a prima facie case of liability on the Flare claim, which the Government has not and cannot rebut. When entitlement is clear, as it is here, the amount of the equitable adjustment can be determined under various methods on the facts in the existing record. The Government was fully aware of the facts and circumstances surrounding the issuance of Modification P00023, including the Corps' policy and the contracting officer's contractual obligation to "to ensure that [Renda Marine] receive impartial, fair and equitable treatment." FAR 1.602-2(b). Modification P00023, which was admitted at trial without restriction, is a clear and complete factual predicate for the legal argument that the Government

[1] Renda Marine's cost of performance increases approximated $10 million, and thus the need for prompt payment was obvious.

breached its express and implied obligations timely to definitize the equitable adjustment for the changed condition encountered in the Flare area. By failing to object to the admission of Modification P00023 on the ground that it was allegedly outside the pleadings except for limited purposes, the Government consented to the trial of legal issues implicit in the contracting officer's finding of a changed condition and his obligations under FAR. *In re Prescott*, 805 F.2d 719, 725 (7th Cir. 1986)(granting an amendment where previous objections were on hearsay and relevancy grounds but not that evidence was outside the pleadings); *see John R. Sand & Gravel v. United States*, 62 Fed Cl. 556, 568-69 (2004) (Where defense argument was first raised in the post-trial briefing, this Court held the issue had been tried by implied consent because "[e]vidence regarding the factual predicate of the defense was presented at trial."). Therefore, any failure on the part of the Government to comprehend the scope and potential use of that evidence cannot nullify consent.

The Government bears the burden of demonstrating actual prejudice to defeat a motion to amend the pleadings, or to defeat a motion to deem a claim tried by consent. The Government has failed to meet this burden. *See* RCFC 15(b); *In re Prescott*, 805 F.2d at 725 (granting amendment where opposing party failed to show prejudice). "Prejudice," in this context, requires undue difficulty or a serious disadvantage in defending the additional legal basis for the claim.[2] *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *Hodgson v. Colonnades, Inc.*, 472 F.2d 42, 48 (5th Cir. 1973) (quoting Wright & Miller's *Federal Practice and Procedure*). Here, the Government has not alleged any prejudice it would suffer if this additional legal basis for sustaining the Flare area claim is allowed. Indeed, the Government has

[2] Delay, preserving a tactical advantage, and alleging an imagined grievance are all insufficient measures of prejudice. *Deakyne*, 416 F.2d at 300 n.19 (delay insufficient); *Hodgson*, 472 F.2d at 48 (statement that objecting party would have defended the case differently found insufficient).

no such claims. Moreover, it is an abuse of discretion for a trial court to refuse an amendment where the opposing party will not be prejudiced. *See Robbins v. Jordan*, 181 F.2d 793, 795 (D.C. Cir. 1950); *Weil Clothing Co. v. Glasser*, 213 F.2d 296, 299 (5th Cir. 1954).

Based on the evidence in the existing record and the Government's failure to show prejudice, Renda Marine should be allowed the opportunity to brief this argument further .

## II. THE COURT SHOULD ACCEPT JURISDICTION OF RENDA MARINE'S THREE SEPARATE CLAIMS BECAUSE SUBMITTING THESE CLAIMS TO THE CONTRACTING OFFICER WOULD BE A FUTILE ACT

We agree with the Government that Renda Marine would not be precluded from pursuing, in a separate proceeding, its additional claims[3]. These claims are based on (1) defective specifications; (2) the contracting officer's breach of contract by permitting the Houston Port Authority and the Joint Venture to interfere with and prevent him from performing his obligations promptly to address and take fair action on the problems and claims arising under the contract; and (3) the contracting officer's failure to permit Renda Marine to build the levees by placing the toe of the new levees on the inside top of the existing levees.

Admittedly, the CDA provides that all claims must be submitted to the contracting officer for a decision, and the case law regards such a submission as a jurisdictional prerequisite. *Renda Marine, Inc. v. United States*, 65 Fed. Cl. 152, 159 (2005). These claims were not submitted to the contracting officer for decision.

Nevertheless, the Court should accept jurisdiction of these claims, because submitting them to the contracting officer would be a futile act. The federal courts have recognized a futility exception to the final decision rule for takings claims. *See Palazzolo v. Rhode Island*,

---

[3] Response at 9-10.

533 U.S. 606, 622-23 (2001) (affirming that federal ripeness rules do not require futile submissions after an agency forecloses their outcome); *see also Cienega Gardens v. United States*, 265 F.3d 1237, 1245 (2001) (applying the futility exception to the final decision rule). The United States Claims Court has similarly recognized that "it would serve no purpose to require a claimant to exhaust administrative procedures before seeking judicial review when it is clear that resort to administrative action would be futile." *Conant v. United States*, 12 Cl. Ct. 689, 693 (1987).

In this case, filing the three claims with the contracting officer is a futile and useless act. In the Motion to Reopen, we seek to reopen the record to admit the deposition of Mr. Russek as the most expeditious and least expensive means of resolving all the claims arising out of this contract. Mr. Russek's deposition shows that, but for the opposition of the Houston Port Authority and the Joint Venture, the contracting officer would have resolved the differing site conditions claims and this case would not be in court. Russek Dep. at 210. Indeed, the contracting officer's November 26, 2001 purported "Final Decision" asserting counterclaims against Renda Marine totaling $11.2 million based on Renda Marine being in default leaves no doubt about the futility of submitting these claims to him for the objective and fair decision contemplated by the CDA.

III. CONCLUSION

For the foregoing reasons Renda Marine requests that the Court accept jurisdiction and deem the above claim tried by implied consent.

Respectfully submitted,

/s Clarence T. Kipps, Jr.
Clarence T. Kipps, Jr.
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 626-5800 (Telephone)
(202) 628-0858 (Facsimile)

Counsel for Renda Marine, Inc.
Plaintiff

*Of Counsel*:
Mary Lou Soller
Lara A. Covington
Justin C. Miller
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 626-5800 (Telephone)
(202) 628-0858 (Facsimile)

Dated: December 12, 2005

CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of December 2005, caused the foregoing **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO DEEM CLAIMS TRIED BY CONSENT** to be served by the United States Court of Federal Claims ECF system upon the following:

David M. Cohen
John E. Kosloske
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W., Room 8012
Washington D.C. 20530
Telephone: (202) 307-0282

/s Clarence T. Kipps, Jr.
Clarence T. Kipps, Jr.