**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| RENDA MARINE, INC.,<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br>Defendant. | ) | No. 02-306C<br>(Judge Hewitt) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO REOPEN TO INTRODUCE RUSSEK DEPOSITION**

I. FAILURE TO LIST THE RUSSEK DEPOSITION AS AN EXHIBIT AND THE REVISIONS TO THE RULES OF THE COURT OF FEDERAL CLAIMS ARE IRRELEVANT TO THE CONSIDERATION OF THE MOTION TO REOPEN

There is nothing in the language nor the accompanying comments to the RCFC that indicate that RCFC Appendix A supplanted the rule of law established by precedents of the Supreme Court and this Court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331, *reh'g denied*, 401 U.S. 1015 (1971) (recognizing the motion to reopen to introduce evidence as a tool available at the discretion of the court). The Rules Committee Note to RCFC 26 states that RCFC 26 parallels the structure and content of Fed. R. Civ. P. 26 and that Appendix A accomplishes the same purposes as Fed. R. Civ. P. 26(f)(1). Federal courts have long utilized the motion to reopen as a discretionary tool to assure that there is a trial on the merits and to prevent manifest injustice. *Shrewsbury v. United States*, 13 Ct. Cl. 183, 187-88 (1877). There is nothing in the RCFC and accompanying comments suggesting that Congress intended to take back the discretion of the Court of Federal Claims to consider a motion to reopen. Therefore, both the failure to list Mr. Russek's deposition as an exhibit and the revisions to the Rules of the Court of Federal Claims are irrelevant to the Court's consideration of the Motion to Reopen.

## II. THE CONTROLLING QUESTION ON A MOTION TO REOPEN THE RECORD IS WHETHER SUBSTANTIAL INJUSTICE WILL OCCUR IF THE EVIDENCE IS NOT ADMITTED

Mr. Russek is a critical witness in this case because he was the Corps project engineer responsible for "on-the-ground" administration of this contract. Mr. Russek was the Corps employee most knowledgeable about the problems encountered by Renda Marine and the Corps' actions and inactions with respect to them.

The Government listed Mr. Russek as a witness, and the Government should have called him to provide the Court with critical evidence to enable the Court to reach an informed and correct decision. Had the Government called Mr. Russek, the Court questioning and "wide-open"[1] cross examination would have revealed the true facts and that they are quite different from the picture painted by Government witnesses who were not nearly as knowledgeable or informed as Mr. Russek. For example, no Government witness testified about the Houston Port Authority and Joint Venture's extensive interference with the contracting officer performing his contractual obligations. Russek Dep. at 102-05, 108-11, 116, 142-43, 158-62, 182-87, 209-10. Nor did any Government witness testify that, but for the Joint Venture interference, the Corps would have partnered with Renda Marine to resolve the problems encountered in performance and worked through all the issues. *Id.* at 210.

Moreover, the Government failed to notify Renda Marine of the Government's decision not to call Mr. Russek as a witness until after Renda Marine had closed its case. Trial Tr. at

---

[1] Quoting *McCormick on Evidence*, the notes to Fed. R. Evid. 611(b) favor very open cross-examination. "The foregoing considerations favoring the wide-open or restrictive rules may well be thought to be fairly evenly balanced. There is another factor, however, which seems to swing the balance overwhelmingly in favor of the wide-open rule. This is the consideration of economy of time and energy. Obviously, the wide-open rule presents little or no opportunity for dispute in its application. . . . We recommend that the rule allowing questions upon any part of the issue known to the witness be adopted."

4264: 1-10, 17-18. The Government then opposed the admission of excerpts of Mr. Russek's deposition into evidence on the ground that Renda Marine had an opportunity to call Mr. Russek and closed its case without doing so. *Id.* at 4566: 3-11, 13-20. In reality, Renda Marine did not have the opportunity to call Mr. Russek because of the time limitations and the fact that the Government did not notify Renda Marine that it was not planning to call Mr. Russek as a witness until after Renda Marine had closed its case. Without regard to intention, the fact of the matter is that Renda Marine was sandbagged and manifestly harmed, and the Court was led into error.

## III. THE THREE ADDITIONAL CLAIMS ARE NOT BASED ON THE SAME OPERATIVE FACTS AND ARE SEPARATE FROM THE CLAIMS CURRENTLY BEFORE THIS COURT

In its jurisdictional argument, the Government contends that Renda Marine's three additional claims are "either (a) so intertwined with the Lost Lake Levees Type I differing site conditions claim as to constitute a single claim governed by the differing site conditions clause (and judicial precedent construing that clause) already tried and decided by the Court or (b) are not based upon the same operative facts as the Lost Lake Levees Type I differing site conditions claim." Response at 11. We agree with the Government on (b) because the three additional claims are NOT based upon the same operative facts. We disagree with (a) because the three additional claims are separate claims and are not so intertwined as to constitute a single claim governed by the different site conditions clause.

The Federal Circuit decision in *Comtrol, Inc. v. United States*, 294 F.3d 1357 (Fed. Cir. 2002) involved a contractor claiming that the defect in the specifications was the failure to disclose the differing site condition. Renda Marine contends there were numerous defects in the specifications, only some of which overlap differing site conditions. The core defect was that the levees could not be built as designed. Even with redesign, the levees could not be built within

the time specified for performance or at a cost anywhere near the government's $13.6 million estimate. The specifications were later changed to reflect the lessons learned on the Lost Lake project. Russek Dep. at 43-52, 73-75. Other defects include, but are not limited to: (1) incorrect assurance that adequate materials would be available to build the levees from the required dredging of the channel and the designated borrow areas; (2) failure to identify the levees side cast borrow areas and their depth and width; and (3) failure to identify obstructions in the dredging areas. In short, the focus of this case should have been on defective specifications rather than differing site conditions.

If the record is reopened, the Government seeks the protections it would have at trial, including cross-examination. Indeed, we believe that the Court and the parties would be best served by having the benefit of Mr. Russek's live testimony as a witness and would welcome the Court opening the record to include his live testimony.

Regardless of whether this Court grants the simultaneously filed Motion to Deem Claims Tried by Implied Consent, substantial and manifest injustice will result in this case if the Court renders a final decision on the merits without the testimony of Mr. Russek. Renda Marine seeks to reopen the record as the most expeditious and least expensive means to resolve all the claims arising out of this contract.

## IV. CONCLUSION

For the foregoing reasons Renda Marine Requests Its Motion To Reopen be granted.

Respectfully submitted,

/s Clarence T. Kipps, Jr.

Clarence T. Kipps, Jr.
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 626-5800 (Telephone)
(202) 628-0858 (Facsimile)

Counsel for Renda Marine, Inc.
Plaintiff

*Of Counsel*:
Mary Lou Soller
Lara A. Covington
Justin C. Miller
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 626-5800 (Telephone)
(202) 628-0858 (Facsimile)

Dated: December 12, 2005

CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of December 2005, caused the foregoing **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO REOPEN TO INTRODUCE RUSSEK DEPOSITION** to be served by the united states court of federal claims ECF system upon the following:

David M. Cohen
John E. Kosloske
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W., Room 8012
Washington D.C. 20530
Telephone: (202) 307-0282

/s Clarence T. Kipps, Jr.
Clarence T. Kipps, Jr.