# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: December 19, 2005)

| | |
|---|---|
| RENDA MARINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

The court has before it Plaintiff's Motion to Reopen to Introduce Deposition of Eric Russek in Evidence to Avoid Substantial Injustice in this Case (Pl.'s Mot. or Motion), Defendant's Response to Plaintiff's Motion to Reopen Record to Introduce the Deposition of Eric Russek (Def.'s Resp. or Response), and Plaintiff's Reply to Defendant's Response to Motion to Reopen to Introduce Russek Deposition (Pl.'s Reply or Reply). Plaintiff requests the court to "reopen the record to introduce in evidence the deposition of Eric G. Russek, the Government's Project Engineer, to avoid substantial injustice in this case." Pl.'s Mot. at 1.

I. The Parties' Arguments

In its Motion, plaintiff describes the course of events occurring at trial that it believes warrants the reopening of the case to admit the deposition of Mr. Russek:

> Renda Marine attempted to present Mr. Russek's deposition previously, but was unable to do so. . . . Renda Marine listed Mr. Russek on its list of 'may call' witnesses, while the Government listed him on its list of witnesses it intended to call. Renda Marine fully expected [that] the Government would call Mr. Russek as a witness.

> After Renda Marine rested its case, the Government announced that it was not going to call Mr. Russek to testify. Renda Marine's former counsel sought permission to offer some deposition excerpts for Mr. Russek. The Government objected, citing as its sole reason that Renda Marine had rested its case without calling him. In refusing Renda Marine's request, the Court stated: "So the unfairness of the situation does not appear to me to be – it's not apparent at this juncture. So the motion is denied." Because of the time constraints at trial, Renda Marine was not able to present a rebuttal case.

Pl.'s Mot. at 3-4 (quoting Transcript of Trial (Tr.) at 4567:20-22) (internal citations omitted). Based on the foregoing events, plaintiff claims that it "was harmed," id. at 4, and that "[i]f Mr. Russek's deposition is not admitted in evidence, the Court's final decision will result in substantial injustice by precluding Renda Marine from presenting evidence of improper outside interference causing the contracting officer to breach his duty under [Federal Acquisition Regulations (FAR)] 1.602(b)," id. at 5.

Plaintiff asserts that granting this motion will not prejudice defendant, because "[t]he Government was adequately represented at Mr. Russek's deposition, and it recognized the relevance of Mr. Russek's testimony by placing him on the witness list." Id. at 6. Thus, although plaintiff "ran out of time in trial," and "the unfairness of excluding [Mr. Russek's testimony] was not made apparent to the Court at the time the evidence was proffered," id. at 8, plaintiff argues that the court should now "grant Renda Marine's motion in order to avoid substantial injustice in this case," id.

Defendant responds that plaintiff cannot now introduce Mr. Russek's deposition testimony because it "did not file any . . . pretrial motion [to show cause why deposition testimony should be admitted] with respect to the transcript of its deposition of Mr. Russek [as required by Appendix A ¶ 15(b) of the Rules of the Court of Federal Claims (RCFC)], and it has not offered any justification or excuse for the failure to do so." Def.'s Resp. at 4. Moreover, defendant asserts that plaintiff was on notice that plaintiff's "failure to list the Russek deposition transcript as a trial exhibit 'shall result . . . in an exclusion of the exhibit at trial.'" Id. at 5 (quoting RCFC Appendix A, ¶ 13(a)). Thirdly, defendant argues that, to the extent plaintiff's Motion requests the court to reopen the trial record "to receive additional evidence relating to new claims that are outside the scope of the complaint or claims that were not tried by consent of the parties[,] . . . [s]uch a motion is inappropriate." Id. at 9 (emphasis in original). Finally, defendant states that

> if the [c]ourt were to grant Renda's [Motion], the Government would be entitled to "the standard prophylaxis that generally obtains at trial," including the right to object to the admission into evidence of the deposition or any part of it upon any ground permitted by the Federal Rules of Evidence (subject to RCFC 32(b)), the right to cross examine Mr. Russek, and the right to challenge any deposition testimony admitted into evidence through the testimony of other witnesses or documentary evidence.

