# In the United States Court of Federal Claims

No. 02-306 C

(E-Filed: December 19, 2005)

| | |
|---|---|
| RENDA MARINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

The court has before it Plaintiff's Motion to Deem Claims for the Government's Breach of Implied Duty to Have Been Tried by Consent (Pl.'s Mot. or Motion), Defendant's Response to Plaintiff's Motion to Deem Claims for the Government's Breach of Implied Duty to Have Been Tried by Consent (Def.'s Resp. or Response), and Plaintiff's Reply to Defendant's Response to Motion to Deem Claims Tried by Consent (Pl.'s Reply or Reply). Plaintiff moves the court to deem plaintiff's claims relating to defendant's breach an of implied duty to cooperate with plaintiff and not to hinder plaintiff's performance to have been tried by consent, and requests the court "to establish a briefing schedule for additional post-trial briefs addressed to these claims." Pl.'s Mot. at 1.

Plaintiff asserts that "evidence in the record demonstrates that the Government breached its implied duty to cooperate and its implied duty not [to] hinder performance of the contract as follows:

1. The contracting officer failed to timely address the misalignment of the West Levee at Lost Lake; failed to respond timely to Renda Marine's request for guidance about the realignment of this levee; and failed, upon observing

Renda Marine's relocation of the levee, to correct what the Government now claims was Renda Marine's misunderstanding.

2. The contracting officer failed to timely issue a final modification on the Flare [Area] claim

Pl.'s Mot. at 2. Plaintiff also states that "[i]f the Court grants [plaintiff's Motion to Reopen to Introduce Deposition of Eric Russek in Evidence to Avoid Substantial Injustice in this Case], there are additional claims that then should be deemed to have [been] tried by consent." Id. at 3. The court has denied plaintiff's motion to reopen, thus the court does not address those additional claims.[1]

Defendant "agrees that the Court should establish a schedule for additional briefing, but only with respect to Renda's additional claim concerning the realignment of the West Levee." Def.'s Resp. at 2 n.2. With respect to the second claim plaintiff alleges to have been tried by consent, defendant argues that "[t]he court should not entertain further proceedings, including additional briefing, upon a claim that the contracting officer did not timely issue a final modification upon the Flare Area claim." Id. at 4. This is because "Renda has not established that the Government expressly or impliedly consented to a trial of this claim." Id. Moreover, defendant claims that "[e]ven assuming for the sake of discussion that Renda could demonstrate that its claim based upon the failure of the contracting officer to issue a 'final modification' upon the Flare Area claim

---

[1]Plaintiff concedes in its Motion that "without Mr. Russek's testimony, these claims were not, and are not, before the Court and cannot be deemed to have been tried by consent." Pl.'s Mot. at 3. However, in its Reply, plaintiff raises the additional issue of futility. Plaintiff states that "the Court should accept jurisdiction of these claims, because submitting them to the contracting officer would be a futile act." Pl.'s Reply at 4. According to plaintiff, the court should accept these additional claims based on the Russek deposition, despite the requirement under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-13 (2000) (CDA), that all claims be submitted to the contracting officer for decision as a jurisdictional prerequisite to bringing the claims in this court. Pl.'s Reply at 4-5. The court is unaware of any persuasive – let alone, any controlling – authority that supports plaintiff's futility argument. However, irrespective of whether the court has jurisdiction to hear any of plaintiff's additional claims based on the Russek deposition testimony (and irrespective of whether they are indeed "separate" claims or, in the alternative, "so intertwined" with earlier claims so as to constitute a single claim already tried and decided by this court), the court has, in the first place, denied plaintiff's motion to reopen the record to admit this deposition testimony. Thus, the court does not inquire into any of plaintiff's additional claims based on the Russek deposition regardless of the futility issue raised by plaintiff in its Reply.

was tried by consent, additional proceedings upon that claim would not be warranted . . . [because] [t]he adjudication [in this court] of the Flare Area claim renders moot any claim by Renda that is founded upon the failure of the contracting officer to issue a final modification upon the Flare Area claim." Id. at 6.

Plaintiff replies that "[b]y failing to object to the admission of Modification P00023 on the ground that it was allegedly outside the pleadings except for limited purposes, the Government consented to the trial of legal issues implicit in the contracting officer's finding of a changed condition and his obligations under [the Federal Acquisition Regulations]." Pl.'s Reply at 3 (citations omitted). Moreover, plaintiff claims that the government has failed to meet its burden "of demonstrating actual prejudice . . . to defeat a motion to deem [this] claim tried by consent." Id.

The court agrees with defendant that "further proceedings, including additional briefing, upon a claim that the contracting officer did not timely issue a final modification upon the Flare Area claim," are not necessary. Id. at 4. The court does not here decide whether a claim based upon the failure of the contracting officer to issue a "final modification" upon the Flare Area claim was tried by consent simply because of the admission into evidence without objection of Modification P00023, see Pl.'s Reply at 3; Joint Trial Exhibits (JX) 06.023, although the court is doubtful of this proposition. The basic reason plaintiff's argument fails is that plaintiff pursued the Flare Area Claim in this court precisely because "[t]he contracting officer failed to timely issue a final modification on the Flare [Area] claim." Pl.'s Mot. at 2. Indeed, plaintiff states that, "[h]ad the contracting officer . . . timely . . . definitize[d] the modifications, the Flare Claim would have been resolved and would not have been before this court." Pl.'s Reply at 2. However, because the contracting officer did not issue a "final decision" on the Flare Area claim within the time prescribed by the Contract Disputes Act, 41 U.S.C. §§ 601-613 (2000) (CDA), the claim was "deemed to be a decision by the contracting officer denying the claim." 41 U.S.C. § 605(c)(2), (5). Thus, plaintiff obtained jurisdiction to institute judicial proceedings in this court upon that claim, as the claim was then "deemed denied" . See 41 U.S.C. § 605(c)(2), (5); England v. Swanson Group, Inc., 353 F.3d 1375, 1379 (Fed. Cir. 2004); United Partition Sys. v. United States, 59 Fed. Cl. 627, 634-35 (2004).

The court will not now entertain further proceedings or order additional briefing regarding a claim founded on the very basis plaintiff brought – and the very reason plaintiff had jurisdiction to bring – the Flare Area claim in this court. Plaintiff proceeded in the manner envisioned, and under the protections provided, by the CDA in the event of a "failure by the contracting officer to issue a decision on a contract claim within the period required." 41 U.S.C. § 605(c)(5). The court will not address further a claim,

allegedly tried by consent, that this "failure by the contracting officer to issue a decision," id., was itself a breach of defendant's implied duty to cooperate and its implied duty not to hinder performance of the contract. In such a circumstance the CDA provides that the claim is in fact "deemed denied, " and authorizes a contractor to remedy this denial through "the commencement of the appeal or suit on the claim [in this court]." Id.; Swanson Group, Inc., 353 F.3d at 1379.

Plaintiff utilized this procedure and brought the Flare Area claim before the court, and the court concluded that "plaintiff is not entitled to additional compensation under its Flare Area claim because it has not proven by preponderant evidence each of the six elements of a Type I differing site conditions claim." Renda Marine, Inc. v. United States, 66 Fed. Cl. 639, 687 (2005). Under such circumstances, the court agrees with defendant that "[t]he adjudication of the Flare Area claim [in this court] renders moot any claim by Renda that is founded upon the failure of the contracting officer to issue a final modification upon the Flare Area claim," Def.'s Resp. at 6, which was the very reason the Flare Area claim was – and was able to be – adjudicated in this court in the first place.

Finally, the court notes that plaintiff's institution of judicial proceedings upon the Flare Area Claim in this court, enabled by the "deemed denial" of that claim by the contracting officer, "negate[d] the existence of [the] previously-issued [Modification P00023]" for the purposes of litigation of the Flare Area claim before this court. Transamerica Ins. Corp. v. United States, 28 Fed. Cl. 418, 423 n.4 (1993), quoted in Renda Marine, 66 Fed. Cl. at 647-48. As the court observed in its August 1, 2005 Opinion, "[b]ecause interim decisions are subject to the same de novo review as a contracting officer's final decisions, a contractor who undertakes an appeal of an interim award of pretrial relief must relitigate the entire claim – not only the portion of that claim that was denied by the contracting officer." Renda Marine, 66 Fed. Cl. at 647 (citing Transamerica, 28 Fed. Cl. at 423) (internal citations omitted); see also England v. Sherman R. Smoot Corp., 388 F.3d 844, 856 (Fed. Cir. 2004) (finding that a contracting officer's interim decisions are subject to the same de novo review as a contracting officer's final decisions). Plaintiff brought the Flare Area claim in this court "with a clean slate." Rice Co., 03-188-1 B.C.A. (CCH) (Ag. B.C.A. June 13, 2005) (interpreting and applying Smoot). Based on a preponderance of the credible evidence, the court found that plaintiff was not entitled to additional compensation on that claim. Renda Marine, 66 Fed. Cl. at 687. Thus, the court's inquiry into the matter is at an end.

The court therefore ORDERS briefing on whether defendant breached its implied duty to cooperate and its implied duty not to hinder performance of the contract because:

> [t]he contracting officer failed to timely address the misalignment of the West Levee at Lost Lake; failed to respond timely to Renda Marine's request for guidance about the realignment of this levee; and failed, upon observing Renda Marine's relocation of the levee, to correct what the Government now claims was Renda Marine's misunderstanding.

Pl.'s Mot. at 2. Briefing shall proceed as follows:

1. On or before Friday, January 13, 2006, plaintiff shall submit briefing on the foregoing claim, to include points and authorities and specific reference to evidence in the record supporting defendant's liability and plaintiff's proposed damages. The briefing shall specifically calculate and quantify the total damages plaintiff believes should be awarded to each party, including specific evidence in the record for each and every amount listed.[2]

2. On or before Friday, February 10, 2006, defendant shall submit a response, to include defendant's opposition to plaintiff's briefing with points and authorities and specific reference to evidence in the record opposing defendant's liability and plaintiff's proposed damages. The responsive briefing shall specifically calculate and quantify the total damages defendant believes should be awarded to each party in this case, including specific evidence in the record for each and every amount listed.[3]

3. On or before Friday, February 24, 2006, plaintiff shall submit a reply, to include plaintiff's rebuttal to defendant's response. The reply shall identify to the court the specific calculations and quantifications of damages over which the parties disagree, if any, and shall explain the basis for such disagreement.

4. On or before Friday, March 10, 2006, defendant shall submit a sur-reply, to include defendant's rebuttal to plaintiff's reply. The sur-reply shall identify to the court the specific calculations and quantifications of damages over which the parties disagree, if any, and shall explain the basis for such disagreement.

---

[2] With respect to damages for claims decided in the court's Opinion of August 1, 2005, the damages calculation shall comport in all respects with that decision.

[3] See supra, note 2.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge