Page 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RENDA MARINE, INC., )
Plaintiff, )
v. ) Docket No. 02-306C
UNITED STATES )
Defendant )

VOLUME I
Courtroom 11-D
Casey Federal Courthouse
515 Rusk
Houston, Texas
Monday,
February 28, 2005

The parties met, pursuant to the notice of the Judge, at 9:00 a.m.

BEFORE: HON. EMILY C. HEWITT
Judge

APPEARANCES:

For the Plaintiff:
BRIAN W. ERIKSON, ESQ.
CLARK B. WILL, ESQ.
TERRY SALAZAR, ESQ.
Quilling Selander Cummisky Lownds, PC
201 Bryan Street, Suite 1800
Dallas, Texas 75201

For the Defendant:
JOHN E. KOSLOSKE, ESQ.
USDOJ Civil Division
Commercial Litigation Branch
1100 L Street, NW
Washington, DC 20005

Page 2

C O N T E N T S


| WITNESSES: | DIRECT | CROSS | REDIRECT | RECROSS | VOIR DIRE |
|---|---|---|---|---|---|
| For the Plaintiff: | | | | | |
| Thomas Benero | 67 | 311 | 321 | | |
| | 169 | | | | |
| Steven Craig Bowman | 324 | | | | |


Page 3

E X H I B I T S

| PLAINTIFF'S EXHIBITS: | IDENTIFIED | RECEIVED | DESCRIPTION |
|---|---|---|---|
| PX-1 | 123 | -- | FAR Part 43 |
| PX-2 | 197 | -- | FAR Part 49 |
| PX-0783 | 160 | 162 | Renda letter, 3/22/00 |
| PX-0798 | 162 | 173 | Renda letter, 4/4/00 |
| PX-0915 | 182 | 185 | COE letter to Fisher, 7/11/00 |
| PX-1027 | 203 | 207 | Renda letter, 10/20/02 |
| PX-1083 | 189 | 202 | 11/6/00 show-cause notice |
| PX-1158 | 216 | 227 | McClenan letter, 12/13/00 |
| PX-1178 | 228 | 229 | McClenan letter, 12/21/00 |
| PX-1327 | 241 | 246 | Renda letter, 3/13/01 |
| PX-1499 | 263 | 275 | Cole letter, 6/1/01 |
| PX-1547 | 276 | 279 | McClenan letter, 7/23/01 |
| PX-1583 | 279 | 282 | Benero letter, 8/27/01 |
| PX-1614 | 302 | 303 | Benero letter, 11/6/01 |
| PX-1615 | 303 | 306 | Benero letter, 11/6/01 |
| PX-1617 | 306 | 307 | Benero letter, 11/6/01 |
| PX-1619 | 308 | 309 | Benero letter, 11/7/01 |
| PX-1793 | 298 | w/drawn | Benero letter, 11/26/02 |

30

Page 4

E X H I B I T S

| DEFENDANT'S EXHIBITS: | IDENTIFIED | RECEIVED | DESCRIPTION |
|---|---|---|---|
| DX-309 | 332 | 332 | Plane view, Galveston Bay/Houston Ship Channel |
| DX-349 | 319 | 320 | Benero letter, 10/26/98 |
| DX-437 | 315 | 317 | Renda letter, 3/30/02 |

Page 297

some experience with termination actions. Correct?
A Uh-huh.
Q And we've talked a little bit about what the effect was or what the nature was of the termination action that occurred with the June 1, 2001, letter. Do you remember that?
A Yes.
Q Okay. And this modification essentially, in contract modification form, formalized what had occurred in your June 1 letter or in the June 1 letter of Curtis Cole and in your August 27 letter. Correct?
A Correct.
Q At the time that you issued change order number – or excuse me – modification P00028 that we've been talking about, that deleted the remainder of Section 9 of the dredging and the balance of the levee construction –
A Yes.
Q – did you consider that or did you issue it as a termination for default, partial termination for default?
A Oh, no.
Q You didn't.
A No.
Q So –
A The contractor was never – there was never any termination for default on this contract.

Page 298

Q There wasn't?
A There was not.
Q Okay. Well, let me ask you to turn then to Plaintiff's Exhibit 1793.
A 1793?
Q Yes, sir.
(The document referred to was marked for identification as Plaintiff's Exhibit PX-1793.)
BY MR. SALAZAR:
Q Mr. Benero, please count the number of pages. You should have an eight-page exhibit there as PX-1793.
A I do.
Q Okay. And this appears to be a letter dated November 26 of 2002 that on the fifth page of the – excuse me – on the fifth page of the exhibit bears your signature as the chief of contracting division, contracting officer.
THE COURT: Try to explain to me why we're actually looking at this letter.
MR. SALAZAR: Well, Your Honor –
THE COURT: When was this complaint filed?
MR. SALAZAR: This complaint was filed in April of –
MR. ERIKSON: April of 2002.
THE COURT: Now, this is an after-occurring

Page 299

event. Now, was this appealed to this Court?
MR. ERIKSON: There was no appeal. No, Your Honor.
THE COURT: I really need – why is this here?
MR. SALAZAR: Well, Your Honor –
THE COURT: Are you impeaching something he said? He told you something, and you're not – did he lie to you? I mean, why is this in here? We had a colloquy –
MR. SALAZAR: Yes, Your Honor. And –
THE COURT: – and there was a motion to amend –
MR. SALAZAR: Yes, Your Honor.
THE COURT: – on – would someone tell me in the Contract Disputes Act when it is you need to appeal the contracting officer's final decision?
MR. SALAZAR: It depends on who you want to appeal to. It's 90 days to the Board of Contract Appeals, and it's a year to the Court of Federal Claims.
THE COURT: Okay. Was it appealed to the Court of Federal Claims in a year?
MR. SALAZAR: There was no separate appeal action filed.
THE COURT: Was it appealed to the Contract Board in 90 days?
MR. SALAZAR: There was no appeal action filed.
THE COURT: So this is not really before me.

Page 300

MR. SALAZAR: Your Honor, the issue –
THE COURT: Has he said something he needs to be impeached on?
MR. SALAZAR: Your Honor, this is his decision that runs diametrically opposed with what he's already testified to, but we believe that the position that the other government witnesses are going to take later on during the presentation of the Government's case in chief will be inconsistent with what Mr. Benero has already testified about.
THE COURT: Okay. We have a pretrial conference ruling that this exhibit will come in for impeachment only. What has Mr. Benero said that needs to be impeached?
MR. SALAZAR: Well, Your Honor –
THE COURT: I mean, you are going to follow the pretrial hearing. You're going to follow the orders of this Court, and if you didn't appeal this, you're not appealing it here. I don't have jurisdiction of this, and he has not said something that you – I mean, you're not saying he lied.
MR. SALAZAR: No, Your Honor. I'm not –
THE COURT: Good. That's a start. So –
MR. SALAZAR: Your Honor –
THE COURT: So how do you impeach someone who hasn't lied or where you want to correct their testimony?