Id. at 17 (quoting Lusier v. Runyon, 50 F.3d 1103, 1113 (1st Cir. 1995)).

In its Reply, plaintiff argues that RCFC Appendix A does not supplant a party's ability to move the court to reopen a case, Pl.'s Reply at 1 (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331 (1971) (recognizing a motion to reopen to introduce evidence as a tool available at the discretion of the court)), especially "to prevent manifest injustice," id. (citing Shrewsbury v. United States, 13 Ct. Cl. 183, 187-88 (1977)). Instead, plaintiff argues, the only relevant inquiry the court must make in deciding on plaintiff's Motion is "whether substantial injustice will occur if the evidence is not admitted." Pl.'s Reply at 2. Accordingly, plaintiff reiterates that "substantial and manifest injustice will result in this case if the Court renders a final decision on the merits without the testimony of Mr. Russek." Id. at 4.

II. Discussion

"The judicial discretion involved in a motion to reopen proof is comparable to that involved in a motion for a new trial." Shanteau v. United States, No. 395-73, 1979 U.S. Ct. Cl. LEXIS 958, at *8 (Ct. Cl. Sept. 7, 1979). "The standards to weigh a motion to reopen are applied largely within the discretion of the trial judge." Wertz v. United States, 2 Cl. Ct. 45, 55 (1983). "Reopening proof before final judgment has been recognized by the Supreme Court as appropriate practice in federal courts and the Court has affirmed the principle that a motion to reopen is entertained in the sound discretion of the trial judge." Shanteau, 1979 U.S. Ct. Cl. LEXIS 958, at *5 (citing Zenith Radio, 401 U.S. at 321). "'In exercising its discretion, the court must consider the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion.'" United States v. Reid, 357 F.3d 574, 581 (6th Cir. 2004) (quoting United States v. Blankenship, 775 F.2d 735, 741 (6th Cir. 1985)).

The court disagrees with plaintiff's contention that "substantial and manifest injustice will result" if the court does not reopen the record to admit Mr. Russek's deposition testimony. Contrary to plaintiff's assertion, the court was not "led into error" in this case. Id. at 3. Plaintiff did not attempt to introduce Mr. Russek's deposition

testimony into evidence until six days into the presentation of defendant's case. See Tr. at 4564:21-4566:20. Instead of waiting until almost the end of trial, plaintiff had the opportunity to "file a . . . motion for leave to file the transcript of such testimony," RCFC Appendix A ¶ 15(b), well before trial, as it did with respect to portions of the transcripts of three other Corps of Engineers employees, which the court summarily granted. See Court's Order of January 13, 2005. Indeed, the court noted in its August 1, 2005 Opinion that "[d]efendant did not call as a witness Eri[c] Russek, Project Manager with the Corps," and that "[p]laintiff had not taken the precaution of designating Mr. Russek's deposition as a trial exhibit." Renda Marine v. United States, 66 Fed. Cl. 639, 646 (2005). Plaintiff cannot now claim it has been "sandbagged and manifestly harmed," leading "the court . . . into error," Pl.'s Reply at 3, by its own failure to take this precaution.

Furthermore, the court notes that Mr. Russek's deposition transcript did not appear as an exhibit in the 260 pages of Renda Marine's Preliminary Exhibit List dated December 21, 2004. See Def.'s Resp. at 4. Under RCFC Appendix A, ¶ 13(a), "[f]ailure to list an exhibit shall result in exclusion of the exhibit at trial absent agreement of the parties to the contrary or a showing of a compelling reason for the failure." Here, there has been no "agreement of the parties," nor has plaintiff provided a "reason for the failure," other than stating that it "did not have the opportunity to call Mr. Russek because of time limitations and the fact that the Government did not notify Renda Marine that it was not planning to call Mr. Russek as a witness until after Renda Marine had closed its case." Pl.'s Reply at 3. The court does not find this reason "compelling." RCFC Appendix A ¶ 13(a). Thus, the court finds that the "exclusion of [Mr. Russek's deposition transcript] at trial" was appropriate.[1] Id.

The court also agrees with defendant that

---

[1]The court does not here decide whether "the standards for when the Court may reopen the record to admit additional evidence enumerated in . . . Shanteau and Wertz, the pre-1985 authorities relied upon by [plaintiff], are inconsistent [with] and have been supplanted by the later-adopted requirements of RCFC Appendix A, ¶¶ 13(a) [and] 15(b)." Def.'s Resp. at 7. The court simply notes that these case management procedures provided in RCFC Appendix A, among other procedures, see, e.g., RCFC Appendix A ¶¶ 15(a), 16, and 19; RCFC 52(b); RCFC 59, have provided plaintiff with ample opportunity to submit Mr. Russek's allegedly "critical" testimony into evidence well before it attempted to do so at trial and again well before this late date following trial. See Def.'s Reply at 5 n.3. Under such circumstances, the court does not find that "substantial injustice will occur if the evidence is not admitted." Pl.'s Reply at 2.

> while it has been held that a "motion to reopen is appropriate to raise substantive issues of fact and law not previously heard and is not limited to offers to prove mere formal deficiencies in the trial record," this does not mean that a court may reopen a trial record . . . to receive additional evidence relating to new claims that are outside the scope of the complaint or claims that were not tried by consent of the parties.

Def.'s Resp. at 9 (quoting Wertz v. United States, 2 Cl. Ct. 45, 55 (1983)) (emphasis in original). Indeed, plaintiff cannot now, at this late date, complain to the court that "the focus of this case should have been on defective specifications rather than differing site conditions." Pl.'s Reply at 4. This was plaintiff's choice to make before and during trial, not more than a half-year thereafter.[2]

Regardless of whether admitting Mr. Russek's deposition testimony at this time would be grounds for separate and additional claims, see Pl.'s Reply at 3, or "so intertwined with the Lost Lake Levees Type I differing site conditions claim as to constitute a single claim," Def.'s Resp. at 11, this evidence has not been newly discovered, plaintiff offers no compelling reasons for its failure to introduce it earlier at trial, and plaintiff has failed to persuade the court that substantial injustice will occur if the evidence is not admitted now, more than eight months after trial. Under these circumstances, the court will not reopen the record at this late date to allow the introduction into evidence of the deposition transcript of Mr. Russek. Accord Enzo Biochem, Inc. v. Calgene, Inc., 188 F.3d 1362, 1379-80 (Fed. Cir. 1999) ("Although Enzo argues that it was seriously prejudiced by the district court's refusal to admit this evidence, the evidence was not newly discovered by Enzo, and Enzo offers no reason why it did not produce it at trial. We . . . conclude that the district court did not abuse its discretion by denying Enzo's . . . motion to reopen."); Silberman v. Bogle, 683 F.2d 62, 66 (3rd Cir. 1982) ("The proposed evidence is in no sense newly discovered. The court did not mislead counsel in any way which might suggest that such evidence was unnecessary in the case in chief. Denial of a motion to reopen was not an abuse of

---

[2]The court also notes that admitting Mr. Russek's testimony would indeed entitle defendant to "'the standard prophylaxis that generally obtains at trial,'" Def.'s Resp. at 17 (quoting Lusier, 50 F.3d at 1113), to which plaintiff does not seem to object, see Pl.'s Reply at 4 ("[W]e believe that the [c]ourt and parties would be best served by having the benefit of Mr. Russek's live testimony as a witness and would welcome the Court opening the record to include his live testimony."). Thus, reopening the record at this late time would be tantamount to extending the trial to admit further witness testimony more than eight months after the trial was completed and more than four months after the court's August 1, 2005 Opinion. The court refuses to do so.

discretion."); Breed Corp. v. United States, 223 Ct. Cl. 702 (1980) ("Plaintiff had ample opportunity to test such testimony at trial. There is nothing her[e] to warrant reopening the record at this late date."); 7-107 Intellectual Property Counseling & Litigation, § 107.08 (2005) (stating that, in deciding on a motion to reopen, "[t]he essential criterion is whether a substantial injustice would occur if the court were not to allow the motion and were to continue to exclude the evidence. It appears that a court may not be as tolerant where the request is a motion to reopen merely to allow counsel to argue a new legal theory, especially if it is one counsel should have raised no later than during the trial").

## III. Conclusion

For the foregoing reasons, plaintiff's Motion is DENIED.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge